Robert Yaquinto, Jr.
State Bar No. 22115750
SHERMAN & YAQUINTO, L.L.P.
509 N. Montclair Avenue
Dallas, TX 75208-5498
214/942-5502 Fax: 214/946-7601
PROPOSED ATTORNEYS FOR
AMERICAN HOUSING FOUNDATION

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **AMERICAN HOUSING FOUNDATION** | § | **CASE NO. 09-20373-RLJ-11** |
| | § | |
| | § | |
| DEBTOR | § | |

**AMERICAN HOUSING FOUNDATION'S**
**MOTION FOR INTERIM AND FINAL ORDER TO USE CASH COLLATERAL**

TO THE HONORABLE ROBERT L. JONES, U.S. BANKRUPTCY JUDGE:

American Housing Foundation (hereinafter "AHF"), Debtor and Debtor in Possession files this Motion for Interim and Final Order to Use Cash Collateral ("the Motion"), and in support, respectfully shows the Court the following:

1. This case was filed as a voluntary Chapter 11 proceeding on June 11, 2009.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §157; 28 U.S.C. §1334; and 11 U.S.C. §363. This is a core proceeding.

**AMERICAN HOUSING FOUNDATION**

3. American Housing Foundation (AHF) is a Texas 501(c)(3) non-profit corporation founded in 1989. Its primary focus is providing affordable housing for low to moderate income families and affordable student housing. AHF owns and/or operates over 14,000

MOTION FOR INTERIM AND FINAL ORDER
TO USE CASH COLLATERAL- Page 1

residential units providing housing for 45,000 tenants. The housing complexes are spread over eight (8) states. AHF residents benefit from significantly below market rental rates. Tenants must fall within income guidelines typically based on area median gross income (AMGI) specific to the area where the housing complex is located. For each property a portion of the total available units are set aside for residents falling within certain benchmarks (e.g. 50% of AMGI or 80% of AMGI and on tax credit transactions, tenant criteria is contained in the Land Use Restrictive Agreement). Rental rates are set by each state's Department of Housing, U.S. Department of Housing and Urban Development or the Bond Issuer.

4. AHF is structured so that each housing complex or portfolio of properties is owned in a single purpose entity. These entities, for the most part, are limited partnerships or limited liability companies. A few units are owned by AHF directly. In the each of the limited partnerships, AHF is the single member of a limited liability company or sole shareholder of a corporation which acts as the general partner. In each of the limited liability companies, AHF is the sole member.

5. AHF acquired its interests in the limited partnerships and the limited liability companies over a period of twenty (20) years. Over this time, some properties failed to generate enough income to pay all of their operating expenses. AHF used funds from other properties to cover these shortfalls. Eventually AHF began borrowing money to cover these shortfalls anticipating that the funds would come from the sale of property or from the refinancing of property to repay these loans.

6.  During the last two years, AHF, through its president, Steve Sterquell, ("Sterquell") became involved in a series of limited partnerships. Through these limited partnerships, Sterquell solicited investments that were to be used to fund these partnerships that would eventually provide a tax deduction to the investor and a return on capital. AHF participated in these partnerships by ostensibly guaranteeing a return on the investment. These partnerships failed and the investors turned to AHF. Many of these investors were the petitioning creditors in the involuntary bankruptcy proceeding filed against AHF.

7.  On April 1, 2009, Sterquell died in a car accident. Shortly after his death, a barrage of litigation began and continues. Subsequent to Sterquell's death it was discovered that in March, 2009, the beneficiary of at least two key man insurance policies with death benefits totaling $21,000,000 was changed from AHF to Housing for Texans Charitable Trust. On April 21, 2009, an involuntary petition in bankruptcy was filed against AHF. AHF resisted the involuntary bankruptcy because consenting to it jeopardized its tax exempt status. A change in its tax exempt status would substantially and adversely affect AHF by impacting the various projects in which its tax exempt status was used to obtain favorable financing and lower taxes.

8.  In response to the involuntary, Wells Fargo gave notice that it was freezing its account with AHF. The account balance was in excess of $422,000. Wells Fargo is an unsecured creditor of AHF and at the time was owed approximately $1,000,000. Wells Fargo sought and obtained an order restricting the use of funds deposited with it.

9. Without the use of these funds, AHF was able to continue to operate, but it was clear that it could not continue to absorb the adverse effects of the involuntary petition in bankruptcy and the barrage of litigation. On or about May 22, 2009 Texas Capital Bank filed its Motion to Restrict Use of Funds deposited with it and to restrict the use of its cash collateral. On May 29, 2009 Steve Stequell II resigned as president of AHF. Shortly thereafter the board of directors was reconstituted and Rick Crawford was elected president of AHF. On June 11, 2009, a voluntary petition under Chapter 11 was filed.

10. AHF operations are complex. AHF has no single source or type of financing. Due to the number of entities and the complexity of operations, AHF requires qualified and experienced staff members. The type of financing and the regulations that govern the use of funds from each housing complex are monitored on regular basis. There are regular reporting requirements that must be met in order to maintain the financing and agreements with the Department of Housing and Urban Development.

## USE OF CASH COLLATERAL

11. AHF's sources of revenue are limited to payments it receives on its developer fee notes, repayment of working capital advance to numerous apartment complexes and fees it earns from the services and support it provides to the apartment complexes. If AHF is unable to fund the operations, it will no longer support and service the various housing complexes that benefit from its status as a tax-exempt, 501(c)(3) charitable organization. Without funding, AHF will not be able to pay its bills and employees. When they leave, they will take with them years of experience and knowledge that are needed to reorganize

and restructure AHF's debt or to conduct an orderly liquidation. The effect of a sudden cessation of operations will be chaotic.

