**MULLIN HOARD & BROWN, L.L.P.**
David C. Mullin, SBN: 14651600
David R. Langston, SBN: 11923800
John M. Brown, SBN: 03142500
P.O. Box 31656
Amarillo, Texas 79120-1656
Telephone: 806/372-5050
Facsimile: 806/372-5086

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| In Re: § | |
| § | |
| **AMERICAN HOUSING FOUNDATION,** § | Case No. 09-20232-RLJ-7 |
| § | |
| **Debtor.** § | |

**JOINT MOTION TO APPROVE
SETTLEMENT AND RELEASE AGREEMENT**

TO THE HONORABLE ROBERT L. JONES, Bankruptcy Judge:

NOW COME, American Housing Foundation ("AHF"), the Official Unsecured Creditors' Committee of American Housing Foundation ("the UCC"), Robert L. Templeton, Paul King, the Frances Maddox Estate, the Frances Maddox Foundation, Heron Land Company, Don Storseth, Clay Storseth, the Storseth Family Trust, David Miller, Susan Solomon Miller, Dennis Dougherty, William E. Scott, the William E. Scott IRA, Herring Bank, C.C. Burgess, Monarch Trust Co., C.C. Burgess Investments, Chain-C, Inc., Campbell Burgess, Burgess Trust #4, Charlotte Burgess Griffiths, Banjo, Inc., Carson Burgess, Inc., Carson Herring Burgess, Herring Financial Services, Keevin Clark, Cornelius J. Slemp Trust, Louise Johnson Thomas Trust, Jessie Herring Johnson Estate Trust #1, Jessie Herring Johnson Estate Trust #2, Vaudrey Capital, L.P. (a/k/a Vaudrey Capital, L.P.), Terrill J. Horton, Matt Malouf, Minerva Partners, Ltd. and Terry L. Wright (in his individual and all representative capacities, including as co-trustee of the Cornelius J. Slemp Trust

and as co-trustee of the Louise Johnson Thomas Trust)(the "Creditors")(AHF, the UCC and the Creditors are collectively referred to as "Movants") and file this their Joint Motion to Approve Settlement and Release Agreement ("Settlement Agreement"), and in support thereof would respectfully show the Court as follows:

1. On April 21, 2009, certain petitioning creditors filed Case No. 09-20232-11 in the United States Bankruptcy Court for the Northern District of Texas, Amarillo Division, an involuntary petition for relief against AHF under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 303 ("AHF involuntary case").

2. On May 18, 2009 the petitioning creditors filed Adversary Proceeding, No. 09-2005-rlj in the AHF involuntary case asserting that $24 million in life insurance proceeds on the life of Steve W. Sterquell, deceased was property of AHF.

3. On June 11, 2009, AHF filed Case No. 09-20373 in the United States Bankruptcy Court for the Northern District of Texas, Amarillo Division, its voluntary petition for relief, under Chapter 11 of Title 11 of the United States Code ("AHF voluntary case"). AHF is the Debtor in Possession in such case.

4. On June 11, 2009, AHF also filed Adversary Proceeding No. 09-20373 in the AHF voluntary case alleging claims similar to those raised in the petitioning creditors' adversary proceeding in the AHF involuntary case.

5. On June 11, 2009, a hearing was set on the Plaintiffs' Motion for a Preliminary Injunction in Adversary Proceeding No. 09-2005-rlj. The Plaintiffs, AHF, Housing for Texans Charitable Trust and the Sterquells announced to the Court that they had reached an agreement with respect to the Plaintiffs' Motion for Temporary Injunction, and recited the agreement into the record in open court relating to approximately $27 million in insurance policies on the life of Steve W.

Sterquell, described more fully on Exhibit A to the Settlement Agreement as Category I Policies ($21 million), Category II Policies ($3 million), and Category III Policies ($3 million plus an Administaff Group Insurance Plan Policy).

