LOVELL, LOVELL, NEWSOM & ISERN, L.L.P.
John H. Lovell, SBN: 12609300
Joe Lovell, SBN: 12609100
Kevin A. Isern, SBN: 10432900
Deborah D. Reeves, SBN: 24006668
112 West 8th Ave., Suite 1000
Amarillo, Texas 79101-2314
Telephone: 806/373-1515
Facsimile: 806/379-7176
*Attorneys for Petitioning Creditors*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| AMERICAN HOUSING FOUNDATION, | § | Case No. 09-20232-rlj-11 |
| | § | |
| Debtor | § | Hearing Date: May 20, 2010 |
| | § | at 1:30 p.m. |
| | § | Amarillo, Texas |

## CREDITORS' MOTION FOR ALLOWANCE OF ADMINISTRATIVE PRIORITY CLAIM PURSUANT TO THE PROVISIONS OF 11 U.S.C. § 503(b)(3) AND (4)

TO THE HONORABLE ROBERT L. JONES, U. S. BANKRUPTCY JUDGE:

NOW COME, ROBERT L. TEMPLETON, DON STORSETH, INDIVIDUALLY AND AS TRUSTEE OF THE STORSETH FAMILY TRUST, DENNIS DOUGHERTY, PAUL KING, THE FRANCES MADDOX ESTATE, HERON LAND COMPANY, DAVID MILLER, SUSAN SOLOMON MILLER, CLAY STORSETH, WILLIAM F. SCOTT, TERRILL J. HORTON, HERRING BANK, C. C. BURGESS[1], CAMPBELL BURGESS, CARSON HERRING BURGESS,

---

[1]Some of the Petitioning Creditors will be referred to later as the Burgess Group, which consists of the following: C. C. Burgess, C. C. Burgess Investments, Chain-C, Inc., Campbell Burgess, Burgess Trust #4, Charlotte Burgess Griffiths, Banjo, Inc., Carson Burgess, Inc., Carson Herring Burgess, the Cornelia J. Slemp Trust, the Louise Johnson Thomas Trust, Herring Financial Services, Keevin Clark, Jessie Herring Johnson Estate Trust No. 1, Jessie Herring Johnson Estate Trust No. 2, and Vaudrey Capital, L.P. (a/k/a Vaudry Capital, LP).

CARSON BURGESS, INC., BURGESS TRUST #4, CHAIN-C, INC., KEEVIN CLARK, CHARLOTTE BURGESS GRIFFITHS, HERRING FINANCIAL SERVICES, JESSIE HERRING JOHNSON ESTATE TRUST #1, JESSIE HERRING JOHNSON ESTATE TRUST #2, CORNELIA J. SLEMP TRUST, LOUISE JOHNSON THOMAS TRUST, and VAUDREY CAPITAL, L.P. (a/k/a VAUDRY CAPITAL, LP) (collectively "the Petitioning Creditors") in the above-referenced case, and file their Motion for Allowance of Administrative Priority Claim pursuant to the provisions of 11 U.S.C. § 503(b)(3) and (4), **requesting that fees and expenses incurred by them be paid from the insurance proceeds relating to Case No. 2:09-CV-231-C and Adversary No. 09-02005,** and in support of their Motion, show the following:

## I.

## BACKGROUND FACTS

1. Some of the Petitioning Creditors (Robert L. Templeton, Don Storseth, individually and as Trustee of the Storseth Family Trust, Dennis Dougherty, Paul King, the Frances Maddox Estate, Heron Land Company, David Miller, Susan Solomon Miller, Clay Storseth, William Scott, and Herring Bank) filed an involuntary petition against the Debtor, American Housing Foundation ("AHF"), on April 21, 2009 under Case No. 09-20232 in the United States Bankruptcy Court for the Northern District of Texas, Amarillo Division. Petitioning Creditors filed the involuntary petition under the provisions of 11 U.S.C. § 303(b)(2) based upon debts owed to them from the Debtor, in excess of $26.3 million. There was a subsequent joinder of the remaining Petitioning Creditors.

