Max R. Tarbox; SBN: 19639950
TARBOX LAW, P.C.
2301 Broadway
Lubbock, Texas 79401
806/686-4448; 806/7368-9785(FAX)
*Attorneys for Chapter 11 Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| AMERICAN HOUSING FOUNDATION, INC., | § | Case No. 09-20232 |
| | § | |
| Debtor. | § | |

**INTERIM MOTION FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF TARBOX LAW, P.C.,
COUNSEL FOR THE TRUSTEE
AND
REQUEST FOR PAYMENT OF SUCH FEES AND EXPENSES FROM
LIFE INSURANCE PROCEEDS HELD IN THE REGISTRY OF THE COURT**

TO THE HONORABLE ROBERT L. JONES, Bankruptcy Judge:

NOW COMES Tarbox Law, P.C., Lubbock, Texas ("Movant"), and files this its verified Interim Motion for Allowance of Compensation and Reimbursement of Expenses of Counsel for the Trustee and Request for Payment of Such Fees and Expenses from Life Insurance Proceeds Held in the Registry of the Court in the above referenced bankruptcy proceedings, and in support of such Motion would respectfully show unto the Court as follows:

1.   This case commenced under Chapter 11 of the United States Bankruptcy Code by virtue of an involuntary petition on April 21, 2009.

2.   Walter O'Cheskey has been appointed as the Chapter 11 Trustee on April 28, 2010.

3.   Tarbox Law, P.C. files this its Interim Motion for Allowance of Compensation and Reimbursement of Expenses ("Motion"), pursuant to Section 330 of the Bankruptcy Code, for professional

services rendered and for reimbursement of out-of-pocket expenses necessarily incurred by the Movant in the representation and counsel of the Trustee in his bankruptcy case.

4. This Court, pursuant to the Motion of the Trustee, did enter its Order authorizing the Trustee to retain Tarbox Law, P.C., Lubbock, Texas, as attorney, which Order was entered on May 26, 2010.

5. At the time of the initial representation of the Trustee in this bankruptcy proceeding, the Movant did not received a retainer for its fees and/or expenses incurred and to be incurred in this proceeding. Since the Trustee's appointment, no funds have been paid to Tarbox Law, P.C. This fee application seeks approval of any and all fees and expenses incurred since April 27, 2010 through June 4, 2010.

6. This Motion covers the allowance of compensation for professional services rendered to the Trustee for the period beginning April 27, 2010 through June 4, 2010. A complete accounting of the time spent by attorneys of the Movant and the specific description of the services rendered and time expended is provided in Exhibit "A" that is attached hereto and incorporated herein for all purposes. The hourly rates charged by the Movant in similar matters, considering the size and degree of responsibility, difficulty, complexity of the problems and issues involved in this case were, at the commencement of the representation of the Trustee, as follows:

>    Attorneys - $350.00 per hour
>    Paraprofessionals - $75.00 per hour

7. During the period covered by this Motion, attorneys and paraprofessionals of the Movant have expended a total of 138.80 hours in representation of the Trustee representing total fees of $42,487.58. The information on Exhibit "A" contains a synopsis of the particular services rendered, as well as the amount of time expended on each entry by each particular attorney or paraprofessional associated with the Movant who rendered the legal services described.

8. Expenses that have been incurred by the Movant total $2,793.64. Attached hereto and incorporated herein as Exhibit "A" is a schedule of expenses for which the Movant seeks reimbursement at this time.

9. The Movant has performed professional services to the Trustee during the period of its representation of the Trustee in the following particulars:

    A. Movant consulted with Trustee concerning the estate's financial condition and the status of the case. The Movant has advised the Trustee with respect to all legal matters concerning the financial condition of the estate.

    B. Movant has prepared and filed all notices, motions, briefs, certificates of service and pleadings necessary to comply with the requisites of the United States Bankruptcy Code and Bankruptcy Rules.

    C. The Movant has represented the Trustee at all hearings, whether before the United States Trustee for the Northern District of Texas or the United States Bankruptcy Court for the Northern District of Texas, as such hearings and trials have arisen throughout this proceeding and continues to represent the Trustee as hearings are set in this case.

More specifically, the Movant has performed the following tasks:

    D. Meeting with Walter O'Cheskey and other parties to obtain knowledge of case.

    E. Reviewed pleadings filed in case, including disclosure statements.

    F. Traveled to Amarillo, Texas to meet with staff of American Housing Foundations. Also met with attorney for the Debtor, Robert Templeton, and the attorney for the Mays Trust to acquire knowledge of the case.

