U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

**United States Bankruptcy Judge**

**Signed July 12, 2010**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| AMERICAN HOUSING FOUNDATION, | § | CASE NO. 09-20232-RLJ-11 |
| | § | |
| DEBTOR | § | |

## MEMORANDUM OPINION AND ORDER

The Court presently has pending before it (i) the Third Interim Motion for Approval of

Fees and Expenses to Mullin Hoard & Brown, L.L.P., as Counsel for the Unsecured Creditors

Committee and Request for Payment from Life Insurance Proceeds Held in the Registry of the

Court (the "Mullin Hoard Motion"), (ii) the Unsecured Creditors Committee's First Interim

Motion for Compensation and Reimbursement of Expenses of Harry Potter as Forensic

Accountant for the Committee and Request for Payment from Life Insurance Proceeds Held in the

Registry of the Court (the "Harry Potter Motion"), and (iii) the Interim Motion for Allowance of

Compensation and Reimbursement of Expenses of Tarbox Law, P.C., Counsel for the Trustee and

Request for Payment of Such Fees and Expenses from Life Insurance Proceeds Held in the

Registry of the Court (the "Tarbox Motion").  The Mullin Hoard Motion requests approval and

payment of fees and expenses totaling $551,436.97, consisting of $514,339.50 in fees and

$37,097.47 in expenses, for services provided from February 1, 2010 through April 30, 2010; the

Harry Potter Motion requests payment of total fees and expenses in the amount of $43,866.22,

consisting of $38,025.00 in fees and $5,841.22 in expenses, for services provided from November

17, 2009 through April 30, 2010; the Tarbox Motion requests approval and payment of fees and

expenses of $45,281.22, consisting of fees of $42,487.58 and expenses of $2,793.64, for services

provided to the chapter 11 trustee from April 27, 2010 through June 4, 2010.[1]  Texas Capital

Bank, N.A., the Attebury Family Partnership, L.P., and the chapter 11 trustee, Walter O'Cheskey,

have filed objections to the Mullin Hoard Motion.

Each of the motions seek payment on an interim basis, meaning, obviously, that additional

services and thus requests for payments are contemplated.  The motions do not state that payment

of the requested fees and expenses is subject to further review by the Court upon the particular

movant's final request.  (The Court notes, however, that orders entered on the prior Mullin Hoard

fee applications state that the amounts approved therein are subject to final approval upon

consideration of a final application and that the proposed order on the Harry Potter Motion states

that final approval of the requested fees will be sought in a final application.)[2]

As has been stated many times by attorneys involved in this case, both in pleadings and in

open court, this is a difficult and unusual bankruptcy case.  Unlike most chapter 11 cases, the

bankruptcy estate here has a large fund, approximately $23 million, presently held in the registry

---

[1]The request under the Tarbox Motion is made well inside the time frame contemplated by section 331 of the Bankruptcy Code, which contemplates fee applications filed no more than once every 120 days.

[2]The Court could perhaps assume that any request for an "interim" approval of professional fees means such approval is subject to final approval by the Court at the time the last request is under consideration.

of the Court. The registry fund is non-replenishing.[3] Each of the motions here request payment from this fund. AHF, as debtor-in-possession, does not, apparently, generate sufficient cash flow to pay even a portion of the administrative claims in this case. In addition, Texas Capital Bank, which has stated it has a secured claim of approximately $12 million, asserts a lien against the registry funds. The Court is sensitive to the concerns expressed by various parties that the expenses of the estate will exhaust the proceeds.

In this vein, it serves little purpose to have periodic disputes and litigation over interim requests for approval and payment of professional fees. Such disputes hamper the progress of this case. In addition, as this Court has informed counsel in open court, the Court must enforce the *Pro-Snax* standard for approving professional fees and expenses. *See In re Pro-Snax Distribs., Inc.*, 157 F.3d 414 (5th Cir. 1998); *see also Kaye v. Hughes & Luce*, No. 3:06-CV-01863-B, 2007 WL 2059724 (N.D. Tex. July 13, 2007). The *Pro-Snax* standard requires that compensable professional services must have resulted in an "identifiable, tangible, and material benefit" to the bankruptcy estate; this determination requires a hindsight analysis. *Id*.

To address, in part, the issues and concerns set forth above, to accommodate the needs of approved professionals in this case, and to serve the interests of judicial economy, the Court, in accordance with sections 105(a) and 330 of the Bankruptcy Code and FED. R. BANKR. P. 7042, incorporating FED. R. CIV. P. 42, hereby orders as follows:

IT IS ORDERED that as to each of the pending motions before the Court – the Mullin Hoard Motion, the Harry Potter Motion, and the Tarbox Motion – the Court authorizes that 40%

---

[3]The Court will not, in this opinion and order, describe the circumstances concerning the estate's recovery of the funds held in the Court registry. The Court assumes all interested parties are generally aware of such circumstances.

of the requested fees and 100% of the requested expenses be paid from the registry funds; it is

further

ORDERED that all further requests for interim approval of professional fees shall be made

no more than once every 60 days (running from date of the last services provided under the

immediately prior interim request); it is further

ORDERED that all applications for payment of interim fees and expenses shall be made

upon notice and opportunity to object in accordance with Bankruptcy Rule 9007.1 (with 21 days

notice), and otherwise in accordance with the Rules of Bankruptcy Procedure;[4] it is further

ORDERED that all interim awards (allowance and, if awarded, payment) of professional

fees and expenses shall be subject to final review and approval upon the applicant's final request;

it is further

ORDERED that counsel shall submit orders in accordance with the directives set forth

herein as to each of the pending motions before the Court.

### End of Memorandum Opinion and Order ###

---

[4]Parties in interest may reserve objections until the final fee application.