**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| | § | Chapter 11 |
| AMERICAN HOUSING FOUNDATION, | § | |
| INC., | § | Case No. 09-20232-RLJ |
| | § | |
| Debtor. | § | |

## EXHIBIT C TO PLAN

      PLEASE TAKE NOTICE that Walter O'Cheskey, the duly appointed and acting Trustee (the "**Chapter 11 Trustee**") for American Housing Foundation, Inc. ("**AHF**" or the "**Debtor**"), hereby files this <u>Exhibit C</u> to the Plan,[1] which is the Liquidating Trust Agreement under the Plan.

*[Signatures to Follow]*

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

Dated: August 10, 2010

Respectfully Submitted,


*/s/ Max R. Tarbox*
Max R. Tarbox (TX 19639950)
TARBOX LAW, P.C.
2301 Broadway
Lubbock, Texas 79401
Phone: 806.686.4448
Fax: 806.368.9785

and

Stephen A. McCartin (TX 13374700)
Marcus A. Helt (TX 24052187)
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas  75201-4761
Telephone:  214.999.3000
Facsimile:  214.999.4667

**COUNSEL FOR WALTER**
**O'CHESKEY, CHAPTER 11 TRUSTEE**

# LIQUIDATING TRUST AGREEMENT

This Liquidating Trust Agreement (the "**Trust Agreement**") dated as of the Effective Date of the Plan (as defined below) between (i) Walter O'Cheskey, the duly appointed and acting Trustee (the "**Chapter 11 Trustee**") for American Housing Foundation, Inc. ("**AHF**" or the "**Debtor**"), and the members of the Reorganized AHF Board, and (ii) Walter O'Cheskey, as Liquidating Trustee (the "**Liquidating Trustee**"), is executed to facilitate the implementation of the *Chapter 11 Plan of Liquidation* (the "**Plan**"), which, among other things, provides for the establishment of the Liquidating Trust (the "**Trust**") to retain and preserve assets for the benefit of the holders of Allowed Claims in Classes 14, 15, 16, 17, and 18 under the Plan.

## ARTICLE I.
## DEFINITIONS

Unless otherwise defined below, all capitalized terms contained herein shall have the respective meanings as specified in the Plan or in the Bankruptcy Code as in effect on the Effective Date:

1.1. "***Bankruptcy Court***" means the United States Bankruptcy Court for the Northern District of Texas, Amarillo Division.

1.2. "***Causes of Action***" means any and all actions, causes of action, suits, accounts, controversies, agreements, promises, rights to legal remedies, rights to equitable remedies, rights to payment and claims, whether known, unknown, reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured and whether asserted or assertable directly or derivatively, in law, equity or otherwise, including Avoidance Actions and actions against directors and officers, lawyers, and accountants, unless otherwise waived by the Debtor or the Reorganized Debtor. This definition specifically includes the "Claims and Causes of Action" as listed and defined in <u>Exhibit E</u> to the *Disclosure Statement to Chapter 11 Plan of Liquidation* (the "**Disclosure Statement**").

1.3. "***Claims***" means, collectively, the Allowed Claims under the Plan.

1.4. "***Disclosure Statement***" means the *Disclosure Statement to Chapter 11 Plan of Liquidation* as approved by the Bankruptcy Court.

1.5. "***Distribution***" means the payment of Cash or transfer of property to the holders of Allowed Claims pursuant to this Plan.

1.6. "***Distribution Date***" means, with respect to all Claims, the date that is within ninety (90) days after the date on which the Liquidating Trustee determines in his sole and absolute discretion, that sufficient funds exist to (a) pay Allowed Claim of the highest priority of previously unpaid Claims and (b) deposit sufficient funds in the Distribution Reserve Account.

1.7. "***Distribution Reserve Account***" means an account established by the Liquidating Trustee to hold Cash reserved for the purpose of making Distributions to Disputed Claims if such Claims later become Allowed Claims. To the extent that the amount in the Distribution Reserve

Account exceeds the amount necessary to pay the Allowed portion of originally Disputed Claims, that excess amount shall be redistributed pursuant to this Plan.

**1.8.** **"*General Operating Account*"** means a separate trust account maintained by the Liquidating Trustee at a national banking association.

**1.9.** **"*Grantor*"** means the Debtor.

**1.10.** **"*Liquidating Trust*"** means the Liquidating Trust created by this Trust Agreement.

**1.11.** **"*Liquidating Trust Beneficiaries*"** means, collectively, holders of Allowed Claims not otherwise paid by the Chapter 11 Trustee prior to or on the Effective Date as set forth in the Plan.

**1.12.** **"*Liquidating Trustee*"** means the person named as such in the introductory paragraph of this Trust Agreement, as trustee, or any successor thereto appointed as provided herein.

