Max R. Tarbox (TX 19639950)
TARBOX LAW, P.C.
P.O. Box 2547
Lubbock, Texas 79401
Phone: 806.686.4448
Fax: 806.368.9785

Stephen A. McCartin (TX 13374700)
Marcus A. Helt (TX 24052187)
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone: 214.999.3000
Facsimile: 214.999.4667

**COUNSEL FOR WALTER
O'CHESKEY, CHAPTER 11 TRUSTEE**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **American Housing Foundation, Inc.** | § | **Case No.: 09-20232-RLJ** |
| | § | |
| **Debtor.** | § | |

**MOTION TO (I) APPROVE DISCLOSURE STATEMENT TO CHAPTER
11 PLAN OF LIQUIDATION, (II) APPROVE THE PROCEDURES TO SOLICIT
ACCEPTANCES OF THE PLAN, (III) SCHEDULE A HEARING AND
ESTABLISH NOTICE AND OBJECTION PROCEDURES FOR
CONFIRMATION OF THE PLAN, AND (IV) AUTHORIZE OTHER RELIEF
RELATED TO PLAN SOLICITATION AND CONFIRMATION**

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON
SEPTEMBER 9, 2010, AT 1:30 P.M. IN THE COURTROOM OF THE
HONORABLE JUDGE ROBERT L. JONES AT THE UNITED STATES
BANKRUPTCY COURT, 624 SOUTH POLK, ROOM 100, AMARILLO,
TEXAS. IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST
RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH
PARAGRAPH OF THIS PLEADING. YOU MUST FILE YOUR
RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT BY
SEPTEMBER 3, 2010. YOU MUST SERVE A COPY OF YOUR
RESPONSE ON THE PARTIES INCLUDED ON THE MASTER SERVICE**

**LIST FILED WITH THIS COURT; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Walter O'Cheskey, the duly appointed and acting Trustee (the "**Chapter 11 Trustee**") for the bankruptcy estate of American Housing Foundation, Inc. ("**AHF**" or "**Debtor**") hereby files this *Motion to (I) Approve Disclosure Statement to Chapter 11 Plan of Liquidation, (II) Approve the Procedures to Solicit Acceptances of the Plan, (III) Schedule a Hearing and Establish Notice and Objection Procedures for Confirmation of the Plan and (IV) Authorize Other Relief Related to Plan Solicitation and Confirmation* (the "**Motion**"). In support of the Motion,[1] the Chapter 11 Trustee respectfully states as follows:

I.

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This Motion concerns the administration of the Estate; therefore, it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L), and (O). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

II.

**BACKGROUND**

2.      On April 21, 2009, certain alleged creditors of the Debtor filed an involuntary petition against the Debtor pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et. seq.* (the "Bankruptcy **Code**"), thereby initiating an involuntary bankruptcy case [Case No. 09-20232] (the "**Involuntary Case**") against the Debtor.

3.      On June 11, 2009, the Debtor filed a voluntary petition pursuant to chapter 11 of

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Disclosure Statement to Chapter 11 Plan of Liquidation [Docket No. 1497].

the Bankruptcy Code, initiating a voluntary case [Case No. 09-20373] (the "**Voluntary Case**").

On July 17, 2009, the Court entered its *Agreed Order Granting Motion to Consolidate Bankruptcy Cases* [Docket No. 88], consolidating the Voluntary Case and the Involuntary Case into the Bankruptcy Case pursuant to Rule 1015(a) of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**").

4.      This Court appointed the Creditors Committee in this case on July 10, 2009.

5.      On April 29, 2010, this Court entered the *Order Approving Appointment of Chapter 11 Trustee* [Docket No. 1104].

6.      On August 10, 2010, the Chapter 11 Trustee filed his *Chapter 11 Plan of Liquidation* [Docket No. 1496] (as amended, modified and/or supplemented, the "**Plan**").  Also on August 10, 2010, the Chapter 11 Trustee filed his *Disclosure Statement to Chapter 11 Plan of Liquidation* [Docket No. 1497] (as amended, modified and/or supplemented, the "**Disclosure Statement**").  A hearing for the Court to consider the approval of the Disclosure Statement has been requested for no later than September 9, 2010, (the "**Disclosure Statement Hearing**") in accordance with Bankruptcy Rule 3017.

