Max R. Tarbox; SBN: 19639950
TARBOX LAW, P.C.
2301 Broadway
Lubbock, Texas 79401
806/686-4448; 806/7368-9785(FAX)
*Attorneys for Chapter 11 Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| AMERICAN HOUSING FOUNDATION, INC., | § | Case No. 09-20232 |
| | § | |
| Debtor. | § | |

**SECOND INTERIM MOTION FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF TARBOX LAW, P.C.,
COUNSEL FOR THE TRUSTEE
AND
REQUEST FOR PAYMENT OF SUCH FEES AND EXPENSES FROM
LIFE INSURANCE PROCEEDS HELD IN THE REGISTRY OF THE COURT**

TO THE HONORABLE ROBERT L. JONES, Bankruptcy Judge:

NOW COMES Tarbox Law, P.C., Lubbock, Texas ("Movant"), and files this its verified Second Interim Motion for Allowance of Compensation and Reimbursement of Expenses of Counsel for the Trustee and Request for Payment of Such Fees and Expenses from Life Insurance Proceeds Held in the Registry of the Court in the above referenced bankruptcy proceedings, and in support of such Motion would respectfully show unto the Court as follows:

1.      This case commenced under Chapter 11 of the United States Bankruptcy Code by virtue of an involuntary petition on April 21, 2009.

2.      Walter O'Cheskey has been appointed as the Chapter 11 Trustee on April 28, 2010.

3.      Tarbox Law, P.C. files this its Second Interim Motion for Allowance of Compensation and Reimbursement of Expenses ("Motion"), pursuant to Section 330 of the Bankruptcy Code, for professional

services rendered and for reimbursement of out-of-pocket expenses necessarily incurred by the Movant in the representation and counsel of the Trustee in his bankruptcy case.

4. This Court, pursuant to the Motion of the Trustee, did enter its Order authorizing the Trustee to retain Tarbox Law, P.C., Lubbock, Texas, as attorney, which Order was entered on May 26, 2010.

5. At the time of the initial representation of the Trustee in this bankruptcy proceeding, the Movant did not received a retainer for its fees and/or expenses incurred and to be incurred in this proceeding. This fee application seeks approval of any and all fees and expenses incurred since May 24, 2010 through August 6, 2010.

6. On June 8, 2010, Tarbox Law, P.C. filed its Interim Motion for Compensation and Reimbursement of Expenses seeking a total of $45,281.22, consisting of fees for professional services rendered of $42,487.58 and reimbursement of out-of-pocket expenses of $2,793.64. On July 12, 2010 this court issued an Memorandum Opinion and Order [docket no. 1427] addressing compensation of professional fees from life insurance proceeds held in the Registry of the Court. Such Order authorized the payment of 40% of the requested fees and 100% of the requested expenses to be paid from the registry funds. Based upon such terms, Tarbox Law, P.C. has received compensation in the amount of $19,788.67 on August 3, 2010.

7. The terms of the Order of July 12, 2010 do not address payment of future request for compensation from the registry funds. However, Movant believes that it is the Court's intention to treat future requests under similar terms. Therefore, this request for compensation is made with the understanding that compensation from the registry funds will be limited to the terms contained in the Order of July 12, 2010.

8. This Motion covers the allowance of compensation for professional services rendered to the Trustee for the period beginning May 24, 2010 through August 6, 2010. A complete accounting of the time spent by attorneys of the Movant and the specific description of the services rendered and time expended is

provided in Exhibit "A" that is attached hereto and incorporated herein for all purposes. The hourly rates charged by the Movant in similar matters, considering the size and degree of responsibility, difficulty, complexity of the problems and issues involved in this case were, at the commencement of the representation of the Trustee, as follows:

>Attorneys - $350.00 per hour
>Paraprofessionals - $75.00 per hour

9. During the period covered by this Motion, attorneys and paraprofessionals of the Movant have expended a total of 157.11 hours in representation of the Trustee representing total fees of $54,021.99. The information on Exhibit "A" contains a synopsis of the particular services rendered, as well as the amount of time expended on each entry by each particular attorney or paraprofessional associated with the Movant who rendered the legal services described. Exhibit "B" summarizes the Movant's fees according to categories of work.

10. Expenses that have been incurred by the Movant total $651.44. Attached hereto and incorporated herein as Exhibit "A" is a schedule of expenses for which the Movant seeks reimbursement at this time.

11. The Movant has performed professional services to the Trustee during the period of its representation of the Trustee in the following particulars:

>A. Movant continues to consult with Trustee concerning the estate's financial condition and the status of the case. The Movant continues to advise the Trustee with respect to all legal matters concerning the financial condition of the estate.
>
>B. Movant prepares and files all notices, motions, briefs, certificates of service and pleadings necessary to comply with the requisites of the United States Bankruptcy Code and Bankruptcy Rules.
>
>C. The Movant represents the Trustee at all hearings, whether before the United States Trustee for the Northern District of Texas or the United States Bankruptcy Court for the Northern District of Texas, as such hearings and trials have arisen throughout this proceeding and continues to represent the Trustee as hearings are set in this case.

