Max R. Tarbox (TX 19639950)
TARBOX LAW, P.C.
2301 Broadway
Lubbock, Texas 79401
Phone: 806.686.4448
Fax: 806.368.9785

Stephen A. McCartin (TX 13374700)
Marcus A. Helt (TX 24052187)
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone: 214.999.3000
Facsimile: 214.999.4667

**COUNSEL FOR WALTER
O'CHESKEY, CHAPTER 11 TRUSTEE**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### AMARILLO DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **American Housing Foundation,** | § | **Case No.: 09-20232-RLJ** |
| | § | |
| **Debtor.** | § | |

### FIRST AMENDED MOTION TO (I) APPROVE FIRST AMENDED DISCLOSURE STATEMENT TO FIRST AMENDED CHAPTER 11 PLAN OF LIQUIDATION, (II) APPROVE THE PROCEDURES TO SOLICIT ACCEPTANCES OF THE PLAN, (III) SCHEDULE A HEARING AND ESTABLISH NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF THE PLAN, AND (IV) AUTHORIZE <u>OTHER RELIEF RELATED TO PLAN SOLICITATION AND CONFIRMATION</u>

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON SEPTEMBER 14, 2010, AT 9:00 A.M. IN THE COURTROOM OF THE HONORABLE JUDGE ROBERT L. JONES AT THE UNITED STATES BANKRUPTCY COURT, 624 SOUTH POLK, ROOM 100, AMARILLO, TEXAS. IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT BY SEPTEMBER 3, 2010. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PARTIES INCLUDED ON THE MASTER SERVICE**

FIRST AMENDED MOTION TO APPROVE FIRST AMENDED DISCLOSURE STATEMENT
TO FIRST AMENDED CHAPTER 11 PLAN OF LIQUIDATION – Page 1

DALLAS 2152608v.11

**LIST FILED WITH THIS COURT; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Walter O'Cheskey, the duly appointed and acting Trustee (the "**Chapter 11 Trustee**") for the bankruptcy estate of American Housing Foundation ("**AHF**" or "**Debtor**") hereby files this *First Amended Motion to (I) Approve First Amended Disclosure Statement to First Amended Chapter 11 Plan of Liquidation, (II) Approve the Procedures to Solicit Acceptances of the Plan, (III) Schedule a Hearing and Establish Notice and Objection Procedures for Confirmation of the Plan and (IV) Authorize Other Relief Related to Plan Solicitation and Confirmation* (the "**Motion**"). In support of the Motion,[1] the Chapter 11 Trustee respectfully states as follows:

I.

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This Motion concerns the administration of the Estate; therefore, it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L), and (O). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

II.

## BACKGROUND

2.     On April 21, 2009, certain alleged creditors of the Debtor filed an involuntary petition against the Debtor pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et. seq.* (the "**Bankruptcy Code**"), thereby initiating an involuntary bankruptcy case [Case No. 09-20232] (the "**Involuntary Case**") against the Debtor.

3.     On June 11, 2009, the Debtor filed a voluntary petition pursuant to chapter 11 of

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Disclosure Statement to Chapter 11 Plan of Liquidation [Docket No. 1497].

the Bankruptcy Code, initiating a voluntary case [Case No. 09-20373] (the "**Voluntary Case**"). On July 17, 2009, the Court entered its *Agreed Order Granting Motion to Consolidate Bankruptcy Cases* [Docket No. 88], consolidating the Voluntary Case and the Involuntary Case into the Bankruptcy Case pursuant to Rule 1015(a) of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**").

4.     This Court appointed the Creditors Committee in this case on July 10, 2009, which was reconstituted on August 31, 2010.

5.     On April 29, 2010, this Court entered the *Order Approving Appointment of Chapter 11 Trustee* [Docket No. 1104].

6.     On August 10, 2010, the Chapter 11 Trustee filed his *Chapter 11 Plan of Liquidation* [Docket No. 1496] (as amended, modified and/or supplemented, the "**Plan**"). Also on August 10, 2010, the Chapter 11 Trustee filed his *Disclosure Statement to Chapter 11 Plan of Liquidation* [Docket No. 1497] (as amended, modified and/or supplemented, the "**Disclosure Statement**"). On September 13, 2010, the Chapter 11 Trustee filed both his First Amended Plan [Docket No. 1606] and First Amended Disclosure Statement [Docket No. 1609]. A hearing for the Court to consider the approval of the Disclosure Statement has been requested for no later than September 9, 2010, (the "**Disclosure Statement Hearing**") in accordance with Bankruptcy Rule 3017.

7.     The Creditors Committee does not support the Plan filed by the Chapter 11 Trustee. Instead, the Creditors Committee supports it own plan, which is referred to as the *Official Committee of Unsecured Creditors' First Amended Plan of Reorganization* [Docket No. 1539] (the "**Committee Plan**"). The Chapter 11 Trustee believes that his Plan is superior to the Committee Plan for a number of reasons and thinks it is important, given the unique

circumstances of this case, for a "solicitation letter" accompany his Plan when sent to his creditors. (A copy of the proposed "solicitation letter" is attached hereto as <u>Exhibit D</u>.)

III.

**<u>RELIEF REQUESTED</u>**

8.    Pursuant to sections 105, 502, 1125, 1126, and 1128 of the Bankruptcy Code and Bankruptcy Rules 2002, 3003, 3017, 3018, and 3020, the Chapter 11 Trustee requests that the Court:

(a)    approve the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code;

(b)    approve procedures (the "**Solicitation Procedures**") for the Chapter 11 Trustee to solicit acceptances of the Plan, which include:

(1)    determining which classes of creditors may vote to accept or reject the Plan;

(2)    setting the date of entry of an order approving the Disclosure Statement (the "**Voting Record Date**") as the date and time which determines which holders of Claims may vote to accept or reject the Plan or receive notice of non-voting status;

(3)    setting **[DATE], 2010, at 4:00 p.m. (CDT)** (the "**Voting Deadline**") as the deadline by which Gardere Wynne Sewell LLP ("**Gardere**") must receive a Ballot (as defined below) for such Ballot to be counted;

(4)    approving the materials to be sent to holders of Claims;

(5)    approving the forms of ballots (each a "**Ballot**" and collectively, the "**Ballots**") substantially in the form attached hereto as <u>Exhibit A</u>;

(6)    establishing voting and tabulation procedures; and

(7)    approving a notice to holders of allowed Claims not entitled to vote advising of their non-voting status (the "**Notice of Non-Voting Status**") substantially in the form attached hereto as <u>Exhibit B</u>; and

(c)     approve the following procedures for the confirmation of the Plan:

     (1)     scheduling a hearing on **[DATE], 2010,** (the **"Confirmation Hearing"**) to confirm the Plan;

     (2)     approving the form and manner of notice of the Confirmation Hearing (the **"Confirmation Hearing Notice"**) substantially in the form attached hereto as Exhibit C; and

     (3)     establishing **[DATE], 2010, at 4:00 p.m. (CDT)** (the **"Objection Deadline"**) as the deadline to file and serve objections and responses to the Plan; and

(d)     approve the filing of a Plan Supplement not later than ten (10) days prior to the Confirmation Hearing.

(e)     allow the form of the Solicitation Letter substantially in the form attached hereto as Exhibit D be sent to creditors with the Plan.

IV.

## THE CHAPTER 11 TRUSTEE'S DISCLOSURE STATEMENT CONTAINS ADEQUATE INFORMATION AND SHOULD BE APPROVED

9.     Pursuant to section 1125 of the Bankruptcy Code, prior to soliciting an acceptance or rejection of the Plan, the Chapter 11 Trustee must provide holders of impaired claims and equity interests with "adequate information" regarding the Plan in a court-approved disclosure statement. Section 1125(a)(1) of the Bankruptcy Code provides:

> [A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . .

11 U.S.C. § 1125(a)(1). Given the numerous factors and qualifications set forth within the above definition, the "adequacy" of information is largely dependent on the particular circumstances of the case and the nature of the plan proposed and, therefore, left to the

discretion of the court. *Texas Extrusion Corp. v. Lockheed Corp. (In re Texas Extrusion Corp.)*, 844 F.2d 1142, 1156-57 (5th Cir.), *cert. denied*, 488 U.S. 926 (1988); *see also Mabey v. Southwestern Elec. Power Co. (In re Cajun Elec. Power Coop., Inc)*, 150 F.3d 503, 518 (5th Cir. 1998). Generally, as a whole, a disclosure statement must provide information that is "reasonably practicable" to permit an "informed judgment" by creditors entitled to vote on the plan. *See In re Dakota Rail, Inc.*, 104 B.R. 138, 142 (Bankr. D. Minn. 1989); *see also In re Copy Crafters Quickprint Inc.*, 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988) (adequacy of a disclosure statement "is to be determined on a case-specific basis under a flexible standard that can promote the policy of chapter 11 towards fair settlement through a negotiation process between informed interested parties"). The bottom-line requirement of a disclosure statement is that it "must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution." *In re Ferretti*, 128 B.R. 16, 19 (Bankr. D.N.H. 1991). The adequacy of information is not governed by otherwise applicable non-bankruptcy law, rule, or regulation. 11 U.S.C. § 1125(d); *Kirk v. Texaco, Inc.*, 82 B.R. 678, 681-82 (S.D.N.Y. 1988).

10. In examining the adequacy of the information contained in a disclosure statement, the bankruptcy court has broad discretion. *See In re Texas Extrusion Corp*, 844 F.2d at 1157; *see also In re Oxford Homes*, 204 B.R. 264 (Bankr. D. Me. 1997) (Congress intentionally drew vague contours of what constitutes adequate information so that bankruptcy courts can exercise discretion to tailor them to each case's particular circumstances.); *Dakota Rail*, 104 B.R. at 143 (bankruptcy court has "wide discretion to determine . . . whether a disclosure statement contains adequate information without burdensome, unnecessary, and cumbersome detail"). This grant of discretion was intended to facilitate effective reorganization of a debtor in the broad range of businesses in which chapter 11 debtors engage and the broad range of circumstances that accompany chapter 11 cases. *See* H.R. Rep. No. 595, 95th Cong., 1st Sess. 408-09 (1977). "In

reorganization cases, there is frequently great uncertainty. Therefore, the need for flexibility is

greatest." *Id.* at 409. Accordingly, the determination of whether a disclosure statement contains

adequate information is to be made on a case-by-case basis, focusing on the unique facts and

circumstances of each case. *See In re Phoenix Petroleum Co.,* 278 B.R. 385, 393 (Bankr. E.D.

Pa. 2001).

      11.     Courts generally examine whether the disclosure statement contains the following

types of information, where applicable:

> (a)    the circumstances that gave rise to the filing of the bankruptcy petition;
>
> (b)    an explanation of the available assets and their value;
>
> (c)    the anticipated future of the debtor;
>
> (d)    the source of the information provided in the disclosure statement;
>
> (e)    a disclaimer, which typically indicates that no statements or information concerning the debtor or its assets or securities are authorized, other than those set forth in the disclosure statement;
>
> (f)    the condition and performance of the debtor while in chapter 11;
>
> (g)    information regarding claims against the estate;
>
> (h)    a liquidation analysis setting forth the estimated return that creditors would receive under chapter 7;
>
> (i)    the accounting and valuation methods used to produce the financial information in the disclosure statement;
>
> (j)    information regarding the future management of the debtor, including the amount of compensation to be paid to any insiders, directors and/or officers of the debtor;
>
> (k)    a summary of the plan of reorganization or liquidation;
>
> (l)    an estimate of all administrative expenses, including attorneys' fees and accountants' fees;

(m)    the collectability of any accounts receivable;

(n)    any financial information, valuations, or *pro forma* projections that would be relevant to creditors' determinations of whether to accept or reject the plan;

(o)    information relevant to the risks being taken by the creditors and interest holders;

(p)    the actual or projected value that can be obtained from avoidable transfers;

(q)    the existence, likelihood, and possible success of non-bankruptcy litigation;

(r)    the tax consequences of the plan; and

(s)    the relationship of the debtor with its affiliates.

*See, e.g., In re U.S. Brass Corp.,* 194 B.R. 420, 424 (Bankr. E.D. Tex. 1996); *In re Scioto Valley Mortgage Co.,* 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988); *see also Oxford,* 104 B.R. at 269 (using a similar list). These factors are not meant to be exclusive nor must a debtor provide all the information on the list; rather, the court must decide what is appropriate in each case. *See Phoenix Petroleum,* 278 B.R. at 393 (cautioning that "no one list of categories will apply in every case"); *U.S. Brass Corp.,* 194 B.R. at 425 ("Disclosure of all factors is not necessary in every case").

12.    In addition to the types of information courts typically require, a disclosure statement provides an overview of the chapter 11 process for those creditors who may be unfamiliar with chapter 11. A disclosure statement also provides an analysis of the alternatives to a proposed plan and concludes with the plan proponent's recommendation that creditors should vote to accept the proposed plan because such plan provides the most certain and timely recoveries to holders of claims against and interests in the debtor's estate.

13.    The Chapter 11 Trustee submits that the Disclosure Statement contains

information with respect to the applicable subject matters identified above, including, without limitation, the following:

 (a) the business of the Debtor and why it commenced its Bankruptcy Case (Article III );

 (b) significant events that have occurred in the Debtor's Bankruptcy Case (Article IV);

 (c) certain financial information about the Debtor (Article V);

 (d) a summary of the Plan and the Plan's proposed classification of claims and interests (Article VI);

 (e) a summary of certain material Plan provisions (Article VII);

 (f) certain tax law issues (Article IX);

 (g) a liquidation analysis setting forth the estimated return that creditors would receive under chapter 7 (Article X);

 (h) certain risk factors creditors should consider before voting (Article XII); and

 (i) instructions for submitting votes on the Plan and who is entitled to vote (Article XIII).

 14. In addition to the types of information that bankruptcy courts typically examine, the Disclosure Statement provides an analysis of the alternatives to the confirmation and consummation of the Plan (Article XI) and concludes with a recommendation by the Chapter 11 Trustee that creditors should vote to accept the Plan because it provides the highest and best recoveries to holders of Claims against the Estate.

 15. The Disclosure Statement contains the information bankruptcy courts typically consider when determining whether the information in a disclosure statement is adequate. Accordingly, the Chapter 11 Trustee respectfully requests that this Court approve the Disclosure Statement as it meets the requirements of section 1125 of the Bankruptcy Code.

