U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

**United States Bankruptcy Judge**

**Signed September 30, 2010**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | |
| AMERICAN HOUSING FOUNDATION, | § | CASE NO. 09-20232-RLJ-11 |
| DEBTOR | § § § | |

## MEMORANDUM OPINION AND ORDER

The Court considers the application of Gardere Wynne Sewell LLP ("Gardere") to be employed as co-counsel for the chapter 11 trustee, Walter O'Cheskey. Gardere's employment is opposed by the Official Unsecured Creditors Committee ("Creditors Committee"), certain so-called petitioning creditors,[1] and Attebury Family Partnership, LP ("Attebury")[2] (collectively the "Objecting Parties").

---

[1]The self-named petitioning creditors are Robert L. Templeton, Don Storseth, individually and as trustee of the Storseth Family Trust, Dennis Dougherty, Paul King, the Frances Maddox Estate, Heron Land Company, David Miller, Susan Solomon Miller, Clay Storseth, William E. Scott, Terrill J. Horton, Herring Bank, C. C. Burgess, Campbell Burgess, Carson Herring Burgess, Carson Burgess, Inc., Burgess Trust #4, Chain-C, Inc., Keevin Clark, Charlotte Burgess Griffiths, Herring Financial Services, Jessie Herring Johnson Estate Trust #1, Jessie Herring Johnson Estate Trust #2, Cornelia J. Slemp Trust, Louise Johnson Thomas Trust, and Vaudrey Capital, L.P.

[2]The Court is not clear if Attebury still opposes the employment of Gardere, but notes that its objection simply adopts the arguments made by the Creditors Committee.

The Court has jurisdiction over this matter under 28 U.S.C. § 1334(b); this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

By the application, Gardere seeks to have its employment authorized effective as of May 7, 2010, the approximate date the application was filed. By the Court's interim order of June 23, 2010, the trustee was authorized to employ and retain Gardere pending further order of the Court. A final hearing was set on the Court's August 12, 2010, docket, and was held on August 17, 2010, after which the Court took the matter under advisement.

The Objecting Parties contend that Gardere's application should be denied because its services will be duplicative, unnecessary, and provided at rates that are too high; as a result, Gardere's involvement will drive up administrative expenses in the case. The Objecting Parties also question why the trustee must employ Gardere on such a wide variety of issues. Finally, they question whether Gardere meets the "disinterestedness" standard under section 327(a) as Gardere also represents a creditor, JPMorgan Chase Bank, N.A. ("JPMorgan").

The pertinent question is whether Gardere's representation of the trustee is proper given its continued representation of JPMorgan. As an aside, this issue does not appear to the Court, given the Objecting Parties' pleadings and the tenor of their argument, to be of major concern to the Objecting Parties. This is further evident from their consent to Gardere's interim representation of the trustee. (The Court is not criticizing the Objecting Parties for agreeing to the interim order; it merely makes the point that their concerns go more to the potential additional expense arising from Gardere's involvement in the case).

The application, and specifically the affidavit of Stephen A. McCartin, which is attached to the application, discloses that Gardere has several current or former clients that are creditors or otherwise parties-in-interest in this bankruptcy case. With the exception of JPMorgan, Gardere

will not represent any person or entity "in a transaction with the AHF Bankruptcy Estate that may conflict with Gardere's representation of the Chapter 11 Trustee in this Case." Affidavit of Stephen A. McCartin, page 8. According to the affidavit, JPMorgan is a lender to thirteen entities affiliated with the debtor, American Housing Foundation ("AHF"), and JPMorgan is secured by the major assets of such entities as the loans are guaranteed by AHF. Gardere represents JPMorgan on the loans to the affiliated entities and on the AHF guaranty. JPMorgan consents to Gardere's representation of the trustee provided Gardere agrees not to represent the trustee on any matter involving JPMorgan. Max Tarbox, who has previously been approved by the Court to represent the trustee and with whom Gardere proposes to serve as co-counsel, represents the trustee on all matters regarding JPMorgan. Mr. Tarbox will also represent the trustee concerning any issue that may arise with respect to any other Gardere clients that are identified in the affidavit. The affidavit further provides as follows:

> Gardere will not represent any person or entity other than JPMorgan Chase in a transaction with the AHF Bankruptcy Estate that may conflict with Gardere's representation of the Chapter 11 Trustee in this Case. Gardere has agreed that attorneys working for the Chapter 11 Trustee (the "Chapter 11 Trustee Team"), including lawyers, legal assistants, clerks, secretaries and other personnel, will not be allowed access to any of the files concerning JPMorgan Chase matters. Gardere attorneys performing services for JPMorgan Chase on the AHF-related matters will be prohibited from discussing any aspect of such matters with members of the Chapter 11 Trustee Team or with any other persons who are not under a similar obligation of confidentiality.

