U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

**United States Bankruptcy Judge**

**Signed October 26, 2010**

---

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | § | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **American Housing Foundation, Inc.** | § | **Case No.: 09-20232-RLJ** |
| | § | |
| **Debtor.** | § | |

### ORDER (I) APPROVING DISCLOSURE STATEMENT TO JOINT CHAPTER 11 PLAN; (II) APPROVING THE PROCEDURES TO SOLICIT ACCEPTANCES OF THE PLAN; (III) SCHEDULING A HEARING AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF THE PLAN; AND (IV) AUTHORIZING OTHER RELIEF RELATED TO PLAN SOLICITATION AND CONFIRMATION
[Related to Docket Nos. 1673 and 1736]

This matter having come before this Court on the *Motion to (I) Approve Disclosure Statement to Joint Chapter 11 Plan, (II) Approve the Procedures to Solicit Acceptances of the Plan, (III) Schedule a Hearing and Establish Notice and Objection Procedures for Confirmation of the Plan and (IV) Authorize Other Relief Related to Plan Solicitation and Confirmation* (the "**Motion**")[1] filed jointly by Walter O'Cheskey, the duly appointed and acting Chapter 11 Trustee

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

ORDER APPROVING MOTION TO APPROVE DISCLOSURE
STATEMENT TO JOINT CHAPTER 11 – Page 1

DALLAS 2159754v.4

(the "**Chapter 11 Trustee**") for the bankruptcy estate of American Housing Foundation ("**AHF**" or "**Debtor**"), and the Official Committee of Unsecured Creditors (the "**Creditors Committee**," and together with the Chapter 11 Trustee, the "**Proponents**"); the Motion asks for this Court to approve the *First Amended Disclosure Statement to First Amended Joint Chapter 11 Plan Filed By Chapter 11 Trustee and Official Committee of Unsecured Creditors* [Docket No. 1736] (the" "**Disclosure Statement**"); the Court finds that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; the Court finds that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); the Court finds that the Proponents have shown good, sufficient, and sound business purpose and justification for the relief requested in the Motion and that the relief requested in the Motion is in the best interests of the Debtor, the bankruptcy estate of the Debtor, and the creditors thereof; the Court finds that, under the circumstances, proper and adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; the Court finds that all objections to the Disclosure Statement have been addressed by amendments to the Disclosure Statement, resolved by the Proponents' agreement to make additional changes to the Disclosure Statement, were not urged by the objecting party, or overruled by the Court; and the Court finds that, on the record herein, including the testimony, evidence, and representations regarding the Disclosure Statement and Motion, and after due deliberation thereon, good and sufficient cause exists for granting the relief requested in the Motion and approval of the Disclosure Statement is in the best interests of the Debtor, the bankruptcy estate of the Debtor, and the creditors thereof.[2]

THE COURT HEREBY FURTHER FINDS AND DETERMINES THAT:

---

[2] All findings of fact and conclusions of law announced by the Court on October 21, 2009, related to the Motion for Summary Judgment and Cross-Motion are hereby incorporated herein to the extent not inconsistent herewith.

A. The Notice of Non-Voting Status, Confirmation Hearing Notice, and Disclosure Statement contain information of a kind and in sufficient detail, as far as reasonably practicable in light of the nature and history of the Debtor and facts and circumstances of the case, that would enable an hypothetical reasonable investor typical of the holders of Claims and Equity Interests of the Impaired Classes to make an informed judgment regarding the Plan pursuant to 11 U.S.C. § 1125(a)(1). The Disclosure Statement attached hereto as Exhibit A [See Docket No. 1741] contains "adequate information" about the Plan within the meaning of section 1125 of the Bankruptcy Code.

B. Notice of the Disclosure Statement, the Motion, the Disclosure Statement Hearing, and the deadline for filing objections to the Disclosure Statement was properly provided and such notice was due and proper to all interested parties and no further notice is necessary.

C. Classes 1 and 2 (collectively, the "**Non-Voting Classes**") are unimpaired under the Plan and are, therefore, conclusively presumed to accept the Plan under section 1126(f) of the Bankruptcy Code. Accordingly, members of the Non-Voting Classes are not entitled to vote or to receive a Ballot.

D. The Plan impairs claims in Classes 3 through 18 (the "**Voting Classes**"). Accordingly, holders of valid, enforceable claims in Classes 3 through 18 are entitled to vote and to receive an appropriate a Ballot. By enclosing a Ballot with the Solicitation Package, the Proponents will not be deemed to have represented or admitted that a holder of a Claim is entitled to vote on the Plan. The Proponents specifically reserve the right to object to any Ballot submitted and such objection, if any, is specifically reserved for the Confirmation Hearing.

