Max R. Tarbox (TX 19639950)
TARBOX LAW, P.C.
2301 Broadway
Lubbock, Texas 79401
Phone: 806.686.4448

Stephen A. McCartin (TX 13374700)
Marcus A. Helt (TX 24052187)
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone: 214.999.3000

**COUNSEL FOR WALTER O'CHESKEY,
CHAPTER 11 TRUSTEE**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| **In re:** | § § | **Chapter 11** |
| **American Housing Foundation,** | § § | **Case No.: 09-20232-RLJ** |
| Debtor. | § § | |

**TRUSTEE'S MOTION FOR CONSOLIDATION
OF CERTAIN ADVERSARY PROCEEDINGS**

Walter O'Cheskey, the duly appointed and acting Trustee (the "**Trustee**") for the bankruptcy estate of American Housing Foundation ("**AHF**" or "**Debtor**") hereby files this *Motion for Consolidation of Certain Adversary Proceedings* (the "**Motion**").[1] In support of the Motion, the Trustee respectfully shows the Court as follows:

1.  A trustee must not only investigate and litigate dubious claims, but he should do so in a manner that best conserves the debtor's resources. Here, the Trustee filed several

---

[1] This Motion is intended to supersede and supplant any previously proposed scheduling orders regarding the adversary proceedings, including any scheduling orders submitted or agreed to in connection with the 3018(a) Motions filed by Robert Templeton, Terrill Horton, David Miller, The Cornelia J. Slemp Trust, and the Louise Johnson Thomas Trust.

adversary proceedings[2] sharing common questions of law and fact—*e.g.,* when the debtor became insolvent, whether certain transactions are improper, and whether investors in those transactions should have known that they were improper. At each of the adversary trials, the parties (represented by the same attorneys on both sides) will present overlapping and at least some *__identical__* legal authorities, documentary evidence, factual testimony, and expert opinions. Thus, to minimize attorneys' fees, reduce witness inconvenience, and conserve judicial resources, the Trustee asks that the Court enter a uniform scheduling order and try the adversary matters contemporaneously—*i.e.,* in a single trial.

**A.     Nature of the requested relief.**

2.     The Trustee seeks to consolidate adversary matters under Federal Rule of Civil Procedure 42(a), as made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure 7042. To be clear, by seeking a consolidation, the Trustee is *__not__* suggesting that the Court merge the matters into a single cause, change the rights of the parties, or make those who are parties in one suit parties in another. *See Johnson v. Manhattan Ry.*, 289 U.S. 479 (1933) (distinguishing consolidation from merger); *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 425 (5th Cir. 1998) (noting that consolidation under Rule 42(a) does not deny any parties the right to litigate the merits of their claims). Rather, for the adversary matters, the Trustee proposes identical pre-trial deadlines (*e.g.,* discovery cut-off, expert reports), discovery for one matter to be used for any other matter (*e.g.,* witnesses to be deposed once for all matters), and a joint trial.

---

[2] To date, the Trustee has filed similar adversary proceedings against Robert L. Templeton (Case No. 10-02016-RLJ), David Miller (Case No. 10-02017-RLJ), Terrill J. Horton (Case No. 10-02018-RLJ), and The Louise Johnson Thomas Trust and The Cornelia J. Slemp Trust (Case No. 10-02020-RLJ). This Motion seeks consolidation of not only these adversary proceedings, but also any other adversary proceedings filed by the Trustee on or before December 31, 2010.

**B.    General Basis for the requested relief.**

3.    Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the Court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a). The Fifth Circuit has declared that district courts should invoke Rule 42(a) to reduce costs and eliminate unnecessary repetition and confusion. *Miller v. United States Postal Serv.*, 729 F.2d 1022, 1036 (5th Cir. 1984). Bankruptcy courts in this circuit routinely consolidate adversary matters under Rule 42(a). *See, e.g., M.G. & E.D., LLC v. Boudlouche*, Civ. Nos. 06-173, 06-282, 06-400, Bankruptcy Pet. No. C-03-20197, 2006 WL 3044458, *1 (S.D. Tex. Oct. 25, 2006); *Morrison v. Amway Corp.*, Civ. Nos. H-98-0352, H-98-1695, Adversary No. H-98-3291. A bankruptcy court has wide discretion to determine whether consolidation makes sense and may even consolidate *sua sponte*. *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1531 (5th Cir. 1993); *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973).

