| | |
|---|---|
| Max R. Tarbox (TX 19639950)<br>TARBOX LAW, P.C.<br>2301 Broadway<br>Lubbock, Texas 79401<br>Phone: 806.686.4448<br>Fax:  806.368.9785<br><br>Stephen A. McCartin (TX 13374700)<br>Marcus A. Helt (TX 24052187)<br>GARDERE WYNNE SEWELL LLP<br>1601 Elm Street, Suite 3000<br>Dallas, Texas  75201-4761<br>Telephone:  214.999.3000<br>Facsimile:  214.999.4667<br><br>**COUNSEL FOR WALTER O'CHESKEY, CHAPTER 11 TRUSTEE** | David C. Mullin (TX 14651600)<br>David R. Langston (TX 11923800)<br>MULLIN, HOARD & BROWN, L.L.P.<br>P.O. Box 2585<br>Lubbock, Texas  79408<br>Telephone:  806.765.7491<br>Facsimile:  806.765.0553<br><br>**COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| **American Housing Foundation,** | § § | Case No. 09-20232-RLJ |
| Debtor. | § § § | |

**FIRST AMENDED BALLOT CERTIFICATION OF MARCUS HELT REGARDING
TABULATION OF VOTES IN CONNECTION WITH FIRST AMENDED
JOINT CHAPTER 11 PLAN FILED BY CHAPTER 11 TRUSTEE AND
<u>OFFICIAL COMMITTEE OF UNSECURED CREDITORS</u>**

Marcus A. Helt certifies as follows:

1. I am over the age of eighteen years and I am not individually a party to these proceedings.

2. I am a partner with Gardere Wynne Sewell LLP ("**Gardere**"), whose offices are located at 1601 Elm Street, Suite 3000, Dallas, Texas 75201.  Walter O'Cheskey, the duly appointed and acting Chapter 11 Trustee (the "**Chapter 11 Trustee**") for the bankruptcy estate

of American Housing Foundation ("**AHF**" or "**Debtor**") retained Gardere as his co-counsel. In that capacity, Gardere worked with the Chapter 11 Trustee and the Official Committee of Unsecured Creditors (the "**Creditors Committee**," and together with the Chapter 11 Trustee, the "**Proponents**") to solicit votes to accept or reject the *First Amended Joint Chapter 11 Plan Filed by the Chapter 11 Trustee and Official Committee of Unsecured Creditors* [Docket No. 1747] (as amended, modified, and/or supplemented, the "**Plan**") and to tabulate the ballots of creditors voting to accept or reject the Plan. I personally supervised service of the Packages (defined below) and the tabulation of the ballots. I also personally reviewed some of the ballots, the summary of the voting results, and the final tabulation report. I am authorized to submit this Certification on Gardere's behalf.

3. Using information provided by AHF and the Proponents, Gardere generated and oversaw the distribution of three different types of solicitation packages (the "**Packages**") relating to the Plan in accordance with the solicitation and tabulation procedures set forth in the *Order (I) Approving Disclosure Statement to Joint Chapter 11 Plan; (II) Approving the Procedures to Solicit Acceptances of the Plan; (III) Scheduling a Hearing and Establishing Notice and Objection Procedures for Confirmation of the Plan; and (IV) Authorizing Other Relief Related to Plan Solicitation and Confirmation* [Docket No. 1746] (the "**Disclosure Statement Order**"). The three types of Packages are: (a) the Solicitation Package, which was sent to creditors of AHF and creditors of AHF Development entitled to vote on the Plan;[1] (b) the Non-Voting Package, which was sent to creditors unimpaired by the Plan; and (c) the Notice

---

[1] The Solicitation Package was mailed to creditors of AHF Development, Inc. ("**AHFD**") because a motion to substantively consolidate the AHFD case with this case is pending before the Court and will be heard at the Confirmation Hearing. To ensure that AHFD creditors were able to vote on the Plan – and assuming substantive consolidation – the Chapter 11 Trustee sent AHFD creditors a ballot so that they had an opportunity to vote on the Plan.

Package, which was sent to the United States Trustee, counsel for the Creditors Committee, and all other parties requesting service in this case. Because only one type of Package – the Solicitation Package – was being sent to creditors entitled to vote on the Plan, it was the only Package to include a ballot.

## I.
## SERVICE AND TRANSMITTAL OF THE PACKAGES

4. On or before November 3, 2010, Gardere directed Equivalent Data ("**Equivalent**") to serve the Solicitation Packages in accordance with the procedures set forth in the Disclosure Statement Order. Equivalent, in turn, caused the Solicitation Packages to be sent to creditors entitled to vote on the Plan in accordance with the Disclosure Statement Order. In strict compliance with the Mailbox Rule,[2] Gardere ensured that Equivalent properly addressed, stamped, and deposited the Solicitation Packages at the United States Post Office for mailing via First Class United States mail, postage prepaid. Certificates evidencing Equivalent's service of the foregoing were filed with the Court on November 5, 2010 [Docket Nos. 1768 and 1769].