12. Texas Capital Bank ("TCB") claims a perfected security interest in all rights of payment due AHF as of the date of the filing of the petition in bankruptcy. The total indebtedness owed to TCB is approximately $9,600,000. $7,100,000 is secured by first lien against real estate commonly known as the Brandywood apartments. A separate note in the amount of approximately $2.5 million is cross collateralized with Brandywood. TCB claims both notes to be collateralized by all rights to payment owned by AHF including insurance proceeds, accounts receivable, deferred developer fees, and notes receivable. AHF conservatively estimates the value of these "rights to payment" to be in excess of $10 million. To the extent that TCB has a valid perfected security interest in all rights of payment, any of these funds used to pay costs of operation would be subject to this claim and would be TCB's cash collateral.

13. Pursuant to section 363(c)(2) of the Bankruptcy Code, a debtor in possession may not use cash collateral without the consent of the secured party or court approval. 11 U.S.C. § 363(c)(2). Section 363(e) of the Bankruptcy Code, provides that, upon request of an entity that has an interest in property to be used by the debtor, the court shall prohibit or condition such use as is necessary to provide adequate protection of such interest. 11 U.S.C. § 363(e).

14. What constitutes adequate protection must be decided on a case-by-case basis. *See In re O'Connor*, 808 F.2d 1393, 1396-97 (10th Cir. 1987); *In re Martin*, 761 F.2d 472, 474 (8th Cir. 1985); *In re Mosello*, 195 B.R. 277, 289 (Bankr. S.D.N.Y. 1996). The

focus of adequate protection is to protect a secured creditor from diminution in the value of its interest in the particular collateral during the period of use. 11 U.S.C. § 361; *see In re 495 Central Park Ave. Corp.*, 136 B.R. 626, 631 (Bankr. S.D.N.Y. 1992).

15. At the time of the filing of the petition in bankruptcy, there were included in the assets of AHF over $27,000,000 in "rights to payment." AHF after reviewing this list believes more than $10,000,000 will be collectible over time. Some payments are collectible immediately; some will be paid when the property from which they are derived is sold; and some will pay out over time. In addition to these "rights to payment," AHF is entitled to recover on a monthly basis, service fees from each of the properties it operates and supports. In the past these fees have been used to fund underperforming properties or have not been collected because an underperforming property could not afford to pay these fees. These fees are generated each month and are not included in the "rights to payment" described above.

16. In exchange for the use of Cash Collateral, AHF would agree to provide certain adequate protection to TCB for the diminution in value of its interests in the Prepetition Collateral (including Cash Collateral). To that end, AHF requests that the Court approve, as of the Petition Date, certain protections, including, among other things, (a) granting replacement liens upon the service fees of AHF; (b) approving periodic payments toTCB; and/or alternatively (c) granting super-priority administrative expense status to the adequate protection obligations. TCB is also partially secured by a first lien on the apartment complex commonly known as Brandywood. The approximate amount of the

promissory note to TCB which is secured by Brandywood is $7.1 million. The value of Brandywood is equal to the amount owed on the note.

## APPROVAL SHOULD BE GRANTED

17. As set forth above, Bankruptcy Rules 4001(b) and (c) provide that a final hearing on a motion to use cash collateral pursuant to Bankruptcy Code section 363 may not be commenced earlier than 15 days after the service of such motion. Upon request, however, the Court is empowered to conduct a preliminary expedited hearing on the motion and authorize the use of cash collateral to the extent necessary to avoid immediate and irreparable damage to the debtor's estate, subject to the rights of parties in interest.

18. The Court should schedule and conduct a preliminary hearing on the Motion and authorize AHF from and after the entry of the Interim Order until the Final Hearing to use cash collateral. Since the filing of the involuntary petition in bankruptcy, the size of the staff has been reduced significantly.

19. Exhibit A attached to this motion is the budget based on current costs of operation. A significant portion of the budget is funded by monthly fees against which TCB has no lien. AHF has reduced its staff and has reduced its overhead. AHF is struggling with to fulfill its mission and meet its obligations as a debtor in possession.

WHEREFORE, AHF prays that the Court (i) grant the relief requested herein, (ii) enter an order substantially in the form of the proposed Interim Order; (iii) schedule a Final Hearing, (iv) after the Final Hearing, enter the Final Order substantially in the form that shall be filed with the Court; and (v) grant such other and further relief as is just.

Respectfully submitted,

   **/s/ Robert Yaquinto, Jr.**
**Robert Yaquinto, Jr.**
State Bar No. 22115750
SHERMAN & YAQUINTO, L.L.P.
509 N. Montclair Avenue
Dallas, TX 75208-5498
214/942-5502   Fax: 214/946-7601
PROPORSED ATTORNEYS FOR
AMERICAN HOUSING FOUNDATION

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the ***MOTION FOR INTERIM AND FINAL ORDER TO USE CASH COLLATERAL*** was forwarded by electronic transmission to the United States Trustee, 1100 Commerce Street, Room 976, Dallas, TX 75242, and by electronic transmission to all parties receiving notice by the Court's electronic filing system, on this 10th day of July, 2009.

   **/s/ Robert Yaquinto, Jr.**
**Robert Yaquinto, Jr.**