6. On July 13, 2009, based on the June 11, 2009 agreement, the Court signed an Agreed Order on Plaintiffs' Motion for a Preliminary Injunction in Adversary Proceeding No. 09-02005-rlj ("Agreed Order"), which provided that the proceeds of the Category I, Category II, and Category III policies would be deposited into the Registry of the Court pending further order of the Court, except that the proceeds of the Administaff Group Insurance Plan Policy and $75,000 from the proceeds of one of the Category III policies would be distributed to Marshallette Sterquell. Pursuant to the Agreed Order, $26,925,000 in life insurance proceeds, plus interest, have been deposited into the Registry of the Court, and the proceeds of the Administaff Group Insurance Plan Policy and $75,000 from the proceeds of the one of the Category III policies have been paid to Marshallette Sterquell.

7. On July 17, 2009, this Court entered an order consolidating the AHF voluntary case, Case No. 09-20373, into the AHF involuntary case, Case No. 09-20232-11, and the consolidated AHF bankruptcy proceedings continued under Case No. 09-20232.

8. On September 25, 2009, the United States District Court for the Northern District of Texas withdrew the reference with respect to both such adversary proceedings and also entered an order consolidating Adversary Proceeding No. 09-20373 into Adversary Proceeding No. 09-2005-rlj. Such consolidated adversary proceedings are currently pending in the District Court in Civil Action No. 2:09-CV-231-C ("the Life Insurance Action").

9. On December 4, 2009, his Court signed an order in Case No. 09-20232-rlj granting authority to the UCC to investigate and prosecute certain actions, claims and causes of action on behalf of the estate including, without limitation, the Life Insurance Action and other claims and

potential causes of action against the Sterquell Family Irrevocable Life Insurance Trust, the Steve W. Sterquell CPA Profit Sharing Plan, Credit Realty Investments, Inc., other Stequell related entities and the Sterquells individually.

10. On or about December 9, 2009, counsel for the UCC provided counsel for the Sterquells and certain of the Sterquell Entities a draft complaint which asserted claims against the Category III policies, the Sterquell Entities and Steve W. Sterquell II, among others.

11. On December 14, 2009, the District Court in the Life Insurance Action granted AHF's Motion for Partial Summary Judgment and declared that AHF was entitled to the proceeds of the $21 million of Category I Policies, and on February 11, 2010, the Court entered final judgment in favor of AHF with respect to the Category I Policies.

12. On May 15, 2009, Herring Bank filed Cause No. 97,584 in the 108th District Court in and for Potter County, Texas styled *Herring Bank v. Henry Davis, Temporary Administrator of the Estate of Steve Sterquell and Steve W. Sterquell, CPA, Profit Sharing Plan*. ("Herring Bank case").

13. On or about June 18, 2009, Marshallette Sterquell filed Cause No. 97,700-A in the 47th District Court in and for Potter County, Texas styled *In re: Steve W. Sterquell, CPA Profit Sharing Trust*, seeking to be appointed trustee of the Steve W. Sterquell, CPA Profit Sharing Trust ("Profit Sharing Plan Case").

14. On July 1, 2009, Herring Bank filed in the Profit Sharing Plan Case a First Amended Cross-Petition For Appointment for Successor Trustee and, Alternatively, Application for Appointment of A Receiver, seeking the appointment of a receiver for Steve W. Sterquell, CPA Profit Sharing Trust.

15. On or about November 19, 2009, Robert L. Templeton, Heron Land Company, Paul King, Dennis Daugherty, Terrill Horton, Robert L. Templeton as Independent Executor of the Estate

of Frances Maddox, Clay Storseth, Storseth Family Trust, Frances Maddox Foundation, William E. Scott, William E. Scott IRA, Matt Malouf, Herring Financial Services, Vaudrey Capital, LP (a/k/a Vaudry Capital, LP), Carson Burgess, Inc., Carson Herring Burgess, Cornelia J. Slemp Trust, Louise Johnson Thomas Trust, Jessie Herring Johnson Estate Trust No. 1, Jessie Herring Johnson Estate Trust No.2, Chain-C, Inc., Burgess Trust No. 4, Charlotte Burgess Griffiths, Campbell Burgess, Keevin Clark, Banjo, Inc., and C.C. Burgess Investments, Intervenors, filed in the Profit Sharing Plan Case a Plea in Intervention seeking the appointment of an independent trustee or receiver for the Steve W. Sterquell CPA Profit Sharing Trust, and other relief.