2. On June 11, 2009, AHF filed a voluntary bankruptcy petition in the Northern District of Texas, Amarillo Division, under Case No. 09-20373.

3. An agreed order to consolidate the two proceedings (Case No. 09-20232 and Case No. 09-20373) into a single proceeding under Case No. 09-20232 was entered by the Court on July 17, 2009.

4. On February 11, 2010, the Court entered a "Final Judgment as to Ownership of $21 Million in Insurance Policies" in Civil Action No. 2:09-CV-231-C and adversary proceeding No. 09-02005. This Judgment ordered that the debtor was the owner of life insurance policies in the amount of $21 million, which is being held in the registry of the Court.

## II.

## REQUEST FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES

5. This Motion for Allowance of Administrative Expenses is brought pursuant to 11 U.S.C. § 503(b)(3) and (b)(4) that allows a creditor that files an involuntary petition to recover the actual, necessary expenses incurred in the prosecution of a petition, plus its attorney's fees and expenses based on the nature, the extent, and the value of such services, and the costs of comparable services.

6. **Petitioning Creditors request that attorney's fees and expenses incurred by them in the prosecution of the involuntary petition be paid from the life insurance proceeds in accordance with the final judgment as to ownership of $21 million in insurance policies entered by the Court on February 11, 2010, in Civil Action No. 2:09-CV-231-C and Adversary No. 09-02005. Notice is being given to all creditors and parties in interest that Petitioning**

**Creditors are requesting that the approved fees and expenses be paid out of the insurance proceeds currently being held in the registry of the Bankruptcy Court.**

7.   The Petitioning Creditors are seeking approval from the Court for all fees and expenses paid by them to the law firms of Lovell, Lovell, Newsom & Isern, L.L.P. ("LLNI") and Mullin Hoard & Brown, L.L.P. ("MHB") from April 21, 2009 through July 15, 2009, during the prosecution of the involuntary petition. The fees for LLNI for that period total $35,779.25. The fees for Mullin Hoard & Brown for that period total $373,866.15. These legal fees represent services performed by the following:

| Lovell, Lovell, Newsom & Isern, L.L.P. | |
|---|---|
| **Attorneys** | **Hourly Rate** |
| John H. Lovell | $325 |
| Joe L. Lovell | $300 |
| Kevin A. Isern | $250 |
| Deborah D. Reeves | $225 |
| **Paralegals** | **Hourly Rate** |
| Tracy J. Olivarez | $80 |
| Debbie Simpson | $80 |
| Paula E. Jaramillo | $80 |

| Mullin Hoard & Brown, L.L.P. | |
|---|---|
| **Attorneys** | **Hourly Rate** |
| John Mozola | $375 |
| David R. Langston | $350 |

| Mullin Hoard & Brown, L.L.P. | |
|---|---|
| **Attorneys** | **Hourly Rate** |
| David Mullin | $350 |
| John M. Brown | $350 |
| Steve Hoard | $350 |
| Don Sunderland | $300 |
| Jeff Ritter | $275 |
| Robert Bell | $250 |
| Wolf Puckett | $250 |
| Clint Latham | $225 |
| Tony Kirkwood | $225 |
| Larry Doss | $225 |
| Andy Stewart | $210 |
| Michael Wysoki | $190 |
| Sarah Pelley | $185 |
| Trey Lansford | $180 |
| Ashley Wysoki | $175 |
| **Paralegals** | **Hourly Rate** |
| Mitzi Emert | $90 |
| Kathleen Burian | $90 |
| Shari F. Sanchez | $90 |
| Erica Anderson | $90 |
| Beth Chermel | $90 |
| Nate Peevy | $90 |
| Alysia Cordova | $90 |

Creditors' Motion for Allowance of Administrative Priority Claim
L:\Tracy\American Housing Foundation.5388\Bankruptcy\09-20232 -- In Re American Housing Foundation\Fee Reimbursement\Motion for Allowance of Administrative Claim.wpd
Page 5

| Mullin Hoard & Brown, L.L.P. | |
|---|---|
| Attorneys | Hourly Rate |
| Susan Howard | $90 |
| Jill Norman | $60 |

Petition Creditors paid expenses from April 21, 2009 through July 15, 2009 totaling $663.99 to LLNI and totaling $28,242.16 to MHB.