    G. Traveled to Dallas to meet with several parties: met with representatives of Greystone Management and Focus Mamangement to assist in acquiring professional management help for the case; met with attorney and officers of Ranier American Investors to discuss Ranier claim; met with attorneys at the Fort Worth office of Housing and Urban Development to discuss HUD's involvement in various cases, met with Grey Lowry to discuss issues involving MMA and THFC, met with Texas Capital Bank attorneys and officers to discuss their involvement in various cases, and met with attorneys at Gardere Wynn to seeks possible representation.

    H. Talked to Sam Boyd, attorney for the Debtor, and, Greg Wilkes, attorney for Bank of American, to discuss Debtor's and other parties suit against Bank of America.

    I. Prepared for May 18, 2010 docket. Traveled to Amarillo to meet with staff and other attorneys to discuss case. Appeared at the May 18th docket to make an appearance and announce continuances. Met with Mullin Hoard and Brown to discuss issues of case, including consolidation motions. Met the David Jones to discuss Happy State Bank litigation.

    J. Worked with the attorney for the City of Pasadena, the Texas Attorney General's office, the attorney for Happy State Bank, and others to discuss Brandywood issues.

10. Pursuant to the provisions of 11 U.S.C. Section 330, various factors are considered in awarding compensation of attorneys. Consequently, the following information is submitted to the Court for consideration in determining the appropriate fee for the Movant in this case:

A. <u>Time and Labor Required</u>: The Movant, as set forth above, has expended a significant amount of time in the representation of the Trustee in this bankruptcy proceeding. Its attorneys and paraprofessionals have expended a total of 138.80 hours in connection with this case. The specific information contained on the attached Exhibit "A" is a synopsis of the particular services rendered, as well as the amount of time expended on such entries by each particular attorney or paraprofessional of the Movant. Each entry of the time records attached represents actual time expended in the performance of legal work that was required in order to properly represent the Trustee. The Movant asserts that while it has taken great care and attention to recording all time expended on behalf of the Trustee, a significant amount of time has been lost. The Movant does not seek any compensation for such lost time, but seeks compensation only for those hours set forth herein. The Movant is a sole practitioner has dedicated much of his time to the representation of the Trustee in this proceeding since the Trustee's appointment. The Movant asserts that the amount of time expended by each attorney or paraprofessional on each entry is reasonable and necessary, in light of the facts and legal complexities of this case.

B. <u>Novelty and Difficulty of the Questions</u>: This case has presented novel and difficult questions that have challenged the Movant. The Movant has had to address issues on behalf to the Trustee in response to a very complicated case involving numerous attorneys and parties. For these reasons, the novelty and difficulty of the questions encountered by the Movant in its representation of the Trustee in this proceeding have been substantial.

C. <u>Skill Requisite to Perform the Services Properly</u>: A high degree of skill and experience has been necessary to properly represent the Trustee in this bankruptcy proceeding. Movant provides a high degree of experience and skill in its representation of all Chapter 11 bankruptcy estates, and this case is no exception. Movant believes that as a result of its experienced lawyers, Movant was able to render the services and advice necessary to the Trustee.

D. <u>Preclusion of Other Employment</u>: The volume of work associated with this case has not put a strain on the resources of the Movant, as it has attempted to competently represent the Debtor. Additionally, this case has not precluded Movant from taking other cases in the bankruptcy area of practice.

E. <u>Customary Fees</u>: The Movant seeks approval of $350.00 per hour for work by attorney and $75.00 per hour for work by paraprofessionals. Movant submits that the use of paraprofessionals can be efficient and result in a reduction of the total fees that would otherwise be charged. The rates charged by the Movant are the normal rates charged for work performed for clients in the bankruptcy area for a case of this magnitude. In surveying fees that are charged by bankruptcy practitioners in this area, the Movant submits that these hourly rates are not excessive. Such fees have been approved by this Court in this proceeding, and the Movant believes that they are reasonable and necessary in light of the

      specific nature of the issues involved in this proceeding, and the specific degree of skill and knowledge necessary to competently represent the Trustee in this proceeding.

F.    <u>Whether Fee is Fixed or Contingent</u>: As in all bankruptcy proceedings, fees of the Movant Firm are subject to the discretion of this Court in determining the value of services to the estate, as well as the availability of funds of the estate, and are, accordingly, in that sense contingent.

G.    <u>Time and Limitations</u>: This Motion generally covers the onset of the representation of the Trustee. Therefore, Movant has expended voluminous hours studying documents and meeting with various parties to become familiar with the Debtor's business operations in order to competently represent Trustee in this Chapter 11 bankruptcy proceeding. Movant continues to dedicate much of its time to further research to assist the Trustee in determine the highest potential outcome of this estate. However, Movant does not assert that this case has been burdensome.