**1.13.** **"*Plan*"** means the *Chapter 11 Plan of Liquidation* as confirmed by the Bankruptcy Court.

**1.14.** **"*Quarterly Report*"** means the unaudited written report and account mentioned in the Plan to be filed by the Liquidating Trustee with the Bankruptcy Court no later than thirty (30) days after the end of each quarter, and as soon as practicable after termination of the Liquidating Trust. This unaudited written report and account shall contain (a) the value of the Trust Assets and the amount of Liquidating Trust's liabilities at the beginning and end of each quarter or upon termination of the Liquidating Trust, as applicable; (b) all Distributions by Class made by the Liquidating Trust during that quarter; and (c) any action taken and deemed material by the Liquidating Trustee, in his sole and absolute discretion, in the performance of his duties under this Plan and the Liquidating Trust Agreement that has not previously been reported.

**1.15.** **"*Rejected Properties*"** means the Special Purpose Entities listed on <u>Exhibit B</u> attached to the Plan or listed in the Plan Supplement that have been identified by the Debtor as having little to no value to the Estate. Nothing in the Plan restricts the Chapter 11 Trustee's right to add or remove a Special Purpose Entity from <u>Exhibit B</u> attached to the Plan if he determines such an addition or removal is in the best interests of the Estate to maximize the recovery on all Allowed Claims.

**1.16.** **"*Reorganized AHF Board*"** means, Walter O'Cheskey, Jay Kelley, Alan Weiner, and two tenants in communities owned by Special Purpose Entities listed as a Retained Property selected to meet regulations imposed by the Department of Housing and Urban Development by Walter O'Cheskey in his sole and absolute discretion. The Reorganized AHF Board will be the sole board responsible for supervising the operation of the Reorganized Debtor and the liquidation of the Retained Properties.

**1.17.** **"*Retained Properties*"** means the Special Purpose Entities listed on <u>Exhibit A</u> attached to the Plan or listed in the Plan Supplement that have been identified by the Debtor as

having current or future value to the Estate. Nothing in the Plan restricts the Chapter 11 Trustee's ability to add or remove a Special Purpose Entity from Exhibit A if he determines such an addition or removal is in the best interests of the Estate to maximize the recovery on all Allowed Claims.

1.18. **"*Trust Administrative Expenses*"** means all costs, expenses and fees, including, without limitation, all costs, expenses, and fees incurred by the Liquidating Trustee in employing attorneys, accountants, experts, consultants, advisors, investigators, or other professionals to represent or assist the Liquidating Trustee in carrying out the Liquidating Trustee's powers and duties under this Trust Agreement, incurred or reasonably estimated by the Liquidating Trustee in connection with (a) maintaining the Liquidating Trust and the Trust Assets, and (b) costs of compliance with applicable laws, and all sums payable hereunder to the Liquidating Trust Beneficiaries, Trust Advisory Committee, and parties entitled to indemnification pursuant to this Trust Agreement.

1.19. **"*Trust Advisory Committee*"** means the three-member committee, consisting of Tim Nichols, Terrill F. Horton, and Billy Attebury formed to monitor the actions taken by the Liquidating Trustee. The Trust Advisory Committee shall have no power to direct or to control the actions taken by the Liquidating Trustee or the Reorganized Debtor.

1.20. **"*Trust Assets*"** means all Estate Property (a) not sold or otherwise disposed of or abandoned as of the Effective Date and (b) other than the Retained Properties, Rejected Properties, Lakewood Terrace Townhomes, and Operating Fund Reserve, together with all interest and earnings thereon on and after the Effective Date, that is transferred to the Liquidating Trust under the Plan.

## ARTICLE II.
## ESTABLISHMENT OF TRUST

2.1. **Declaration of Liquidating Trust**. To declare the terms and conditions of the Liquidating Trust and in consideration of the Plan's confirmation pursuant to the Bankruptcy Code, the Chapter 11 Trustee and Reorganized AHF Board have executed this Trust Agreement and hereby absolutely transfer and assign to the Liquidating Trustee all of their respective right, title, and interest in and to the Trust Assets to have and to hold unto the Liquidating Trustee forever, in trust nevertheless, under and subject to the terms and conditions set forth herein, for the benefit of the Liquidating Trust Beneficiaries.

2.2. **Purpose**. The parties to this Trust Agreement hereby declare and agree that the Liquidating Trust is being established for the purpose of liquidating the Trust Assets and distributing the proceeds of such liquidation to the Liquidating Trust Beneficiaries, in accordance within the meaning of sections 671 *et seq.* of the Internal Revenue Code, with no objective to continue or engage in the conduct of a trade or business. The Liquidating Trust shall not be deemed a successor-in-interest of the Debtor for any purpose other than as specifically set forth herein. The Liquidating Trust is intended to qualify as a "grantor trust" for federal income-tax purposes and, to the extent permitted by applicable law, state and local income-tax purposes, with the Liquidating Trust Beneficiaries treated as grantors and owners of the Liquidating Trust.

**2.3.** **Liquidating Trustee's Acceptance**. The Liquidating Trustee accepts his appointment as the Liquidating Trustee and the obligations and duties imposed on him by this Trust Agreement. The Liquidating Trustee agrees to observe and perform those obligations and duties subject to the terms and conditions set forth herein.

**ARTICLE III.**
**CONDUCT OF LITIGATION**

**3.1.** **Prosecution of Causes of Action, Defense of Counterclaims, and Settlements Thereof**.

(a)      The Liquidating Trustee shall be empowered to prosecute and settle any and all Causes of Action.