## III.

## RELIEF REQUESTED

7.      Pursuant to sections 105, 502, 1125, 1126, and 1128 of the Bankruptcy Code and Bankruptcy Rules 2002, 3003, 3017, 3018, and 3020, the Chapter 11 Trustee requests that the Court:

(a)      approve the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code;

(b)      approve procedures (the "**Solicitation Procedures**") for the Chapter 11 Trustee to solicit acceptances of the Plan, which include:

> (1) determining which classes of creditors may vote to accept or reject the Plan;
>
> (2) setting the date of entry of an order approving the Disclosure Statement (the "**Voting Record Date**") as the date and time which determines which holders of Claims may vote to accept or reject the Plan or receive notice of non-voting status;
>
> (3) setting **[DATE], 2010, at 4:00 p.m. (CDT)** (the "**Voting Deadline**") as the deadline by which Gardere Wynne Sewell LLP ("**Gardere**") must receive a Ballot (as defined below) for such Ballot to be counted;
>
> (4) approving the materials to be sent to holders of Claims;
>
> (5) approving the forms of ballots (each a "**Ballot**" and collectively, the "**Ballots**") substantially in the form attached hereto as Exhibit A;
>
> (6) establishing voting and tabulation procedures; and
>
> (7) approving a notice to holders of allowed Claims not entitled to vote advising of their non-voting status (the "**Notice of Non-Voting Status**") substantially in the form attached hereto as Exhibit B; and

(c) approve the following procedures for the confirmation of the Plan:

> (1) scheduling a hearing on **[DATE], 2010,** (the "**Confirmation Hearing**") to confirm the Plan;
>
> (2) approving the form and manner of notice of the Confirmation Hearing (the "**Confirmation Hearing Notice**") substantially in the form attached hereto as Exhibit C; and
>
> (3) establishing **[DATE], 2010, at 4:00 p.m. (CDT)** (the "**Objection Deadline**") as the deadline to file and serve objections and responses to the Plan; and

(d) approve the filing of a Plan Supplement not later than ten (10) days prior to the Confirmation Hearing.

IV.

**THE CHAPTER 11 TRUSTEE'S DISCLOSURE STATEMENT CONTAINS
ADEQUATE INFORMATION AND SHOULD BE APPROVED**

8.      Pursuant to section 1125 of the Bankruptcy Code, prior to soliciting an acceptance or rejection of the Plan, the Chapter 11 Trustee must provide holders of impaired claims and equity interests with "adequate information" regarding the Plan in a court-approved disclosure statement. Section 1125(a)(1) of the Bankruptcy Code provides:

> [A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . .

11 U.S.C. § 1125(a)(1).  Given the numerous factors and qualifications set forth within the above definition, the "adequacy" of information is largely dependent on the particular circumstances of the case and the nature of the plan proposed and, therefore, left to the discretion of the court. *Texas Extrusion Corp. v. Lockheed Corp. (In re Texas Extrusion Corp.),* 844 F.2d 1142, 1156-57 (5th Cir.), *cert. denied,* 488 U.S. 926 (1988); *see also Mabey v. Southwestern Elec. Power Co. (In re Cajun Elec. Power Coop., Inc),* 150 F.3d 503, 518 (5th Cir. 1998).  Generally, as a whole, a disclosure statement must provide information that is "reasonably practicable" to permit an "informed judgment" by creditors entitled to vote on the plan. *See In re Dakota Rail, Inc.,* 104 B.R. 138, 142 (Bankr. D. Minn. 1989); *see also In re Copy Crafters Quickprint Inc.,* 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988) (adequacy of a disclosure statement "is to be determined on a case-specific basis under a flexible standard that can promote the policy of chapter 11 towards fair settlement through a negotiation process between informed interested parties").  The bottom-line requirement of a disclosure statement is that it "must clearly and succinctly inform the average unsecured creditor what it is going to get,