More specifically, the Movant has performed the following tasks:

  A. Met with Walter O'Cheskey to provide general legal advice pertaining to this bankruptcy case.

  B. Reviewed pleadings filed in case.

  C. Traveled to Dallas, Texas to meet with Sam Boyd who had been hired to litigate Bank of America "mortgage swap" case. Also conferred with attorneys at Gardere Wynn.

  D. Prepared for and attended docket call and hearings on Trustee's motions to pay franchise taxes and insurance premiums. Prepared orders for motions.

  E. Met extensively with parties and attorneys for the Unsecured Creditors' Committee and members of Focus Management Group to discuss case and plan strategies.

  F. Worked on Brandywood issues (the property being transferred to Harris County, Texas). Met with representatives of Texas Capital Bank, Housing and Urban Development, Harris County and others to work out plan for disposition of property.

  G. Worked on refinancing note to Sovereign Bank for EOP Charlotte JW LLC.

  H. Meetings and discussions with Greg Lowery and representatives of MMA to address plan treatment for MMA and THFC.

  I. Had initial conversations with Lonnie Abramson re: agreement of receivership appointment for the Highland Oaks property.

  J. Meetings with Focus Management Group to discuss Focus's proposed plan for liquidating and managing estate property. Met with various parties, including the Unsecured Creditors' Committee, to assist in presenting the Focus Group plan.

  K. Investigated and prepared abandonment pleadings for Tightline LLC interests.

  L. Meeting with staff at American Housing Foundation to work on state court litigation.

  M. Meetings with Mullin Hoard and Brown to negotiate and work on joint plan. Meeting with Langston and Templeton to discuss issues related to joint plan.

12. Pursuant to the provisions of 11 U.S.C. Section 330, various factors are considered in awarding compensation of attorneys. Consequently, the following information is submitted to the Court for consideration in determining the appropriate fee for the Movant in this case:

  A. <u>Time and Labor Required</u>: The Movant, as set forth above, has expended a significant amount of time in the representation of the Trustee in this bankruptcy proceeding. Its attorneys and paraprofessionals have expended a total of 157.11 hours in connection with

  this case.  The specific information contained on the attached Exhibit "A" is a synopsis of the particular services rendered, as well as the amount of time expended on such entries by each particular attorney or paraprofessional of the Movant.  Each entry of the time records attached represents actual time expended in the performance of legal work that was required in order to properly represent the Trustee.  The Movant asserts that while it has taken great care and attention to recording all time expended on behalf of the Trustee, a significant amount of time has been lost.  The Movant does not seek any compensation for such lost time, but seeks compensation only for those hours set forth herein.  The Movant is a sole practitioner and dedicates much of his time to the representation of the Trustee in this proceeding since the Trustee's appointment.  The Movant asserts that the amount of time expended by each attorney or paraprofessional on each entry is reasonable and necessary, in light of the facts and legal complexities of this case.

B. <u>Novelty and Difficulty of the Questions</u>:  This case has presented novel and difficult questions that have challenged the Movant.  The Movant has had to address issues on behalf to the Trustee in response to a very complicated case involving numerous attorneys and parties.  For these reasons, the novelty and difficulty of the questions encountered by the Movant in its representation of the Trustee in this proceeding have been substantial.

C. <u>Skill Requisite to Perform the Services Properly</u>: A high degree of skill and experience has been necessary to properly represent the Trustee in this bankruptcy proceeding.  Movant provides a high degree of experience and skill in its representation of all Chapter 11 bankruptcy estates, and this case is no exception.  Movant believes that as a result of its experienced lawyers, Movant was able to render the services and advice necessary to the Trustee.

D. <u>Preclusion of Other Employment</u>: The volume of work associated with this case has not put a strain on the resources of the Movant, as it has attempted to competently represent the Trustee. Additionally, this case has not precluded Movant from taking other cases in the bankruptcy area of practice.

E. <u>Customary Fees</u>:  The Movant seeks approval of $350.00 per hour for work by attorney and $75.00 per hour for work by paraprofessionals.  Movant submits that the use of paraprofessionals can be efficient and result in a reduction of the total fees that would otherwise be charged.  The rates charged by the Movant are the normal rates charged for work performed for clients in the bankruptcy area for a case of this magnitude. In surveying fees that are charged by bankruptcy practitioners in this area, the Movant submits that these hourly rates are not excessive.  Such fees have been approved by this Court in this proceeding, and the Movant believes that they are reasonable and necessary in light of the specific nature of the issues involved in this proceeding, and the specific degree of skill and knowledge necessary to competently represent the Trustee in this proceeding.

F. <u>Whether Fee is Fixed or Contingent</u>: As in all bankruptcy proceedings, fees of the Movant Firm are subject to the discretion of this Court in determining the value of services to the estate, as well as the availability of funds of the estate, and are, accordingly, in that sense contingent.