## SOLICITATION PROCEDURES

### A.    Holders of Claims and Interests Entitled to Vote

16.    The Plan provides for nineteen (19) classes of claims and equity interests. Holders of claims in classes that are not impaired under the proposed plan are conclusively presumed to have accepted the plan under section 1126(f) of the Bankruptcy Code and, therefore, are not entitled to vote on the plan. The Plan leaves Classes 1 and 2 (the **"Non-Voting Classes"**) unimpaired; thus, holders of claims in such classes are not entitled to vote and, therefore, should not receive a Ballot. The Plan impairs claims in Classes 3 through 18 (the **"Voting Classes"**); thus, holders of claims in such classes are entitled to vote and should receive a Ballot. The Debtor is a tax-exempt entity under section 501(c)(3) of the Internal Revenue Code. Therefore, there are no equity interests in the Debtor. As such, there is no need for the Chapter 11 Trustee to serve anything related to Class 19.

### B.    The Voting Record Date

17.    Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes in connection with confirmation of a chapter 11 plan, "creditors and equity security holders shall include holders of stock, bonds, debentures, notes and other securities of record *on the date the order approving the disclosure statement is entered or another date fixed by the court*, for cause, after notice and a hearing." Fed. R. Bankr. P. 3017(d) (emphasis added). Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes.

18.    In accordance with these rules, the Chapter 11 Trustee requests that the Court set the "Voting Record Date" as the date of entry of an order approving the Disclosure Statement.

Holders of claims against the Debtor as of April 9, 2009, that are reflected in the Debtor's books and records as of the Voting Record Date will be the holders of record entitled to vote on the Plan. The Voting Record Date will have no preclusive effect as to distributions under the Plan.

**C.      Solicitation Packages and Procedures for Distribution Thereof**

19.      Bankruptcy Rule 3017(d) sets forth the disclosure and notice requirements for soliciting votes on a proposed plan:

> Upon approval of a disclosure statement — except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders — the debtor in possession . . . shall mail to all creditors and equity security holders, and . . . the United States Trustee,
>
> (1)      the plan or a court-approved summary of the plan;
>
> (2)      the disclosure statement approved by the court;
>
> (3)      notice of the time within which acceptances and rejections of such plan may be filed; and
>
> (4)      any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.
>
> In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan.

Fed. R. Bankr. P. 3017(d).

20.      Accordingly, the Chapter 11 Trustee proposes to distribute the following materials to each member of the Voting Classes:

(a)      the order approving the Disclosure Statement;

(b)      the Confirmation Hearing Notice;

(c)      the Disclosure Statement;

(d)     the Plan;

(e)     a Ballot customized for such holder, as described below, with a return envelope; and

(f)     such other materials as the Court may direct (collectively, the "**Solicitation Package**").

21.     The Chapter 11 Trustee intends to send to each member of the Non-Voting Classes a Notice of Non-Voting Status, substantially in the form attached hereto as <u>Exhibit B</u>. The Notice of Non-Voting Status will indicate that the holder of such claim is unimpaired, conclusively presumed to have accepted the Plan, and is not entitled to vote. It will also set forth the Objection Deadline and time, date, and place for the Confirmation Hearing. Additionally, the Chapter 11 Trustee proposes to distribute the order approving the Disclosure Statement, the Disclosure Statement, and the Plan to members of the Non-Voting Classes. The Notice of Non-Voting Status, the order approving the Disclosure Statement, the Disclosure Statement, and the Plan shall be referred to as the "**Non-Voting Package**."

22.     The Chapter 11 Trustee proposes to distribute the following materials to (a) the US Trustee, (b) the attorneys for the Creditors Committee, and (c) all other parties requesting service in this case:

(1)     the order approving the Disclosure Statement;

(2)     the Confirmation Hearing Notice;

(3)     the Disclosure Statement;

(4)     the Plan; and

(5)     such other materials as the Court may direct (collectively, the "**Notice Package**," and together with the Solicitation Package and the Non-Voting Package, the "**Packages**").

23.     Because of significantly reduced costs and environmental benefits, the Chapter 11 Trustee proposes to send the Packages in a CD-ROM format instead of printed hard copies; provided,

however, the Chapter 11 Trustee shall provide printed hard copies upon request.

24.    Except as provided above, the Chapter 11 Trustee shall mail each of the Packages described above within seven (7) days of entry of an order granting the relief requested herein (the "**Solicitation Date**") to the mailing address listed in the proof of claim associated with each claim holder, to the extent one was filed, or the address associated with the claim holder as listed in the Debtor's Schedules. If a secondary address is listed on a proof of claim, the Chapter 11 Trustee will send a courtesy letter to the secondary address, stating that a Ballot was sent to the primary address on the proof of claim and that, upon request, the Chapter 11 Trustee will provide a second Ballot.

### D.    Approving Forms of Ballots

25.    Bankruptcy Rule 3017(d) requires a debtor to mail a form of ballot, substantially in the form of Official Form No. 14 ("**Official Form No. 14**"), to "creditors and equity security holders entitled to vote on the plan." Bankruptcy Rule 3018(c) provides that, to be valid, a ballot shall be written, signed by the claimholder or interest holder or an authorized agent, and appropriately conformed to Official Form No. 14.

26.    As indicated above, only the members of the Voting Classes are entitled to vote. All other classes are unimpaired and their members are presumed to have accepted the Plan. Accordingly, the Chapter 11 Trustee proposes to distribute to the members of the Voting Classes one or more Ballots substantially in the form attached hereto as Exhibit A.  To address the particular aspects of this chapter 11 case, the Chapter 11 Trustee has modified the Official Form No. 14 to include certain additional information or procedures that the Chapter 11 Trustee believes to be relevant and appropriate for the respective classes.

27.    To be counted, the Ballots must be received in accordance with the voting procedures outlined below.

### E.    Voting and Tabulation Procedures

28.    Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, the court shall fix a time within which the holders of claims or equity security interests may accept or reject a plan. As noted above, the Chapter 11 Trustee will mail the Packages within seven (7) days of entry of an order granting the relief requested herein. Based on that timing, the Chapter 11 Trustee proposes that to be counted as a vote to accept or reject the Plan, each Ballot must be properly executed, completed, and delivered to Gardere at 1601 Elm Street, Suite 3000, Dallas, Texas, 75201, Attn: Mo Alturk, so as to be received by Gardere no later than the Voting Deadline of [DATE], 2010, at 4:00 p.m. (CDT), which is at least 30 days after the anticipated Solicitation Date. The Chapter 11 Trustee submits that such solicitation period is a sufficient period within which holders of claims can make an informed decision whether to accept or reject the Plan.

29.    Section 1126(d) of the Bankruptcy Code provides:

> A class of claims or interests has accepted a plan if such plan has been accepted by holders of such claims or interests, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount of the allowed claims or interests of such class held by holders of such claims or interests, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

11 U.S.C. § 1126(d).

30.    The Chapter 11 Trustee proposes the following procedures for soliciting and tabulating votes (the "**Balloting Procedures**"):

> (a) if any party wishes to have its Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot it received or if any party that did not receive a Ballot wishes to have its Claim temporarily allowed for voting purposes only, such party must serve the Chapter 11 Trustee with and file with the Bankruptcy Court, on or before [DATE], 2010, a motion for an order pursuant to Bankruptcy Rule

3018(a) temporarily allowing such Claim for purposes of voting (a "**3018 Motion**"). A 3018 Motion must set forth with particularly the amount and classification of which such party believes its Claim should be allowed for voting purposes, and the documents that support its belief. With respect to any timely filed 3018 Motion, the Ballot in question shall be counted (i) in the amount established by the Bankruptcy Court in an order entered on or before the Confirmation Hearing, or (ii) if such an order has not been entered by the Confirmation Hearing and unless the Chapter 11 Trustee and the party have agreed to the relief requested in the 3018 Motion or as otherwise modified, in an amount equal to the preprinted amount on the Ballot, or, if a party did not receive a Ballot, such party shall not have a Ballot counted at all. The Chapter 11 Trustee proposes that any hearing to consider 3018 Motions be held at or prior to Confirmation;

(b) the Chapter 11 Trustee requests that whenever a Creditor casts more than one Ballot voting the same Claim(s) before the Voting Deadline, the last Ballot received before the Voting Deadline be deemed to reflect the voter's intent to supersede any prior Ballot; provided, however, if a holder of Claims casts Ballots received by Gardere on the same day, but which are voted inconsistently, the Chapter 11 Trustee requests that such Ballots be counted as an acceptance of the Plan;

(c) the Chapter 11 Trustee further requests that Creditors with multiple Claims within a particular class under the Plan must vote all of their Claims within a class either to accept or reject the Plan and may not split their vote(s). An individual Ballot that partially rejects and partially accepts the Plan will be counted as an acceptance of the Plan. The Chapter 11 Trustee further requests that a holder of Claims in more than one class under the Plan must submit Ballots for each class of Claims;

(d) if a Claim is the subject of a pending objection, and unless this Court temporarily allows such Claim by order, the Chapter 11 Trustee proposes that such Claim be temporarily allowed at $1.00 for voting purposes only and not for purposes of allowance or distribution; and

(e) the following types of Ballots will not be counted in determining whether the Plan has been accepted or rejected, unless the Chapter 11 Trustee consents or as otherwise provided herein:

(1)     any Ballot that is otherwise properly completed, executed, and timely returned to Gardere, but does not indicate an acceptance or rejection of the Plan;

(2)     any Ballot for a Claim that has been disallowed;

(3)     any Ballot received after the Voting Deadline;

(4)     any Ballot containing a vote that this Court determines, after notice and a hearing, was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code;

(5)     any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

(6)     any Ballot cast by a person or entity that does not hold a Claim in a class that is entitled to vote to accept or reject the Plan;

(7)     any Ballot on which the claimant or its representative did not use the authorized Ballot form, or a form of Ballot substantially similar to such authorized form;

(8)     any unsigned or non-original Ballot; and

(9)     any Ballot transmitted to Gardere by facsimile or other electronic means.

31.     In addition, the Chapter 11 Trustee proposes that the following voting procedures and standard assumptions be used in tabulating the Ballots:

(a)     the Chapter 11 Trustee, in his sole and absolute discretion, may waive any defect in any Ballot at any time, including failure to timely file such Ballot, either before or after the close of voting, and without notice. Except as provided below, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Chapter 11 Trustee may, in his sole and absolute discretion, reject such Ballot as invalid and, therefore, decline to utilize it in connection with confirmation of the Plan;

(b)     after the Voting Deadline, no vote may be withdrawn or modified without the prior consent of the Chapter 11 Trustee or order of the Court;

(c)     the Chapter 11 Trustee reserves the sole and absolute right

to reject any and all Ballots not proper in form; and

(d)     unless waived or as ordered by the Court, any defects or
        irregularities in connection with deliveries of Ballots must
        be cured within such time as the Chapter 11 Trustee (or the
        Court) determine, and unless otherwise ordered by the
        Court, delivery of such Ballots will not be deemed to have
        been made until such irregularities have been cured or
        waived.

32.     The Chapter 11 Trustee submits that the Balloting Procedures provide for a fair

and equitable voting process.

33.     The Balloting Procedures are subject to change and may be amended at any time

on or before the Disclosure Statement Hearing. The Balloting Procedures, including any

amendment thereto, will be submitted for Court approval at the Disclosure Statement Hearing

and will be incorporated into the voting instructions to be included with each Ballot.

## VI.

## THE CONFIRMATION HEARING AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES IN RESPECT OF CONFIRMATION OF THE PLAN

### A.     The Confirmation Hearing

34.     Bankruptcy Rule 3017(c) provides:

> On or before approval of the disclosure statement, the court shall
> fix a time within which the holders of claims and interests may
> accept or reject the plan and may fix a date for the hearing on
> confirmation.

Fed. R. Bankr. P. 3017.

35.     In accordance with Bankruptcy Rules 2002(b) and 3017(c) and in view of the

Chapter 11 Trustee's proposed procedures described herein, the Chapter 11 Trustee requests that

the Confirmation Hearing to consider confirmation of the Plan be scheduled, subject to the

Court's availability, on **[DATE], 2010**, which is [at least 45 days after the Disclosure Statement

Hearing]. The Confirmation Hearing may be continued from time to time by the Court or the

Chapter 11 Trustee without further notice other than adjournments announced in open court at the Confirmation Hearing or any subsequent adjourned Confirmation Hearing. The Plan may be modified pursuant to section 1127 of the Bankruptcy Code prior to, during, or as a result of the Confirmation Hearing, in each case without further notice to parties-in-interest. The Chapter 11 Trustee submits that the proposed timing for the Confirmation Hearing complies with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules for the United States Bankruptcy Court for the Northern District of Texas (the "**Local Rules**") and will enable the Chapter 11 Trustee to pursue confirmation of the Plan in a timely fashion.

### B. Notice of the Confirmation Hearing

36. Bankruptcy Rule 2002(b) and (d) require not less than twenty-five (25) days' notice to all creditors and equity security holders of the time fixed for the Objection Deadline and the hearing to consider confirmation of a chapter 11 plan. In accordance with Bankruptcy Rules 2002 and 3017(d), the Chapter 11 Trustee proposes to provide to all creditors as of the date of entry of an order granting the relief requested herein a copy of the Confirmation Hearing Notice setting forth (a) the Voting Record Date, (b) the Voting Deadline, (c) the Objection Deadline, and (d) the time, date, and place for the Confirmation Hearing or, if applicable, the Notice of Non-Voting Status setting forth (a) the Objection Deadline, and (b) the time, date, and place, for the Confirmation Hearing. As noted above, all Packages will contain either a Confirmation Hearing Notice or a Notice of Non-Voting Status.

37. The Chapter 11 Trustee submits that the foregoing procedures will provide adequate notice of the Confirmation Hearing and, accordingly, requests that the Court approve such notice as adequate.

### C. Objections to Confirmation of the Plan

38. Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a

proposed plan must be filed and served "within a time fixed by the court." Fed. R. Bankr. P. 3020. The Chapter 11 Trustee requests the Court implement the following procedures and deadlines for filing objections and responses to the Plan. Objections or responses to confirmation of or proposed modifications to the Plan, if any, must (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; and (c) set forth the name and address of the objecting party and the nature of its Claim, state the basis for the objection, and the specific grounds therefor.