Affidavit of Stephen A. McCartin, page 10. The affidavit further recites that if a dispute develops between AHF and JPMorgan, or any other current or former client of Gardere as listed in the affidavit, Gardere will not represent the trustee in such dispute. Max Tarbox, who is designated as lead counsel, will represent the trustee on such matters.

Section 327 of the Bankruptcy Code provides, in pertinent part, as follows:

(a) *Except as otherwise provided in this section*, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

. . .

(c) In a case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.

11 U.S.C. § 327(a), (c) (emphasis added). The Court, having considered the facts as set forth above, particularly the precautionary measures taken by Gardere and the trustee, concludes that employment of Gardere does not presently raise an actual conflict of interest. *See In re Contractor Tech., Ltd.*, No. Civ.A. H-05-3212, 2006 WL 1492250, at * 7 (S.D. Tex. May 30, 2006). The Court is likewise satisfied that Gardere does not have an interest that is materially adverse to the interest of the estate. §101(14) (definition of "disinterested person"). *See also id.; In re Winterville Marine Servs., Inc.*, No. 05-13815-NPO, 2008 WL 4279962, at *4 (Bankr. N.D. Miss. Apr. 16, 2008). The Court will briefly address the other arguments of the Objecting Parties.

The Objecting Parties' argument that the employment of Gardere will result in duplicative and unnecessary services is a concern raised regardless of whom the trustee chose to employ. This argument, in effect, reflects the Creditors Committee's continued dissatisfaction with the Court's decision to appoint a chapter 11 trustee. The Court is not interested in rehashing this issue. Besides, whether services are duplicative or unnecessary is properly considered at the time counsel requests payment. *See* 11 U.S.C. § 330.

Regarding the Objecting Parties' concern that Gardere's rates are too high, the Court recognizes that the Gardere attorneys charge rates that are significantly higher than what is

typically seen in chapter 11 cases before this Court.  They are also significantly higher than what

counsel for the Creditors Commitee is charging.  But this issue is more properly addressed at the

time compensation is requested.  Subsection (a)(3) of section 330, the compensation provision,

guides the Court in determining the *amount* of reasonable compensation to be awarded; and

among the factors to be considered are the "rates charged" by the professional.  *See* §

330(a)(3)(B).  Moreover, the Court gives great deference to a trustee's decision concerning

whom the trustee wishes to employ to represent him and the bankruptcy estate.  The trustee has

obviously agreed to the rates charged by Gardere; the Code does not regulate this part of the

decision.  In assessing whether fees requested to be paid are reasonable, the Code directs the

Court to consider "the rates charged for such services"; unless employment is sought under

section 328,[3] the Court does not preemptively consider the terms of employment.  Finally, while

the compensation requested typically results from multiplying the rate charged by the time

expended for services, the fees ultimately approved for payment by the Court are a function of a

more involved inquiry.  *See* Memorandum Opinion, *In re American Housing Foundation*, No. 09-

20232-RLJ-11, 2010 WL 3211691, at * 2-3 (Bankr. N.D. Tex. Aug. 11, 2010).

As for the Objecting Parties' concern that the trustee is employing Gardere on such a wide

variety of issues, the Court should not have to remind the Objecting Parties of the legal, factual,

and practical complexities associated with this case.  It is clear that the trustee needs counsel that

can provide expertise in many  areas of law.  No one questions whether Gardere can provide such

expertise.

---

[3]Although Gardere's application  references section 328 as a statutory basis for its employment, the trustee's
counsel, Mr. Tarbox, advised the Court at the initial hearing on the matter (from which the interim order was issued)
that Gardere was not seeking employment under section 328.

It is, therefore,

ORDERED that the trustee's employment of Gardere Wynne Sewell LLP as co-counsel to the trustee is hereby approved.

### End of Memorandum Opinion and Order ###