Main Document    Page 4 of 13

E. Because the Debtor is a tax-exempt entity under section 501(c)(3) of the Internal Revenue Code, there are no Allowed Interests in the Debtor. Accordingly, there is no need for the Proponents to serve anything related to Class 19.

F. The form of Ballots attached as <u>Exhibit A</u> to the Motion are consistent with Official Form No. 14, address the particular needs of this chapter 11 case, and are appropriate for the Voting Classes to vote to accept or reject the Plan.

G. The voting instructions on each of the Ballots contain adequate information to instruct all members of the Voting Classes how to vote.

H. The Voting Deadline provides reasonable and adequate time for all parties in interest to make an informed decision to accept or reject the Plan.

I. The procedures for the solicitation and tabulation of votes to accept or reject the Plan (as more fully set forth in the Motion and below) provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

J. The notice procedures set forth below provide due, proper, and adequate notice of approval of the Disclosure Statement, the date, time, and place of the Confirmation Hearing, and the procedures for filing acceptances, rejections, objections, or responses to the Plan, including any proposed assumption or rejection of executory contracts or leases, and comply with Bankruptcy Rules 2002 and 3017(d).

K. The proposed timing for the Confirmation Hearing complies with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and will enable the Proponents to pursue confirmation of the Plan in a timely fashion.

L. The Proponents have the right to seek modifications or extensions of the matters governed by this Order.

STATEMENT TO JOINT CHAPTER 11 PLAN – Page 4

DALLAS 2159754v.4

M. The relief requested in the Motion is in the best interests of the Debtor, the bankruptcy estate of the Debtor, and all creditors and parties-in-interest therein and thereto.

N. The Proponents and their respective attorneys and financial advisors are hereby found to be acting in good faith and in compliance with the Bankruptcy Code in connection with the solicitation of the Plan and therefore entitled to the full protections of 11 U.S.C. § 1125(e).

O. The legal and factual bases set forth in the Motion and at the Disclosure Statement Hearing establish just cause for the relief granted herein; and

NOW, THEREFORE, IT IS ORDERED THAT:

1. The Motion is GRANTED.

2. To the extent not withdrawn, settled, or otherwise resolved, all objections to the Motion, Disclosure Statement, and related notices and ballots are overruled.

## I.
## THE PROPONENTS' DISCLOSURE STATEMENT

3. The Disclosure Statement, as it may have been or may be further modified to reflect changes made or ordered on the record of the Disclosure Statement Hearing, is APPROVED.

## II.
## SOLICITATION PROCEDURES

A. **The Voting Record Date**

4. The Voting Record Date shall be the entry date of this Order. Holders as of the Voting Record Date of claims against the Debtor reflected in the Debtor's books and records or in proofs of claims timely filed shall be the holders of record and, as such, shall be entitled to vote on the Plan. The Voting Record Date shall have no preclusive effect as to distributions under the Plan.

**B.     Solicitation Packages and Procedures for Distribution Thereof**

5.  The Proponents shall send each member of a Voting Class:

    (a)   this Order;

    (b)   the Confirmation Hearing Notice, substantially in the form attached as <u>Exhibit C</u> to the Motion;

    (c)   the Disclosure Statement (as approved by this Order);

    (d)   the Plan;

    (e)   a Ballot customized for such holder, as described below, with a return envelope; and

    (f)   such other materials as the Court may direct (collectively, the "**Solicitation Package**").

6.  The Proponents shall send to each member of a Non-Voting Class:

    (a)   the Notice of Non-Voting Status, substantially in the form attached as <u>Exhibit B</u> to the Motion, which is APPROVED;

    (b)   this Order;

    (c)   the Disclosure Statement (as approved by this Order); and

    (d)   the Plan (collectively, the "**Non-Voting Package**").

7.  The Proponents shall distribute the following materials to (a) the US Trustee, (b) the attorneys for the Creditors Committee, and (c) all other parties requesting service in this case:

    (i)    this Order;

    (ii)   the Confirmation Hearing Notice;

    (iii)  the Disclosure Statement (as approved by this Order);

    (iv)   the Plan; and

    (v)    such other materials as the Court may direct (collectively, the "**Notice Package**," and together with the Solicitation Package and the Non-Voting Package, the "**Packages**").

8.  The Packages may be served by the Proponents as a hard copy or an electronic version in a CD-ROM format; provided, however, hard copies of the Packages may be obtained, at the estate's expense, by submitting a request to: Gardere Wynne Sewell LLP, 1601 Elm Street, Suite 3000, Dallas, Texas 75201, Attn: Karen Oliver.