**C.    Specific basis for the requested relief.**

4.    The adversary matters share a number of common questions of law and fact, and consolidating them through a uniform scheduling order and a single trial will avoid unnecessary delay, duplication and cost. Here is why. Steven Sterquell (the now-deceased President of AHF) recruited a number of "soft-money investors" to loan him money in exchange for, among other things, (a) clearly illegitimate tax deductions of several times the amount of the loan (the "**Illegal Deductions**"), and (b) the principle of the loan plus interest (the "**Illegal Loan Amounts**"). The way Sterquell passed through Illegal Deductions to the investors was through sham entities(the "**Pass-Through Entities**").

5. The Trustee has been investigating the Pass-Through Entities to determine which of the soft-money claims are among the Illegal Loan Amounts. For example, the Trustee discovered that Sterquell passed Illegal Deductions through an shell entity called WI-Hurike, Ltd. ("**Hurike**") to numerous investors (the "**Hurike Investors**"). After receiving the Illegal Deductions, Sterquell died, AHF went into bankruptcy, and the Hurike Investors filed proofs of claim seeking the return of the Illegal Loan Amounts. The Trustee has objected to claims and filed adversary matters against certain of the Hurike Investors, alleging identical causes of action.

6. With respect to the Hurike Investors and the investors in the other Pass Through Entities—all of whom are also represented by the same counsel—the Court will consider identical questions of law—*e.g.*, whether guarantees executed by AHF in favor of the investors are valid and enforceable, whether the Illegal Deductions were illegal, whether the investors should have known that they were improper, whether the investors' claims should be subordinated, etc. Indeed, the Trustee expects that the defendants will not contest the commonality of the legal issues, especially given how their Rule 12 motions to dismiss are virtually identical.

7. The same is true with common questions of fact—*e.g.*, when did AHF become insolvent, how did Sterquell pass the Illegal Deductions through the Pass Through Entities, etc. How the Court determines those common factual questions will affect every one of the adversary matters as well.

8. So, what is the practical effect of consolidating the adversary matters by issuing a uniform pre-trial schedule and trying them contemporaneously? If the Court does not consolidate the adversary matters, there will incredible amounts of repetition and wasted

resources; if it does consolidate, it will avoid repetition and save resources. Here are a few examples:

- *Consolidation of fact-witness testimony.* Virtually all of the defendants in the adversary matters invested in Pass Through Entities or were otherwise affiliated with individuals or entities who invested in Pass Through Entities. Absent consolidation, the Trustee will have to depose certain of the defendants and call them as witnesses at trial numerous times—once as party witnesses in their own cases, and several other times as third-party witnesses in other cases. If the Court were to consolidate, the Trustee would hopefully be able to obtain their depositions once (that could be used in all of the adversary matters) and at trial once (since there would only be a single trial).

- *Consolidation of expert opinions.* The Trustee expects to use the same experts in all of the adversary matters (*e.g.*, expert on insolvency, expert on tax issues, expert on attorneys' fees, etc.). Absent consolidation, the defendants—again, represented by the same counsel—would need to engage in identical depositions of the Trustee's experts at least half a dozen times, if not more; moreover, absent consolidation, the Trustee will need to call these same experts to testify in each of the half a dozen or more trials. If, on the other hand, the Court were to consolidate, the defendants would hopefully be able to obtain the experts' depositions once and cross-examine them once at a single trial.

- *Consolidation of documentary evidence.* Much of the documentary evidence in the cases overlap, since they involve many of the same Pass Through Entities (*e.g.*, contracts, tax returns, e-mails, etc). Absent consolidation, the parties would be producing and reproducing the same documents over and over again, and then putting on identical evidence in each of the adversary matters. Consolidation would reduce this unnecessary repetition.