## II.
## THE TABULATION PROCESS

5. The Plan specifies which creditors were entitled to receive Solicitation Packages and vote on the Plan. Holders of Claims in Classes 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, and 18 (together, the "**Voting Classes**") were entitled to vote to accept or reject the Plan. Claims in Classes 1 and 2 are unimpaired under the Plan and, thus, deemed to have accepted the Plan.

---

[2] Upon proof that mail is properly addressed, stamped, and deposited in an appropriate receptacle, it is presumed to have been received by the addressee in the ordinary course of the mails. *Hagner v. United States*, 285 U.S. 427, 430 (1932).

3

6. To identify holders of Claims entitled to vote to accept or reject the Plan, Gardere used the *Schedules of Assets and Liabilities* of the Debtor, as amended by the Chapter 11 Trustee, and the claims information pertaining to this case contained on proofs of claim filed with the Court and found on PACER. Using the information outlined above, and in cooperation with the Proponents and other professionals for the Proponents, Gardere created a voting database reflecting the names, addresses, and classification of Claims in the Voting Classes.

7. Gardere drafted ballots for holders of Claims entitled to vote to accept or reject the Plan (the "**Ballots**"). The Disclosure Statement Order established November 19, 2010, at 4:00 p.m. CDT as the deadline for receiving Ballots to accept or reject the Plan (the "**Voting Deadline**").

8. Gardere received and tabulated Ballots as follows: (a) each returned Ballot was opened and inspected at Gardere's office; (b) all Ballots were sorted according to Class; (c) all Ballots received on or before the Voting Deadline were then tabulated in accordance with the tabulation procedures outlined in the Disclosure Statement Order.

9. For a Ballot to be counted as valid, the Ballot must have been properly completed and executed by the holder of a Claim, or such holder's authorized representative, and must have been received by Gardere on or before the Voting Deadline.

10. Pursuant to Local Bankruptcy Rule 3018-1, set forth below is a summary of the voting results with respect to each Voting Class:

| Voting Class | Claimant | # Accepting | # Rejecting | % of # Accepting | Amount Accepting | Amount Rejecting | % of Amount Accepting | Class Accept/ Reject |
|---|---|---|---|---|---|---|---|---|
| 3 | Allowed Secured Claims of Texas Capital Bank | 1 | 0 | 100% | $4,500,000.00 | $0.00 | 100% | Accept |
| 4 | Allowed Secured Claims of BAC Home Loans Servicing | 0 | 0 | 0% | $0.00 | $0.00 | 0% | Reject |
| 5 | Allowed Secured Claims of Graham Mortgage Corporation | 1 | 0 | 100% | $892,769.82 | $0.00 | 100% | Accept |
| 6 | Allowed Secured Claims of Gary Graham IRA | 0 | 0 | 0% | $0.00 | $0.00 | 0% | Abstain |
| 7 | Allowed Secured Claims of Cenlar | 0 | 0 | 0% | $0.00 | $0.00 | 0% | Abstain |
| 9 | Allowed Secured M&M Lien Claims | 0 | 1 | 0% | $0.00 | $75,050.00 | 0% | Reject |
| 10 | Allowed Secured Claims of Happy State Bank | 1 | 0 | 100% | $1,632,187.14 | $0.00 | 100% | Accept |
| 11 | Allowed Secured Claims of Wells Fargo Bank | 1 | 0 | 100% | $408,000.00 | $0.00 | 100% | Accept |
| 13 | Other Secured Claims | 1 | 0 | 100% | $1.00 | $0.00 | 100% | Accept |
| 14 | Allowed Convenience Claims | 11 | 0 | 100% | $697,830.90 | $0.00 | 100% | Accept |
| 15 | Allowed Soft Money Investor Claims | 6 | 38 | 14% | $8,108,039.00 | $37,155,746.80 | 18% | Reject |
| 16 | Allowed Project Partnership-Related Guaranty Claims | 9 | 0 | 100% | $12,024,313.02 | $0.00 | 100% | Accept |
| 17 | Allowed General Unsecured Claims | 10 | 3 | 77% | $10,827,736.84 | $17,248,845.00 | 39% | Reject |

11. Exhibit A to this Certification is the final tabulation report containing: (a) a summary ballot report by Voting Class; and (b) a detailed ballot report by Voting Class.

### III.
### CONCLUSION

12. To the best of my knowledge, information and belief, the foregoing information concerning the distribution, submission, and tabulation of Ballots in connection with the Plan is true. The Ballots received by Gardere are stored at Gardere's office and are available for inspection by or submission to this Court.

Dated: November 29, 2010

        */s/ Marcus A. Helt*_____
        Marcus A. Helt
        GARDERE WYNNE SEWELL LLP
        1601 Elm Street, Suite 3000
        Dallas, Texas 75201-4761