16. On or about June 12, 2009, Herring Bank, Vaudrey Capital LP (a/k/a Vaudry Capital, LP), Attebury Family Partnership L.P., Heron Land Company, Don Storseth, Individually and as Trustee of the Storseth Family Trust, Clay Storseth, Robert L. Templeton, Robert L. Templeton as Independent Executor of the the Frances Maddox Estate, Paul King, Dennis Daugherty, and Terry L. Wright, Co-Trustee of the Cornelia J. Slemp Trust and Co-Trustee of the Louise Johnson Thomas Trust filed Cause No. 97,673 in the County Court at Law No. 1 in and for Potter County, Texas against Henry Davis, Temporary Administrator of the Estate of Steve W. Sterquell, Marshallette Sterquell, Individually, and Marshallette Sterquell, Trustee of the Sterquell Life Insurance Trust, seeking to set aside a March 12, 2009 transfer of (a) one share of stock in the Palo Duro Club; (b) Cabin No. 14 in the Palo Duro Club, generally described as Section 50 I & GN Survey, Block 0006, House #14 IN, Palo Duro Club (the share of stock and the cabin are hereafter referred to as the "Palo Duro Cabin" and Cause No. 97,673 is hereafter referred to as the "Palo Duro Cabin Case").

17. The Life Insurance Action, the Herring Bank Case, the Profit Sharing Plan Case and the Palo Duro Cabin Case are herein collectively referred to as the "Pending Litigation." The parties to the Settlement Agreement are herein collectively referred to as the "Settling Parties".

18. The Settling Parties have agreed to settle and compromise the Pending Litigation, and the claims, disputes and controversies between them on the terms and conditions set forth in the Settlement and Release Agreement attached hereto as Exhibit "A."

## I. TERMS OF THE SETTLEMENT AND RELEASE AGREEMENT

19. The consideration for this Agreement is as follows:

   a. AHF receives the proceeds of the Category II Policies ($3 million) and all accrued interest thereon.

   b. Marshallette Sterquell receives the proceeds of the Category III Ppolicies ($3 million) and all accrued interest thereon.

   c. The assets of the Steve W. Sterquell, C.P.A. Profit Sharing Trust are transferred to an entity owned by the Creditors.

   d. The Sterquells and the Sterquell Entities will provide Affidavits of Financial Condition.

   e. The Sterquells and the Sterquell Entities keep the Palo Duro Cabin, their assets exempt from execution under the laws of the State of Texas, four accounts receivable owed to the Sterquell Profit Sharing Trust (which the UCC believes are likely uncollectible), certain jewelry owned by Marshallette Sterquell, Steve Sterquell's desk, one golf cart, one canoe, one canoe trailer, and a boat and trailer worth less than $2600, 401K plans with an aggregate value of less than $7,000, a bank account belonging to Larry and Elizabeth Bunn not to exceed $28,000 and funeral expense and family allowance payments in amounts approved by the court in the Steve W. Sterquell probate proceeding.

   f. All other assets of the Sterquells or the Sterquell Entities are transferred to AHF. Among the additional assets of the Sterquells and the Sterquell Entities transferred to AHF under the Settlement Agreement are a 50% interest in an entity that owns a condominium in Aspen, a 3.3% interest in the DCTIRZ limited partnership, property containing a steel storage building containing AHF records at 5214 Tulip Avenue, and a modest amount of cash.

   g. Except for the consideration to be paid or exchanged as set forth in the Settlement Agreement and any obligation to be performed thereunder, the Settling Parties do mutually release and forever discharge each other, their successors, agents, attorneys, heirs and assigns from any and all other claims and causes of action that they own or might be able to assert

against each other relating to or in any way associated with the Pending Litigation.