8. The total sum of $36,443.24 has been paid to LLNI by the Petitioning Creditors pursuant to an engagement letter with the firm, specifying that it would be paid its regular hourly rates and reimbursed all of its expenses incurred in the prosecution of the involuntary petition. LLNI has no agreement to share this compensation with anyone outside of the members of its firm.

9. The total sum of $402,108.31 has been paid to MHB by the Petitioning Creditors pursuant to an engagement letter with the firm, specifying that it would be paid its regular hourly rates and reimbursed all of its expenses incurred in the prosecution of the involuntary petition. MHB has no agreement to share this compensation with anyone outside of the members of its firm.

10. The total sum of $438,551.55 paid in fees and expenses by the Petitioning Creditors has been apportioned as follows:

| Petitioning Creditor | Fees and Expenses Paid |
|---|---|
| Robert L. Templeton | $86,789.70 |
| Storseth Family Trust | $37,789.44 |
| Dennis Dougherty | $3,577.16 |
| Paul King | $5,369.20 |

| Frances Maddox Estate | $17,897.30 |
| --- | --- |
| Heron Land Company | $12,528.12 |
| David Miller and Susan Solomon Miller | $26,803.76 |
| Clay Storseth | $3,577.16 |
| William F. Scott | $8,032.84 |
| Terrill J. Horton | $21,838.12 |
| Herring Bank | $144,442.53 |
| C.C. Burgess on behalf of the Burgess Group | $69,906.22 |

11.  Attached as Exhibit A is the Statement for Legal Services rendered by LLNI, detailing the services rendered, the time expended for each specific task or service performed, the person completing the services along with their hourly rate charges, a detailed statement of the expenses incurred in the case for copying, postage, long distance telephone calls, courier expenses, and other items for which the firm is entitled to receive reimbursement.

12.  Attached as Exhibit B is the Statement for Legal Services rendered by MHB, detailing the services rendered, the time expended for each specific task or service performed, the person completing the services along with their hourly rate charges, a detailed statement of the expenses incurred in the case for copying, postage, long distance telephone calls, courier expenses, and other items for which the firm is entitled to receive reimbursement.

13.  Attached as Exhibit C is a Summary Sheet of LLNI which provides the Court with a synopsis of the total compensation and fees requested, the name and applicable billing rate for each person who billed time during the relevant period, the date of Bar admission for each attorney, the

total hours billed and the total amount of billing for each person who billed during the billing period, and a summary of the expenses requested.

14. Attached as Exhibit D is a Summary Sheet of MHB, which provides the Court with a synopsis of the total compensation and fees requested, the name and applicable billing rate for each person who billed time during the relevant period, the date of Bar admission for each attorney, the total hours billed and the total amount of billing for each person who billed during the billing period, and a summary of the expenses requested.

15. Attached collectively as Exhibit E are Affidavits of the Petitioning Creditors reflecting the amounts paid by them in fees and expenses to LLNI and MHB.

### III.

### SYNOPSIS OF BILLING AND SERVICES

16. During the period for which approval of fees and expenses is sought, LLNI and MHB performed a number of services on behalf of the Petitioning Creditors. The following is a synopsis of the work performed:

**A.** **General Bankruptcy Matters:** This work included, but is not limited to, meetings and telephone conferences with attorneys and office staff to discuss status, procedural matters; preparing and filing involuntary petition; reviewing and compiling documents relating to AHF; reviewing media information and transmitting to legal team for review; preparing for and attending deposition of Sterk Sterquell; conferences with attorneys; compiling and maintaining the case file; conferences with creditors; and conducting research.

LLNI:
Joe L. Lovell ("JLL"): 13.5 hours = $4,050.00; John H. Lovell ("JHL"): 16.00 hours = $5,200.00; Kevin A. Isern ("KAI"): .22 hours = $55.50; Deborah D. Reeves ("DDR"): 10.00 hours = $2250.00; .4 hours at no charge; Tracy J. Olivarez ("TJO"): 10.898 hours = $871.90; Paula E. Jaramillo ("PEJ"): 5.43 hours = $435.00.