H.    <u>Amount Involved and End Results Obtained</u>: This bankruptcy case has involved claims just over $125 million. Movant asserts that the amount involved in this case is quite substantial and the issues connected with it difficult. Movant anticipates obtaining confirmation of the Trustee's Plan of Reorganization by the end of the year.

I.    <u>Experience, Reputation and Ability of Counsel</u>: The Movant is a well known and respected attorney in the West Texas area. He practices almost exclusively in the bankruptcy area. He regularly provides legal services to large corporate interests as well as individuals, and represents debtors, creditors and bankruptcy trustees in bankruptcy proceedings. Consequently, he believes that his experience, reputation and ability in the area of bankruptcy is high. Thus, the Movant believes that counsel of lesser experience in the area of Chapter 11 bankruptcy proceedings would have expended additional hours of research in order to enable it to render the services and advice that have been available to the Trustee as a result of the experience of the Movant.

J.    <u>The Undesirability of the Case</u>: The Movant does not assert that this case has been undesirable.

K.    <u>Awards in Similar Cases</u>: The Movant asserts that the compensation sought herein is not inconsistent with that awarded in other cases of similar nature throughout the State of Texas.

11.    On February 11, 2010 the U.S. District Court entered an Order in Case No. 2:09-CV-231-C styled Robert L. Templeton, et al v. American Housing Foundation, et al ordering that the Debtor, American Housing Foundation, is the owner of $21 million worth of insurance policies, as well as the proceeds and interest accrued from those policies. Additionally, in its Order, the District Court directed the Clerk of the Court to continue to hold the funds in the registry of the Bankruptcy Court until further order of the U.S. Bankruptcy Court in Case No. 09-20232-rlj11, In re: American Housing Foundation, except that the Clerk

of the Court was directed to release such amounts sufficient to pay allowed professional fees and administrative expenses upon presentation to the Clerk of the Court of a final Order of the U.S. Bankruptcy Court, issued after notice and a hearing, specifically approving the payment of such fees and expenses out of such funds. The Movant is requesting the Court to include in its Order approving this interim motion, authorization for the clerk to issue payment of the requested fees and expenses out of such funds.

12. The Movant respectfully represents that it has not entered into any agreement, express or implied, with any other party in interest, including the Trustee, the Debtor, or any representative of a creditor, for the purpose of fixing the fee or other compensation to be paid for services rendered or expenses incurred in connection with the representation of the Trustee in this case. Further, no agreement or understanding exists between the Movant, Trustee, or any other person for the sharing of compensation to be received for services rendered in or in connection with this case. All services for which compensation is requested were performed for and in behalf of the Trustee, and not in behalf of any committee, creditor, or any other person.

WHEREFORE, PREMISES CONSIDERED, Movant respectfully prays that the Court approve its fees and expenses totaling $45,281.22, consisting of fees for professional services rendered in this case as counsel to the Debtor for the period designated of $42,487.58, and reimbursement of out-of-pocket expenses of $2,793.64, and further prays that the Court enter its order authorizing the clerk to pay Tarbox Law, P.C. the total of $45,281.22, representing the fees and expenses requested in this Motion, out of the insurance proceeds held in the registry of the Court, and prays for such other and further relief, at law or in equity, as the Court may deem necessary and proper.

Date: June 8, 2010

Respectfully submitted,

TARBOX LAW, P.C.
2301 Broadway
Lubbock, Texas 79401
806/686-4448; 806/368-9785 (FAX)

By:   /s/ Max R. Tarbox
    Max R. Tarbox
    State Bar No. 19639950
    *Attorney for Chapter 11 Trustee*

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing Interim Motion was mailed to the following listed parties on this 8th day of June, 2010:

1. U.S. Trustee's Office
   Room 976, 1100 Commerce Street
   Dallas, Texas 75242

2. All parties in interest registered with the
   U. S. Bankruptcy Court to receive electronic
   notices in this case.

    /s/ Max R. Tarbox
    Max R. Tarbox

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF LUBBOCK | § |

BEFORE ME, the undersigned authority, on this day personally appeared MAX R. TARBOX, and upon his oath deposed and stated as follows:

"My name is Max R. Tarbox, and I am applying for allowance of compensation and reimbursement of expenses in the above and foregoing Motion. I have prepared and read the Motion and hereby state that I have personal knowledge of all statements of fact contained therein and that the same are true, correct and accurate."

    /s/ Max R. Tarbox
Max R. Tarbox

SWORN TO AND SUBSCRIBED before me by the said Max R. Tarbox this 8th day of June, 2010.

    /s/ Luz Maria Richburg
Notary Public in and for
the State of Texas
My commission expires: 04-08-2012

U:\Maria\Ch11 Trustee\American Housing\Fee App Interim Tarbox Law.wpd