(b)      The Liquidating Trustee may settle any Causes of Action in accordance with this Trust Agreement and the Plan.

**3.2.** **Retention of Attorneys, Accountants, and Other Professionals**.

(a)      The Liquidating Trustee may retain such law firms as counsel to the Liquidating Trust as the Liquidating Trustee may select to address Claims, prosecute Causes of Action, and to perform such other functions as may be appropriate in furtherance of the intent and purpose of this Trust Agreement.

(b)      The Liquidating Trustee may retain such other experts, advisors, consultants, or other professionals as the Liquidating Trustee may deem necessary or appropriate to assist the Liquidating Trustee in carrying out his powers and duties under this Trust Agreement.

(c)      The Liquidating Trustee may commit the Liquidating Trust to and provide such professional persons or entities compensation and reimbursement from the Trust Assets for services rendered and expenses incurred. The Liquidating Trustee shall make all reasonable and customary arrangements for payment or reimbursement of such compensation and expenses of the professionals (including, without limitation, negotiating schedules of payments, contingency fees, consenting to the withdrawal of professionals for non-payment of their fees, providing for substitution of professionals, etc.). The Liquidating Trustee shall pay compensation and expenses due to professionals from the Trust Assets as Trust Administrative Expenses.

(d)      Within sixty (60) days of the Effective Date, the Liquidating Trustee shall engage a broker or other professional to sell or otherwise dispose of the Rejected Properties, which are Trust Assets.

**3.3.** **Exoneration and Protection**.

(a)      Third parties dealing with the Liquidating Trust shall look only to the Trust Assets to satisfy any liability incurred by the Liquidating Trust or the Liquidating Trustee to such parties. Neither the Liquidating Trustee nor any Liquidating Trust Beneficiary shall be individually or personally liable to any third party for any expense, claim, damage, loss, obligation, or liability of or incurred by the Liquidating Trust or incurred in connection with the

administration of the Liquidating Trust or by reason of this Trust Agreement or any action taken hereunder or as a result hereof.

(b)    In engaging in any activity or transaction, the Liquidating Trustee shall conduct the operations of the Liquidating Trust in such a manner as to protect the Liquidating Trust Beneficiaries against any liability for liabilities of the Liquidating Trust.

(c)    The Liquidating Trustee, each Liquidating Trust Beneficiary, and each member of the Trust Advisory Committee shall be entitled to be indemnified by and receive reimbursement from the Trust Assets for any expense, claim, damage, loss, obligation, or liability of or to which any Liquidating Trust Beneficiary may be subject by reason of this Trust Agreement or any action taken hereunder or as a result hereof.  The benefits of this Section 3.3(c) shall extend on the same terms to each officer and director of, and each person (if any) that controls, any indemnified party.

## ARTICLE IV.
## GENERAL POWERS, RIGHTS, AND OBLIGATIONS
## OF THE LIQUIDATING TRUSTEE

**4.1.    Title to Trust Assets**.  The Liquidating Trustee shall hold legal title to all Trust Assets on such terms, in such manner, and with such power as the Liquidating Trustee may determine as shall be necessary to carry out the terms hereof and of the Plan.

**4.2.    General Operating Account**.

(a)    The Liquidating Trustee shall maintain in a General Operating Account all funds received from any source subject to expenditures and Distributions in accordance with the terms hereof.

(b)    The Liquidating Trustee shall pay all Trust Administrative Expenses from the General Operating Account.

**4.3.    Powers and Duties**.  The Liquidating Trustee shall have the powers and duties set forth herein and in the Plan.  The Liquidating Trustee will be a representative of the Debtor and the Estate pursuant to section 1123(b)(3) of the Bankruptcy Code and, as such, will have the standing and the authority to prosecute all Causes of Actions in the name of the Liquidating Trust or, as necessary, in the name of the Debtor.  The Liquidating Trustee shall be governed in all things by the terms of this Trust Agreement and the Plan.  The Liquidating Trustee shall administer the Liquidating Trust and the Trust Assets and make Distributions in accordance with the Plan and this Trust Agreement.  The Bankruptcy Court shall retain jurisdiction to supervise the Liquidating Trustee in the fulfillment of his duties pursuant to this Trust Agreement.

**4.4.    Additional Powers**.

(a)    Except as otherwise provided in this Trust Agreement and the Plan, and without prior or further authorization, the Liquidating Trustee may control and exercise authority over the Trust Assets, over the management and disposition thereof, and over the management and conduct of the business of the Liquidating Trust to the same extent as if the Liquidating Trustee

were the sole legal and beneficial owner thereof in his own right.  No Person dealing with the Liquidating Trust shall be obligated to inquire into the authority of the Liquidating Trustee in connection with the management or disposition of Trust Assets.