when it is going to get it, and what contingencies there are to getting its distribution." *In re Ferretti,* 128 B.R. 16, 19 (Bankr. D.N.H. 1991). The adequacy of information is not governed by otherwise applicable non-bankruptcy law, rule, or regulation. 11 U.S.C. § 1125(d); *Kirk v. Texaco, Inc.,* 82 B.R. 678, 681-82 (S.D.N.Y. 1988).

9.     In examining the adequacy of the information contained in a disclosure statement, the bankruptcy court has broad discretion. *See In re Texas Extrusion Corp,* 844 F.2d at 1157; *see also In re Oxford Homes,* 204 B.R. 264 (Bankr. D. Me. 1997) (Congress intentionally drew vague contours of what constitutes adequate information so that bankruptcy courts can exercise discretion to tailor them to each case's particular circumstances.); *Dakota Rail,* 104 B.R. at 143 (bankruptcy court has "wide discretion to determine . . . whether a disclosure statement contains adequate information without burdensome, unnecessary, and cumbersome detail"). This grant of discretion was intended to facilitate effective reorganization of a debtor in the broad range of businesses in which chapter 11 debtors engage and the broad range of circumstances that accompany chapter 11 cases. *See* H.R. Rep. No. 595, 95th Cong., 1st Sess. 408-09 (1977). "In reorganization cases, there is frequently great uncertainty. Therefore, the need for flexibility is greatest." *Id.* at 409. Accordingly, the determination of whether a disclosure statement contains adequate information is to be made on a case-by-case basis, focusing on the unique facts and circumstances of each case. *See In re Phoenix Petroleum Co.,* 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001).

10.     Courts generally examine whether the disclosure statement contains the following types of information, where applicable:

(a)     the circumstances that gave rise to the filing of the bankruptcy petition;

(b)     an explanation of the available assets and their value;

(c)     the anticipated future of the debtor;

(d)     the source of the information provided in the disclosure statement;

(e)     a disclaimer, which typically indicates that no statements or information concerning the debtor or its assets or securities are authorized, other than those set forth in the disclosure statement;

(f)     the condition and performance of the debtor while in chapter 11;

(g)     information regarding claims against the estate;

(h)     a liquidation analysis setting forth the estimated return that creditors would receive under chapter 7;

(i)     the accounting and valuation methods used to produce the financial information in the disclosure statement;

(j)     information regarding the future management of the debtor, including the amount of compensation to be paid to any insiders, directors and/or officers of the debtor;

(k)     a summary of the plan of reorganization or liquidation;

(l)     an estimate of all administrative expenses, including attorneys' fees and accountants' fees;

(m)     the collectability of any accounts receivable;

(n)     any financial information, valuations, or *pro forma* projections that would be relevant to creditors' determinations of whether to accept or reject the plan;

(o)     information relevant to the risks being taken by the creditors and interest holders;

(p)     the actual or projected value that can be obtained from avoidable transfers;

(q)     the existence, likelihood, and possible success of non-bankruptcy litigation;

(r)     the tax consequences of the plan; and

(s)     the relationship of the debtor with its affiliates.

*See, e.g., In re U.S. Brass Corp.,* 194 B.R. 420, 424 (Bankr. E.D. Tex. 1996); *In re Scioto Valley Mortgage Co.,* 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988); *see also Oxford,* 104 B.R. at 269 (using a similar list). These factors are not meant to be exclusive nor must a debtor provide all

the information on the list; rather, the court must decide what is appropriate in each case. *See Phoenix Petroleum,* 278 B.R. at 393 (cautioning that "no one list of categories will apply in every case"); *U.S. Brass Corp.,* 194 B.R. at 425 ("Disclosure of all factors is not necessary in every case").