G. <u>Time and Limitations</u>: This Motion generally covers the period involved in developing a plan for the bankruptcy case. Movant has also had to address numerous legal issues in helping the Trustee administer this case. Movant continues to dedicate much of its time to further research to assist the Trustee in determine the highest potential outcome of this estate. However, Movant does not assert that this case has been burdensome.

H. <u>Amount Involved and End Results Obtained</u>: This bankruptcy case has involved claims just over $125 million. Movant asserts that the amount involved in this case is quite substantial and the issues connected with it difficult. Movant anticipates obtaining confirmation of the Trustee's Plan of Reorganization by the end of the year.

I. <u>Experience, Reputation and Ability of Counsel</u>: The Movant is a well known and respected attorney in the West Texas area. He practices almost exclusively in the bankruptcy area. He regularly provides legal services to large corporate interests as well as individuals, and represents debtors, creditors and bankruptcy trustees in bankruptcy proceedings. Consequently, he believes that his experience, reputation and ability in the area of bankruptcy is high. Thus, the Movant believes that counsel of lesser experience in the area of Chapter 11 bankruptcy proceedings would have expended additional hours of research in order to enable it to render the services and advice that have been available to the Trustee as a result of the experience of the Movant.

J. <u>The Undesirability of the Case</u>: The Movant does not assert that this case has been undesirable.

K. <u>Awards in Similar Cases</u>: The Movant asserts that the compensation sought herein is not inconsistent with that awarded in other cases of similar nature throughout the State of Texas.

13. On February 11, 2010 the U.S. District Court entered an Order in Case No. 2:09-CV-231-C styled Robert L. Templeton, et al v. American Housing Foundation, et al ordering that the Debtor, American Housing Foundation, is the owner of $21 million worth of insurance policies, as well as the proceeds and interest accrued from those policies. Additionally, in its Order, the District Court directed the Clerk of the Court to continue to hold the funds in the registry of the Bankruptcy Court until further order of the U.S. Bankruptcy Court in Case No. 09-20232-rlj11, In re: American Housing Foundation, except that the Clerk of the Court was directed to release such amounts sufficient to pay allowed professional fees and administrative expenses upon presentation to the Clerk of the Court of a final Order of the U.S. Bankruptcy Court, issued after notice and a hearing, specifically approving the payment of such fees and expenses out of such funds. The Movant is requesting the Court to include in its Order approving this second interim motion, authorization for the clerk to issue payment of the requested fees and expenses out of such funds.

14. The Movant respectfully represents that it has not entered into any agreement, express or implied, with any other party in interest, including the Trustee, the Debtor, or any representative of a creditor, for the purpose of fixing the fee or other compensation to be paid for services rendered or expenses incurred in connection with the representation of the Trustee in this case. Further, no agreement or understanding exists between the Movant, Trustee, or any other person for the sharing of compensation to be received for services rendered in or in connection with this case. All services for which compensation is requested were performed for and in behalf of the Trustee, and not in behalf of any committee, creditor, or any other person.

WHEREFORE, PREMISES CONSIDERED, Movant respectfully prays that the Court approve its fees and expenses totaling $55,323.91, consisting of fees for professional services rendered in this case as counsel to the Trustee for the period designated of $54,672.53, and reimbursement of out-of-pocket expenses of $651.44, subject to final review and approval, and further prays that the Court enter its order authorizing the clerk to pay Tarbox Law, P.C. the total of $22,520.45, representing the forty percent (40%) of the fees and one-hundred percent (100%) of the expenses requested in this Motion, out of the insurance proceeds held in the registry of the Court, and prays for such other and further relief, at law or in equity, as the Court may deem necessary and proper.

Date: August 13, 2010

Respectfully submitted,

TARBOX LAW, P.C.
2301 Broadway
Lubbock, Texas 79401
806/686-4448; 806/368-9785 (FAX)

By:  /s/ Max R. Tarbox
    Max R. Tarbox
    State Bar No. 19639950
    *Attorney for Chapter 11 Trustee*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Interim Motion was mailed to the following listed parties on this 13th day of August, 2010:

1. U.S. Trustee's Office
   Room 976, 1100 Commerce Street
   Dallas, Texas 75242

2. All parties in interest registered with the
   U. S. Bankruptcy Court to receive electronic
   notices in this case.

                                                                       /s/ Max R. Tarbox
                                                                       Max R. Tarbox

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF LUBBOCK | § |

BEFORE ME, the undersigned authority, on this day personally appeared MAX R. TARBOX, and upon his oath deposed and stated as follows:

"My name is Max R. Tarbox, and I am applying for allowance of compensation and reimbursement of expenses in the above and foregoing Motion. I have prepared and read the Motion and hereby state that I have personal knowledge of all statements of fact contained therein and that the same are true, correct and accurate."

    /s/ Max R. Tarbox
Max R. Tarbox

SWORN TO AND SUBSCRIBED before me by the said Max R. Tarbox this 13th day of August, 2010.

    /s/ Luz Maria Richburg
Notary Public in and for
the State of Texas
My Commission Expires: 04-08-2012

U:\Maria\Ch11 Trustee\American Housing\Fee App Second Interim Tarbox Law.wpd