39.     All objections and responses to the confirmation of the Plan must be filed with the Clerk of the Court no later than the Objection Deadline of **[DATE], 2010, at 4:00 p.m. (CDT)** and served on counsel for the Chapter 11 Trustee and the U.S. Trustee at the following addresses and/or facsimile numbers:

*Counsel to the Chapter 11 Trustee*:

Max R. Tarbox (TX 19639950)
TARBOX LAW, P.C.
2301 Broadway
Lubbock, Texas 79401
Phone: 806.686.4448
Fax: 806.368.9785

Stephen A. McCartin (TX 13374700)
Marcus A. Helt (TX 24052187)
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone: 214.999.3000
Facsimile: 214.999.4667

*United States Trustee*:

Mary Frances Durham
1100 Commerce Street, Room 976
Dallas, Texas 75242
Telephone: 214.767.8967

40.     The proposed timing for filing and service of objections and responses to the confirmation or modification of the Plan, if any, will afford the Court, the Chapter 11 Trustee, and other parties-in-interest sufficient time to consider the objections and responses prior to the

Confirmation Hearing. Objections not timely filed and served in accordance with the provisions of this Motion may be overruled on that basis alone. The Chapter 11 Trustee respectfully requests that the Court approve these procedures for filing objections to the Plan and replies thereto pursuant to Bankruptcy Rule 3020 and Local Rule 3020.

VII.

**THE FILING OF THE PLAN SUPPLEMENT SHOULD BE APPROVED**

41. Section 1127(a) of the Bankruptcy Code provides that a plan may be modified at any time prior to confirmation so long as the modified plan meets the requirements of sections 1122 and 1123 of the Bankruptcy Code. 11 U.S.C. §§ 1122, 1123, & 1127. In accordance with these sections, the Chapter 11 Trustee seeks approval to file the Plan Supplement no later than ten days prior to the Confirmation Hearing. The Plan Supplement will be consistent with the requirements of sections 1122 and 1123 of the Bankruptcy Code. Specifically, the Plan Supplement will provide additional information and disclosure concerning the Plan and the transactions discussed therein.

**WHEREFORE,** the Chapter 11 Trustee respectfully requests that the Court grant the relief requested herein and such other and further relief, both at law and in equity, to which the Chapter 11 Trustee may be justly entitled.

*[Signatures to Follow]*

Dated: September 13, 2010

Respectfully submitted,

*/s/ Max Tarbox*
Max R. Tarbox (TX 19639950)
Tarbox Law, P.C.
2301 Broadway
Lubbock, Texas 79401
Phone: 806.686.4448
Fax: 806.368.9785

and

*/s/ Marcus A. Helt*
Stephen A. McCartin (TX 13374700)
Marcus A. Helt (TX 24052187)
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone: 214.999.3000
Facsimile: 214.999.4667

COUNSEL FOR WALTER O'CHESKEY,
CHAPTER 11 TRUSTEE

## CERTIFICATE OF SERVICE

This is to certify that, according to this Court's ECF System, a true and correct copy of the foregoing Motion was served electronically on September 13, 2010, on all parties who entered an appearance or requested electronic notice.

/s/ Marcus A. Helt
Marcus A. Helt

**Exhibit A**
Ballots

Max R. Tarbox (TX 19639950)
TARBOX LAW, P.C.
2301 Broadway
Lubbock, Texas 79401
Phone: 806.686.4448
Fax: 806.368.9785

Stephen A. McCartin (TX 13374700)
Marcus A. Helt (TX 24052187)
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone: 214.999.3000
Facsimile: 214.999.4667

**COUNSEL FOR WALTER**
**O'CHESKEY, CHAPTER 11 TRUSTEE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **American Housing Foundation** | § | **Case No.: 09-20232-RLJ** |
| | § | |
| **Debtor.** | § | |

## BALLOT FOR ACCEPTING OR REJECTING
## FIRST AMENDED CHAPTER 11 PLAN OF LIQUIDATION

### Class 3 ( Secured Claims of Texas Capital Bank)

Walter O'Cheskey, the duly appointed and acting Trustee (the **"Chapter 11 Trustee"**) for American Housing Foundation (**"AHF"** or **"Debtor"**), is soliciting votes on his *First Amended Chapter 11 Plan of Liquidation* dated September 13, 2010 [Docket No. 1606]  (as amended, modified, and supplemented, the **"Plan"**).  This ballot is for holders of Class 3 Secured Claims of Texas Capital Bank.  The accompanying *First Amended Disclosure Statement to Chapter 11 Plan of Liquidation* [Docket No. 1609] (as amended, modified, and supplemented, the **"Disclosure Statement"**) describes the Plan and contains information to assist you in deciding how to vote. The Disclosure Statement also contains a copy of the Plan (as an exhibit). Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

**Please review the Disclosure Statement, the Disclosure Statement Order, the Plan and this ballot carefully before you vote.** You may wish to seek legal advice concerning the Plan and your Claim's classification and treatment in it.

**Questions.** If you have any questions regarding this ballot or the voting procedures or if you do not have a copy of the Disclosure Statement, please contact Gardere Wynne Sewell LLP, Attn: Karen Oliver, 1601 Elm Street, Suite 3000, Dallas, Texas, 75201, Telephone: 214.999.3000.

---

**VOTING DEADLINE**

The Voting Deadline is ▓▓▓▓▓▓▓, 2010 at 4:00 p.m. If the Chapter 11 Trustee does not timely receive your ballot, it will not be counted. Do not fax or email this ballot to the Chapter 11 Trustee; ballots sent by fax or email will not be counted.

---

**HOW TO VOTE**

1. Complete Item 1 and Item 2.
2. Review the certifications contained in Item 3.
3. **Sign and date the ballot.**
4. Return the original ballot in the enclosed pre-addressed envelope so the Chapter 11 Trustee receives it by the Voting Deadline.

---

**Item 1. Amount of Secured Claim of Texas Capital Bank Voted.** The Creditor who executes this ballot or on whose behalf this ballot is executed asserts a Secured Claim of Texas Capital Bank against the Debtor in the following aggregate amount:

$ _____

**THE CHAPTER 11 TRUSTEE RECOMMENDS THAT YOU ACCEPT THE PLAN.**

**Item 2. Vote on Plan (check only one box).**

☐ ACCEPT (vote FOR) the Plan.      ☐ REJECT (vote AGAINST) the Plan.

**Item 3.** The undersigned certifies that a copy of the Disclosure Statement has been received and reviewed by the undersigned.

Name of Creditor:_____

Social Security or Federal Tax I.D. No.:_____

Signature:_____

Name of Signatory (If other than Creditor):_____

Title (If corporation, partnership, or LLC):_____

Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

Date Completed:_____

Max R. Tarbox (TX 19639950)
TARBOX LAW, P.C.
2301 Broadway
Lubbock, Texas 79401
Phone: 806.686.4448
Fax: 806.368.9785

Stephen A. McCartin (TX 13374700)
Marcus A. Helt (TX 24052187)
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone: 214.999.3000
Facsimile: 214.999.4667

**COUNSEL FOR WALTER
O'CHESKEY, CHAPTER 11 TRUSTEE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **American Housing Foundation** | § | **Case No.: 09-20232-RLJ** |
| | § | |
| **Debtor.** | § | |

## BALLOT FOR ACCEPTING OR REJECTING
## FIRST AMENDED CHAPTER 11 PLAN OF LIQUIDATION

### Class 4 (Secured Claims of BAC Home Loans Servicing L.P.)

Walter O'Cheskey, the duly appointed and acting Trustee (the "**Chapter 11 Trustee**") for American Housing Foundation ("**AHF**" or "**Debtor**"), is soliciting votes on his *First Amended Chapter 11 Plan of Liquidation* dated September 13, 2010 [Docket No. 1606] (as amended, modified, and supplemented, the "**Plan**"). This ballot is for holders of Class 4 Secured Claims of BAC Home Loans Servicing L.P. The accompanying *First Amended Disclosure Statement to Chapter 11 Plan of Liquidation* [Docket No. 1609] (as amended, modified, and supplemented, the "**Disclosure Statement**") describes the Plan and contains information to assist you in deciding how to vote. The Disclosure Statement also contains a copy of the Plan (as an exhibit). Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

**Please review the Disclosure Statement, the Disclosure Statement Order, the Plan and this ballot carefully before you vote.** You may wish to seek legal advice concerning the Plan and your Claim's classification and treatment in it.

**Questions.** If you have any questions regarding this ballot or the voting procedures or if you do not have a copy of the Disclosure Statement, please contact Gardere Wynne Sewell LLP, Attn: Karen Oliver, 1601 Elm Street, Suite 3000, Dallas, Texas, 75201, Telephone: 214.999.3000.

---

**VOTING DEADLINE**

The Voting Deadline is ▒▒▒▒▒▒▒▒, 2010 at 4:00 p.m. If the Chapter 11 Trustee does not timely receive your ballot, it will not be counted. Do not fax or email this ballot to the Chapter 11 Trustee; ballots sent by fax or email will not be counted.

---

**HOW TO VOTE**

1.  Complete Item 1 and Item 2.
2.  Review the certifications contained in Item 3.
3.  **Sign and date the ballot.**
4.  Return the original ballot in the enclosed pre-addressed envelope so the Chapter 11 Trustee receives it by the Voting Deadline.

---

**Item 1. Amount of Secured Claim of BAC Home Loans Servicing L.P. Voted.** The Creditor who executes this ballot or on whose behalf this ballot is executed asserts a Secured Claim of BAC Home Loans Servicing L.P. against the Debtor in the following aggregate amount:

$ _____

**THE CHAPTER 11 TRUSTEE RECOMMENDS THAT YOU ACCEPT THE PLAN.**

**Item 2. Vote on Plan (check only one box).**

☐ ACCEPT (vote FOR) the Plan. ☐ REJECT (vote AGAINST) the Plan.

**Item 3.** The undersigned certifies that a copy of the Disclosure Statement has been received and reviewed by the undersigned.

Name of Creditor:_____

Social Security or Federal Tax I.D. No.:_____

Signature:_____

Name of Signatory (If other than Creditor):_____

Title (If corporation, partnership, or LLC):_____

Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

Date Completed:_____

Max R. Tarbox (TX 19639950)
TARBOX LAW, P.C.
2301 Broadway
Lubbock, Texas 79401
Phone: 806.686.4448
Fax:  806.368.9785

Stephen A. McCartin (TX 13374700)
Marcus A. Helt (TX 24052187)
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone:  214.999.3000
Facsimile:  214.999.4667

**COUNSEL FOR WALTER**
**O'CHESKEY, CHAPTER 11 TRUSTEE**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### AMARILLO DIVISION

| | | |
|---|---|---|
| **In re:** | § § § | **Chapter 11** |
| **American Housing Foundation** | § § | **Case No.:  09-20232-RLJ** |
| **Debtor.** | § § | |

### BALLOT FOR ACCEPTING OR REJECTING
### FIRST AMENDED CHAPTER 11 PLAN OF LIQUIDATION

#### Class 5 (Secured Claims of Graham Financial)

Walter O'Cheskey, the duly appointed and acting Trustee (the "**Chapter 11 Trustee**") for American Housing Foundation ("**AHF**" or "**Debtor**"), is soliciting votes on his *First Amended Chapter 11 Plan of Liquidation* dated September 13, 2010 [Docket No. 1606]     (as amended, modified, and supplemented, the "**Plan**").  This ballot is for holders of Class 5 Secured Claims of Graham Financial.  The accompanying *First Amended Disclosure Statement to Chapter 11 Plan of Liquidation* [Docket No. 1609] (as amended, modified, and supplemented, the "**Disclosure Statement**") describes the Plan and contains information to assist you in deciding how to vote.  The Disclosure Statement also contains a copy of the Plan (as an exhibit). Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

Please review the Disclosure Statement, the Disclosure Statement Order, the Plan and this ballot carefully before you vote. You may wish to seek legal advice concerning the Plan and your Claim's classification and treatment in it.

Questions. If you have any questions regarding this ballot or the voting procedures or if you do not have a copy of the Disclosure Statement, please contact Gardere Wynne Sewell LLP, Attn: Karen Oliver, 1601 Elm Street, Suite 3000, Dallas, Texas, 75201, Telephone: 214.999.3000.

---

**VOTING DEADLINE**

The Voting Deadline is ⬛⬛⬛⬛⬛⬛⬛⬛, 2010 at 4:00 p.m. If the Chapter 11 Trustee does not timely receive your ballot, it will not be counted. Do not fax or email this ballot to the Chapter 11 Trustee; ballots sent by fax or email will not be counted.

---

**HOW TO VOTE**

1. Complete Item 1 and Item 2.
2. Review the certifications contained in Item 3.
3. **Sign and date the ballot.**
4. Return the original ballot in the enclosed pre-addressed envelope so the Chapter 11 Trustee receives it by the Voting Deadline.

---

**Item 1. Amount of Secured Claim of Graham Financial Voted.** The Creditor who executes this ballot or on whose behalf this ballot is executed asserts a Secured Claim of Graham Financial against the Debtor in the following aggregate amount:

$ _____

**THE CHAPTER 11 TRUSTEE RECOMMENDS THAT YOU ACCEPT THE PLAN.**

**Item 2. Vote on Plan (check only one box).**

☐ ACCEPT (vote FOR) the Plan.          ☐ REJECT (vote AGAINST) the Plan.

**Item 3.** The undersigned certifies that a copy of the Disclosure Statement has been received and reviewed by the undersigned.