9.  Except as provided above, the Proponents shall mail each of the Packages described above by first-class United States mail within seven (7) days of entry of this Order (the "**Solicitation Date**") to the mailing address listed on the proof of claim associated with each claim holder, to the extent one was filed, or the address associated with the claim holder as listed on the Debtor's Schedules.  If a secondary address is listed on a proof of claim, the Proponents shall send a courtesy letter to the secondary address, stating that a Ballot was sent to the primary address on the proof of claim and that, on request, the Proponents will provide a second Ballot.

10.  The Proponents shall not be required to provide any part of a Package to any Creditor (or alleged Creditor) who filed a Proof of Claim with the Court that subsequently was disallowed; and/or who may allege it is a transferee of a Claim but has not filed a notice of transfer of Claim, to the extent required by Bankruptcy Rule 3001(e).

11.  The letter from the Proponents in favor of the Plan is hereby approved, and the Proponents are authorized to include such letter in the Packages.

   **C.  Form of Ballots**

12.  The Ballots, substantially in the form attached as <u>Exhibit A</u> to the Motion, are APPROVED.

13.  To be counted, the Ballots shall be received in accordance with the voting procedures outlined below.

    **D.**    **Voting and Tabulation Procedures**

14. To be counted as a vote to accept or reject the Plan, each Ballot shall be properly executed, completed, and delivered to: Gardere Wynne Sewell LLP, 1601 Elm Street, Suite 3000, Dallas, Texas, 75201, Attn: Mo Alturk, so as to be received by Gardere no later than the Voting Deadline of **November 19, 2010, at 4:00 p.m. (CDT)**.

15. So as to avoid uncertainty and inconsistent results, the following procedures relating to the solicitation and tabulation of votes shall be utilized as indicated, unless otherwise ordered by the Court (the "**Balloting Procedures**"):

> (a) if any party wishes to have its Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot it received or if any party that did not receive a Ballot wishes to have its Claim temporarily allowed for voting purposes only, such party must serve on the Proponents and file with the Bankruptcy Court, on or before **November 19, 2010, at 4:00 p.m., (CDT)**, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (a "**3018 Motion**"). A 3018 Motion must set forth with particularly the amount and classification of which such party believes its Claim should be allowed for voting purposes and the evidence in support of its belief. With respect to any timely filed 3018 Motion, the Ballot in question shall be counted (i) in the amount established by the Bankruptcy Court in an order signed on or before Confirmation Hearing, or (ii) if such an order has not been signed by Confirmation and unless the Proponents and the party have agreed to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot, or, if a party did not receive a Ballot, such party shall not have a Ballot counted at all. Any hearing to consider 3018 Motions shall be held at or prior to Confirmation;

> (b) whenever a Creditor casts more than one Ballot voting the same Claim(s) before the Voting Deadline, the last Ballot received before the Voting Deadline shall be deemed to reflect the voter's intent and supersede any prior Ballots; provided, however, if a holder of Claims casts Ballots received by Gardere on the same day, but which are voted inconsistently, such Ballots shall be counted as an acceptance of the Plan;

(c) creditors with multiple Claims within a particular class under the Plan must vote all of their Claims within a class either to accept or reject the Plan and may not split their vote(s). An individual Ballot that partially rejects and partially accepts the Plan will be counted as an acceptance of the Plan. A holder of Claims in more than one class under the Plan must submit Ballots for each class of Claims;

(d) if a Claim is contingent, unliquidated, or disputed, or if a Claim is deemed disputed under the Plan, unless otherwise temporarily allowed by other Order of this Bankruptcy Court, then such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00; and

(e) the following types of Ballots will not be counted in determining whether the Plan has been accepted or rejected, unless the Proponents consent or as otherwise provided herein:

(1) any Ballot that is otherwise properly completed, executed, and timely returned to Gardere, but does not indicate an acceptance or rejection of the Plan;

(2) any Ballot for a Claim that has been disallowed;

(3) any Ballot received after the Voting Deadline;

(4) any Ballot containing a vote that this Court determines, after notice and a hearing, was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code;

(5) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

(6) any Ballot cast by a person or entity that does not hold a Claim in a class that is entitled to vote to accept or reject the Plan;

(7) any Ballot on which the claimant or its representative did not use the authorized Ballot form, or a form of Ballot substantially similar to such authorized form;

(8) any unsigned or non-original Ballot; and

(9) any Ballot transmitted to Gardere by facsimile or other electronic means.

16. In addition, the following voting procedures and standard assumptions be used in tabulating the Ballots:

    (a) the Proponents, in their sole and absolute discretion, may waive any defect in any Ballot at any time, including failure to timely file such Ballot, either before or after the close of voting, and without notice. Except as provided below, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Proponents may, in their sole and absolute discretion, reject such Ballot as invalid and, therefore, decline to utilize it in connection with confirmation of the Plan;

    (b) after the Voting Deadline, no vote may be withdrawn or modified without the prior consent of the Proponents or order of the Court;

    (c) the Proponents reserves the sole and absolute right to reject any and all Ballots not proper in form; and

    (d) unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Proponents (or the Court) determine, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.