9. In sum, each of the adversary matters requires the presentation of overlapping legal authorities, as well as overlapping factual testimony, expert opinions, and documentary evidence. Consolidation will minimize attorneys' fees, reduce witness inconvenience, and conserve judicial resources.

**D. Additional provisions in the proposed scheduling order to facilitate consolidation.**

10. A copy of the Trustee's proposed *Omnibus Adversary Matter Scheduling Order* is attached hereto as <u>Exhibit A</u>. As the Court considers it, the Trustee would point out a few notable items.

- *Matters included in the consolidation.* The Trustee proposes that the consolidation apply not only to all of the pending adversary matters, but also to any other adversary matters that the Trustee files up until December 15, 2010. This will incorporate as many of the adversary matters into the consolidation as possible, and will minimize the number of non-consolidated adversary matters.

- *Group mediation.* Shortly before commencing discovery, the parties shall conduct a group mediation. Before the parties expend enormous amounts on attorneys' fees, they will hopefully resolve some or perhaps all of the consolidated matters.

- *Commencement of discovery.* Discovery will not commence until January 17, 2011. This will allow the Trustee's counsel sufficient time to complete plan approval and then file the other adversary matters prior to the December 31, 2010 consolidation deadline.

- *Length of discovery.* Discovery shall last for about five months. Given the number of parties, the complexity of the litigation, and the anticipation of voluminous evidence, this amount of time seems appropriate.

- *Length of time between close of discovery and trial.* Trial shall commence about seventy-five (75) days after the close of discovery. This should provide sufficient time for the experts for all parties to review the entire universe of discovery (which will likely be thousands upon thousands of pages of documents and numerous depositions), provide expert reports, and prepare for and provide expert depositions. This will also allow the parties time to exchange pre-trial materials, exhibits, witness lists, etc.

- *How trial will likely proceed.* Trial will begin with opening statements. Then, the Trustee expects to provide the Court with evidence common to all of the adversary matters (*e.g.*, evidence relating to each of the Pass Through Entities). Then, the Trustee expects to call individual witnesses.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order granting the Motion, approving the Trustee's proposed uniform scheduling order attached hereto as Exhibit A, and granting the Trustee all other and further relief to which he may be justly entitled.

Dated: November 3, 2010

Respectfully submitted,

Max R. Tarbox (TX 19639950)
Tarbox Law, P.C.
2301 Broadway
Lubbock, Texas 79401
Phone: (806) 686-4448
Fax:   (806) 368-9785

And

/s/ Daniel C. Scott
Stephen A. McCartin (TX 13374700)
Marcus A. Helt (TX 24052187)
Daniel C. Scott (TX 24051316)
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone: 214.999.3000
Facsimile: 214.999.4667

**COUNSEL FOR WALTER O'CHESKEY, CHAPTER 11 TRUSTEE**

## CERTIFICATE OF CONFERENCE

On November 3, 2010, the undersigned conferred with John Lovell, counsel for the defendants in the adversary proceedings, regarding the relief requested in the foregoing Motion. Mr. Lovell indicated that the defendants are opposed to the requested relief.

/s/ Daniel C. Scott
Daniel C. Scott

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served electronically by the Court's PACER system on November 3, 2010 on those parties registered to receive such service and via e-mail upon the following:

Joe L. Lovell
joe@lovell-law.net
John H. Lovell
john@lovell-law.net
LOVELL, LOVELL, NEWSOM & ISERN, L.L.P.
112 West 8th Avenue, Suite 1000
Eagle Centre Building
Amarillo Texas 79101

/s/ Daniel C. Scott
Daniel C. Scott

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| | § | Chapter 11 |
| American Housing Foundation, | § | |
| | § | Case No.: 09-20232-RLJ |
| Debtor. | § | |
| | § | |

## OMNIBUS ADVERSARY MATTER SCHEDULING ORDER

Based on the information available to the Court and the representation by the undersigned counsel of their agreement, the Court hereby ORDERS this Omnibus Adversary Matter Scheduling Order. All adversary lawsuits filed by Walter O'Cheskey, as Chapter 11 Trustee (the "Adversary Matters"), on or before December 31, 2010, shall be tried contemporaneously (*i.e.*, in a single Omnibus Trial) and shall be governed by a uniform pre-trial scheduling order as set forth below.[1]

---

[1] Absent agreement of all parties or Court Order, all Adversary Matters filed after December 31, 2010 shall be tried separately and shall be governed by a separate pre-trial scheduling order.