## II. ANALYSIS OF FACTORS PERTAINING TO DEBTOR'S AND OFFICIAL UNSECURED CREDITORS COMMITTEE'S DECISION TO RECOMMEND SETTLEMENT

20. In determining whether to approve the settlement, the Court should consider: (i) the probability of success in the litigation with due consideration for the uncertainty in fact and law, (ii) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay, and (iii) all other factors bearing on the wisdom of the compromise; (iv) the paramount interest of creditors with deference to their reasonable views; and (v) whether the settlement is truly the product of arms-length bargaining, and not fraud or collusion. *Foster Mortgage Company,* 68 F. 3rd 914, 917 (5th Cir. 1995).

### 1. The Probability of Success In Litigation With Due Consideration For the Uncertainty in Fact and in Law and the Risks of Litigation

21. The Pending Litigation involves complex factual and legal questions including the date of the Debtor's insolvency, the authority of various officers and directors of AHF to transfer the assets of AHF, the tracing of funds and assets of the Creditors and AHF through a myriad of bank accounts and entities, whether AHF or individual creditors have constructive trust or equitable lien claims on specific assets traceable to funds of AHF or the Creditors, including without limitation the life insurance proceeds, the effect of various statutes governing the status of life insurance as exempt property, whether the Sterquell Profit Sharing Trust is a qualified plan, and whether assets in the Sterquell Profit Sharing Trust are subject to tracing claims or the claims of creditors of Steve W. Sterquell. Many of these issues are in sharp dispute between the parties. The risk to the Debtor of an unfavorable outcome on one or more of these issues is great enough to warrant a settlement of the action.

22. The proposed settlement removes uncertainty and delay with respect to the recovery of $3 million in life insurance proceeds (the Category II Policies). While counsel for AHF and the UCC are confident in the validity of AHF's claims to the proceeds of the Category II Policies, there are risks based on defenses asserted by the Sterquells. The Sterquells have claimed that AHF's officers had authority to transfer all or part of the $3 million in May 2005, when the transfers took place; that AHF's board ratified the transfers; that AHF's payment of the premiums on these policies was part of Steve Sterquell's compensation from AHF; and that AHF was not insolvent at the time of the transfers. Although the United States District Court has granted summary judgment in favor of AHF with respect to $21 million of the $24 million, ownership of the $3 million Category II Policies remains in issue. At the very least the Sterquells could potentially delay recovery of all or part of the $3 million by AHF for several years.

23. The assets to which AHF is ceding claims are assets to which AHF's claims either have greater hurdles to overcome than the claims to the $24 million of insurance proceeds, are in competition with the claims of numerous other creditors, or claims to assets which would require capital contributions by AHF and a long waiting period for a financial return to the estate. AHF is surrendering its claims to the Category III Policies. Unlike the Category I and II Policies, the Category III Policies were owned by the Sterquells or the Sterquell Entities for at least 7 years before Sterquell's death and AHF had not directly paid the premiums on the policies during that period. Moreover, the two $500,000 policies were purchased by the Sterquells in the late 1990's and were never owned by AHF. AHF's major theory of recovery on the Category III Policies is equitable tracing of premium payments, but in such tracing AHF is in competition with other creditors who have similar tracing claims.

24. AHF is also surrendering its claims to the Palo Duro Cabin. The Palo Duro Club

Cabin was property of Steve W. Sterquell that was transferred to the Sterquell Family Irrevocable Life Insurance Trust shortly before his death. As such the Palo Duro Cabin was subject to fraudulent transfer and equitable tracing claims of many other creditors of Steve W. Sterquell besides AHF.

25. AHF is also surrendering its claims to the Steve W. Sterquell, C.P.A. Profit Sharing Trust assets. AHF has competing claims with numerous other creditors to the assets of the Profit Sharing Trust, largely based on equitable tracing theories. The assets of the Profit Sharing Trust consist of interests in various partnerships which in turn own interests in an array of investment properties. The value of the Profit Sharing Trust's assets is highly debatable, with estimates running from zero to $3 million. Moreover, the Profit Sharing Trust owes capital calls to the investment partnerships and thus whoever receives the Profit Sharing Trust assets will have to be prepared to make substantial capital contributions (likely in excess of $1 million) or risk the loss of the assets. Finally, several of the more valuable Profit Sharing Trust assets cannot be easily or reasonably convertible to cash for 2 to 5 years. Counsel for AHF and the UCC believe it is a fair trade for the Creditors to waive their claims to the $6 million in insurance proceeds (the Category II and III Policies) and other Sterquell assets (such as the Colorado Condo and the Palo Duro Cabin) going to AHF and the Sterquell family in exchange for AHF waiving its claim to the Profit Sharing Trust assets.