TOTAL:     $12,861.90

MHB:
David Mullin ("DM"): 12.3 hours = $4,305.00; John M. Brown ("JMB"): .60 hours = $210.00; David R. Langston ("DRL"): .6 hours = $210.00; Steve Hoard ("SH") 13.4 hours = $4,690.00; John Mozola ("JM"): .5 hours = $187.50; Don Sunderland ("DS") .4 hours = $120.00; Jeff Ritter ("JR"): .6 hours = $165.00; Andy Stewart ("AS"): .3 hours = $63.00; Erica Anderson ("EA"): 12.45 hours = $1,120.50.

TOTAL:     $11,071.00

B.    Investigation: This work included, but is not limited to, research of AHF-related entities; work related to review and analysis of files of AHF-related entities; tracing of funds; work related to forensic analysis of AHF computers; review and analysis of information obtained from computer databases; work concerning search of real properties of AHF and its related entities; preparing requests for records; preparing and serving subpoenas and deposition notices; preparing discovery requests and responding to discovery requests; and preparing requests for records.

LLNI:
John H. Lovell ("JHL"): 1.3 hours = $422.50; Deborah D. Reeves ("DDR"): 2.5 hours = $562.50; Debbie Simpson ("DS"): 85.6 hours = $6,848.00; Paula E. Jaramillo ("PEJ"): 8.8 hours = $704.00.

TOTAL:     $8,537.00

MHB:
David Mullin ("DM"): 27 hours = $9,450.00; John M. Brown ("JMB"): 13.00 hours = $4,550.00; David R. Langston ("DRL"): 3.0 hours = $1,050.00; John Mozola ("JM"): 1.50 hours = $562.50; Jeff Ritter ("JR"): 6.4 hours = $1,760.00; Tony Kirkwood ("TK"): 23 hours = $5,175.00; Clint Latham ("CL"): 2.2 hours = $495.00; Sarah Pelley ("SP"): 3.3 hours = $610.50; Mitzi Emert ("ME"): 2.1 hours = $189.00; Shari Sanchez ("SS"): 1.2 hours = $108.00; Erica Anderson

("EA"): 89.4 hours = $8,046.00; Alysia Cordova ("AC"): 6.46 hours = $581.49; Beth Chermel ("BC"): 9.6 hours = $864.00; Nate Peevey ("NP"): 7.1 hours = $639.00.

TOTAL:    $34,080.49

C.    **Case Management:** This work included, but is not limited to, work associated with organizing AHF-related entity documents, analysis of structure of AHF-related entities; work associated with organizing loan documents, guaranties; filing motions regarding expedited discovery, appointment of a trustee; conferences with attorneys in the case; work associated with life insurance policies and transfers relating to same; responding to filings concerning motion to appoint trustee, expedited discovery; and file maintenance.

**LLNI:**
Joe L. Lovell ("JLL"): 9.00 hours = $2,700.00; John H. Lovell ("JHL"): 5.00 hours = $1,625.00; Deborah D. Reeves ("DDR"): 1.5 hours = $337.50; Tracy J. Olivarez ("TJO"): .80 hour = $64.00, .75 hours at no charge; Debbie Simpson ("DS"): 2.25 hours at no charge; Paula E. Jaramillo ("PEJ"): .4 hours = $32.00, 5.5 hours at no charge.