(b)     In connection with the management and use of the Trust Assets, the Liquidating Trustee, except as otherwise expressly limited in this Trust Agreement or the Plan, without limitation of his power and authority, may do the following: (i) accept the Trust Assets transferred and provided to the Liquidating Trust pursuant to this Trust Agreement and the Plan; (ii) distribute Trust Assets to Liquidating Trust Beneficiaries in accordance with the terms of this Trust Agreement and the Plan; (iii) endorse the payment of notes or other obligations of any Person or make contracts with respect thereto; (iv) engage in all acts that would constitute ordinary course of business in performing the obligations of a trustee under a trust of this type; (v) remove all or any part of the Trust Assets or the sites of administration of the Liquidating Trust from one jurisdiction to another jurisdiction in the United States at any time or from time to time; and (vi) in connection with any property held hereunder that is distributable or payable to a minor, transfer and pay over all or any portion thereof to such minor, or to a guardian of the property of such minor whenever appointed without requiring ancillary guardianship, or to a parent of such minor or the person with whom such minor resides, or to any custodian under any Uniform Gifts to Minors Act or Uniform Transfers to Minors Act with power to select any person or trust company (including any fiduciary hereunder) to be such custodian and with power to extend such custodianship to age twenty-one (21) years, without any obligation to see to the use or application thereof or to make inquiry with respect to any other property available for the use or application thereof or to make inquiry with respect to any other property available for the use of such minor, the receipt by such minor, guardian, parent, person or custodian to be a complete discharge as to such transfer or payment.  Furthermore, the Liquidating Trustee shall have the power and authority to perform any acts as set forth in the Plan.

(c)     If the Liquidating Trustee is required by this Liquidating Trust to consult with the Trust Advisory Committee, such consultation is purely advisory.  The Liquidating Trustee shall not be required to act on any direction or recommendation given by the Trust Advisory Committee.

**4.5.    Records to be Kept and Reports to be Filed by the Liquidating Trustee**.  The Liquidating Trustee shall maintain good and sufficient records of receipts, disbursements, and reserves of the Liquidating Trust.  Such books and records shall be open to inspection at reasonable times upon reasonable request by any Liquidating Trust Beneficiary.  Not later than thirty (30) days after the end of each quarter, and as soon as practicable after termination of the Liquidating Trust, the Liquidating Trustee shall file with the Bankruptcy Court a Quarterly Report.

**4.6.    Investment Obligations**.  The Liquidating Trustee shall invest Trust Assets in his sole and absolute discretion in "government securities" (as such term is defined in Section 2(a)(16) of the Investment Company Act of 1940, as amended); *provided, however*, that the Liquidating Trustee may, to the extent deemed necessary by the Liquidating Trustee in his sole and absolute discretion to implement the provisions of this Trust Agreement, deposit funds in demand deposits at any bank or trust company (including, if applicable, the Liquidating Trustee) that has, at the time of such deposit, a capital stock and surplus aggregating at least

$500,000,000. The Liquidating Trustee shall make such investments in such amounts and at such times as may be deemed necessary by the Liquidating Trustee in his sole and absolute discretion to provide funds when needed to make payments from the Trust Assets. If at any time it shall become necessary to comply with the provisions of this Trust Agreement, the Liquidating Trustee shall affect such redemption or sale, in such manner and at such time as the Liquidating Trustee, in his sole and absolute discretion, deems reasonable.

## ARTICLE V.
## RIGHTS, POWERS, AND DUTIES OF LIQUIDATING
## TRUST BENEFICIARIES

**5.1. Interests of Liquidating Trust Beneficiaries**. The Liquidating Trust Beneficiaries shall have beneficial interests in the Trust Assets; *provided, however,* that each Liquidating Trust Beneficiary's beneficial interest shall be limited solely to those Trust Assets from which the Liquidating Trust Beneficiary's Allowed Claim may be satisfied in accordance with the provisions of this Trust Agreement and the Plan. The ownership of a beneficial interest in the Trust Assets shall not entitle any Liquidating Trust Beneficiary to claim title in or to any of the Trust Assets, to call for a partition or division of any of the Trust Assets, or to require an accounting, except as expressly and specifically required by the terms of this Trust Agreement.

**5.2. Evidence of Beneficial Interest.** The beneficial interests of the Liquidating Trust Beneficiaries shall not be evidenced by any certificate, security, receipt or other writing. The Liquidating Trustee shall at all times maintain a register (the "**Register**") reflecting the names and addresses of all Liquidating Trust Beneficiaries and their respective Allowed Claims and amounts or percentages of beneficial ownership in Trust Assets.

**5.3. Exemption from Registration.** The Parties hereto intend that the rights of the Liquidating Trust Beneficiaries arising under this Trust Agreement shall not be "securities" under applicable law. But none of the Parties hereto represents or warrants that such rights shall not be treated as securities by Persons not a party to this Trust Agreement, nor do the Parties represent or warrant that such rights, if treated as securities, are exempt from registration under applicable securities laws. Should such rights be treated as securities, however, the Parties intend for the exemption to registration provided section 1145 of the Bankruptcy Code to apply.

**5.4. Transferability.** Except as otherwise expressly provided in this Trust Agreement or in the Plan, all Distributions from the Liquidating Trust on account of Allowed Claims shall be made (or in the case of Disputed Claims, reserved on behalf of) to the holders of such Claims as determined as of the Distribution Date.