11.     In addition to the types of information courts typically require, a disclosure statement provides an overview of the chapter 11 process for those creditors who may be unfamiliar with chapter 11.  A disclosure statement also provides an analysis of the alternatives to a proposed plan and concludes with the plan proponent's recommendation that creditors should vote to accept the proposed plan because such plan provides the most certain and timely recoveries to holders of claims against and interests in the debtor's estate.

12.     The Chapter 11 Trustee submits that the Disclosure Statement contains information with respect to the applicable subject matters identified above, including, without limitation, the following:

    (a)    the business of the Debtor and why it commenced its Bankruptcy Case (Article III );

    (b)    significant events that have occurred in the Debtor's Bankruptcy Case (Article IV);

    (c)    certain financial information about the Debtor (Article V);

    (d)    a summary of the Plan and the Plan's proposed classification of claims and interests  (Article VI);

    (e)    a summary of certain material Plan provisions (Article VII);

    (f)    certain tax law issues (Article IX);

    (g)    a liquidation analysis setting forth the estimated return that creditors would receive under chapter 7 (Article X);

    (h)    certain risk factors creditors should consider before voting (Article XII); and

    (i)    instructions for submitting votes on the Plan and who is entitled to

vote (Article XIII).

13.     In addition to the types of information that bankruptcy courts typically examine, the Disclosure Statement provides an analysis of the alternatives to the confirmation and consummation of the Plan (Article XI) and concludes with a recommendation by the Chapter 11 Trustee that creditors should vote to accept the Plan because it provides the highest and best recoveries to holders of Claims against the Estate.

14.     The Disclosure Statement contains the information bankruptcy courts typically consider when determining whether the information in a disclosure statement is adequate. Accordingly, the Chapter 11 Trustee respectfully requests that this Court approve the Disclosure Statement as it meets the requirements of section 1125 of the Bankruptcy Code.

V.

## SOLICITATION PROCEDURES

### A.     Holders of Claims and Interests Entitled to Vote

15.     The Plan provides for nineteen (19) classes of claims and equity interests. Holders of claims in classes that are not impaired under the proposed plan are conclusively presumed to have accepted the plan under section 1126(f) of the Bankruptcy Code and, therefore, not entitled to vote on the plan.  The Plan leaves Classes 1 through 13 (the "**Non-Voting Classes**") unimpaired; thus, holders of claims in such classes are not entitled to vote and, therefore, should not receive a Ballot.  The Plan impairs claims in Classes 14 through 18 (the "**Voting Classes**"); thus, holders of claims in such classes are entitled to vote and should receive a Ballot.  The Debtor is a tax-exempt entity under section 501(c)(3) of the Internal Revenue Code.  Therefore, there are no equity interests in the Debtor.  As such, there is no need for the Chapter 11 Trustee to serve anything related to Class 19.

### B.     The Voting Record Date

16.     Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes in connection with confirmation of a chapter 11 plan, "creditors and equity security holders shall include holders of stock, bonds, debentures, notes and other securities of record *on the date the order approving the disclosure statement is entered or another date fixed by the court*, for cause, after notice and a hearing."   Fed. R. Bankr. P. 3017(d) (emphasis added).   Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes.

17.     In accordance with these rules, the Chapter 11 Trustee requests that the Court set the "Voting Record Date" as the date of entry of an order approving the Disclosure Statement. Holders of claims against the Debtor as of April 9, 2009, that are reflected in the Debtor's books and records as of the Voting Record Date will be the holders of record entitled to vote on the Plan.  The Voting Record Date will have no preclusive effect as to distributions under the Plan.