Name of Creditor:_____

Social Security or Federal Tax I.D. No.:_____

Signature:_____

Name of Signatory (If other than Creditor):_____

Title (If corporation, partnership, or LLC):_____

Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

Date Completed:_____

Max R. Tarbox (TX 19639950)
TARBOX LAW, P.C.
2301 Broadway
Lubbock, Texas 79401
Phone: 806.686.4448
Fax: 806.368.9785

Stephen A. McCartin (TX 13374700)
Marcus A. Helt (TX 24052187)
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone: 214.999.3000
Facsimile: 214.999.4667

**COUNSEL FOR WALTER**
**O'CHESKEY, CHAPTER 11 TRUSTEE**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### AMARILLO DIVISION

| | | |
|---|---|---|
| **In re:** | § § § | **Chapter 11** |
| **American Housing Foundation** | § § | **Case No.: 09-20232-RLJ** |
| **Debtor.** | § § | |

### BALLOT FOR ACCEPTING OR REJECTING
### FIRST AMENDED CHAPTER 11 PLAN OF LIQUIDATION

#### Class 6 (Secured Claims of Gary Graham IRA)

Walter O'Cheskey, the duly appointed and acting Trustee (the "**Chapter 11 Trustee**") for American Housing Foundation ("**AHF**" or "**Debtor**"), is soliciting votes on his *First Amended Chapter 11 Plan of Liquidation* dated September 13, 2010 [Docket No. 1606] (as amended, modified, and supplemented, the "**Plan**"). This ballot is for holders of Class 6 Secured Claims of Gary Graham IRA. The accompanying *First Amended Disclosure Statement to Chapter 11 Plan of Liquidation* [Docket No. 1609] (as amended, modified, and supplemented, the "**Disclosure Statement**") describes the Plan and contains information to assist you in deciding how to vote. The Disclosure Statement also contains a copy of the Plan (as an exhibit). Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

**Please review the Disclosure Statement, the Disclosure Statement Order, the Plan and this ballot carefully before you vote.** You may wish to seek legal advice concerning the Plan and your Claim's classification and treatment in it.

**Questions.** If you have any questions regarding this ballot or the voting procedures or if you do not have a copy of the Disclosure Statement, please contact Gardere Wynne Sewell LLP, Attn: Karen Oliver, 1601 Elm Street, Suite 3000, Dallas, Texas, 75201, Telephone: 214.999.3000.

---

**VOTING DEADLINE**

The Voting Deadline is          , 2010 at 4:00 p.m. If the Chapter 11 Trustee does not timely receive your ballot, it will not be counted. Do not fax or email this ballot to the Chapter 11 Trustee; ballots sent by fax or email will not be counted.

---

**HOW TO VOTE**

1. Complete Item 1 and Item 2.
2. Review the certifications contained in Item 3.
3. **Sign and date the ballot.**
4. Return the original ballot in the enclosed pre-addressed envelope so the Chapter 11 Trustee receives it by the Voting Deadline.

---

**Item 1. Amount of Secured Claim of Gary Graham IRA Voted.** The Creditor who executes this ballot or on whose behalf this ballot is executed asserts a Secured Claim of Gary Graham IRA against the Debtor in the following aggregate amount:

$\qquad$ \$ $\qquad\qquad\qquad\qquad$

**THE CHAPTER 11 TRUSTEE RECOMMENDS THAT YOU ACCEPT THE PLAN.**

**Item 2. Vote on Plan (check only one box).**

☐ ACCEPT (vote FOR) the Plan.      ☐ REJECT (vote AGAINST) the Plan.

**Item 3.** The undersigned certifies that a copy of the Disclosure Statement has been received and reviewed by the undersigned.

Name of Creditor: _____

Social Security or Federal Tax I.D. No.: _____

Signature:_____

Name of Signatory (If other than Creditor):_____

Title (If corporation, partnership, or LLC):_____

Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

Date Completed:_____

Max R. Tarbox (TX 19639950)
TARBOX LAW, P.C.
2301 Broadway
Lubbock, Texas 79401
Phone: 806.686.4448
Fax:  806.368.9785

Stephen A. McCartin (TX 13374700)
Marcus A. Helt (TX 24052187)
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone:  214.999.3000
Facsimile:  214.999.4667

**COUNSEL FOR WALTER
O'CHESKEY, CHAPTER 11 TRUSTEE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **American Housing Foundation** | § | **Case No.:  09-20232-RLJ** |
| | § | |
| **Debtor.** | § | |

## BALLOT FOR ACCEPTING OR REJECTING
## FIRST AMENDED CHAPTER 11 PLAN OF LIQUIDATION

### Class 7 (Secured Claims of Cenlar)

Walter O'Cheskey, the duly appointed and acting Trustee (the "**Chapter 11 Trustee**") for American Housing Foundation ("**AHF**" or "**Debtor**"), is soliciting votes on his *First Amended Chapter 11 Plan of Liquidation* dated September 13, 2010 [Docket No. 1606]  (as amended, modified, and supplemented, the "**Plan**"). This ballot is for holders of Class 7 Secured Claims of Cenlar.  The accompanying *First Amended Disclosure Statement to Chapter 11 Plan of Liquidation* [Docket No. 1609] (as amended, modified, and supplemented, the "**Disclosure Statement**") describes the Plan and contains information to assist you in deciding how to vote. The Disclosure Statement also contains a copy of the Plan (as an exhibit).  Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

Please review the Disclosure Statement, the Disclosure Statement Order, the Plan and this ballot carefully before you vote. You may wish to seek legal advice concerning the Plan and your Claim's classification and treatment in it.

Questions. If you have any questions regarding this ballot or the voting procedures or if you do not have a copy of the Disclosure Statement, please contact Gardere Wynne Sewell LLP, Attn: Karen Oliver, 1601 Elm Street, Suite 3000, Dallas, Texas, 75201, Telephone: 214.999.3000.

| VOTING DEADLINE |
| --- |
| The Voting Deadline is ▨▨▨▨▨▨▨▨, 2010 at 4:00 p.m. If the Chapter 11 Trustee does not timely receive your ballot, it will not be counted. Do not fax or email this ballot to the Chapter 11 Trustee; ballots sent by fax or email will not be counted. |

| HOW TO VOTE | |
| --- | --- |
| 1. | Complete Item 1 and Item 2. |
| 2. | Review the certifications contained in Item 3. |
| 3. | **Sign and date the ballot.** |
| 4. | Return the original ballot in the enclosed pre-addressed envelope so the Chapter 11 Trustee receives it by the Voting Deadline. |

**Item 1. Amount of Secured Claim of Cenlar Voted.** The Creditor who executes this ballot or on whose behalf this ballot is executed asserts a Secured Claim of Cenlar against the Debtor in the following aggregate amount:

> $ _____

**THE CHAPTER 11 TRUSTEE RECOMMENDS THAT YOU ACCEPT THE PLAN.**

**Item 2. Vote on Plan (check only one box).**

☐ ACCEPT (vote FOR) the Plan.    ☐ REJECT (vote AGAINST) the Plan.

**Item 3.** The undersigned certifies that a copy of the Disclosure Statement has been received and reviewed by the undersigned.

Name of Creditor:_____

Social Security or Federal Tax I.D. No.:_____

Signature:_____

Name of Signatory (If other than Creditor):_____

Title (If corporation, partnership, or LLC):_____

Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

Date Completed:_____

Max R. Tarbox (TX 19639950)
TARBOX LAW, P.C.
2301 Broadway
Lubbock, Texas 79401
Phone: 806.686.4448
Fax: 806.368.9785

Stephen A. McCartin (TX 13374700)
Marcus A. Helt (TX 24052187)
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone: 214.999.3000
Facsimile: 214.999.4667

**COUNSEL FOR WALTER
O'CHESKEY, CHAPTER 11 TRUSTEE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **American Housing Foundation** | § | **Case No.: 09-20232-RLJ** |
| | § | |
| **Debtor.** | § | |

**BALLOT FOR ACCEPTING OR REJECTING
FIRST AMENDED CHAPTER 11 PLAN OF LIQUIDATION**

**Class 8 (Secured Claims of Griffiths, Sammarco, Pierre and Sullivan)**

Walter O'Cheskey, the duly appointed and acting Trustee (the **"Chapter 11 Trustee"**) for American Housing Foundation (**"AHF"** or **"Debtor"**), is soliciting votes on his *First Amended Chapter 11 Plan of Liquidation* dated September 13, 2010 [Docket No. 1606] (as amended, modified, and supplemented, the **"Plan"**). This ballot is for holders of Class 8 Secured Claims of Griffiths, Sammarco, Pierre and Sullivan. The accompanying *First Amended Disclosure Statement to Chapter 11 Plan of Liquidation* [Docket No. 1609] (as amended, modified, and supplemented, the **"Disclosure Statement"**) describes the Plan and contains information to assist you in deciding how to vote. The Disclosure Statement also contains a copy of the Plan (as an exhibit). Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

**Please review the Disclosure Statement, the Disclosure Statement Order, the Plan and this ballot carefully before you vote.** You may wish to seek legal advice concerning the Plan and your Claim's classification and treatment in it.

**Questions.** If you have any questions regarding this ballot or the voting procedures or if you do not have a copy of the Disclosure Statement, please contact Gardere Wynne Sewell LLP, Attn: Karen Oliver, 1601 Elm Street, Suite 3000, Dallas, Texas, 75201, Telephone: 214.999.3000.

---

**VOTING DEADLINE**

The Voting Deadline is _____, 2010 at 4:00 p.m. If the Chapter 11 Trustee does not timely receive your ballot, it will not be counted. Do not fax or email this ballot to the Chapter 11 Trustee; ballots sent by fax or email will not be counted.

---

**HOW TO VOTE**

1. Complete Item 1 and Item 2.
2. Review the certifications contained in Item 3.
3. **Sign and date the ballot.**
4. Return the original ballot in the enclosed pre-addressed envelope so the Chapter 11 Trustee receives it by the Voting Deadline.

---

**Item 1. Amount of Secured Claim of Griffiths, Sammarco, Pierre and Sullivan Voted.** The Creditor who executes this ballot or on whose behalf this ballot is executed asserts a Secured Claim of Griffiths, Sammarco, Pierre and Sullivan against the Debtor in the following aggregate amount:

$ _____

**THE CHAPTER 11 TRUSTEE RECOMMENDS THAT YOU ACCEPT THE PLAN.**

**Item 2. Vote on Plan (check only one box).**

☐ ACCEPT (vote FOR) the Plan.   ☐ REJECT (vote AGAINST) the Plan.

**Item 3.** The undersigned certifies that a copy of the Disclosure Statement has been received and reviewed by the undersigned.

Name of Creditor:_____

Social Security or Federal Tax I.D. No.:_____

Signature:_____

Name of Signatory (If other than Creditor):_____

Title (If corporation, partnership, or LLC):_____

Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

Date Completed:_____

Max R. Tarbox (TX 19639950)
TARBOX LAW, P.C.
2301 Broadway
Lubbock, Texas 79401
Phone: 806.686.4448
Fax: 806.368.9785

Stephen A. McCartin (TX 13374700)
Marcus A. Helt (TX 24052187)
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone: 214.999.3000
Facsimile: 214.999.4667

**COUNSEL FOR WALTER**
**O'CHESKEY, CHAPTER 11 TRUSTEE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| **In re:** | § § § | **Chapter 11** |
| **American Housing Foundation** | § § | **Case No.: 09-20232-RLJ** |
| **Debtor.** | § § | |

## BALLOT FOR ACCEPTING OR REJECTING
## FIRST AMENDED CHAPTER 11 PLAN OF LIQUIDATION

### Class 9 (Secured M&M Lien Claims)

Walter O'Cheskey, the duly appointed and acting Trustee (the "**Chapter 11 Trustee**") for American Housing Foundation ("**AHF**" or "**Debtor**"), is soliciting votes on his *First Amended Chapter 11 Plan of Liquidation* dated September 13, 2010 [Docket No. 1606] (as amended, modified, and supplemented, the "**Plan**"). This ballot is for holders of Class 9 Secured M&M Lien Claims. The accompanying *First Amended Disclosure Statement to Chapter 11 Plan of Liquidation* [Docket No. 1609] (as amended, modified, and supplemented, the "**Disclosure Statement**") describes the Plan and contains information to assist you in deciding how to vote. The Disclosure Statement also contains a copy of the Plan (as an exhibit). Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

**Please review the Disclosure Statement, the Disclosure Statement Order, the Plan and this ballot carefully before you vote.** You may wish to seek legal advice concerning the Plan and your Claim's classification and treatment in it.

**Questions.** If you have any questions regarding this ballot or the voting procedures or if you do not have a copy of the Disclosure Statement, please contact Gardere Wynne Sewell LLP, Attn: Karen Oliver, 1601 Elm Street, Suite 3000, Dallas, Texas, 75201, Telephone: 214.999.3000.

---

**VOTING DEADLINE**

The Voting Deadline is ⟨▩▩▩▩▩⟩, 2010 at 4:00 p.m. If the Chapter 11 Trustee does not timely receive your ballot, it will not be counted. Do not fax or email this ballot to the Chapter 11 Trustee; ballots sent by fax or email will not be counted.

---

**HOW TO VOTE**

1. Complete Item 1 and Item 2.
2. Review the certifications contained in Item 3.
3. **Sign and date the ballot.**
4. Return the original ballot in the enclosed pre-addressed envelope so the Chapter 11 Trustee receives it by the Voting Deadline.

---

**Item 1. Amount of Secured M&M Lien Claim Voted.** The Creditor who executes this ballot or on whose behalf this ballot is executed asserts a Secured M&M Lien Claim against the Debtor in the following aggregate amount:

> $ _____

**THE CHAPTER 11 TRUSTEE RECOMMENDS THAT YOU ACCEPT THE PLAN.**

**Item 2. Vote on Plan (check only one box).**

☐ ACCEPT (vote FOR) the Plan.     ☐ REJECT (vote AGAINST) the Plan.

**Item 3.** The undersigned certifies that a copy of the Disclosure Statement has been received and reviewed by the undersigned.