### III.
### THE CONFIRMATION HEARING AND THE NOTICE AND OBJECTION PROCEDURES IN RESPECT OF CONFIRMATION OF THE PLAN

**A.  The Confirmation Hearing**

17. The Confirmation Hearing shall be scheduled for **November 30, 2010, at 10:00 a.m. (CDT) at Room 100, 624 S. Polk St., Amarillo, Texas.** The Confirmation Hearing may be continued from time to time by the Court or the Proponents without further notice other than adjournments announced in open court at the Confirmation Hearing or any subsequent adjourned Confirmation Hearing and that the Plan may be modified pursuant to section 1127 of the Bankruptcy Code prior to, during, or as a result of the Confirmation Hearing, in each case without further notice to parties in interest.

### B. Notice of the Confirmation Hearing

18. The Confirmation Hearing Notice, substantially in the form attached as <u>Exhibit C</u> to the Motion, is APPROVED.

### C. Objections to Confirmation of the Plan

19. Objections or responses to confirmation of or proposed modifications to the Plan, if any, shall (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; and (c) set forth the name and address of the objecting party and the amount of its Claim or the nature of its Equity Interest, state the basis for the objection, and the specific grounds therefor.

20. All objections and responses to the confirmation of the Plan, including the assumption (and as applicable, assignment) or rejection of executory contracts and unexpired leases, must be filed with the Court and served on the following parties at the following addresses or facsimile numbers so as to be actually received no later than **November 19, 2010, at 4:00 p.m. (CDT)** (the "**Objection Deadline**"):

*Counsel to the Chapter 11 Trustee*:

Max R. Tarbox (TX 19639950)
TARBOX LAW, P.C.
P.O. Box 2547
Lubbock, Texas 79401
Phone: 806.686.4448
Fax: 806.368.9785

Stephen A. McCartin (TX 13374700)
Marcus A. Helt (TX 24052187)
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone: 214.999.3000
Facsimile: 214.999.4667

*United States Trustee*:

Mary Frances Durham
1100 Commerce Street, Room 976
Dallas, Texas 75242
Telephone: 214.767.8967

*Counsel to the Creditors Committee*:

David C. Mullin (TX )
David R. Langston (TX 11923800)
MULLIN, HOARD & BROWN, L.L.P.
P.O. Box 2585
Lubbock, Texas 79408
Telephone: 806.765.7491
Facsimile: 806.765.0553

21. Objections not timely filed and served in accordance with the provisions of this Order may be overruled on that basis alone.

22. The Proponents are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

23. The Proponents are authorized to make non-material changes to the Disclosure Statement, Plan, Ballots, Confirmation Hearing Notice, Notice of Non-Voting Status, and related documents, without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Packages prior to their distribution.

## IV.
## PLAN SUPPLEMENT

24. The Proponents shall be authorized to file the Plan Supplement no later than ten days prior to the Confirmation Hearing.

25. Notwithstanding anything herein to the contrary, no provision in this Order is intended to supersede or replace any express provision in an existing 3018 scheduling order approved by this Court.

26. The Proponents will notify MMA Limited Partners and THFC Limited Partners seven business days before the deadline to cast a vote or to object to confirmation of the Plan, whichever is later, whether the Proponents intend to reject, cancel, or terminate any partnership agreement to which MMA Limited Partners or THFC Limited Partners is a party.

27. This Court hereby retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

28. The Proponents are authorized to include a copy of the Solicitation Letter substantially in the form admitted into evidence at the Disclosure Statement Hearing and attached hereto as <u>Exhibit B</u> [See Docket No. 1741] in the Solicitation Package.

### ### END OF ORDER ###

Submitted By:

Max R. Tarbox (TX 19639950)
TARBOX LAW, P.C.
2301 Broadway
Lubbock, Texas 79401
Phone: 806.686.4448
Fax: 806.368.9785

and

*/s/ Marcus A. Helt*
Stephen A. McCartin (TX 13374700)
Marcus A. Helt (TX 24052187)
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas  75201-4761
Telephone:  214.999.3000
Facsimile:  214.999.4667

**COUNSEL FOR WALTER O'CHESKEY, CHAPTER 11 TRUSTEE**

David C. Mullin (TX 14651600)
David R. Langston (TX 11923800)
MULLIN, HOARD & BROWN, L.L.P.
P.O. Box 2585
Lubbock, Texas  79408
Telephone:  806.765.7491
Facsimile:  806.765.0553

**COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**