OMNIBUS ADVERSARY MATTER SCHEDULING ORDER                               PAGE 1

| | | |
|---|---|---|
| 1. | January 15, 2011 | MEDIATION. The parties shall mediate before a sitting Bankruptcy Judge from the Northern District of Texas (who is not the sitting Bankruptcy Judge in any of the Adversary Matters). |
| 2. | January 17, 2011. | DISCOVERY SHALL COMMENCE. Prior to this date, no party shall serve any written discovery or notice any depositions on any party or non-party, and any previously-served written discovery or deposition notice, or subpoena (including, without limitation, discovery served in connection with an estimation hearing) shall be deemed, on a going-forward basis, void. |
| 3. | January 17, 2011. | PARTIES SHALL EXCHANGE NON-EXPERT DISCLOSURES. Except for expert disclosures, designations, or reports, the parties shall exchange disclosures required by F.B.R. 7026(a)(1). |
| 4. | May 16, 2011. | NON-EXPERT DISCOVERY SHALL CONCLUDE. All fact-witness depositions shall be taken on or before this date and all written discovery requests must be served by this date. Any deposition noticed for date after May 16, 2011 and all written discovery requests served after May 16, 2011 shall not be permitted except by agreement of the parties or permission by the Court upon showing of good cause. An example of good cause might be where a party is able to demonstrate issues arising out of newly-discovery information (e.g., information discovered through documents produced after May 16, 2011). |
| 5. | May 31, 2011. | AMENDING PLEADINGS: All motions to amend pleadings to add new factual or legal claims must be filed by this date. To the extent that the Court permits amended pleadings to be filed after May 16, 2011, a party might have cause to seek additional limited discovery based solely on the amended portions of the pleadings. |
| 6. | June 6, 2011 | PLAINTIFF'S EXPERT WITNESSES REPORTS: Plaintiff shall list each expert's name, address, and topics of the witness' testimony as well as provide all reports to Defendants by this date. |
| 7. | June 20, 2011 | DEFENDANT'S EXPERT WITNESSES: Defendant shall list each expert's name, address and topics of the witness' testimony as well as provide all reports to the Plaintiff by this date. |
| 8. | July 5, 2011 | EXPERT DISCOVERY DEADLINE: All expert depositions must be taken on or before this date. |
| 9. | July 6, 2011 | WITNESS LISTS. The parties shall exchange lists of witnesses for trial. |

| | | |
|---|---|---|
| 10. | July 13, 2011 | EXHIBIT NOTEBOOKS: Exhibit lists and copies of all exhibits not previously marked at a deposition are to be exchanged. |
| 11. | July 15, 2011 | INITIAL DEPOSITION DESIGNATIONS: Original designations of deposition testimony are to be exchanged. |
| 12. | July 15, 2011 | DAUBERT MOTIONS: Motions to strike or exclude expert testimony to be filed and served. |
| 13. | July 20, 2011. | PRETRIAL ORDER CONFERENCE: Parties to meet and confer regarding Pretrial Order. |
| 14. | July 22, 2011 | PRETRIAL ORDER FILING: Pretrial Order to be filed. |
| 15. | July 22, 2011 | REBUTTAL DEPOSITION DESIGNATIONS AND OBJECTIONS TO INITIAL DEPOSITION DESIGNATIONS EXCHANGED: Rebuttal designations of deposition testimony and notations of objections to original designations are to be exchanged. |
| 16. | July 22, 2011 | DAUBERT RESPONSES: Responses to any motions to strike or exclude expert testimony are to be filed and served. |
| 17. | July 25, 2011 | EXHIBIT OBJECTIONS: Objections to exhibits are to be filed and served. |
| 18. | July 26, 2011 | OBJECTIONS TO REBUTTAL DESIGNATIONS EXCHANGED: Notations of objections to rebuttal designations of deposition testimony are to be exchanged. |
| 19. | July 29, 2011 | FINDINGS: Proposed Findings and Conclusions are to be filed and served. |
| 20. | August 1, 2011 | ALL DESIGNATION OBJECTIONS FILED: Plaintiff shall file a single set of notebooks containing all exhibits from all parties, deposition designations (initial and rebuttal) from all parties, and notations of objections to exhibits and deposition designations from all parties. |
| 21. | August 12, 2011 | DOCKET CALL: Parties shall appear for Docket call at Room 100, 624 S. Polk St., Amarillo, Texas at 1:30 p.m. to determine the specific time of the trial. |
| 22. | August 15-16, 2011 | TRIAL COMMENCES. Opening Statements. |
| 23. | August 22, 2011 | TESTIMONY. Plaintiff calls first witness. |