2. **The complexity and likely duration of litigation and any attendant expenses, inconvenience and delay**

26. Given the number of contested complex factual and legal issues, it is likely that if the Pending Litigation were tried to a conclusion and through all appeals it would take at least three years. The fees and expenses to the Debtor of continuing the Pending Litigation for three years would likely exceed $1 million and might well reach $2 million in attorneys and expert witness fees.

3. **All other factors bearing on the wisdom of the settlement agreement.**

27. Continuing litigation with the Sterquells makes it very difficult for the bankruptcy estate and AHF to evaluate the wisdom of a plan of reorganization because no one can estimate what they may get as a result of the plan and when they will get it. While the upside for the estate remains unknown, obtaining the settlement puts a floor on the recoveries. Additionally, the settlement opens the door for AHF to recover the St. George Partners limited partnership interest and the San Patricio property, which were transferred from AHF to Housing for Texans Charitable Trust by Sterquell shortly before his death. This potentially creates in excess of $1 million in additional value for the bankruptcy estate.

4. **Consideration With Regard to the Interest of Creditors, The Wishes of the Majority of Creditors**

28. There is a great advantage to the Debtor in being able to receive $3 million in insurance proceeds now, which will help fund a plan of reorganization and provide a meaningful dividend to all creditors of the estate. The UCC and the Creditors strongly support the settlement because they believe it gives them the best chance to recover substantial portions of their losses and also because it brings an end to the Pending Litigation, which is not only very expensive to AHF and ultimately to the creditors of AHF, but also constitutes an enormous distraction to AHF as it goes about the difficult task of operating thousands of low income apartment units while at the same time

trying to reorganize itself and emerge from bankruptcy. Many creditors have already expressed concern and/or dissatisfaction with the cost of the Pending Litigation and the "long" time it has taken to recover any money for the bankruptcy estate. In the view of such creditors, AHF is in danger of becoming administratively insolvent and being forced into liquidation unless something is done soon to reverse that trend. If AHF is forced into liquidation, whatever "going concern" value AHF has would be lost, AHF's properties would likely be sold at a fire sale for far less than fair market value, and AHF likely would become liable on additional contingent unsecured liabilities, all of which would damage the creditors' position.

## 5. Whether the Settlement Agreement is the Product of Arms Length Negotiations or Fraud and Collusion.

29. The settlement is the product of lengthy and difficult negotiations among the UCC, the Debtor, the Creditors, and the Sterquells. All parties made significant concessions to reach a settlement.

WHEREFORE, AHF, the UCC, and the Creditors move the Court, after notice to all creditors and parties in interest and opportunity for hearing, for an Order approving the Settlement and Release Agreement between the Settling Parties as allowed pursuant to the provisions of Bankruptcy Rule of Procedure 9019 and also seek such other and further relief at law or in equity as the Court may deem necessary and proper.

## NOTICE OF OPPORTUNITY FOR OBJECTION

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1205 TEXAS AVENUE, LUBBOCK, TEXAS, 79401, BEFORE 4:30 P.M. ON APRIL 1, 2010, WHICH IS TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE HEREOF. IF SERVICE IS BY MAIL, THREE ADDITIONAL DAYS ARE ALLOWED PURSUANT TO FED. R. BANKR. P. 9006(f).**

**ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING ON THIS MATTER WILL BE HELD ON APRIL 7, 2010 @ 10:00 A.M. IN THE U.S. BANKRUPTCY COURT 1205 TEXAS AVENUE, 3RD FLOOR, LUBBOCK, TEXAS.**

**IF NO HEARING ON SUCH MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

    Respectfully submitted,

    /s/ John Thomas Boyd, Jr.
    John Thomas Boyd, Jr.