TOTAL:    $4,758.50

**MHB:**
David Mullin ("DM"): 90.89 hours = $31,811.50; John M. Brown ("JMB"): 9.10 hours = $3,185.00; David R. Langston ("DRL"): 75.3 hours = $26,355.00; John Mozola ("JM"): 21.5 hours = $8,062.50; Don Sunderland ("DS"): 6.1 hours = $1,830.00; Jeff Ritter ("JR"): 2.45 hours = $673.75; Wolf Puckett ("WP"): 2.3 hours = $575.00; Tony Kirkwood ("TK"): 10.6 hours = $2,385.00; Larry Doss ("LD"): 48.75 hours = $10,968.75; Sarah Pelley ("SP"): 5 hours = $925.00; Trey Lansford ("TL"): 6.3 hours = $1,134.00; Mitzi Emert ("ME"): 77 hours = $6,930.00; Kathleen Burian ("KB"): .7 hours = $63.00; Shari Sanchez ("SS"): 44.75 hours = $4,027.50; Erica Anderson ("EA"): 4 hours = $360.00; Susan Howard ("SH"): .812 hours = $73.16 Jill Norman ("JN"): .3 hours = $18.00; Beth Chermel ("BC"): 18.5 hours = $1,665.00; Nate Peevey ("NP"): 13 hours = $1,170.00.

TOTAL:    $102,212.16

D.    **Adversary Proceeding:** This work included, but is not limited to, legal work relating to efforts to secure possession and turnover of approximately $27 million in life insurance proceeds; research relating to $27 million in life insurance proceeds and analysis of policies; work relating to

---

obtaining a preliminary injunction to prohibit expenditures of funds or transfers to third parties; consolidation of cases; significant work relating to preparing a motion for summary judgment and associated research; preparing for and attending hearing on motion for summary judgment; preparing for and attending depositions; work associated with significant discovery and 2004 examination; analysis of documents produced by parties; conferences with opposing counsel regarding settlement; work relating to efforts to secure the appointment of a receiver; and organizing and maintaining filings.

**LLNI:**
Joe L. Lovell ("JLL"): 9.65 hours = $2,895.00; John H. Lovell ("JHL"): 17.56 hours = $5,707.00; Deborah D. Reeves ("DDR"): 4.01 hours = $902.25; Tracy J. Olivarez ("TJO"): 1.47 hours = $117.60; Paula E. Jaramillo ("PEJ"): 1.25 hours at no charge.

TOTAL:    $9,621.85

**MHB:**
David Mullin ("DM"): 111.9 hours = $39,165.00; John M. Brown ("JMB"): 97.39 hours = $34,086.50; David R. Langston ("DRL"): 87.15 hours = $30,502.50; Steve Hoard ("SH"): 1.1 hours = $385.00; John Mozola ("JM"): 70.45 hours = $26,418.75; Don Sunderland ("DS"): 2.6 hours = $780.00; Jeff Ritter ("JR"): 2.3 hours = $632.50; Robert Bell ("RB"): .4 hours = $100.00; Tony Kirkwood ("TK"): 225.25 hours = $50,681.25; Larry Doss ("LD"): 97.5 hours = $21,937.50; Michael Wysoki ("MW"): 1.5 hours = $285.00; Sarah Pelley ("SP"): 14.8 hours = $2,738.00; Trey Lansford ("TL"): 25.8 hours = $4,644.00; Ashley Wysoki ("AW"): .48 hours = $84.00; Mitzi Emert ("ME"): 29.65 hours = $2,668.50; Shari Sanchez ("SS"): 17.2 hours = $1,548.00; Erica Anderson ("EA"): 97.25 hours = $8,752.50; Beth Chermel ("BC"): 7.3 hours = $657.00; Nate Peevey ("NP"): 4.85 hours = $436.50.

TOTAL:    $226,502.50

Petitioning Creditors assert that all fees for the services performed are reasonable and necessary and request that the Court approve such fees and expenses.

IV.

## ANALYSIS OF FACTORS RELATING TO COMPENSATION

17. In determining the amount of reasonable compensation for attorney's fees under 11 U.S.C. § 331, the Court may consider the following factors:

  (a) The time and labor required;

  (b) The novelty and difficulty of the questions presented;

  (c) The skill requisite to perform the legal services properly;

  (d) The preclusion of other employment due to the acceptance of the case;

  (e) The customary fee;

  (f) Whether the fee is fixed or contingent;

  (g) Time limitations imposed by the client with the circumstances of the case;

  (h) The amount involved and the results obtained;

  (i) The experience, reputation, and ability of counsel; and

  (j) Awards in similar cases.