**5.5. Distributions to Liquidating Trust Beneficiaries.**

(a) **Conditions to Distributions; Warranty of Entitlement.** No Liquidating Trust Beneficiary shall be entitled to a Distribution from the Creditor Trust unless and until such Creditor Trust Beneficiary provides to the Liquidating Trustee such Liquidating Trust Beneficiary's tax-identification number. Each and every Person who receives and accepts a Distribution from the Liquidating Trust on account of an Allowed Claim is deemed to have warranted to the Liquidating Trust and the Liquidating Trust Trustee that such Person is the

lawful holder of the Allowed Claim, such Person is authorized to receive the Distribution, and that there are no outstanding commitments, agreements, or understandings, express or implied, that may or can, in any way, defeat or modify the Person's right to receive the Distribution.

(b)     **Withholding Taxes**.   Any federal, state or local withholding taxes or other amounts required to be withheld under applicable law in relation to a Distribution from the Liquidating Trust shall be deducted from the Distribution and remitted by the Liquidating Trustee to the applicable taxing authority(ies).   To the extent that this provision affects a Liquidating Trust Beneficiary, such Liquidating Trust Beneficiary shall provide to the Liquidating Trust Trustee all such information as the Liquidating Trustee requires to comply with such law(s), and no Distribution shall be made to such Liquidating Trust Beneficiary unless and until such information is provided.

(c)     **Setoffs.**   The Liquidating Trustee may setoff against any Claim and the payments or Distributions to be made pursuant to the Plan in respect of such Claim, any claim, right, or Cause of Action of any nature whatsoever that the Debtor, the Estate, the Reorganized Debtor, the Liquidating Trust, or the Liquidating Trustee may have against the holder of such Claim; *provided, however*, that neither the failure to do so nor the Allowance of any Claim hereunder shall constitute a waiver or release by the Debtor, the Reorganized Debtor, or the Liquidating Trustee of any such claim, right, or Cause of Action that the Debtor or the Estate may have against such holder.   Such setoffs shall not be subject to the requirements or restrictions of Bankruptcy Code section 553 concerning mutuality or when the respective items subject to setoff under this section of the Plan arose but shall be subject to the defenses and rights of the non-Debtor party.   The holder of a Disputed Claim that asserts a right of setoff will retain that right, subject to any defenses of the Debtor, the Estate, the Reorganized Debtor, or the Liquidating Trustee until the earlier of the time when (a) the Disputed Claim becomes Allowed, in whole or in part, and (b) the Claim is Disallowed by a Final Order of the Bankruptcy Court.   Nothing contained in the Plan will constitute or be deemed a waiver of any claim, right, or Cause of Action that the Debtor, the Estate, the Reorganized Debtor, or Liquidating Trustee may have against any Person in connection with or arising out of any Claim.

(d)     **Forms of Distributions**.   Any Cash payment to be made from the Liquidating Trust pursuant to this Trust Agreement and the Plan may be made by check or wire transfer, at the option of the Liquidating Trustee in his sole and absolute discretion.

(e)     **Delivery of Distributions**.   Subject to Bankruptcy Rule 9010, Distributions to holders of Allowed Claims shall be made pursuant to the Plan and at the address of each such holder as set forth on the proofs of Claim filed by such holders (or at the last known address of such a holder, per the Schedules or records, if no proof of Claim is filed or if the Reorganized Debtor has been notified in writing of a change of address).   If any Distribution is returned as undeliverable, no further Distributions to such holder shall be made unless and until the Liquidating Trustee, or its designee, is notified in writing of such holder's then-current address; at which time, all missed Distributions shall be made to such holder without interest.   Amounts in respect of undeliverable Distributions made through the Liquidating Trustee shall be returned to the Liquidating Trustee until such Distributions are claimed.   All claims for undeliverable Distributions shall be made in writing to the Liquidating Trustee on or before the first anniversary of the returned Distribution.   After such date, all unclaimed property shall revert to

the Liquidating Trustee or any successor thereto, and the Claim of any holder with respect to such property shall be discharged and forever barred. The Liquidating Trustee may employ or contract with other entities to assist in or make the Distributions required under the Plan. The Liquidating Trustee and his agents and professionals are under no duty to take any action to either attempt to locate any holder of a Claim, or obtain an executed Internal Revenue Service Form W-9 from any holder of a Claim.

(f) **Fractional Dollars; *De Minimis* Distributions**. Notwithstanding any other provision of the Plan, payments of fractions of dollars will not be made. Whenever any payment of a fraction of a dollar under the Plan would otherwise be called for, the actual payment made will reflect a rounding of the fraction to the nearest whole dollar (up or down), with half dollars being rounded down. The Liquidating Trustee will not make any payment of less than one hundred dollars ($100.00) on account of any Allowed Claim, and the Liquidating Trustee shall retain any such payment.

(g) **Interim and Final Distributions to Liquidating Trust Beneficiaries.** The Liquidating Trustee may make interim and final Distributions in accordance with the Plan.

(h) **Disputed Distributions**. If a dispute arises as to the rightful owner of an Allowed Claim, thereby calling into question the rightful recipient of a Distribution from the Liquidating Trust, the Liquidating Trustee may, in lieu of making the Distribution, either (i) deposit the Distribution into the Distribution Reserve Account until a determination is made as to the rightful owner of the Distribution by the Bankruptcy Court or by written agreement between each of the Persons making claim to the Distribution, or (ii) interplead the Distribution into the registry of the Bankruptcy Court or such other court having jurisdiction over the disputed Distribution and the Persons making claim to such Distribution, reserving the right to assert any and all claims that the Liquidating Trust/Liquidating Trustee may have in relation to such interpleader action.