### C.     Solicitation Packages and Procedures for Distribution Thereof

18.     Bankruptcy Rule 3017(d) sets forth the disclosure and notice requirements for soliciting votes on a proposed plan:

> Upon approval of a disclosure statement — except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders — the debtor in possession . . . shall mail to all creditors and equity security holders, and . . . the United States Trustee,
>
> > (1)     the plan or a court-approved summary of the plan;
> >
> > (2)     the disclosure statement approved by the court;
> >
> > (3)     notice of the time within which acceptances and rejections of such plan may be filed; and
> >
> > (4)     any other information as the court may direct, including any court opinion approving the

> disclosure statement or a court-approved summary of the opinion.
>
> In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan.

Fed. R. Bankr. P. 3017(d).

19.     Accordingly, the Chapter 11 Trustee proposes to distribute the following materials to each member of the Voting Classes:

> (a)     the order approving the Disclosure Statement;
>
> (b)     the Confirmation Hearing Notice;
>
> (c)     the Disclosure Statement;
>
> (d)     the Plan;
>
> (e)     a Ballot customized for such holder, as described below, with a return envelope; and
>
> (f)     such other materials as the Court may direct (collectively, the "**Solicitation Package**").

20.     The Chapter 11 Trustee intends to send to each member of the Non-Voting Classes a Notice of Non-Voting Status, substantially in the form attached hereto as <u>Exhibit B</u>. The Notice of Non-Voting Status will indicate that the holder of such claim is unimpaired, conclusively presumed to have accepted the Plan, and is not entitled to vote. It will also set forth the Objection Deadline and time, date, and place for the Confirmation Hearing. Additionally, the Chapter 11 Trustee proposes to distribute the order approving the Disclosure Statement, the Disclosure Statement, and the Plan to members of the Non-Voting Classes. The Notice of Non-Voting Status, the order approving the Disclosure Statement, the Disclosure Statement, and the Plan shall be referred to as the "**Non-Voting Package**."

21.     The Chapter 11 Trustee proposes to distribute the following materials to (a) the US Trustee, (b) the attorneys for the Creditors Committee, and (c) all other parties requesting service in this case:

    (1)     the order approving the Disclosure Statement;

    (2)     the Confirmation Hearing Notice;

    (3)     the Disclosure Statement;

    (4)     the Plan; and

    (5)     such other materials as the Court may direct (collectively, the "**Notice Package**," and together with the Solicitation Package and the Non-Voting Package, the "**Packages**").

22.     Because of significantly reduced costs and environmental benefits, the Chapter 11 Trustee proposes to send the Packages in a CD-ROM format instead of printed hard copies; provided, however, the Chapter 11 Trustee shall provide printed hard copies upon request.

23.     Except as provided above, the Chapter 11 Trustee shall mail each of the Packages described above within seven (7) days of entry of an order granting the relief requested herein (the "**Solicitation Date**") to the mailing address listed in the proof of claim associated with each claim holder, to the extent one was filed, or the address associated with the claim holder as listed in the Debtor's Schedules.  If a secondary address is listed on a proof of claim, the Chapter 11 Trustee will send a courtesy letter to the secondary address, stating that a Ballot was sent to the primary address on the proof of claim and that, upon request, the Chapter 11 Trustee will provide a second Ballot.

**D.     Approving Forms of Ballots**

24.     Bankruptcy Rule 3017(d) requires a debtor to mail a form of ballot, substantially in the form of Official Form No. 14 ("**Official Form No. 14**"), to "creditors and equity security holders entitled to vote on the plan."  Bankruptcy Rule 3018(c) provides that, to be valid, a ballot

shall be written, signed by the claimholder or interest holder or an authorized agent, and appropriately conformed to Official Form No. 14.

25.     As indicated above, only the members of the Voting Classes are entitled to vote. All other classes are unimpaired and their members are presumed to have accepted the Plan. Accordingly, the Chapter 11 Trustee proposes to distribute to the members of the Voting Classes one or more Ballots substantially in the form attached hereto as <u>Exhibit A</u>.  To address the particular aspects of this chapter 11 case, the Chapter 11 Trustee has modified the Official Form No. 14 to include certain additional information or procedures that the Chapter 11 Trustee believes to be relevant and appropriate for the respective classes.