Name of Creditor: _____

Social Security or Federal Tax I.D. No.: _____

Signature:_____

Name of Signatory (If other than Creditor):_____

Title (If corporation, partnership, or LLC):_____

Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

Date Completed:_____

Max R. Tarbox (TX 19639950)
TARBOX LAW, P.C.
2301 Broadway
Lubbock, Texas 79401
Phone: 806.686.4448
Fax: 806.368.9785

Stephen A. McCartin (TX 13374700)
Marcus A. Helt (TX 24052187)
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone: 214.999.3000
Facsimile: 214.999.4667

**COUNSEL FOR WALTER
O'CHESKEY, CHAPTER 11 TRUSTEE**

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### AMARILLO DIVISION

| | | |
|---|---|---|
| **In re:** | § § § | **Chapter 11** |
| **American Housing Foundation** | § § | **Case No.: 09-20232-RLJ** |
| **Debtor.** | § § | |

## BALLOT FOR ACCEPTING OR REJECTING
## <u>FIRST AMENDED CHAPTER 11 PLAN OF LIQUIDATION</u>

### Class 10 (Secured Claim of Happy State Bank)

Walter O'Cheskey, the duly appointed and acting Trustee (the "**Chapter 11 Trustee**") for American Housing Foundation ("**AHF**" or "**Debtor**"), is soliciting votes on his *First Amended Chapter 11 Plan of Liquidation* dated September 13, 2010 [Docket No. 1606] (as amended, modified, and supplemented, the "**Plan**"). This ballot is for the holder of the Class 10 Secured Claim of Happy State Bank. The accompanying *First Amended Disclosure Statement to Chapter 11 Plan of Liquidation* [Docket No. 1609] (as amended, modified, and supplemented, the "**Disclosure Statement**") describes the Plan and contains information to assist you in deciding how to vote. The Disclosure Statement also contains a copy of the Plan (as an exhibit). Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

Please review the Disclosure Statement, the Disclosure Statement Order, the Plan and this ballot carefully before you vote. You may wish to seek legal advice concerning the Plan and your Claim's classification and treatment in it.

Questions. If you have any questions regarding this ballot or the voting procedures or if you do not have a copy of the Disclosure Statement, please contact Gardere Wynne Sewell LLP, Attn: Karen Oliver, 1601 Elm Street, Suite 3000, Dallas, Texas, 75201, Telephone: 214.999.3000.

---

**VOTING DEADLINE**

The Voting Deadline is ~~_____~~, 2010 at 4:00 p.m. If the Chapter 11 Trustee does not timely receive your ballot, it will not be counted. Do not fax or email this ballot to the Chapter 11 Trustee; ballots sent by fax or email will not be counted.

---

**HOW TO VOTE**

1. Complete Item 1 and Item 2.
2. Review the certifications contained in Item 3.
3. **Sign and date the ballot.**
4. Return the original ballot in the enclosed pre-addressed envelope so the Chapter 11 Trustee receives it by the Voting Deadline.

---

**Item 1. Amount of Secured Claim of Happy State Bank Voted.** The Creditor who executes this ballot or on whose behalf this ballot is executed asserts a Secured Claim of Happy State Bank against the Debtor in the following aggregate amount:

| $ |
|---|

**THE CHAPTER 11 TRUSTEE RECOMMENDS THAT YOU ACCEPT THE PLAN.**

**Item 2. Vote on Plan (check only one box).**

☐ ACCEPT (vote FOR) the Plan.     ☐ REJECT (vote AGAINST) the Plan.

**Item 3.** The undersigned certifies that a copy of the Disclosure Statement has been received and reviewed by the undersigned.

Name of Creditor:_____

Social Security or Federal Tax I.D. No.:_____

Signature:_____

Name of Signatory (If other than Creditor):_____

Title (If corporation, partnership, or LLC):_____

Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

Date Completed:_____

Max R. Tarbox (TX 19639950)
TARBOX LAW, P.C.
2301 Broadway
Lubbock, Texas 79401
Phone: 806.686.4448
Fax:  806.368.9785

Stephen A. McCartin (TX 13374700)
Marcus A. Helt (TX 24052187)
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone: 214.999.3000
Facsimile: 214.999.4667

**COUNSEL FOR WALTER
O'CHESKEY, CHAPTER 11 TRUSTEE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| **In re:** | § § § | **Chapter 11** |
| **American Housing Foundation** | § | **Case No.: 09-20232-RLJ** |
| **Debtor.** | § § § | |

### BALLOT FOR ACCEPTING OR REJECTING
### FIRST AMENDED CHAPTER 11 PLAN OF LIQUIDATION

#### Class 11 (Secured Claim of Wells Fargo Bank)

    Walter O'Cheskey, the duly appointed and acting Trustee (the "**Chapter 11 Trustee**") for American Housing Foundation ("**AHF**" or "**Debtor**"), is soliciting votes on his *First Amended Chapter 11 Plan of Liquidation* dated September 13, 2010 [Docket No. 1606] (as amended, modified, and supplemented, the "**Plan**"). This ballot is for the holder of the Class 11 Secured Claim of Wells Fargo Bank. The accompanying *First Amended Disclosure Statement to Chapter 11 Plan of Liquidation* [Docket No. 1609] (as amended, modified, and supplemented, the "**Disclosure Statement**") describes the Plan and contains information to assist you in deciding how to vote. The Disclosure Statement also contains a copy of the Plan (as an exhibit). Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

Please review the Disclosure Statement, the Disclosure Statement Order, the Plan and this ballot carefully before you vote. You may wish to seek legal advice concerning the Plan and your Claim's classification and treatment in it.

Questions. If you have any questions regarding this ballot or the voting procedures or if you do not have a copy of the Disclosure Statement, please contact Gardere Wynne Sewell LLP, Attn: Karen Oliver, 1601 Elm Street, Suite 3000, Dallas, Texas, 75201, Telephone: 214.999.3000.

---

**VOTING DEADLINE**

The Voting Deadline is ⬛⬛⬛⬛⬛⬛⬛⬛, 2010 at 4:00 p.m. If the Chapter 11 Trustee does not timely receive your ballot, it will not be counted. Do not fax or email this ballot to the Chapter 11 Trustee; ballots sent by fax or email will not be counted.

---

**HOW TO VOTE**

1. Complete Item 1 and Item 2.
2. Review the certifications contained in Item 3.
3. **Sign and date the ballot.**
4. Return the original ballot in the enclosed pre-addressed envelope so the Chapter 11 Trustee receives it by the Voting Deadline.

---

**Item 1. Amount of Secured Claim of Wells Fargo Bank Voted.** The Creditor who executes this ballot or on whose behalf this ballot is executed asserts a Secured Claim of Wells Fargo Bank against the Debtor in the following aggregate amount:

> $ _____

**THE CHAPTER 11 TRUSTEE RECOMMENDS THAT YOU ACCEPT THE PLAN.**

**Item 2. Vote on Plan (check only one box).**

☐ ACCEPT (vote FOR) the Plan.          ☐ REJECT (vote AGAINST) the Plan.

**Item 3.** The undersigned certifies that a copy of the Disclosure Statement has been received and reviewed by the undersigned.

Name of Creditor: _____

Social Security or Federal Tax I.D. No.: _____

Signature:_____

Name of Signatory (If other than Creditor):_____

Title (If corporation, partnership, or LLC):_____

Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

Date Completed:_____

Max R. Tarbox (TX 19639950)
TARBOX LAW, P.C.
2301 Broadway
Lubbock, Texas 79401
Phone: 806.686.4448
Fax: 806.368.9785

Stephen A. McCartin (TX 13374700)
Marcus A. Helt (TX 24052187)
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone: 214.999.3000
Facsimile: 214.999.4667

**COUNSEL FOR WALTER
O'CHESKEY, CHAPTER 11 TRUSTEE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| **In re:** | § § § | **Chapter 11** |
| **American Housing Foundation** | § | **Case No.: 09-20232-RLJ** |
| **Debtor.** | § § § | |

## BALLOT FOR ACCEPTING OR REJECTING
## FIRST AMENDED CHAPTER 11 PLAN OF LIQUIDATION

### Class 12 (Secured Claim of Capital One Bank N.A.)

Walter O'Cheskey, the duly appointed and acting Trustee (the **"Chapter 11 Trustee"**) for American Housing Foundation (**"AHF"** or **"Debtor"**), is soliciting votes on his *First Amended Chapter 11 Plan of Liquidation* dated September 13, 2010 [Docket No. 1606] (as amended, modified, and supplemented, the **"Plan"**). This ballot is for the holder of the Class 12 Secured Claim of Capital One Bank N.A. The accompanying *First Amended Disclosure Statement to Chapter 11 Plan of Liquidation* [Docket No. 1609] (as amended, modified, and supplemented, the **"Disclosure Statement"**) describes the Plan and contains information to assist you in deciding how to vote. The Disclosure Statement also contains a copy of the Plan (as an exhibit). Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

**Please review the Disclosure Statement, the Disclosure Statement Order, the Plan and this ballot carefully before you vote.** You may wish to seek legal advice concerning the Plan and your Claim's classification and treatment in it.

**Questions.** If you have any questions regarding this ballot or the voting procedures or if you do not have a copy of the Disclosure Statement, please contact Gardere Wynne Sewell LLP, Attn: Karen Oliver, 1601 Elm Street, Suite 3000, Dallas, Texas, 75201, Telephone: 214.999.3000.

<table>
<tr><td>

**VOTING DEADLINE**

The Voting Deadline is ████████, 2010 at 4:00 p.m. If the Chapter 11 Trustee does not timely receive your ballot, it will not be counted. Do not fax or email this ballot to the Chapter 11 Trustee; ballots sent by fax or email will not be counted.
</td></tr>
</table>

<table>
<tr><td colspan="2">

**HOW TO VOTE**
</td></tr>
<tr><td>1.</td><td>Complete Item 1 and Item 2.</td></tr>
<tr><td>2.</td><td>Review the certifications contained in Item 3.</td></tr>
<tr><td>3.</td><td>**Sign and date the ballot.**</td></tr>
<tr><td>4.</td><td>Return the original ballot in the enclosed pre-addressed envelope so the Chapter 11 Trustee receives it by the Voting Deadline.</td></tr>
</table>

**Item 1. Amount of Secured Claim of Capital One Bank N.A. Voted.** The Creditor who executes this ballot or on whose behalf this ballot is executed asserts a Secured Claim of Capital One Bank N.A. against the Debtor in the following aggregate amount:

$ _____

**THE CHAPTER 11 TRUSTEE RECOMMENDS THAT YOU ACCEPT THE PLAN.**

**Item 2. Vote on Plan (check only one box).**

☐ ACCEPT (vote FOR) the Plan.　　☐ REJECT (vote AGAINST) the Plan.

**Item 3.** The undersigned certifies that a copy of the Disclosure Statement has been received and reviewed by the undersigned.

Name of Creditor: _____

Social Security or Federal Tax I.D. No.: _____

Signature:_____

Name of Signatory (If other than Creditor):_____

Title (If corporation, partnership, or LLC):_____

Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

Date Completed:_____

Max R. Tarbox (TX 19639950)
TARBOX LAW, P.C.
2301 Broadway
Lubbock, Texas 79401
Phone: 806.686.4448
Fax:  806.368.9785

Stephen A. McCartin (TX 13374700)
Marcus A. Helt (TX 24052187)
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone:  214.999.3000
Facsimile:  214.999.4667

**COUNSEL FOR WALTER
O'CHESKEY, CHAPTER 11 TRUSTEE**

<div align="center">

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

</div>

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **American Housing Foundation** | § | **Case No.: 09-20232-RLJ** |
| | § | |
| **Debtor.** | § | |

<div align="center">

**BALLOT FOR ACCEPTING OR REJECTING
FIRST AMENDED CHAPTER 11 PLAN OF LIQUIDATION**

**Class 13 (Other Secured Claims)**

</div>

Walter O'Cheskey, the duly appointed and acting Trustee (the "**Chapter 11 Trustee**") for American Housing Foundation ("**AHF**" or "**Debtor**"), is soliciting votes on his *First Amended Chapter 11 Plan of Liquidation* dated September 13, 2010 [Docket No. 1606] (as amended, modified, and supplemented, the "**Plan**"). This ballot is for holders of Class 13 Other Secured Claims. The accompanying *First Amended Disclosure Statement to Chapter 11 Plan of Liquidation* [Docket No. 1609] (as amended, modified, and supplemented, the "**Disclosure Statement**") describes the Plan and contains information to assist you in deciding how to vote. The Disclosure Statement also contains a copy of the Plan (as an exhibit). Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

**Please review the Disclosure Statement, the Disclosure Statement Order, the Plan and this ballot carefully before you vote.** You may wish to seek legal advice concerning the Plan and your Claim's classification and treatment in it.

**Questions.** If you have any questions regarding this ballot or the voting procedures or if you do not have a copy of the Disclosure Statement, please contact Gardere Wynne Sewell LLP, Attn: Karen Oliver, 1601 Elm Street, Suite 3000, Dallas, Texas, 75201, Telephone: 214.999.3000.

| VOTING DEADLINE |
|---|
| The Voting Deadline is _____, 2010 at 4:00 p.m. If the Chapter 11 Trustee does not timely receive your ballot, it will not be counted. Do not fax or email this ballot to the Chapter 11 Trustee; ballots sent by fax or email will not be counted. |

| HOW TO VOTE |
|---|
| 1.   Complete Item 1 and Item 2. |
| 2.   Review the certifications contained in Item 3. |
| 3.   **Sign and date the ballot.** |
| 4.   Return the original ballot in the enclosed pre-addressed envelope so the Chapter 11 Trustee receives it by the Voting Deadline. |

**Item 1. Amount of Other Secured Claim Voted.** The Creditor who executes this ballot or on whose behalf this ballot is executed asserts an Other Secured Claim against the Debtor in the following aggregate amount:

| $ |
|---|

**THE CHAPTER 11 TRUSTEE RECOMMENDS THAT YOU ACCEPT THE PLAN.**

**Item 2. Vote on Plan (check only one box).**

☐   ACCEPT (vote FOR) the Plan.          ☐   REJECT (vote AGAINST) the Plan.

**Item 3.** The undersigned certifies that a copy of the Disclosure Statement has been received and reviewed by the undersigned.