The Court further ORDERS:

A. Except as modified by this Order, all documents filed or exchanged will comply with the applicable bankruptcy rules of procedure and the local rules of the Northern District of Texas.

B. All lead trial counsel are responsible for preparing the pretrial order. The pretrial order shall govern the conduct of the trial. In order to confer on the pretrial order, all lead trial counsel shall participate in the telephone conference. All counsel who do not attend this conference shall be assumed to have accepted the pretrial order as submitted.

C. All documents previously marked with exhibit numbers during discovery shall maintain those same exhibit numbers at trial. Documents not previously marked with exhibit numbers during discovery shall be marked at trial sequentially starting with number 400 for Plaintiff's exhibits, and sequentially starting with number 500 for Defendants' exhibits.

D. Objections to exhibits shall identify the objected-to exhibit and shall identify the evidentiary basis of the objection.

E. Designations shall be made physically on condensed transcripts, if available, with the Plaintiff's designations on the left and the Defendants' on the right.

F. Defendants shall endeavor to provide one set of deposition designations to the Plaintiff, which may delineate separate offerings of different defendants (the "Joint Defense Submission"). Defendants who do not submit designations for inclusion in the Joint Defense Submission by July 8, 2011 shall be responsible for submitting and exchanging their own designations of testimony by July 15, 2011.

G. Notations indicating an objection to any designation shall be noted on the deposition transcript with "PO" for the plaintiff and "DO" for any defendant, with such notations being made in the margin next to the objectionable designation.

H. Parties' objections shall be made in a separate document, with references to the page numbers. Such objections shall identify the objected-to designations by deposition or transcript, page, and line, and shall identify the evidentiary basis of the objection. Parties submitting deposition designations of a witness will still be permitted to play any portion of video clips of the witness's designated deposition testimony at trial or to call the witness to testify live at trial.

I. For any witnesses testifying live at trial, the party calling that witnesses shall notify opposing counsel that the witness will be called live at trial no less than seventy-two hours (during business days) prior to the start of the witness' live testimony.

J. To participate at trial, counsel must be in attendance in person. In addition, counsel and other interested persons may listen to the trial by telephone conference, but they shall not participate in the trial and shall arrange and pay for their own telephone conference costs.

K. Parties are strongly encouraged to attend personally for opening statements and the mediation immediately following. The parties are to attempt to agree on the format and place for the mediation and identity of the mediator.

With respect to the deadlines set forth in paragraphs 1-20 of this Order, they may be extended only by agreement of the parties or Court Order. With respect to paragraphs 21-23 of this Order, they may be extended only by Court Order.

### END OF ORDER ###

Prepared and submitted by:

*/s/ Daniel C. Scott*
Stephen A. McCartin (TX 13374700)
Marcus A. Helt (TX 24052187)
Daniel C. Scott (TX 24051316)
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone: 214.999.3000
Facsimile: 214.999.4667
smccartin@gardere.com
mhelt@gardere.com
dcscott@gardere.com

COUNSEL FOR WALTER O'CHESKEY,
CHAPTER 11 TRUSTEE