    **LYNCH, HANNA AND BOYD, PLLC**
    John Thomas Boyd, Jr. SBN: 02772300
    500 South Taylor, LB 267
    Amarillo, Texas 79101
    Telephone: 806/379-6416
    Facsimile: 806/379-8504

    ATTORNEYS FOR AMERICAN HOUSING
    FOUNDATION

    *-And-*

  /s/ David Mullin
David Mullin

**MULLIN HOARD & BROWN, L.L.P.**
  David Mullin, SBN 14651600
  John M. Brown, SBN 03142500
  Tony Kirkwood, SBN 24032508
  800 Amarillo National Plaza Two
  500 South Taylor
  P. O. Box 31656
  Amarillo, Texas 79120-1656
  (806) 372-5050 -- Phone
  (806) 372-5086 -- Fax

*-And-*

**MULLIN HOARD & BROWN, L.L.P.**
  David R. Langston, SBN 11923800
  Lawrence M. Doss, SBN 24012544
  1500 Broadway, Ste. 700
  P. O. Box 2585
  Lubbock, Texas 79408-2585
  (806) 765-7491 -- Phone
  (806) 765-0553 – Fax


ATTORNEYS FOR THE OFFICIAL
UNSECURED CREDITORS' COMMITTEE OF
AMERICAN HOUSING FOUNDATION

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the foregoing Notice was sent via ECF on this the 11th day of March 2010 to the following listed parties in interest:

1.     Ms. Frances Durham
     U. S. Trustee's Office
     1100 Commerce Street, Room 9C60
     Dallas, Texas  75242

2.     All creditors and parties in interest listed
     on the attached Exhibit "A"

                                /s/ David Mullin
                                David Mullin

**EXHIBIT "A"**

American Housing Foundation
1800 S. Washington, Suite 311
Amarillo, Tx. 79102

Ms. Mary Frances Durham
U.S. Trustee's Office
1100 Commerce Street, Rm. 976
Dallas, Tx. 75242

Robert Yaquinto
Sherman & Yaquinto, L.L.P.
509 N. Montclair, Ave.
Dallas, TX 75208-5498

John Lovell
Lovell Lovell Newsom & Isern
112 W. 8th Ave., Suite 1000
Amarillo Tx. 79101

AHF Development
1800 S. Washington St. Ste 311
Amarillo Tx 79102-2668

Rainier American Investors III
c/o Rainer Capital Mgmt LP
13760 Noel Rd Ste 800
Dallas Tx 75240

Robert Templeton
PO Box 15010
Amarillo Tx 79105

Countrywide Home Loans
P.O. BOX 650070
Dallas TX 75265

Texas Capital Bank
Commerial Loan Ops
PO Box 224318
Dallas TX 75222

Happy State Bank
100 E Main
Happy TX 79042

Storseth Family Trust
209 S. Arthur
Amarillo Tx 79102

Sprouse Shrader Smith PC
P.O. Box 15008
Amarillo TX 79105

W&K Akard Plaza
3219 McKinney Avenue
Dallas TX 75204

Mid Continent Comm Dev Corp
1800 S Washington St
Suite 206
Amarillo TX 79102

David Miller
3004 Parker
Amarillo Tx 79109

Wells Fargo
P.O. Box 659700
San Antonio TX 78286

Frances Maddox Estate
PO Box 15010
Amarillo Tx 79105

Graham Investments
3838 Oak Lawn Ave #1500
Dallas Tx 75219

Heron Land Company
PO Box 15010
Amarillo Tx 79105

Carrera Capital Ventures
7700 Old Georgetown Road
Bethesda MD 20814

Herring Bank
2201 Civic Circle
Amarillo TX 79109

AICCO
P.O. Box 200455
Dallas TX 75320-0455

Rainier American Investors
Attn: Tim Nichols
13760 Noel Road, Suite 800
Dallas, TX 75240