See In re First Colonial Corp. of America, 544 F.2d 1291, 1298-99 (5th Cir. 1977), cert. denied, 431 U.S. 904 (1977); Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974).

A. **The Time and Labor Required.**

18. As noted above, LLNI expended 212.89 hours in representing the creditors, while MHB spent 1,570.92 hours in this involuntary bankruptcy proceeding and associated adversary proceeding. The average billable rate for the fees requested is approximately $203.03 per hour (for all professionals and paraprofessionals). All of the time spent was necessary and appropriate for

representing the creditors. Representation of the creditors by LLNI and MHB required both firms to balance the need to provide quality services with the need to act quickly and represent the creditors in an efficient and timely manner.

**B.　The Novelty and Difficulty of the Questions Presented.**

19.　LLNI and MHB dealt with issues that are extremely complex in representing the creditors in this matter and contend that the matters involved are not issues that are common in ordinary bankruptcy cases. This proceeding is one of the largest, contentious bankruptcy cases filed in this district, involving a large Ponzi scheme. Investors were induced into providing contributions to the Debtor for developing/rehabilitating low-income housing projects in exchange for promises of tax deductions, significant interest payments, and return of contributions of capital. Both law firms were required to interpret complex information relating to the Debtor's financial history and the various investments, as well as determine assets that could be secured for the benefit of the creditors.

**C.　The Skill Requisite to Perform the Legal Services Properly.**

20.　A high degree of skill and experience has been necessary to represent the creditors in this proceeding. Counsel had to be persistent and aggressive in obtaining pertinent information in prosecuting the involuntary petition. The prosecution of this matter involved attorneys that possessed the skill sets both of a trial lawyer and of a transactional attorney. Counsel of lesser experience in these areas would have expended additional hours of research or hired outside counsel to render the necessary services.

**D.     The Preclusion of Other Employment Due to the Acceptance of the Case.**

21.     The nature of this case caused severe time constraints and limited the ability of counsel for both LLNI and MHB to attend to the needs and demands of other clients during the prosecution of this matter. The time commitment was significant due to the expedited preparation period required for this very complex case.

**E.     The Customary Fee.**

22.     The Petitioning Creditors seek approval of $250 to $350 per hour for work performed by partners, $180 to $225 per hour for work performed by associates, and $80 to $90 per hour for work performed by paraprofessionals. The rates charged are the normal rates charged for work performed for clients in the bankruptcy area for a case of this magnitude, and are probably less when comparing to law firms in larger metropolitan areas. Petitioning Creditors believe that the fees are reasonable and necessary in light of the complex nature of this bankruptcy proceeding.

**F.     Whether the Fee is Fixed or Contingent.**

23.     The fees requested in this application represent fixed hourly rates. All fees have been timely paid by the Petitioning Creditors.

**G.     Time Limitations Imposed by the Client with the Circumstances of the Case.**

24.     There have been significant time limitations involved for both firms in prosecuting this matter. Considering the complexity of the preliminary issues that were involved, it was necessary for both firms to work weekends and evenings in order to facilitate the filing of this involuntary bankruptcy, manage the case, and litigate the adversary proceeding.

**H.     The Amount Involved and the Results Obtained.**

25.     Both firms spent significant resources in discovering that the Debtor's deceased president had transferred $21 million of key man life insurance benefits to a non-profit corporation controlled by his children. It was also discovered that another $6 million of key man life insurance was transferred from the Debtor to a family irrevocable life insurance trust of which the deceased president's wife and children were the named beneficiaries. These transfers were fraudulent conveyances. The actions taken by the firms were necessary to secure funds that may ultimately be paid to the creditors of AHF.

**I.     The Experience, Reputation, and Ability of Counsel.**

26.     Both firms consist of attorneys that are well known and respected throughout the state of Texas. The attorneys have practiced extensively in the bankruptcy area and provide legal services to large corporate interests and regularly represent debtors and creditors in bankruptcy proceedings. LLNI and MHB contend that counsel of lesser experience in the area of bankruptcy would have expended additional hours of research, or would have been required to hire outside counsel to render services.