**ARTICLE VI.**
**GENERAL OBLIGATIONS OF THE GRANTOR**
**AND REORGANIZED AHF**

**6.1.    Cooperation**.

(a)     The Grantor and Reorganized AHF shall provide the Liquidating Trustee with such access to its books and records as the Liquidating Trustee shall reasonably require for the purpose of performing his duties and exercising his powers hereunder.

(b)     The Grantor and Reorganized AHF shall cause their employees to be available as witnesses and to be available for such depositions, interviews, and other proceedings as the Liquidating Trustee shall reasonably deem necessary or appropriate in connection with the performance of his duties. The Grantor and Reorganized AHF shall be entitled to reimbursement for reasonable out-of-pocket expenses incurred in connection with the foregoing as Trust Administrative Expenses.

(c)     The Grantor and Reorganized AHF shall execute and deliver to the Liquidating Trustee such power of attorney and other documents satisfactory to the Liquidating Trustee to

enable the Liquidating Trustee to file pleadings and execute any documents as necessary or appropriate to prosecute the Causes of Action and defend any counterclaims.

# ARTICLE VII.
## THE LIQUIDATING TRUSTEE

**7.1.    Liquidating Trustee Not a Liquidating Trust Beneficiary**.  The Liquidating Trustee may not be a Liquidating Trust Beneficiary.

**7.2.    Resignation**.  The Liquidating Trustee may resign as such by executing and delivering an instrument in writing to the Trust Advisory Committee.  In the event of his resignation, the Liquidating Trustee shall give at least thirty (30) days notice of such resignation to all Liquidating Trust Beneficiaries and Reorganized AHF.  Such resignation will not be effective until expiration of that thirty-day notice period; *provided, however*, that the Liquidating Trustee shall continue to serve as Liquidating Trustee after resignation until such resignation is effective under this paragraph or appointment of a successor Liquidating Trustee by the Bankruptcy Court, whichever occurs earlier.

**7.3.    Removal**.  The Liquidating Trustee may be removed by the Bankruptcy Court for any reason.

**7.4.    Appointment of Successor Liquidating Trustee**.  The Liquidating Trust must continue to serve as the Liquidating Trustee until his/its death or incompetency (in the case of a Liquidating Trustee that is a natural person), dissolution (in the case of a Liquidating Trustee that is a corporation or other entity), resignation, or removal by the Bankruptcy Court.  Such appointment shall specify the date on which such appointment shall be effective.  Every successor Liquidating Trustee appointed hereunder shall execute, acknowledge, and deliver to the Trust Advisory Committee and to the retiring Liquidating Trustee an instrument accepting such appointment, and thereupon such successor Liquidating Trustee, without any further act, deed, or conveyance, shall become vested with all the rights, powers, trusts, and duties of the retiring Liquidating Trustee.

**7.5.    Trust Continuance**.  The death or incompetency (in the case of a Liquidating Trustee that is a natural person), dissolution (in the case of a Liquidating Trustee that is a corporation or other entity), resignation, or removal of the Liquidating Trustee shall not operate to terminate the Liquidating Trust created by this Trust Agreement or to revoke any existing agency created pursuant to the terms of this Trust Agreement or invalidate any action theretofore taken by the Liquidating Trustee.  In the event of the resignation or removal of the Liquidating Trustee, such Liquidating Trustee shall promptly (a) execute and deliver such documents, instruments, and other writings as may be requested by the Trust Advisory Committee or reasonably requested by the successor Liquidating Trustee to effect the termination of the Liquidating Trustee's capacity under this Trust Agreement and the conveyance of the Trust Assets then held by the Liquidating Trustee to his successor; (b) deliver to the Trust Advisory Committee or the successor Liquidating Trustee all documents, instruments, records, and other writings related to the Liquidating Trust as may be in the possession of the Liquidating Trustee; and (c) otherwise assist and cooperate in effecting the assumption of his obligations and functions by such successor Liquidating Trustee.

**7.6. Compensation.** To maximize the dollar amount of Trust Assets available for Distributions on account of Allowed Claims, the Liquidating Trustee shall be compensated as follows:

(a)     A flat fee of $250,000.00 payable one Business Day after the Confirmation Date;

(b)     A flat rate of $15,000.00 per month for the first 10 months after the Effective Date; after that 10-month period, the Liquidating Trustee and the Trust Advisory Committee will agree on a new flat rate. If no such agreement is reached, the Liquidating Trustee will withdraw from his position or take the disagreement to the Bankruptcy Court for a ruling on his future compensation and decided whether to withdraw from his position after a ruling on his compensation from the Bankruptcy Court; and

(c)     A commission equal to 3% of all disbursements made from Trust Assets over $20,000,000.