26.     To be counted, the Ballots must be received in accordance with the voting procedures outlined below.

**E.      Voting and Tabulation Procedures**

27.     Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, the court shall fix a time within which the holders of claims or equity security interests may accept or reject a plan.  As noted above, the Chapter 11 Trustee will mail the Packages within seven (7) days of entry of an order granting the relief requested herein.  Based on that timing, the Chapter 11 Trustee proposes that to be counted as a vote to accept or reject the Plan, each Ballot must be properly executed, completed, and delivered to Gardere at 1601 Elm Street, Suite 3000, Dallas, Texas, 75201, Attn: Karen Oliver, so as to be received by Gardere no later than the Voting Deadline of [DATE], 2010, at 4:00 p.m. (CDT), which is at least 30 days after the anticipated Solicitation Date.  The Chapter 11 Trustee submits that such solicitation period is a sufficient period within which holders of claims can make an informed decision whether to accept or reject the Plan.

28.     Section 1126(d) of the Bankruptcy Code provides:

A class of claims or interests has accepted a plan if such plan has been accepted by holders of such claims or interests, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount of the allowed claims or interests of such class held by holders of such claims or interests, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

11 U.S.C. § 1126(d).

29.     The Chapter 11 Trustee proposes the following procedures for soliciting and tabulating votes (the "**Balloting Procedures**"):

(a)     if any party wishes to have its Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot it received or if any party that did not receive a Ballot wishes to have its Claim temporarily allowed for voting purposes only, such party must serve the Chapter 11 Trustee with and file with the Bankruptcy Court, on or before [DATE], 2010, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (a "**3018 Motion**"). A 3018 Motion must set forth with particularly the amount and classification of which such party believes its Claim should be allowed for voting purposes, and the evidence in support of its belief. With respect to any timely filed 3018 Motion, the Ballot in question shall be counted (i) in the amount established by the Bankruptcy Court in an order entered on or before the Confirmation Hearing, or (ii) if such an order has not been entered by Confirmation and unless the Chapter 11 Trustee and the party have agreed to the relief requested in the 3018 Motion or as otherwise modified, in an amount equal to the preprinted amount on the Ballot, or, if a party did not receive a Ballot, such party shall not have a Ballot counted at all. The Chapter 11 Trustee proposes that any hearing to consider 3018 Motions be held at or prior to Confirmation;

(b)     the Chapter 11 Trustee requests that whenever a Creditor casts more than one Ballot voting the same Claim(s) before the Voting Deadline, the last Ballot received before the Voting Deadline be deemed to reflect the voter's intent to supersede any prior Ballot; provided, however, if a holder of Claims casts Ballots received by Gardere on the same day, but which are voted inconsistently, the Chapter 11 Trustee requests that such Ballots be counted as an acceptance of the Plan;

(c)     the Chapter 11 Trustee further requests that Creditors with multiple

Claims within a particular class under the Plan must vote all of their Claims within a class either to accept or reject the Plan and may not split their vote(s). An individual Ballot that partially rejects and partially accepts the Plan will be counted as an acceptance of the Plan. The Chapter 11 Trustee further requests that a holder of Claims in more than one class under the Plan must submit Ballots for each class of Claims;

(d) if a Claim is contingent, unliquidated, or disputed or if a Claim is the subject of a pending objection, the Chapter 11 Trustee proposes that such Claim be temporarily allowed at $1.00 for voting purposes only and not for purposes of allowance or distribution; and

(e) the following types of Ballots will not be counted in determining whether the Plan has been accepted or rejected, unless the Chapter 11 Trustee consents or as otherwise provided herein:

(1) any Ballot that is otherwise properly completed, executed, and timely returned to Gardere, but does not indicate an acceptance or rejection of the Plan;

(2) any Ballot for a Claim that has been disallowed;

(3) any Ballot received after the Voting Deadline;

(4) any Ballot containing a vote that this Court determines, after notice and a hearing, was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code;

(5) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

(6) any Ballot cast by a person or entity that does not hold a Claim in a class that is entitled to vote to accept or reject the Plan;

(7) any Ballot on which the claimant or its representative did not use the authorized Ballot form, or a form of Ballot substantially similar to such authorized form;

(8) any unsigned or non-original Ballot; and

(9) any Ballot transmitted to Gardere by facsimile or other electronic means.