Name of Creditor:_____

Social Security or Federal Tax I.D. No.:_____

Signature:_____

Name of Signatory (If other than Creditor):_____

Title (If corporation, partnership, or LLC):_____

Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

Date Completed:_____

Max R. Tarbox (TX 19639950)
TARBOX LAW, P.C.
2301 Broadway
Lubbock, Texas 79401
Phone: 806.686.4448
Fax: 806.368.9785

Stephen A. McCartin (TX 13374700)
Marcus A. Helt (TX 24052187)
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone: 214.999.3000
Facsimile: 214.999.4667

**COUNSEL FOR WALTER
O'CHESKEY, CHAPTER 11 TRUSTEE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

|  |  |  |
|---|---|---|
| **In re:** | § | **Chapter 11** |
|  | § |  |
| **American Housing Foundation** | § | **Case No.: 09-20232-RLJ** |
|  | § |  |
| **Debtor.** | § |  |

## BALLOT FOR ACCEPTING OR REJECTING
## FIRST AMENDED CHAPTER 11 PLAN OF LIQUIDATION

### Class 14 (Convenience Claims)

Walter O'Cheskey, the duly appointed and acting Trustee (the **"Chapter 11 Trustee"**) for American Housing Foundation (**"AHF"** or **"Debtor"**), is soliciting votes on his *First Amended Chapter 11 Plan of Liquidation* dated September 13, 2010 [Docket No. 1606] (as amended, modified, and supplemented, the **"Plan"**). This ballot is for holders of Class 14 Convenience Claims. The accompanying *First Amended Disclosure Statement to Chapter 11 Plan of Liquidation* [Docket No. 1609] (as amended, modified, and supplemented, the **"Disclosure Statement"**) describes the Plan and contains information to assist you in deciding how to vote. The Disclosure Statement also contains a copy of the Plan (as an exhibit). Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

Please review the Disclosure Statement, the Disclosure Statement Order, the Plan and this ballot carefully before you vote. You may wish to seek legal advice concerning the Plan and your Claim's classification and treatment in it.

Questions. If you have any questions regarding this ballot or the voting procedures or if you do not have a copy of the Disclosure Statement, please contact Gardere Wynne Sewell LLP, Attn: Karen Oliver, 1601 Elm Street, Suite 3000, Dallas, Texas, 75201, Telephone: 214.999.3000.

---

**VOTING DEADLINE**

The Voting Deadline is ~~_____~~, 2010 at 4:00 p.m. If the Chapter 11 Trustee does not timely receive your ballot, it will not be counted. Do not fax or email this ballot to the Chapter 11 Trustee; ballots sent by fax or email will not be counted.

---

**HOW TO VOTE**

1.   Complete Item 1 and Item 2.
2.   Review the certifications contained in Item 3.
3.   **Sign and date the ballot.**
4.   Return the original ballot in the enclosed pre-addressed envelope so the Chapter 11 Trustee receives it by the Voting Deadline.

---

**Item 1. Amount of Convenience Claim Voted.** The Creditor who executes this ballot or on whose behalf this ballot is executed asserts a Convenience Claim against the Debtor in the following aggregate amount:

$ _____

**THE CHAPTER 11 TRUSTEE RECOMMENDS THAT YOU ACCEPT THE PLAN.**

**Item 2. Vote on Plan (check only one box).**

☐  ACCEPT (vote FOR) the Plan.        ☐  REJECT (vote AGAINST) the Plan.

**Item 3.** The undersigned certifies that a copy of the Disclosure Statement has been received and reviewed by the undersigned.

Name of Creditor:_____

Social Security or Federal Tax I.D. No.:_____

Signature:_____

Name of Signatory (If other than Creditor):_____

Title (If corporation, partnership, or LLC):_____

Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

Date Completed:_____

Max R. Tarbox (TX 19639950)
TARBOX LAW, P.C.
2301 Broadway
Lubbock, Texas 79401
Phone: 806.686.4448
Fax:  806.368.9785

Stephen A. McCartin (TX 13374700)
Marcus A. Helt (TX 24052187)
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone:  214.999.3000
Facsimile:  214.999.4667

**COUNSEL FOR WALTER
O'CHESKEY, CHAPTER 11 TRUSTEE**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| **In re:** | § § § | **Chapter 11** |
| **American Housing Foundation** | § § | **Case No.:  09-20232-RLJ** |
| **Debtor.** | § § | |

**BALLOT FOR ACCEPTING OR REJECTING
<u>FIRST AMENDED CHAPTER 11 PLAN OF LIQUIDATION</u>**

**Class 15 (Soft Money Investor Claims)**

Walter O'Cheskey, the duly appointed and acting Trustee (the **"Chapter 11 Trustee"**) for American Housing Foundation (**"AHF"** or **"Debtor"**), is soliciting votes on his *Chapter 11 Plan of Liquidation* dated September 13, 2010 [Docket No. 1606] (as amended, modified, and supplemented, the **"Plan"**). This ballot is for holders of Class 15 Soft Money Investor Claims. The accompanying *First Amended Disclosure Statement to Chapter 11 Plan of Liquidation* [Docket No. 1609] (as amended, modified, and supplemented, the **"Disclosure Statement"**) describes the Plan and contains information to assist you in deciding how to vote. The Disclosure Statement also contains a copy of the Plan (as an exhibit). Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

**Please review the Disclosure Statement, the Disclosure Statement Order, the Plan and this ballot carefully before you vote.** You may wish to seek legal advice concerning the Plan and your Claim's classification and treatment in it.

**Questions.** If you have any questions regarding this ballot or the voting procedures or if you do not have a copy of the Disclosure Statement, please contact Gardere Wynne Sewell LLP, Attn: Karen Oliver, 1601 Elm Street, Suite 3000, Dallas, Texas, 75201, Telephone: 214.999.3000.

---

**VOTING DEADLINE**

The Voting Deadline is ████████████, 2010 at 4:00 p.m. If the Chapter 11 Trustee does not timely receive your ballot, it will not be counted. Do not fax or email this ballot to the Chapter 11 Trustee; ballots sent by fax or email will not be counted.

---

**HOW TO VOTE**

1.  Complete Item 1 and Item 2.
2.  Review the certifications contained in Item 3.
3.  **Sign and date the ballot.**
4.  Return the original ballot in the enclosed pre-addressed envelope so the Chapter 11 Trustee receives it by the Voting Deadline.

---

**Item 1. Amount of Soft Money Investor Claim Voted.** The Creditor who executes this ballot or on whose behalf this ballot is executed asserts a Soft Money Investor Claim against the Debtor in the following aggregate amount:

$ _____

**THE CHAPTER 11 TRUSTEE RECOMMENDS THAT YOU ACCEPT THE PLAN.**

**Item 2. Vote on Plan (check only one box).**

☐ ACCEPT (vote FOR) the Plan.   ☐ REJECT (vote AGAINST) the Plan.

**Item 3.** The undersigned certifies that a copy of the Disclosure Statement has been received and reviewed by the undersigned.

Name of Creditor:_____

Social Security or Federal Tax I.D. No.:_____

Signature:_____

Name of Signatory (If other than Creditor):_____

Title (If corporation, partnership, or LLC):_____

Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

Date Completed:_____

Max R. Tarbox (TX 19639950)
TARBOX LAW, P.C.
2301 Broadway
Lubbock, Texas 79401
Phone: 806.686.4448
Fax: 806.368.9785

Stephen A. McCartin (TX 13374700)
Marcus A. Helt (TX 24052187)
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone: 214.999.3000
Facsimile: 214.999.4667

**COUNSEL FOR WALTER
O'CHESKEY, CHAPTER 11 TRUSTEE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **American Housing Foundation** | § | **Case No.: 09-20232-RLJ** |
| | § | |
| **Debtor.** | § | |
| | § | |

## BALLOT FOR ACCEPTING OR REJECTING
## FIRST AMENDED CHAPTER 11 PLAN OF LIQUIDATION

### Class 16 (Project Partnership-Related Guaranty Claims)

Walter O'Cheskey, the duly appointed and acting Trustee (the "**Chapter 11 Trustee**") for American Housing Foundation ("**AHF**" or "**Debtor**"), is soliciting votes on his *First Amended Chapter 11 Plan of Liquidation* dated September 13, 2010 [Docket No. 1606] (as amended, modified, and supplemented, the "**Plan**"). This ballot is for holders of Class 16 Project Partnership-Related Guaranty Claims. The accompanying *First Amended Disclosure Statement to Chapter 11 Plan of Liquidation* [Docket No. 1609] (as amended, modified, and supplemented, the "**Disclosure Statement**") describes the Plan and contains information to assist you in deciding how to vote. The Disclosure Statement also contains a copy of the Plan (as an exhibit). Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

**Please review the Disclosure Statement, the Disclosure Statement Order, the Plan and this ballot carefully before you vote.** You may wish to seek legal advice concerning the Plan and your Claim's classification and treatment in it.

**Questions.** If you have any questions regarding this ballot or the voting procedures or if you do not have a copy of the Disclosure Statement, please contact Gardere Wynne Sewell LLP, Attn: Karen Oliver, 1601 Elm Street, Suite 3000, Dallas, Texas, 75201, Telephone: 214.999.3000.

| VOTING DEADLINE |
|---|
| The Voting Deadline is ~~_____~~, 2010 at 4:00 p.m. If the Chapter 11 Trustee does not timely receive your ballot, it will not be counted. Do not fax or email this ballot to the Chapter 11 Trustee; ballots sent by fax or email will not be counted. |

| HOW TO VOTE | |
|---|---|
| 1. | Complete Item 1 and Item 2. |
| 2. | Review the certifications contained in Item 3. |
| 3. | **Sign and date the ballot.** |
| 4. | Return the original ballot in the enclosed pre-addressed envelope so the Chapter 11 Trustee receives it by the Voting Deadline. |

**Item 1. Amount of Project Partnership-Related Guaranty Claim Voted.** The Creditor who executes this ballot or on whose behalf this ballot is executed asserts a Project Partnership-Related Guaranty Claim against the Debtor in the following aggregate amount:

| $ |
|---|

**THE CHAPTER 11 TRUSTEE RECOMMENDS THAT YOU ACCEPT THE PLAN.**

**Item 2. Vote on Plan (check only one box).**

☐ ACCEPT (vote FOR) the Plan.　　　☐ REJECT (vote AGAINST) the Plan.

**Item 3.** The undersigned certifies that a copy of the Disclosure Statement has been received and reviewed by the undersigned.

Name of Creditor:_____

Social Security or Federal Tax I.D. No.:_____

Signature:_____

Name of Signatory (If other than Creditor):_____

Title (If corporation, partnership, or LLC):_____

Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

Date Completed:_____

Max R. Tarbox (TX 19639950)
TARBOX LAW, P.C.
2301 Broadway
Lubbock, Texas 79401
Phone: 806.686.4448
Fax: 806.368.9785

Stephen A. McCartin (TX 13374700)
Marcus A. Helt (TX 24052187)
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone: 214.999.3000
Facsimile: 214.999.4667

**COUNSEL FOR WALTER**
**O'CHESKEY, CHAPTER 11 TRUSTEE**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **American Housing Foundation** | § | **Case No.: 09-20232-RLJ** |
| | § | |
| **Debtor.** | § | |

**BALLOT FOR ACCEPTING OR REJECTING**
**FIRST AMENDED CHAPTER 11 PLAN OF LIQUIDATION**

**Class 17 (General Unsecured Claims)**

Walter O'Cheskey, the duly appointed and acting Trustee (the "**Chapter 11 Trustee**") for American Housing Foundation ("**AHF**" or the "**Debtor**"), is soliciting votes on his *First Amended Chapter 11 Plan of Liquidation* dated September 13, 2010 [Docket No. 1606] (as amended, modified, and supplemented, the "**Plan**"). This ballot is for holders of Class 17 General Unsecured Claims. The accompanying *First Amended Disclosure Statement to Chapter 11 Plan of Liquidation* [Docket No. 1609] (as amended, modified, and supplemented, the "**Disclosure Statement**") describes the Plan and contains information to assist you in deciding how to vote. The Disclosure Statement also contains a copy of the Plan (as an exhibit). Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

Please review the Disclosure Statement, the Disclosure Statement Order, the Plan and this ballot carefully before you vote. You may wish to seek legal advice concerning the Plan and your Claim's classification and treatment in it.

Questions. If you have any questions regarding this ballot or the voting procedures or if you do not have a copy of the Disclosure Statement, please contact Gardere Wynne Sewell LLP, Attn: Karen Oliver, 1601 Elm Street, Suite 3000, Dallas, Texas, 75201, Telephone: 214.999.3000.

---

**VOTING DEADLINE**

The Voting Deadline is ▨▨▨▨▨▨▨, 2010 at 4:00 p.m. If the Chapter 11 Trustee does not timely receive your ballot, it will not be counted. Do not fax or email this ballot to the Chapter 11 Trustee; ballots sent by fax or email will not be counted.

---

**HOW TO VOTE**

1. Complete Item 1 and Item 2.
2. Complete Item 3 if you desire to make the Convenience Claim Election.
3. Review the certifications contained in Item 4.
4. **Sign and date the ballot.**
5. Return the original ballot in the enclosed pre-addressed envelope so the Chapter 11 Trustee receives it by the Voting Deadline.

---

**Item 1. Amount of General Unsecured Claim Voted.** The Creditor who executes this ballot or on whose behalf this ballot is executed asserts a General Unsecured Claim against the Debtor in the following aggregate amount:

$ _____

**THE CHAPTER 11 TRUSTEE RECOMMENDS THAT YOU ACCEPT THE PLAN.**

**Item 2. Vote on Plan (check only one box).**

☐ ACCEPT (vote FOR) the Plan.          ☐ REJECT (vote AGAINST) the Plan.

**Item 3. Convenience Claim Election.** Each holder of an General Unsecured Claim in Class 17 may elect to have such Class 17 Claim **reduced to $100,000** (to the extent such Claim exceeds $50,000) and treated as a Class 14 Convenience Claim under the Plan. Holders of Class 14 Convenience Claims shall receive 25% of their Convenience Claim from the net proceeds of the Trust Assets within thirty (30) days of the Effective Date in **full satisfaction, release, and**

**discharge** of and exchange for the Convenience Claim. Such election shall be indicated by checking the box below marked "Make the Convenience Claim Election." If the box below is not checked, such holder will receive the treatment specified for Class 17 General Unsecured Claims under the Plan.

☐    **Make the Convenience Claim Election.**

**Item 4.** The undersigned certifies that a copy of the Disclosure Statement has been received and reviewed by the undersigned.