Robert Templeton
320 S. Polk, Suite 1000
P.O. Box 15010
Amarillo, TX 79105

| | | |
|---|---|---|
| Terrill F. Horton<br>1330 N. White Chapel Blvd,<br>Suite 300<br>Southlake, TX 76092 | Herring Bank<br>Campbell Burgess<br>P.O. Box 9900<br>Amarillo, TX 79105 | Frederic M. Wolfram<br>The Wolfram Law Firm P.C.<br>500 S. Taylor, Suite 1060<br>Lobby Box 219<br>Amarillo, TX 79101-2433 |
| Michael Reed<br>P.O. Box 1269<br>Round Rock, Tx. 78680 | Mark Harmon<br>Boerner Dennis & Franklin<br>P.O. Box 1738<br>Lubbock, Tx. 79408 | Donald R. Rector<br>Glast, Phillips & Murray<br>13355 Noel Road, Suite 2200<br>Dallas, TX 75240-1518 |
| Laura Spindler & Elizabeth Weller<br>Linebarger Goggan Blair & Sampson, LLP<br>2323 Bryan Street, Suite 1600<br>Dallas, Texas 75201 | Clinton Snow<br>Gardere Wynne Sewell LLP<br>1601 Elm Street, Suite 3000<br>Dallas, TX 75201-4761 | Mike Smiley<br>Underwood Law Firm<br>P.O. Box 9158<br>Amarillo, Tx. 79105 |
| John Dillman<br>Linebarger Goggan Blair & Sampson, LLP<br>P.O. Box 3064<br>Houston, Tx. 77253 | John T. Banks<br>Perdue Brandon Fielder Collins<br>3301 Northland Drive, Suite 505<br>Austin, Tx. 78731 | James David Brown/Lloyd Lim<br>Winstead PC<br>1201 Elm Street, Suite 5400<br>Dallas, Tx. 75270-2103 |
| Michelle Shriro<br>Singer & Levick, P.C.<br>16200 Addision Rd., Suite 140<br>Addison, Tx. 75001-5376 | D'Lynn Peeples<br>Perdue Brandon Fielder Collins<br>P.O. Box 9132<br>Amarillo, TX 79105-9132 | Dusty Stockard & Kenneth Weston<br>Courtney Countiss Brian & Bailey<br>P.O. Box 9238<br>Amarillo, TX 79105 |
| Joseph Martinec<br>Martinec, Winn Vickers & McElroy, P.C.<br>600 Congress Ave., Suite 500<br>Austin, Tx. 78701-2957 | Diane Sanders<br>Linebarger Goggan Blair & Sampson, L.L.P.<br>P.O. Box 17428<br>Austin, Tx 78760 | Eli Columbus and Lloyd Lim<br>Winstead PC<br>1201 Elm Street, Suite 5400<br>Dallas, TX 75270-2199 |
| R. Bryn Bass<br>4716 4th Street, Suite 100<br>Lubbock, Texas 79401 | Larry Check & Cameron Kinvig<br>Hunton & Williams, LLP<br>1445 Ross Avenue, Suite 3700<br>Dallas, Texas 75202 | Michele Fortunato & Conrad Hester<br>Brown & Fortunato, P.C.<br>P.O. Box 9418<br>Amarillo, TX 79105-9418 |
| Leslie M. Luttrell<br>Morgan & Luttrell, L.L.P.<br>711 Navarro, Suite 210<br>San Antonio, Texas 78205 | Reuben L. Hancock<br>Reuben L. Hancock, P.C.<br>P.O. Box 2330<br>Amarillo, TX 79105 | John Sims<br>Sims Hubbert & Wilson<br>P.O. Box 10236<br>Lubbock, TX 79408 |
| Bruce H. White & Bryan L. Elwood<br>Greenberg Traurig, L.L.P.<br>2200 Ross Ave., Suite 5200<br>Dallas, TX 75201 | Allen D. Russell<br>Taylor Taylor & Russell<br>815 Walker, Suite 250<br>Houston, Tx. 77002 | Charles G. White<br>Law Office of Charles G. White<br>500 S. Taylor, Suite 505<br>Amarillo, TX 79101 |