**J.     Awards in Similar Cases.**

27.     The Petitioning Creditors assert that the compensation sought is not inconsistent with that awarded in other cases of similar nature throughout this district and the state of Texas.

WHEREFORE, the Petitioning Creditors request that the Court allow, after notice and opportunity for hearing to other creditors and parties in interest, the following sums as administrative expenses:

(1) the sum of $36,443.24 to the Petitioning Creditors entitled to administrative priority pursuant to the provisions of 11 U.S.C. § 503(b)(4) as attorney's fees ($35,779.25) and expenses ($663.99) paid to the law firm of Lovell, Lovell, Newsom & Isern, L.L.P.;

(2) the sum of $402,108.31 to the Petitioning Creditors entitled to administrative priority pursuant to the provisions of 11 U.S.C. § 503(b)(4) as attorney's fees ($373,866.15) and expenses ($28,242.16) paid to the law firm of Mullin Hoard & Brown;

(3) **the total sum of $438,551.55 noted above ($36,443.24 paid to LLNI and $402,108.31 paid to MHB) be paid from the insurance proceeds in accordance with the "Final Judgment as to Ownership of $21 Million in Insurance Policies" entered on February 11, 2010, in Civil Action No. 2:09-CV-231-C and Adversary No. 09-02005 and apportioned to the Petitioning Creditors as follows:**

    (a) $86,789.70 to Robert L. Templeton;

    (b) $37,789.44 to Don Storseth, Trustee of the Storseth Family Trust;

    (c) $3,577.16 to Dennis Dougherty;

    (d) $5,369.20 to Paul King;

    (e) $17,897.30 to Robert L. Templeton, Independent Executor of the Frances Maddox Estate;

    (f) $12,528.12 to Heron Land Company;

    (g) $26,803.76 to David Miller and Susan Solomon Miller;

    (h) $3,577.16 to Clay Storseth;

    (i) $8,032.84 to William F. Scott;

  (j)  $21,838.12 to Terrill J. Horton;

  (k)  $144,442.53 to Herring Bank;

  (l)  $69,906.22 to C.C. Burgess on behalf of the Burgess Group; and

 (4)  for such other and further relief at law or in equity, as the Court may deem necessary and proper.

## NOTICE OF OPPORTUNITY FOR OBJECTION

NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT P. O. BOX 15960, AMARILLO, TEXAS 79105-0960, BEFORE 4:30 P.M. ON MAY 4, 2010, WHICH IS TWENTY (20) DAYS FROM THE DATE OF SERVICE HEREOF. IF SERVICE IS BY MAIL, THREE ADDITIONAL DAYS ARE ALLOWED PURSUANT TO FEDERAL BANKRUPTCY PROCEDURE 9006(f). ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED, A HEARING WILL BE CONDUCTED ON MAY 20, 2010 AT 1:30 P.M. IN THE U. S. BANKRUPTCY COURTROOM, ROOM 100, 624 SOUTH POLK STREET, AMARILLO, TEXAS (VIDEO DOCKET).

IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICE OF ACTION MAY BE TAKEN.

Respectfully submitted,

**LOVELL, LOVELL, NEWSOM & ISERN, L.L.P.**
Joe L. Lovell, State Bar No. 12609100
John H. Lovell, State Bar No. 12609300
Deborah D. Reeves, State Bar No. 24006668
112 West 8th Avenue, Suite 1000
Eagle Centre Building
Amarillo, Texas 79101-2314
Telephone:    (806) 373-1515
Facsimile:    (806) 379-7176

By: /s/ Deborah D. Reeves
    Deborah D. Reeves

*ATTORNEYS FOR PETITIONING CREDITORS*

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the foregoing was sent via ECF or by First Class U. S. Mail on this the _14th_ day of April, 2010 to the following listed parties in interest:

1.     Charles G. White
      500 South Taylor, Suite 505, LB 201
      Amarillo, Texas 79101-2445

      *Attorney for American Housing Foundation*

2.     All parties requesting Notice who have filed a Notice of Appearance in this case.

3.     All parties listed on the Creditor Mailing Matrix attached hereto.

                                                          Deborah D. Reeves