Notwithstanding anything in this section to the contrary, in no event shall the Liquidating Trustee's compensation, which shall be determined as the sum of subsections (a), (b), and (c), exceed an aggregate total of $700,000.00. In addition, the Liquidating Trustee shall be reimbursed 100% of all expenses incurred in the fulfillment of his duties pursuant to this Plan and the Liquidating Trust Agreement. The Liquidating Trustee may receive compensation and expense reimbursements on a quarterly basis at any time before the Liquidating Trust is terminated.

**7.7. Standard of Care; Exculpation.** The Liquidating Trustee shall perform the duties and obligations imposed on the Liquidating Trustee by this Trust Agreement with reasonable diligence and care under the circumstances. Along with his agents and representatives, the Liquidating Trustee shall not be personally liable, however, to the Liquidating Trust or to any Liquidating Trust Beneficiary except for their own acts that are judicially determined to be fraudulent or willful misconduct or gross negligence. Except as aforesaid, the Liquidating Trustee shall be defended, held harmless, and indemnified from time to time from the Trust Assets as a Trust Administrative Expense against any and all losses, claims, costs, expenses, and liabilities (including legal costs and expenses), and any costs of defending any action to which the Liquidating Trustee may be subject by reason of the Liquidating Trustee's execution in good faith of his duties under this Trust Agreement. The Liquidating Trustee's agents and representatives may be likewise defended, held harmless, and indemnified. The Liquidating Trustee may obtain for his benefit, the benefit of his agents and representatives, and the benefit of the Liquidating Trust, at the expense of the Liquidating Trust, as a Trust Administrative Expense, insurance against claims of liability, damage awards, and settlement.

**7.8. Reliance by Trustee.** The Liquidating Trustee may rely, and shall be fully protected personally in acting on, any resolution, statement, certificate, instrument, opinion, report, notice, request, consent, order, or other instrument or document that he has no reason to believe to be other than genuine and to have been signed or presented other than by the proper party or parties or, in the case of digital facsimile transmissions, to have been sent other than by the proper party or parties, in each case without obligation to satisfy himself that the same was

given in good faith and without responsibility for errors in delivery, transmission, or receipt. In the absence of his willful misconduct or gross negligence, the Liquidating Trustee may rely as to the truth of statements and correctness of the facts and opinions expressed therein and shall be fully protected personally in acting thereon. The Liquidating Trustee may consult with legal counsel and shall be fully protected in respect of any action taken or suffered by him in accordance with the written opinion of legal counsel.

## ARTICLE VIII.
## THE TRUST ADVISORY COMMITTEE

**8.1.** **Trust Advisory Committee.** On the Effective Date, a Trust Advisory Committee shall be established and continue for the purpose of monitoring and not directing or supervising (a) the implementation of the Plan; (b) the Claims objection-and-resolution process; (c) the Distribution process, and (d) the pursuit and settlement of Causes of Action. The Liquidating Trustee shall consult with the Trust Advisory Committee on a quarterly basis or as otherwise agreed by the Liquidating Trustee and the Trust Advisory Committee. The Trust Advisory Committee shall continue to exist until such time as either the Trust Advisory Committee deems it appropriate by a majority vote to dissolve itself or all members of the Trust Advisory Committee resign; *provided, however*, that the Trust Advisory Committee shall be dissolved no later than the date on which the Final Decree is entered. The Trust Advisory Committee is authorized to hire Mullin, Hoard & Brown, L.L.P. or any other law firm as its counsel. Mullin, Hoard & Brown L.L.P.'s prior representation of the Creditors Committee in this Bankruptcy Case may provide a benefit to the Liquidating Trustee in his efforts to maximize the value of the Trust Assets and, therefore, does not disqualify it from representing the Trust Advisory Committee. Attorney's fees and expenses incurred by the Trust Advisory Committee shall be paid from Trust Assets as a Trust Administrative Expense up to a maximum of $25,000.00. The Trust Advisory Committee shall have no power to direct or to control the actions taken by the Liquidating Trustee or the Reorganized Debtor.

**8.2.** **Review of Books and Records**. The Trust Advisory Committee shall have the right to review all books and records maintained by the Liquidating Trustee in the administration of the Liquidating Trust. Upon reasonable request, the Liquidating Trustee shall make all such books and records available to the Trust Advisory Committee.

**8.3.** **Resignation**. A member of the Trust Advisory Committee may resign in such capacity by executing and delivering an instrument in writing to the Liquidating Trustee and each of the remaining members of the Trust Advisory Committee evidencing such resignation.

**8.4.** **Successor Members**. In the event of the death or resignation of a member of the Trust Advisory Committee, the remaining members of the Trust Advisory Committee shall have the authority to, and shall promptly, appoint a successor member to the Trust Advisory Committee (who holds or is serving as the representative of a Person that holds an Allowed General Unsecured Claim in the Bankruptcy Cases). Upon the appointment of a successor member to the Trust Advisory Committee, the Trust Advisory Committee shall promptly notify the Liquidating Trustee of such appointment. In the event of an inability to find a successor member willing to serve and the remaining members are less than three, then the Trust Advisory Committee shall be disbanded.

## ARTICLE IX
## RETENTION OF JURISDICTION

**9.1.** The Bankruptcy Court shall retain original but not exclusive jurisdiction over the Causes of Action and counterclaims, the Liquidating Trust, the Liquidating Trustee, and the Trust Assets, including, without limitation, the determination of all controversies and disputes arising under or in connection with this Trust Agreement.