30. In addition, the Chapter 11 Trustee proposes that the following voting procedures

and standard assumptions be used in tabulating the Ballots:

(a)      the Chapter 11 Trustee, in his sole and absolute discretion, may waive any defect in any Ballot at any time, including failure to timely file such Ballot, either before or after the close of voting, and without notice. Except as provided below, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Chapter 11 Trustee may, in his sole and absolute discretion, reject such Ballot as invalid and, therefore, decline to utilize it in connection with confirmation of the Plan;

(b)      after the Voting Deadline, no vote may be withdrawn or modified without the prior consent of the Chapter 11 Trustee or order of the Court;

(c)      the Chapter 11 Trustee reserves the sole and absolute right to reject any and all Ballots not proper in form; and

(d)      unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Chapter 11 Trustee (or the Court) determine, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.

31.      The Chapter 11 Trustee submits that the Balloting Procedures provide for a fair and equitable voting process.

32.      The Balloting Procedures are subject to change and may be amended at any time on or before the Disclosure Statement Hearing. The Balloting Procedures, including any amendment thereto, will be submitted for Court approval at the Disclosure Statement Hearing and will be incorporated into the voting instructions to be included with each Ballot.

VI.

**THE CONFIRMATION HEARING AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES IN RESPECT OF CONFIRMATION OF THE PLAN**

**A.      The Confirmation Hearing**

33.      Bankruptcy Rule 3017(c) provides:

On or before approval of the disclosure statement, the court shall

> fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation.

Fed. R. Bankr. P. 3017.

34.     In accordance with Bankruptcy Rules 2002(b) and 3017(c) and in view of the Chapter 11 Trustee's proposed procedures described herein, the Chapter 11 Trustee requests that the Confirmation Hearing to consider confirmation of the Plan be scheduled, subject to the Court's availability, on **[DATE], 2010**, which is [at least 45 days after the Disclosure Statement Hearing].  The Confirmation Hearing may be continued from time to time by the Court or the Chapter 11 Trustee without further notice other than adjournments announced in open court at the Confirmation Hearing or any subsequent adjourned Confirmation Hearing.  The Plan may be modified pursuant to section 1127 of the Bankruptcy Code prior to, during, or as a result of the Confirmation Hearing, in each case without further notice to parties-in-interest.  The Chapter 11 Trustee submits that the proposed timing for the Confirmation Hearing complies with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules for the United States Bankruptcy Court for the Northern District of Texas (the "**Local Rules**") and will enable the Chapter 11 Trustee to pursue confirmation of the Plan in a timely fashion.

### B.     Notice of the Confirmation Hearing

35.     Bankruptcy Rule 2002(b) and (d) require not less than twenty-five (25) days' notice to all creditors and equity security holders of the time fixed for the Objection Deadline and the hearing to consider confirmation of a chapter 11 plan.  In accordance with Bankruptcy Rules 2002 and 3017(d), the Chapter 11 Trustee proposes to provide to all creditors as of the date of entry of an order granting the relief requested herein a copy of the Confirmation Hearing Notice setting forth (a) the Voting Record Date, (b) the Voting Deadline, (c) the Objection Deadline, and (d) the time, date, and place for the Confirmation Hearing or, if applicable, the

Notice of Non-Voting Status setting forth (a) the Objection Deadline, and (b) the time, date, and place, for the Confirmation Hearing. As noted above, all Packages will contain either a Confirmation Hearing Notice or a Notice of Non-Voting Status.