Name of Creditor:_____

Social Security or Federal Tax I.D. No.:_____

Signature:_____

Name of Signatory (If other than Creditor):_____

Title (If corporation, partnership, or LLC):_____

Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

Date Completed:_____

Max R. Tarbox (TX 19639950)
TARBOX LAW, P.C.
2301 Broadway
Lubbock, Texas 79401
Phone: 806.686.4448
Fax: 806.368.9785

Stephen A. McCartin (TX 13374700)
Marcus A. Helt (TX 24052187)
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone: 214.999.3000
Facsimile: 214.999.4667

**COUNSEL FOR WALTER**
**O'CHESKEY, CHAPTER 11 TRUSTEE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| **In re:** | § § § | **Chapter 11** |
| **American Housing Foundation** | § § | **Case No.: 09-20232-RLJ** |
| **Debtor.** | § § | |

## BALLOT FOR ACCEPTING OR REJECTING
## <u>FIRST AMENDED CHAPTER 11 PLAN OF LIQUIDATION</u>

### Class 18 (Subordinated Claims)

Walter O'Cheskey, the duly appointed and acting Trustee (the "**Chapter 11 Trustee**") for American Housing Foundation ("**AHF**" or "**Debtor**"), is soliciting votes on his *First Amended Chapter 11 Plan of Liquidation* dated September 13, 2010 [Docket No. 1606] (as amended, modified, and supplemented, the "**Plan**"). This ballot is for holders of Class 18 Subordinated Claims. The accompanying *First Amended Disclosure Statement to Chapter 11 Plan of Liquidation* [Docket No. 1609] (as amended, modified, and supplemented, the "**Disclosure Statement**") describes the Plan and contains information to assist you in deciding how to vote. The Disclosure Statement also contains a copy of the Plan (as an exhibit). Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

**Please review the Disclosure Statement, the Disclosure Statement Order, the Plan and this ballot carefully before you vote.** You may wish to seek legal advice concerning the Plan and your Claim's classification and treatment in it.

**Questions.** If you have any questions regarding this ballot or the voting procedures or if you do not have a copy of the Disclosure Statement, please contact Gardere Wynne Sewell LLP, Attn: Karen Oliver, 1601 Elm Street, Suite 3000, Dallas, Texas, 75201, Telephone: 214.999.3000.

<div style="border:1px solid">

**VOTING DEADLINE**

The Voting Deadline is ▓▓▓▓▓▓▓, 2010 at 4:00 p.m. If the Chapter 11 Trustee does not timely receive your ballot, it will not be counted. Do not fax or email this ballot to the Chapter 11 Trustee; ballots sent by fax or email will not be counted.

</div>

<div style="border:1px solid">

**HOW TO VOTE**

1. Complete Item 1 and Item 2.
2. Review the certifications contained in Item 3.
3. **Sign and date the ballot.**
4. Return the original ballot in the enclosed pre-addressed envelope so the Chapter 11 Trustee receives it by the Voting Deadline.

</div>

**Item 1. Amount of Subordinated Claim Voted.** The Creditor who executes this ballot or on whose behalf this ballot is executed asserts a Subordinated Claim against the Debtor in the following aggregate amount:

$ _____

**THE CHAPTER 11 TRUSTEE RECOMMENDS THAT YOU ACCEPT THE PLAN.**

**Item 2. Vote on Plan (check only one box).**

☐ ACCEPT (vote FOR) the Plan.      ☐ REJECT (vote AGAINST) the Plan.

**Item 3.** The undersigned certifies that a copy of the Disclosure Statement has been received and reviewed by the undersigned.

Name of Creditor: _____

Social Security or Federal Tax I.D. No.: _____

Signature:_____

Name of Signatory (If other than Creditor):_____

Title (If corporation, partnership, or LLC):_____

Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

Date Completed:_____

<u>Exhibit B</u>
Notice of Non-Voting Status

Max R. Tarbox (TX 19639950)
TARBOX LAW, P.C.
2301 Broadway
Lubbock, Texas 79401
Phone: 806.686.4448
Fax: 806.368.9785

Stephen A. McCartin (TX 13374700)
Marcus A. Helt (TX 24052187)
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone: 214.999.3000
Facsimile: 214.999.4667

**COUNSEL FOR WALTER
O'CHESKEY, CHAPTER 11 TRUSTEE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

|  |  |  |
|---|---|---|
| **In re:** | § § § | **Chapter 11** |
| **American Housing Foundation** | § § | **Case No.: 09-20232-RLJ** |
| **Debtor.** | § § | |

## NOTICE OF NON-VOTING STATUS

On[⬚⬚⬚⬚⬚⬚⬚⬚] 2010, the United States Bankruptcy Court for the Northern District of Texas, Amarillo Division (the "**Court**") entered its *Order (I) Approving First Amended Disclosure Statement to First Amended Chapter 11 Plan of Liquidation; (II) Approving the Procedures to Solicit Acceptances of the Plan; (III) Scheduling a Hearing and Establishing Notice and Objection Procedures for Confirmation of the Plan; and (IV) Authorizing Other Relief Related to Plan Solicitation and Confirmation* (the "**Disclosure Statement Order**"). Among other things, the Disclosure Statement Order approved the *First Amended Disclosure Statement to Chapter 11 Plan of Liquidation* [Docket No. 1609] (as modified, amended, and supplemented, the "**Disclosure Statement**") filed by Walter O'Cheskey, the duly appointed and acting Trustee (the "**Chapter 11 Trustee**") for American Housing Foundation ("**AHF**" or "**Debtor**"). In the Disclosure Statement Order, the Court found that the Disclosure Statement contains adequate information within the meaning of section 1125 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et. seq.* (the "**Bankruptcy Code**"). You are being provided this notice with respect to the *First Amended Chapter 11 Plan of Liquidation* [Docket No. 1606] (as modified, amended, and supplemented, the "**Plan**").

Under the Plan, your Claim has been classified in Class 1 or 2; therefore, you hold an unimpaired claim that will be paid in full to the extent such Claim is Allowed. **Holders of unimpaired claims, such as yourself, are not entitled to vote on the Plan.** Pursuant to the Disclosure Statement Order, you are being provided with a Non-Voting Package, which includes a copy of the Disclosure Statement Order, the Disclosure Statement, the Plan, this notice. The Disclosure Statement Order, Disclosure Statement, and Plan are provided in the enclosed CD. If you prefer to receive a hard copy of the Disclosure Statement Order, Disclosure Statement, of Plan, you may obtain the Non-Voting Package (including the Disclosure Statement) at no cost to you by writing to Gardere Wynne Sewell LLP, Attn: Karen Oliver, 1601 Elm Street, Suite 3000, Dallas, Texas, 75201, Telephone: 214.999.3000.

The Court has set _____, 2010, at _____ .m., (CDT), as the date and time for the hearing on confirmation of the Plan and to consider any objections to the Plan. The confirmation hearing will be held in the courtroom of the Honorable Judge Robert L. Jones at the United States Bankruptcy Court, 624 South Polk, Room 100, Amarillo, Texas. This hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date(s) at the hearing, and thereafter, at any adjourned hearing(s). In addition, the Plan may be modified without further notice prior to or as a result of the confirmation hearing, and thereafter, as otherwise provided in the Bankruptcy Code.

_____, 2010 at _____ .m., (CDT) (the **"Objection Deadline"**) is fixed as the last day for filing with the Court written objections to the confirmation of the Plan and for serving such objections, by first-class United States mail, on the parties entitled to notice of such objection in this case, and by hand delivery, electronic mail, or facsimile on the following parties at the following addresses or facsimile numbers so as to be actually received on or before the Objection Deadline:

*Counsel to the Chapter 11 Trustee:*

Max R. Tarbox (TX 19639950)
TARBOX LAW, P.C.
2301 Broadway
Lubbock, Texas 79401
Phone: 806.686.4448
Fax: 806.368.9785

Stephen A. McCartin (TX 13374700)
Marcus A. Helt (TX 24052187)
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone: 214.999.3000
Facsimile: 214.999.4667

*United States Trustee:*

Mary Frances Durham
1100 Commerce Street, Room 976
Dallas, Texas 75242
Telephone: 214.767.8967

Any objection to confirmation of the Plan must be in writing and (a) must state the name and address of the objecting party and the amount of its Claim or the nature of its Interest and (b) must state with particularity the nature of its objection. **Any confirmation objection not timely filed and served as set forth herein shall be deemed waived and shall not be considered by the Court.**

Dated: September 13, 2010

Respectfully submitted,

*/s/ Max Tarbox*
Max R. Tarbox (TX 19639950)
Tarbox Law, P.C.
2301 Broadway
Lubbock, Texas 79401
Phone: 806.686.4448
Fax: 806.368.9785

and

*/s/ Marcus A. Helt*
Stephen A. McCartin (TX 13374700)
Marcus A. Helt (TX 24052187)
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone: 214.999.3000
Facsimile: 214.999.4667

COUNSEL FOR WALTER O'CHESKEY,
CHAPTER 11 TRUSTEE

<u>Exhibit C</u>
Confirmation Hearing Notice

FIRST AMENDED MOTION TO APPROVE FIRST AMENDED DISCLOSURE STATEMENT
TO FIRST AMENDED CHAPTER 11 PLAN OF LIQUIDATION – Page 25

Max R. Tarbox (TX 19639950)
TARBOX LAW, P.C.
2301 Broadway
Lubbock, Texas 79401
Phone: 806.686.4448
Fax: 806.368.9785

Stephen A. McCartin (TX 13374700)
Marcus A. Helt (TX 24052187)
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone: 214.999.3000
Facsimile: 214.999.4667

**COUNSEL FOR WALTER
O'CHESKEY, CHAPTER 11 TRUSTEE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **American Housing Foundation** | § | **Case No.: 09-20232-RLJ** |
| | § | |
| **Debtor.** | § | |

## CONFIRMATION HEARING NOTICE

On        , 2010, the United States Bankruptcy Court for the Northern District of Texas, Amarillo Division (the "**Court**") entered its *Order (I) Approving First Amended Disclosure Statement to First Amended Chapter 11 Plan of Liquidation; (II) Approving the Procedures to Solicit Acceptances of the Plan; (III) Scheduling a Hearing and Establishing Notice and Objection Procedures for Confirmation of the Plan; and (IV) Authorizing Other Relief Related to Plan Solicitation and Confirmation* (the "**Disclosure Statement Order**"). Among other things, the Disclosure Statement Order approved the *First Amended Disclosure Statement to Chapter 11 Plan of Liquidation* [Docket No. 1609] (as modified, amended, and supplemented, the "**Disclosure Statement**") filed by Walter O'Cheskey, the duly appointed and acting Trustee (the "**Chapter 11 Trustee**") for American Housing Foundation ("**AHF**" or "**Debtor**"). In the Disclosure Statement Order, the Court found that the Disclosure Statement contains adequate information within the meaning of section 1125 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et. seq.* (the "**Bankruptcy Code**"). You are being provided this notice with respect to the *First Amended Chapter 11 Plan of Liquidation* [Docket No. 1606] (as modified, amended, and supplemented, the "**Plan**").

The Court has set ▓▓▓▓▓▓▓▓▓▓▓, 2010, at 4:00 p.m. (CDT), as the date and time for the hearing on confirmation of the Plan and to consider any objections to the Plan. The confirmation hearing will be held in the courtroom of the Honorable Judge Robert L. Jones at the United States Bankruptcy Court, 624 South Polk, Room 100, Amarillo, Texas. This hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date(s) at the hearing, and thereafter, at any adjourned hearing(s). In addition, the Plan may be modified without further notice prior to or as a result of the confirmation hearing, and thereafter, as otherwise provided in the Bankruptcy Code.

▓▓▓▓▓▓▓▓▓▓▓, 2010, at 4:00 p.m., (CDT) (the "**Objection Deadline**") is fixed as the last day for filing with the Court written objections to the confirmation of the Plan and for serving such objections, by first-class United States mail, on the parties entitled to notice of such objection in this case, and by hand delivery, electronic mail or facsimile on the following parties at the following addresses or facsimile numbers so as to be *actually received* on or before the Objection Deadline:

*Counsel to the Chapter 11 Trustee*:

Max R. Tarbox (TX 19639950)
TARBOX LAW, P.C.
2301 Broadway
Lubbock, Texas 79401
Phone: 806.686.4448
Fax:  806.368.9785

Stephen A. McCartin (TX 13374700)
Marcus A. Helt (TX 24052187)
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas  75201-4761
Telephone:  214.999.3000
Facsimile:  214.999.4667

*United States Trustee*:

Mary Frances Durham
1100 Commerce Street, Room 976
Dallas, Texas 75242
Telephone: 214.767.8967

Any objection to confirmation of the Plan must be in writing and (a) must state the name and address of the objecting party and the amount of its Claim or the nature of its Interest and (b) must state with particularity the nature of its objection. **Any confirmation objection not timely filed and served as set forth herein shall be deemed waived and shall not be considered by the Court.**

Creditors with Claims against the Debtor as of April 9, 2009, that are reflected in the Debtor's books and records as of ▓▓▓▓▓▓▓▓▓, 2010 (the "**Voting Record Date**") are the Creditors of record and are entitled to vote. Creditors entitled to vote on the Plan are receiving Ballots. If you are one such Creditor, a Ballot is enclosed for you to vote to accept or reject the Plan. Your vote is important. The Court will consider votes of Creditors when determining whether to approve and confirm the Plan. Only Ballots properly completed, executed, and

delivered pursuant to the instructions set forth on the Ballot and in compliance with the Disclosure Statement Order will be counted.[1]

The Bankruptcy Court has fixed         , 2010, at 4:00 p.m. (CDT) (the "**Voting Deadline**"), as the deadline for the receipt of Ballots evidencing the votes accepting or rejecting the Plan. If you are entitled to vote on the Plan, refer to the Disclosure Statement, the Disclosure Statement Order, and the enclosed Ballot for further instructions concerning voting and the Voting Deadline.

The Disclosure Statement, with the Plan attached thereto, the Disclosure Statement Order, and certain related disclosure materials have been mailed to Creditors and other parties-in-interest at their addresses last known to the Chapter 11 Trustee. The Disclosure Statement, Plan, and Disclosure Statement Order may be provided to you on a CD. If you receive a CD and you prefer to receive a hard copy of Disclosure Statement, Plan, and Disclosure Statement Order or if you are a Creditor of the Debtor or a party in interest and have not received the appropriate Package, you may obtain such Package (including the Disclosure Statement, Plan, and Disclosure Statement Order) at no cost to you by writing to Gardere Wynne Sewell LLP, Attn: Karen Oliver, 1601 Elm Street, Suite 3000, Dallas, Texas, 75201, Telephone: 214.999.3000.