| | | |
|---|---|---|
| David Jones<br>Sprouse Shrader Smith P.C.<br>701 S. Taylor, Suite 500<br>P.O. Box 15008<br>Amarillo, Texas 79105-5008 | Matthew Hurt<br>Locke Lord Bissell & Liddell LLP<br>2200 Ross Ave., Suite 2200<br>Dallas, TX 75201-6776 | Michael Napoli<br>K&L Gates LLP<br>1717 Main Street, Suite 2800<br>Dallas, TX 75201 |
| Michael Powell<br>Locke Lord Bissell & Liddell, LLP<br>2200 Ross Ave., Ste. 2200<br>Dallas, TX 75201-6776 | Christina M. Putman<br>Seyfarth Shaw LLP<br>700 Louisiana, Suite 3700<br>Houston, TX 77002 | Jody Sheets<br>Law Office of Jody Sheets<br>5910 N. Central Expwy., Ste. 275<br>Dallas, TX 75206 |
| Michael A. Pullara<br>1111 Hermann Dr. Apt 21A<br>Houston, TX 77004-6931 | John Thomas Boyd, Jr.<br>Lynch, Hanna & Boyd, PLLC<br>500 S. Taylor, Lobby Box 267<br>Amarillo, Tx. 79101 | Frances A. Smith<br>Haynes & Boone, L.L.P.<br>2323 Victory Ave., Suite 700<br>Dallas, Texas 75219 |
| Michael Reed<br>McCreary, Veselka, Bragg & Allen<br>P.O. Box 1269<br>Round Rock, Texas78680 | Frank Elmer<br>U.S. Department of Housing & Urban Development<br>801 Cherry St. Unit #45, Suite 2500<br>Fort Worth, Texas 76102 | Shad Robinson<br>Haley & Olsen, P.C.<br>510 North Valley Mills Drive<br>Suite 600<br>Waco, Texas 76710 |
| Kent Bratcher<br>Smith & Bratcher, P.C.<br>P.O. Box 21473<br>Waco, Texas 76702-1473 | Dean Prober<br>Prober & Raphael, Law Corp.<br>20750 Ventura Boulevard, Suite 100<br>Woodland Hills, CA 91364 | Kirk E. Crutcher<br>Mayfield, Crutcher & Sharpee<br>320 S. Polk, Suite 400<br>Amarillo, Texas 79101 |
| Matt D. Matzner<br>Crenshaw Dupree & Milam, LLP<br>P.O. Box 1499<br>Lubbock, Texas 79408-1499 | Michael Reed<br>McCreary Veselka, Bradd & Allen<br>P.O. Box 1269<br>Round Rock, TX 78680 | Barrett Daffin Frappier Turner & Engel, LLP<br>610 West 5th Street, Suite 602<br>Austin, Texas 78701 |
| Kristen Richner<br>Squire Sanders & Dempsey, LLP<br>2000 Huntington Center<br>41 South High Street<br>Columbus, OH 43215 | Jeremiah Hayes<br>The Corea Firm, PLLC<br>1201 Elm Street, Suite 4150<br>Dallas, Texas 75270 | Kerry McLain<br>Sell Griffin McLain, P.C.<br>504 S. Polk, Suite 101<br>Amarillo, Texas 79101 |
| Marc H. Schneider<br>Waldron & Schnieder, L.L.P.<br>15150 Middlebrook Drive<br>Houston, Tx. 77058 | Ed Attebury<br>Attebury Family Partnership<br>P.O. Box 7446<br>Amarillo, Texas 79114 | Dan G. Young<br>McCleskey Harriger Brazill & Graf, L.L.P.<br>P.O. Box 6170<br>Lubbock, Tx 79493 |
| Mark McBrayer<br>Crenshaw Dupree & Milam, LLP<br>P.O. Box 1499<br>Lubbock, Texas 79408 | J. Taylor McConkie<br>U.S. Department of Justice<br>1100 L Street,, N.W., Suite 10002<br>Washington, DC 20005 | |