## ARTICLE X.
## TERMINATION

**10.1. Duration of Liquidating Trust.** The Liquidating Trust shall continue to exist until the Liquidating Trustee has (a) administered all Trust Assets and made a final Distribution to Liquidating Trust Beneficiaries, and (b) performed all other duties required by the Plan and the this Trust Agreement.

## ARTICLE XI.
## MISCELLANEOUS

**11.1. Notices**.

(a) All notices, requests, or other communications required or permitted to be made in accordance with this Trust Agreement shall be (i) in writing, (ii) served on the parties at the addresses set forth below by certified mail, return-receipt requested, hand delivery, overnight delivery, first-class mail, or fax transmission, and (iii) deemed to have been given or made when actually delivered or received:

      a.     If to the Liquidating Trustee, at:

          Walter O'Cheskey
          P.O. Box 64456
          Lubbock, TX 79464

          With a copy to:
          Max R. Tarbox
          Tarbox Law, P.C.
          2301 Broadway
          Lubbock, TX 79401

          Stephen A. McCartin
          1601 Elm Street, Suite 3000
          Dallas, Texas  75201-4761

      b.     If to the Trust Advisory Committee, at:

          David C. Mullin
          David R. Langston
          P.O. Box 2585

Lubbock, Texas  79408

      c.      If to the Liquidating Trust Beneficiaries, then to such Persons at their respective addresses set forth in the Register.

(b)      Any Person may change the address at which it is to receive notices under this Trust Agreement by furnishing written notice in accordance with the provisions of this Section 12.1(b) to the Liquidating Trustee.

**11.2. Effectiveness**.  This Trust Agreement shall become effective on the Effective Date.

**11.3. Counterparts**.  This Trust Agreement may be executed in one or more counterparts, each of which shall be deemed an original but which together shall constitute but one and the same instrument

**11.4. Governing Law**.  This Trust Agreement shall be governed by, construed under, and interpreted in accordance with the laws of the State of Texas.

**11.5. Headings**.  Sections, subheadings, and other headings used in this Trust Agreement are for convenience only and shall not affect the construction of this Trust Agreement.

**11.6. Severability**.  Any provision of this Trust Agreement which is prohibited or unenforceable in any jurisdiction shall not invalidate the remaining provisions hereof, and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable any such provision in any other jurisdiction.

**11.7. Amendments**.  This Trust Agreement may be amended at any time or from time to time by the Liquidating Trustee; *provided, however*, that such amendment is not inconsistent with the Plan.

**11.8. No Waiver**.  The failure or delay on the Liquidating Trustee's to exercise any right or remedy conferred on his pursuant to this Trust Agreement shall not affect such right or remedy, nor shall it constitute the Liquidating Trustee's waiver of such a right or remedy. Similarly, the resort to one form of remedy by the Liquidating Trustee shall not constitute a waiver of any alternative remedies available to them under this Agreement.

**11.9. Modification of Agreement.**  This Trust Agreement may only be amended, modified or otherwise altered by an instrument in writing signed by each of the Parties and approved by the Bankruptcy Court.

**11.10. Successors**.  This Trust Agreement shall bind and inure to the benefit of the Liquidating Trust Beneficiaries and the parties hereto and their respective successors and assigns; provided, however, that the benefits hereunder may not be assigned or otherwise transferred by any Liquidating Trust Beneficiary other than (a) to any relative, spouse, or relative of the spouse of such holder; (b) to any trust or estate in which such holder has a majority of the beneficial interest (excluding contingent interests); (c) to any corporation, partnership, or other

organization in which such holder is the beneficial owner of a majority of the voting securities or equity interest, or which owns a majority of the voting securities or beneficial interest of such holder; and (d) upon the death or dissolution of such holder in accordance with the operation of law; provided, however, that any such transfer shall be effected in compliance with the Securities Act of 1933, as amended, and the rules and regulations of the Securities and Exchange Commission thereunder, and any other applicable federal or state securities law.

**11.11. Inconsistency with the Plan**. In the event of any inconsistency between the Plan and any provision of this Trust Agreement, the applicable terms of the Plan shall be controlling.

**IN WITNESS WHEREOF,** the parties hereto have executed this Trust Agreement or caused this Trust Agreement to be duly executed by their respective officers thereunto duly authorized as of the day and year first above written.

*[Signatures to Follow]*

## CHAPTER 11 TRUSTEE:


By:_____
    Walter O'Cheskey, As Chapter 11 Trustee

**<u>REORGANIZED AHF</u>:**


By:_____

      Walter O'Cheskey, As President of the
      Reorganized Debtor

**LIQUIDATING TRUSTEE:**

By:_____
      Walter O'Cheskey, As Liquidating Trustee

**TIM NICHOLS**:

By:_____
     Tim Nichols, as initial member of the Trust
     Advisory Committee

**TERRILL F. HORTON:**

By:_____
     Terrill F. Horton, as initial member of the Trust
     Advisory Committee

**BILLY ATTEBURY:**

By:_____
     Billy Attebury, as initial member of the Trust
     Advisory Committee