36.     The Chapter 11 Trustee submits that the foregoing procedures will provide adequate notice of the Confirmation Hearing and, accordingly, requests that the Court approve such notice as adequate.

### C.     Objections to Confirmation of the Plan

37.     Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a proposed plan must be filed and served "within a time fixed by the court." Fed. R. Bankr. P. 3020.  The Chapter 11 Trustee requests the Court implement the following procedures and deadlines for filing objections and responses to the Plan.  Objections or responses to confirmation of or proposed modifications to the Plan, if any, must (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; and (c) set forth the name of the objecting party, the basis for the objection, and the specific grounds therefor.

38.     All objections and responses to the confirmation of the Plan must be filed with the Clerk of the Court no later than the Objection Deadline of **[DATE], 2010, at 4:00 p.m. (CDT)** and served on counsel for the Chapter 11 Trustee and the U.S. Trustee at the following addresses and/or facsimile numbers:


*Counsel to the Chapter 11 Trustee*:                *United States Trustee*:

Max R. Tarbox (TX 19639950)                  Mary Frances Durham
TARBOX LAW, P.C.                             1100 Commerce Street, Room 976
P.O. Box 2547                                Dallas, Texas 75242
Lubbock, Texas 79401                         Telephone:  214.767.8967
Phone: 806.686.4448
Fax:  806.368.9785

Stephen A. McCartin (TX 13374700)
Marcus A. Helt (TX 24052187)
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone: 214.999.3000
Facsimile: 214.999.4667

39.     The proposed timing for filing and service of objections and responses to the confirmation or modification of the Plan, if any, will afford the Court, the Chapter 11 Trustee, and other parties-in-interest sufficient time to consider the objections and responses prior to the Confirmation Hearing. Objections not timely filed and served in accordance with the provisions of this Motion may be overruled on that basis alone. The Chapter 11 Trustee respectfully requests that the Court approve these procedures for filing objections to the Plan and replies thereto pursuant to Bankruptcy Rule 3020 and Local Rule 3020.

## VII.

## **THE FILING OF THE PLAN SUPPLEMENT SHOULD BE APPROVED**

40.     Section 1127(a) of the Bankruptcy Code provides that a plan may be modified at any time prior to confirmation so long as the modified plan meets the requirements of sections 1122 and 1123 of the Bankruptcy Code. 11 U.S.C. §§ 1122, 1123, & 1127. In accordance with these sections, the Chapter 11 Trustee seeks approval to file the Plan Supplement no later than ten days prior to the Confirmation Hearing. The Plan Supplement will be consistent with the requirements of sections 1122 and 1123 of the Bankruptcy Code. Specifically, the Plan Supplement will provide additional information and disclosure concerning the Plan and the transactions discussed therein.

**WHEREFORE,** the Chapter 11 Trustee respectfully requests that the Court grant the relief requested herein and such other and further relief, both at law and in equity, to which the Chapter 11 Trustee may be justly entitled.

Dated: August 11, 2010

Respectfully submitted,

*/s/ Max Tarbox*
Max R. Tarbox (TX 19639950)
Tarbox Law, P.C.
P.O. Box 2547
Lubbock, Texas 79401
Phone:  806.686.4448
Fax: 806.368.9785

and

*/s/ Marcus A. Helt*
Stephen A. McCartin (TX 13374700)
Marcus A. Helt (TX 24052187)
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas  75201-4761
Telephone:  214.999.3000
Facsimile:  214.999.4667

COUNSEL FOR WALTER O'CHESKEY,
CHAPTER 11 TRUSTEE

## CERTIFICATE OF SERVICE

This is to certify that, according to this Court's ECF System, a true and correct copy of the foregoing Motion was served electronically on August 11, 2010, on all parties who entered an appearance or requested electronic notice.

*/s/ Marcus A. Helt*
Marcus A. Helt

## Exhibit A
Ballots

<u>Exhibit C</u>
Confirmation Hearing Notice