Dated: September 13, 2010

Respectfully submitted,

*/s/ Max Tarbox*
Max R. Tarbox (TX 19639950)
Tarbox Law, P.C.
2301 Broadway
Lubbock, Texas 79401
Phone: 806.686.4448
Fax: 806.368.9785

and

*/s/ Marcus A. Helt*
Stephen A. McCartin (TX 13374700)
Marcus A. Helt (TX 24052187)
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone: 214.999.3000
Facsimile: 214.999.4667
COUNSEL FOR WALTER O'CHESKEY,
CHAPTER 11 TRUSTEE

---

[1] Nothing herein shall be deemed to waive the Chapter 11 Trustee's right to (a) object or raise any issue with respect to any Ballot or vote cast thereunder, or (b) object or raise any issue with respect to any proof of Claim filed in this case.

## Exhibit D
### Solicitation Letter

FIRST AMENDED MOTION TO APPROVE FIRST AMENDED DISCLOSURE STATEMENT
TO FIRST AMENDED CHAPTER 11 PLAN OF LIQUIDATION – Page 26

DALLAS 2152608v 11

Dear Sir/Madam:

## THIS LETTER IS IMPORTANT.  PLEASE READ IT BECAUSE YOUR RIGHTS IN THE AMERICAN HOUSING FOUNDATION BANKRUPTCY CASE MAY BE AFFECTED.

You are receiving this letter because you may be owed money from American Housing Foundation ("AHF").  As you may know, AHF is currently a chapter 11 debtor in a bankruptcy case pending before the Honorable Robert L. Jones in the United States Bankruptcy Court for the Northern District of Texas (Amarillo Division) (the "**Bankruptcy Court**"), Case No. 09-20232.

In the bankruptcy case, two different bankruptcy plans have been proposed.  The bankruptcy plans are intended to govern (a) how AHF will exit from bankruptcy and (b) how AHF's creditors will be paid.  Only one of those plans can be approved by the Bankruptcy Court. I filed one of those bankruptcy plans.

My plan is referred to as the *Chapter 11 Trustee's First Amended Chapter 11 Plan of Liquidation* (the "**Trustee Plan**").  The other plan was filed by the Official Committee of Unsecured Creditors (the "**Committee**").  That plan is referred to as the *Official Committee of Unsecured Creditors First Amended Plan of Reorganization* (the "**Committee Plan**").

You are entitled to cast a vote to tell the Bankruptcy Court whether you accept or reject the two competing bankruptcy plans.  Before you vote, you should know that I believe that the **Trustee Plan** is the best option for legitimate creditors.  As a result, I believe you should **VOTE FOR** the Trustee Plan and **VOTE AGAINST** the Committee Plan.  (A package of materials describing how, when, and where to cast your vote is enclosed with this letter.)

Before I explain why you should **VOTE FOR** the Trustee Plan, I want to tell you (a) why I am involved in AHF's bankruptcy case, (b) why I am qualified to tell you that the Trustee Plan is, in my opinion, the best for legitimate creditors, (c) what I have accomplished in AHF's bankruptcy case, (d) why you should reject the Committee's Plan, and (e) why the Trustee Plan is better for the creditors than the Committee's Plan.

## WHY AM I INVOLVED IN THE AHF BANKRUPTCY CASE

In early 2010, unhappy with the direction of AHF's bankruptcy case, a creditor—Texas Capital Bank ("**TCB**")—asked the federal judge overseeing this bankruptcy case to appoint "an independent trustee to take over AHF," "investigate . . . insider transactions," and "to prevent . . . the Committee from taking control of AHF to further their interests at the expense of AHF's other creditors."

The Committee opposed TCB's request, arguing that, "given the complex nature of AHF's business and tangled web of fraud . . ., a trustee and his counsel would have a steep and expensive learning curve."

1

The federal judge disagreed with the Committee, finding that the appointment of chapter 11 trustee was in the best interests of the bankruptcy estate and the creditors, and ordering that the appointment of a chapter 11 trustee. The United States Trustee's Office appointed me as the chapter 11 trustee, and the federal judge approved my appointment one day later on April 29, 2010.

As the chapter 11 trustee appointed by the federal court, I am the only party involved in this bankruptcy case that is not owed money by AHF or its related companies. I do not own any interest in AHF or its related companies. I have no score to settle. I have no axe to grind. I have no private agenda. My only objective is to maximize the amount of money to be paid to all legitimate creditors. I am truly independent. In my opinion, that independence is reflected in the Trustee Plan, which treats all creditors fairly and offers the greatest opportunity for creditors to receive a recovery on their claims. That is why I believe you should vote for the Trustee Plan.

Since my appointment as chapter 11 trustee, I have devoted substantially all of my time trying to (a) understand this case, (b) expose the fraudulent tax scheme perpetrated by former members of AHF's management team, and (c) develop a bankruptcy-exit plan solely designed to maximize the amount of money paid to all creditors, and not to further a private agenda. I believe that I have developed that plan. That plan is the Trustee Plan, and it is the best possible plan available to maximize the money to be paid to creditors. If you want to maximize the money to be paid to legitimate creditors, you should vote in favor of the Trustee Plan and against the Committee Plan.

## WHY I AM QUALIFIED

My name is Walter O'Cheskey. I am a chapter 13 and chapter 11 bankruptcy trustee. I have been a bankruptcy trustee for twenty-five years. During that [25-year period], I have been appointed by the United States Justice Department to oversee [       ] cases. That appointment has been approved by the bankruptcy court every time. To be approved as a bankruptcy trustee, I had to pass a complete background check, and the federal government had to determine that I possess a high degree of skill, professionalism, and ethics. When I am a bankruptcy trustee, I work hard to maximize the money to be paid to creditors. I believe that hard work has provided true value to creditors.

I am also a certified fraud examiner. I have been a certified fraud examiner for [fifteen years]. As a certified fraud examiner, I am a specialist in detecting and deterring a wide variety of crimes and fraudulent schemes. All certified fraud examiners must meet rigorous standards for certification and must possess the highest moral and ethical standards used in business. During my [15-year] career as a certified fraud examiner, I have analyzed and exposed several different fraudulent schemes.

2

## WHAT I HAVE ACCOMPLISHED IN THE AHF BANKRUPTCY CASE

In this case, I have utilized my experience and expertise as a bankruptcy trustee to (a) stabilize AHF's operations, (b) calm angry creditors by openly communicating about the bankruptcy process, (c) establish a time table to wind down operations and orderly liquidate property, and (d) develop a bankruptcy plan that, in my opinion, is designed to maximize the amount of money to be paid to all legitimate creditors as fast as reasonably possible.

In addition, I utilized my experience and expertise as a certified fraud examiner to investigate and uncover a massive tax scheme apparently engineered by Steve Sterquell ("**Sterquell**"), the founder and former president of AHF. Under this complex tax structure, Sterquell manufactured illegitimate tax deductions and tax basis to provide his soft-money[1] partners with illegitimate tax deductions and tax savings. In some cases, these soft-money investors received illegitimate tax deductions several times greater than the amount invested – *e.g.*, sometimes 4 to 12 times more than that amount – so that they could avoid paying federal income tax.

During my investigation, I discovered facts that I believe show that [three] members of the Committee participated in Sterquell's illegitimate tax scheme, and that all or a portion of their alleged claims filed against AHF are based on that scheme. Because of this participation, I recently sued these [three] members in the bankruptcy court, asking the bankruptcy court to disallow or, at least, based on fairness, subordinate all of their claims below/behind claims of legitimate creditors. If I am successful, the claims of all legitimate creditors [would be paid in full] before any money is paid to soft-money investors. I am currently investigating other alleged claims filed against AHF that I believe are also based on this illegitimate tax scheme.

The party who will control these lawsuits in the future depends on which competing plan is approved by the bankruptcy court. If you do not vote against the Committee Plan, and it is approved by the bankruptcy court, a person selected and supervised by the Committee (and its soft-money members) will exert *de facto control of that lawsuit*. If the Trustee Plan is approved, I will control that lawsuit.

## WHY YOU SHOULD VOTE AGAINST THE COMMITTEE'S PLAN

In a normal bankruptcy case, a creditors committee consists of legitimate unsecured creditors with no private agenda. In addition, counsel to a creditors committee is not normally motivated primarily by the interests of the individual members of the committee. Instead, counsel to a creditors committee is normally free to investigate and challenge, if necessary, all claims filed against the debtor. This is not the normal bankruptcy case. In this case, I believe:

---

[1] A "soft-money" investment is commonly used to refer to an equity investment *not* for the purpose of acquiring real property but rather allegedly to provide temporary funds in support of pre-acquisition and pre-development expenses (*i.e.*, "**soft costs**") associated with an expected acquisition, rehabilitation, or refinance of real property.

3

a. The Committee is not controlled by legitimate unsecured creditors. Instead, it is now or has been until recently dominated by three "soft-money" partners of Sterquell who hold illegitimate claims against AHF. In my opinion, this is improper.

b. These members of the Committee have a private agenda. They want to use their controlling position on the Committee to prevent an independent third party – like me – from investigating and challenging their bogus claims. They want to resist any effort by me or any other independent third party to prevent them from controlling this case now and in the future. For example, when a "non-soft-money investor" Committee member criticized the legitimacy of the soft-money claims and the Committee Plan, the other members of the Committee and its counsel excluded that member from meetings and discussions regarding this case. In my opinion, this is improper.

c. Because of its relationships with certain creditors, including soft-money investors, counsel for the Committee cannot investigate or challenge $58.7 million of the $72 million of unsecured claims filed in this case. As a result of that conflict, the Committee's counsel has not determined what is or is not in the best interests of *all* creditors. Yet, despite no such determination, that counsel filed the Committee Plan. In my opinion, this is improper.

Based on those facts alone, it is my opinion that the Committee Plan should be rejected by creditors. I do not believe that the Committee Plan is designed to maximize value for legitimate creditors. Instead, I believe that it is designed to further the private agenda of the soft-money investors. For example, under the Committee Plan:

a. All assets of AHF will ultimately be liquidated. Liquidation is not a problem. An orderly liquidation is necessary in this case. The problem is that a people responsible for that liquidation will be selected by the Committee and will control that liquidation *without* supervision from the bankruptcy court.

b. All proceeds of the liquidation will be used to pay unsecured creditors. This is not the problem. That is what must happen. The problem is that the person making the payments will be hand picked by the Committee and will make the payments without supervision from the bankruptcy court. Because that person – the liquidating trustee – is handpicked by the soft-

4

money investors who (I believe) have inferior claims (if they have claims at all) to legitimate unsecured creditors, he will not be free from soft-money-investor influence. So he should not have this control.

c. That same liquidating trustee will lead the investigation of all claims filed against AHF, *including the investigation into the validity of the claims filed against AHF by the soft-money investors*.

d. That same liquidating trustee will hire and fire legal counsel employed to assist the liquidating trustee in fulfilling his fiduciary duties to all creditors.

e. The liquidating trustee is not only selected by the Committee, but he will be controlled by the "Oversight Committee." This Oversight Committee is simply a continuation of the Committee. Its members are the same members on the Committee. So, like the Committee in this bankruptcy case, the Oversight Committee will be controlled by soft-money investors. This control *will not* be supervised or kept in check by the *federal judge supervising the bankruptcy case*.

f. In essence, I fear that the Committee Plan allows soft-money investors to continue to overwhelm the process and have ultimate control over all aspects of the liquidation of assets and payments to unsecured creditors. Given their participation in the illegitimate tax scheme noted above, the soft-money investors should not control any part of this case before or after confirmation of a bankruptcy plan.

In addition to its primary purpose, the Committee Plan has other problems. For example, the Committee's Plan is unworkable because it unrealistically promises a $0.22 dividend to be paid within ninety (90) days after the plan is approved. The current unsecured claims filed against the bankruptcy estate equal $130 million. To achieve a $0.22 dividend payable within that promised 90-day period, *$60 million of unsecured claims* must be eliminated.

In my opinion, there is very little chance that the liquidating trustee appointed by the Committee's Plan can eliminate $60 million of unsecured claims within 90 days. He will be new to the complex case, and will not have time to digest its complicated set of facts. In addition, he cannot rely on the Committee's lawyers for assistance. They have said that they have not investigated or evaluated $58.7 million of unsecured claims. So the new liquidating trustee will need to understand the facts himself and hire a lawyer to help him object to and eliminate $60 million of unsecured claims in very short order. I do not believe that is possible.

5

To ensure that the value of the assets available for payments to legitimate unsecured creditors is maximized, I believe that all creditors should vote to reject the Committee Plan.

## WHY YOU SHOULD VOTE IN FAVOR OF THE TRUSTEE PLAN

The Trustee Plan is similar but not identical to the Committee's Plan. Simply put, the only material difference between the two plans can be summarized with one word: Control. In my opinion, the disagreement over this control can be briefly explained as follows:

- In the Committee Plan, there is no independent third party to liquidate assets valued at over $27 million and make payments to creditors. The proposed "plan agent" and "liquidating trustee" will be selected by soft-money investors noted above. In my opinion, neither the plan agent nor the liquidating trustee will ever be free of soft-money influence. I believe that the soft-money influence has a private agenda to avoid any investigation into their bogus claims and not to maximize the money paid to legitimate unsecured claims.

- In the Trustee Plan, soft-money influence does not exist. I am a independent third party that was appointed by the federal government. I will report to the federal bankruptcy court. My only agenda is to maximize the money paid to legitimate unsecured creditors and not to avoid any investigation into soft-money-investor claims.

- In the Committee Plan, the liquidating trustee will be supervised and controlled by the same 3 members who I believe filed bogus soft-money-investor claims that arise from an illegitimate tax scheme.

- In the Trustee Plan, I will not be supervised or controlled by that committee or any soft-money influence. I will be supervised by the federal bankruptcy court. I will consult with an "advisory committee" that consists of three members that I do not believe at this time hold soft-money-investor claims. If the advisory committee disagrees with any action that I have taken or plan to take, it can take that disagreement to the federal bankruptcy court

As the chapter 11 trustee appointed by the federal government and approved by the federal court, I believe that I am the only party proposed to handle the asset liquidations and payments to unsecured creditors that is truly independent. I believe that independence offers legitimate creditors the greatest opportunity to receive a recovery on their claims. That is why I believe you should vote for the Trustee Plan.

6