

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**United States Bankruptcy Judge**

**Signed December 07, 2010**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| American Housing Foundation, Inc. | § | Case No.: 09-20232-RLJ |
| | § | |
| Debtor. | § | |
| | § | |

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND AMENDED JOINT CHAPTER 11 PLAN FILED BY THE CHAPTER 11 TRUSTEE AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
### [Related Docket Nos. 1747, 1754, 1841, 1857, and 1909]

The *First Amended Joint Chapter 11 Plan Filed by the Chapter 11 Trustee and the Official Committee of Unsecured Creditors* [Docket No. 1747] as modified by the *Second Amended Joint Chapter 11 Plan Filed by the Chapter 11 Trustee and the Official Committee of Unsecured Creditors* [Docket No. 1909] (as may be further amended, modified, and/or supplemented, the "**Plan**")[1] having been filed with this Bankruptcy Court on December 6, 2010;

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to such terms in the Plan.

and the *First Plan Supplement to and in Support of First Amended Joint Chapter 11 Plan* [Docket No. 1754] on October 28, 2010, the *Second Plan Supplement to and in Support of First Amended Joint Chapter 11 Plan* [Docket No. 1841] on November 20, 2010, and the *Amended and Restated Second Plan Supplement to and in Support of First Amended Joint Chapter 11 Plan* [Docket No. 1857] (as the documents contained therein may be further amended, modified, and/or supplemented, collectively, the "**Plan Supplement**") on November 23, 2010; and the Bankruptcy Court having entered, after due notice and a hearing, an order [Docket No. 1746] (the "**Disclosure Statement Order**"), dated October 26, 2010, (i) approving the *First Amended Disclosure Statement to First Amended Joint Chapter 11 Plan Filed by the Chapter 11 Trustee and the Official Committee of Unsecured Creditors* [Docket No. 1736] (the "**Disclosure Statement**"); (ii) approving the procedures to solicit acceptances of the Proponents' proposed Plan, and (iii) scheduling a hearing and establishing notice and objection procedures for confirmation of the Proponents' proposed Plan; and the Disclosure Statement and Plan having been distributed or made available to holders of Claims against the Debtor and other parties in interest as provided in the Disclosure Statement Order; and the hearing to consider confirmation of the Plan having been held before the Bankruptcy Court on November 30, 2010 (the "**Confirmation Hearing**"); and due notice of the Plan and the Confirmation Hearing having been provided to holders of Claims against the Debtor and other parties in interest in accordance with the Disclosure Statement Order, title 11 of the United States Code (the "**Bankruptcy Code**"), and the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), as established by the certificates of service, mailing, and/or publication filed with the Bankruptcy Court (the "**Certificates of Service**"),[2] and such notice being sufficient under the circumstances

---

[2] The Certificates of Service have been filed at Docket Nos. 1768, 1769, 1770, and 1771.

and no further notice being required; and after full consideration of (i) the Proponents'
*Memorandum of Law in Support of Confirmation of the First Amended Joint Chapter 11 Plan
Filed by the Chapter 11 Trustee and the Official Committee of Unsecured Creditors* [Docket No.
1896] (the "**Confirmation Memorandum of Law**"), dated November 28, 2010; (ii) the *First
Amended Ballot Certification of Marcus Helt Regarding Tabulation of Votes in Connection with
First Amended Joint Chapter 11 Plan Filed by Chapter 11 Trustee and Official Committee of
Unsecured Creditors* [Docket No. 1903] as amended in open court at the Confirmation Hearing
on November 30, 2010, and December 1, 2010 (the "**Helt Voting Certification**"); (iii) each of
the objections to confirmation of the Plan (the "**Objections**"); and (iv) the Proponents' omnibus
response to the Objections [Docket No. 1886] filed November 25, 2010; and all Objections
having been withdrawn, resolved, or otherwise overruled or addressed as set forth herein or by
separate further order of the Bankruptcy Court; and upon all of the proceedings had before the
Bankruptcy Court and upon the arguments of counsel and all of the evidence adduced at the
Confirmation Hearing; and the Bankruptcy Court having determined based on all of the
foregoing that the Plan should be confirmed, as reflected by the Bankruptcy Court's rulings
made herein and at the Confirmation Hearing; and after due deliberation and sufficient cause
appearing therefor, the Bankruptcy Court hereby

FINDS, DETERMINES, AND CONCLUDES THAT:

      A.    <u>Findings and Conclusions</u>. The findings and conclusions set forth herein and in
the record of the Confirmation Hearing constitute the Bankruptcy Court's findings of fact and
conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding
pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute

conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.[3]

## Jurisdiction and Venue

B.      Exclusive Jurisdiction, Venue, Core Proceeding (28 U.S.C. §§ 157(b)(2), 1334(a)).  The Bankruptcy Court has jurisdiction over the Bankruptcy Case (defined below) pursuant to 28 U.S.C. § 1334.  Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(6) and the Bankruptcy Court has jurisdiction to enter a final order with respect thereto.  The Debtor is an eligible debtor under section 109 of the Bankruptcy Code.  Venue is proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Chapter 11 Case

C.      Commencement and Consolidation of the Chapter 11 Case.  On April 21, 2009, certain alleged creditors of the Debtor filed an involuntary petition against the Debtor pursuant to chapter 11 of the Bankruptcy Code, thereby initiating an involuntary bankruptcy case [Case No. 09-20232] (the "**Involuntary Case**") against the Debtor.  On June 11, 2009, the Debtor filed a voluntary petition pursuant to chapter 11 of the Bankruptcy Code, initiating a voluntary case [Case No. 09-20373] (the "**Voluntary Case**").  On July 17, 2009, the Court entered its *Agreed Order Granting Motion to Consolidate Bankruptcy Cases* [Docket No. 88], consolidating the Voluntary Case and the Involuntary Case into a single case (the "**Bankruptcy Case**") pursuant to Bankruptcy Rule 1015(a) of the Bankruptcy Rules.

---

[3] All findings of fact and conclusions of law announced by the Bankruptcy Court on December 1, 2010, are hereby incorporated herein.

D.     <u>Official Committee of Unsecured Creditors</u>.  This Court appointed the Official Committee of Unsecured (the "**Creditors Committee**") in this Bankruptcy Case on July 10, 2009.  The Creditors Committee was reconstituted on August 31, 2010.

E.     <u>Chapter 11 Trustee.</u>  On April 29, 2010, this Court appointed Walter O'Cheskey as Chapter 11 Trustee (the "**Chapter 11 Trustee**," and together with the Creditors Committee, the "**Proponents**") for the Debtor's bankruptcy estate by entering the *Order Approving Appointment of Chapter 11 Trustee* [Docket No. 1104].

F.     <u>Judicial Notice</u>.  The Bankruptcy Court takes judicial notice of (i) as appropriate, proofs of claims filed in the Bankruptcy Case, and (ii) the docket of the Bankruptcy Case maintained by the Clerk of the Bankruptcy Court and pleadings reflected therein, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at the hearings held before the Bankruptcy Court during the pendency of the Bankruptcy Case.

**<u>Solicitation and Notice</u>**

G.     <u>Solicitation and Notice</u>.  On October 26, 2010, the Bankruptcy Court entered the Disclosure Statement Order, which, among other things, approved the Disclosure Statement, finding that it contained "adequate information" within the meaning of section 1125 of the Bankruptcy Code, and established procedures for the Proponents' solicitation of votes on the Plan.  The Solicitation Packages, Non-Voting Packages, and Notice Packages (collectively, the "**Packages**") were served in compliance with the Bankruptcy Rules and the Disclosure Statement Order.  As described in the Helt Voting Certification and the Certificates of Service, (i) the service of the Packages was adequate and sufficient under the circumstances of this Bankruptcy Case, and (ii) adequate and sufficient notice of the Confirmation Hearing and other requirements,

deadlines, hearings, and matters described in the Disclosure Statement Order was timely
provided in compliance with the Bankruptcy Rules and the Disclosure Statement Order.

H.    <u>Voting</u>.  Votes on the Plan were solicited after disclosure to holders of Claims
against the Debtor of "adequate information" as defined in section 1125 of the Bankruptcy
Code.  As evidenced by the Helt Voting Certification, votes to accept or reject the Plan have
been solicited and tabulated fairly, in good faith, and in a manner consistent with the Disclosure
Statement Order, the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules
for the United States Bankruptcy Court for the Northern District of Texas (the "**Local Rules**").

I.    <u>Plan Supplement</u>.  On October 28, 2010, and November 20, 2010, the Proponents
filed the Plan Supplement, which, as amended from time to time, includes the following
documents (collectively, the "**Plan-Supplement Documents**"): (a) the "Banc One Settlement
Agreement," which was admitted into evidence as Trustee's <u>Exhibit 18</u> at the Confirmation
Hearing, (b) the "Red Capital Settlement Agreement," which was admitted into evidence as
Trustee's <u>Exhibit 21</u> at the Confirmation Hearing, (c) the "MMA Settlement Agreements," which
were admitted into evidence as Trustee's <u>Exhibits 24(a)-(e)</u> at the Confirmation Hearing, (d) the
"TCB Settlement Agreement," which was admitted into evidence as Trustee's <u>Exhibit 12</u> at the
Confirmation Hearing, and (e) the Liquidating Trust Agreement, which was admitted into
evidence as Trustee's <u>Exhibit 44</u> at the Confirmation Hearing.  All such materials comply with
the terms of the Plan, and the filing and notice of such documents was good and proper and in
accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and no other
or further notice is or shall be required.

## Compliance with the Requirements of Section 1129 of the Bankruptcy Code

J.    <u>Burden of Proof</u>.  The Proponents have met their burden of proving the elements of section 1129 of the Bankruptcy Code by a preponderance of the evidence, which is the applicable evidentiary standard.

K.    <u>Bankruptcy Rule 3016(a)</u>.  The Plan is dated and identifies the Chapter 11 Trustee and the Creditors Committee as the Plan proponents, thereby satisfying Bankruptcy Rule 3016(a).

L.    <u>Plan Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>.  The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

      i.    <u>Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1))</u>.  As required by section 1123(a)(1), in addition to Administrative Claims, Professional Fee Claims, and Priority Tax Claims, which need not be classified, Article III of the Plan designates 19 Classes of Claims against and Equity Interests in the Debtor.[4]  As required by section 1122(a) of the Bankruptcy Code, the Claims (to the extent treated as a Class) placed in each Class are substantially similar to other Claims in each such Class.  Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims created under the Plan, and such Classes do not effect unfair discrimination between holders of Claims.  Thus, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

      ii.    <u>Specified Unimpaired Classes (11 U.S.C. § 1123(a)(2))</u>.  Articles III and IV of the Plan specify that Classes 1 and 2 are unimpaired under the Plan, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

      iii.    <u>Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>.  Articles III and IV of the Plan designate Classes 3 through 18 as impaired, and Article V of the Plan

---

[4] The Debtor is a tax-exempt entity under Internal Revenue Code section 501(c)(3).  Therefore, there are no Allowed Interests in the Debtor.

sets forth the treatment of such impaired Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

iv.     <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>.  Article V of the Plan provides for the same treatment by the Proponents for each Claim in each respective Class unless the holder of a particular Claim has agreed to a less favorable treatment in respect of such Claim, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

v.      <u>Implementation of the Plan (11 U.S.C. § 1123(a)(5))</u>.  As required by section 1123(a)(5), Articles VI and VII of the Plan provide for adequate means for implementation of the Plan, including without limitation, (a) the existence of the Reorganized Debtor; (b) the documents that will govern the Reorganized Debtor after the Effective Date; (c) the establishment of the Liquidating Trust; (d) consummation of the transactions contemplated by the Liquidating Trust and Liquidating Trust Agreement; and (e) the execution, delivery, filing, or recording of all contracts, instruments, releases, and other agreements or documents related to the foregoing.

vi.     <u>Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6))</u>. Section 1123(a)(6) does not apply to Reorganized Debtor because such entity is not issuing securities under the Plan.

vii.    <u>Designation of Directors and Officers (11 U.S.C. § 1123(a)(7))</u>.  Article VI of the Plan contains provisions with respect to the manner of selection of the board of directors of Reorganized Debtor and the officers of Reorganized Debtor that are consistent with the interests of creditors and public policy, and the Disclosure Statement, the Plan, and the Plan Supplement identify the individuals proposed to serve as directors and officers of Reorganized Debtor, thereby satisfying section 1123(a)(7) of the Bankruptcy Code.

viii.   <u>Additional Plan Provisions (11 U.S.C. § 1123(b))</u>.  The additional provisions of the Plan are appropriate and consistent with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1123(b) of the Bankruptcy Code.

ix.     <u>Impairment/Unimpairment of Any Class of Claims or Interests (11 U.S.C. § 1123(b)(1))</u>.  Pursuant to the Plan, Classes 1 and 2 are unimpaired and Classes 3 through 18

are impaired, as contemplated by section 1123(b)(1) of the Bankruptcy Code.

x. <u>Assumption and Rejection of Executory Contracts (11 U.S.C. 1123(b)(2))</u>. Article VIII of the Plan provides for the rejection of the executory contracts and unexpired leases of the Debtor as of the Effective Date, except for any executory contracts or unexpired leases that (a) have been assumed or rejected pursuant to Final Order of the Bankruptcy Court, (b) are the subject of a separate motion pursuant to section 365 of the Bankruptcy Code to be filed and served by the Proponents on or before the Confirmation Date, or (c) included in the Plan Supplement, as contemplated by section 1123(b)(2) of the Bankruptcy Code. The Plan also constitutes and incorporates, in Article VIII, a motion by the Proponents to assume, as of the Effective Date, all executory contracts or unexpired leases included in the Plan Supplement. Such executory contracts and unexpired leases will be assumed as modified pursuant to the terms noted in the Plan Supplement and the Plan-Supplement Documents. This Confirmation Order constitutes an order of this Bankruptcy Court under section 365 of the Bankruptcy Code approving the rejection or assumption, as applicable, of such Executory Contracts as of the Effective Date. For the avoidance of doubt, the Debtor will not assume or reaffirm any guaranty or partnership agreement related to or executed by a Special Purpose Entity listed as a Rejected Property, except as otherwise provided in the Plan Supplement or a Plan-Supplement Document.

xi. <u>Other Appropriate Provisions (11 U.S.C. § 1123(b)(2))</u>. The Plan's other provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including, without limitation, provisions for (a) distributions to holders of Claims, (b) approval of and authorization to enter into the Liquidating Trust Agreement, (c) Reorganized Debtor's or the Liquidating Trustee's, as applicable, retention of, and right to enforce, sue on, settle, or compromise (or refuse to do any of the foregoing with respect to) certain claims and causes of action against third parties, to the extent not waived and released under the Plan, (d) resolution of Disputed Claims, (e) allowance of certain Claims, and (f) exculpations of certain parties.

xii.    Settlement of Claims and Causes of Action (11 U.S.C. §
1123(b)(3)).  Section 7.14 of the Plan provides that, to the
extent not specifically waived and released under the Plan,
nothing contained in the Plan or the Confirmation Order
shall be deemed to be a waiver or relinquishment of any
claim, cause of action, right of setoff, or other legal or
equitable defense that the Debtor had immediately prior to
the Commencement Date, against or with respect to any
Claim under the Plan.

xiii.   Modification of Rights (11 U.S.C. § 1123(b)(5)).  The Plan
(i) leaves unaffected the rights of holders of Claims in
Classes 1 and 2, and (ii) affects the rights of holders of
Claims in Classes 3 through 18.

xiv.    Cure of Defaults (11 U.S.C. § 1123(d)).  The Plan does not
provide for the curing of any defaults.  Accordingly, the
Plan complies with section 1123(d) of the Bankruptcy
Code.

M.    The Proponents' Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2)).

The Proponents have complied with the applicable provisions of the Bankruptcy Code.

Specifically:

i.     The Debtor is an eligible debtor under section 109 of the
Bankruptcy Code;

ii.    The Proponents have complied with applicable provisions
of the Bankruptcy Code, except as otherwise provided or
permitted by orders of the Bankruptcy Court; and

iii.   The Proponents have complied with the applicable
provisions of the Bankruptcy Code, the Bankruptcy Rules,
and the Local Rules in transmitting the Plan, the Disclosure
Statement, the Ballots, and related documents and notices
and in soliciting and tabulating the votes on the Plan.

N.    Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)).  The Proponents have

proposed the Plan (including the Plan Supplement, and all other documents necessary to

effectuate the Plan) in good faith and not by any means forbidden by law, thereby satisfying

section 1129(a)(3) of the Bankruptcy Code.  The Proponents' good faith is evident from the facts

and record of this Bankruptcy Case, the Disclosure Statement, and the record of the Confirmation Hearing and other proceedings held in this Bankruptcy Case. The Plan was proposed with the legitimate and honest purpose of maximizing value of the Estate and expeditiously distributing that value to Creditors. The Plan was negotiated at arm's length among the Chapter 11 Trustee, the Creditors Committee, the Debtor's largest prepetition secured creditor, certain other creditors holding large unsecured claims, and their respective advisors. Further, the Plan's classification, indemnification, exculpation, release, and injunction provisions have been negotiated in good faith, at arm's length, and are consistent with sections 105, 1122, 1123(b)(6), 1129, and 1142 of the Bankruptcy Code, and are each necessary for the Estate's successful maximization of value for Creditors. Such provisions were not included in the Plan for any improper purpose.

O.       Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)). Any payment made or to be made by the Debtor, the Estate, or by a person issuing securities or acquiring property under the Plan, for services or for costs and expenses in connection with the Bankruptcy Case, or in connection with the Plan and incident to the Bankruptcy Case, has been approved by, or is subject to the approval of the Bankruptcy Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

P.       Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5)). The Proponents have complied with section 1129(a)(5) of the Bankruptcy Code. The identities of the persons to serve as members of the Reorganized Debtor's Board as of the Effective Date were disclosed in the Plan and at the Confirmation Hearing. The Reorganized Debtor Board is anticipated to initially consist of six (6) members, and information regarding the selection criteria that will be used to appoint all members was disclosed in the Plan. The Plan provides that Alan Weiner of Focus

Management Group USA, Inc. will manage Reorganized Debtor as its President and Chief Executive Officer as of the Effective Date.  The appointment to such offices of such persons is consistent with the interests of the Estate and with public policy.

Q.      No Rate Changes (11 U.S.C. § 1129(a)(6)).  Section 1129(a)(6) of the Bankruptcy Code is satisfied because the Plan does not provide for any rate changes over which a governmental regulatory commission has jurisdiction.

R.      Best Interest of Creditors (11 U.S.C. § 1129(a)(7)).  The "best-interests" test is satisfied with respect to each Class of Impaired Claims.  As demonstrated by the evidence proffered or adduced at the Confirmation Hearing, including the Liquidation Analysis attached to the Disclosure Statement, which employed commonly accepted methodologies and reasonable assumptions, each holder of an Impaired Claim against the Estate either has accepted the Plan or will receive or retain under the Plan, on account of such Claim, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date.  Accordingly, the Plan satisfies section 1129(a)(7) of the Bankruptcy Code.

S.      Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)).  Classes 1 and 2 are Unimpaired by the Plan; accordingly, holders of Claims in such Classes are conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.  Classes 3, 4, 5, 10, 11, 13, 14, 16, and 17 (the "**Impaired Accepting Classes**"), which are impaired by the Plan and entitled to vote, have voted to accept the Plan, in accordance with sections 1126(b) and (c) of the Bankruptcy Code.  There were no creditors in Classes 8 or 12.  Class 9 (the "**Rejecting Class**") has voted to reject the Plan.  Classes 6, and 7, which were entitled to vote, abstained from voting (the "**Abstaining Classes**").  Although 1129(a)(8) of

the Bankruptcy Code is not satisfied with respect to the Rejecting Class or the Abstaining

Classes, the Plan may nevertheless be confirmed because the Plan satisfies section 1129(b) of

the Bankruptcy Code with respect to the Rejecting Class.

T.      Treatment of Administrative Expense Claims, Priority Tax Claims, Secured Tax
Claims, and Other Priority Claims (11 U.S.C. § 1129(a)(9)).   The treatment of Administrative

Expense Claims, Priority Non-Tax Claims, Priority Tax Claims, and Secured Tax Claims

pursuant to Articles II and V of the Plan satisfies the requirements of sections 1129(a)(9) of the

Bankruptcy Code.

U.      Acceptance By Impaired Class of Claims (11 U.S.C. § 1129(a)(10)).   Classes 3, 4,

5, 10, 11, 13, 14, 16, and 17, each of which is impaired under the Plan and entitled to vote, voted

to accept the Plan by the requisite majorities, determined without including any acceptance of the

Plan by any insider, if any, thereby satisfying the requirements of section 1129(a)(10).

V.      Feasibility (11 U.S.C. § 1129(a)(11)).   The information in the Disclosure

Statement and evidence proffered or adduced at the Confirmation Hearing (i) is persuasive and

credible, (ii) has not been controverted by other evidence, and (iii) establishes that the Plan is

feasible and that there is a reasonable prospect of the Reorganized Debtor being able to meet its

obligations under the Plan, and that confirmation of the Plan is not likely to be followed by the

liquidation or the need for further financial reorganization of the Reorganized Debtor unless such

liquidation or reorganization is proposed in the Plan, thereby satisfying the requirements of

section 1129(a)(11) of the Bankruptcy Code.

W.      Payment of Fees (11 U.S.C. § 1129(a)(12)).   All fees due and payable pursuant to

section 1930 of chapter 123 of title 28, United States Code, as determined by the Bankruptcy

Code, have been or will be paid on the Effective Date pursuant to section 2.04 of the Plan by the

Reorganized Debtor, thereby satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

X.    Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13)).  Section 8.04 of the Plan provides that on and after the Effective Date, the Reorganized Debtor shall continue to pay all retiree benefits, if any, of the Debtor (within the meaning of section 1114 of the Bankruptcy Code) for the duration of the period for which the Debtor obligated itself to provide such benefits, subject to the Reorganized Debtor's right to modify or terminate such benefits, if any, in accordance with the terms thereof.  Although there are no retirees of the Debtor, the Plan satisfies the requirements of section 1129(a)(13) of the Bankruptcy Code.

Y.    No Domestic Support Obligations (11 U.S.C. § 1129(a)(14)).  The Debtor is not required by a judicial or administrative order, or by statute, to pay a domestic support obligation; accordingly, section 1129(a)(14) of the Bankruptcy Code is inapplicable in this Bankruptcy Case.

Z.    Debtor is Not an Individual (11 U.S.C. § 1129(a)(15)).  The Debtor is not an individual; accordingly, section 1129(a)(15) of the Bankruptcy Code is inapplicable in this Bankruptcy Case.

AA.    No Applicable Nonbankruptcy Law Regarding Transfers (11 U.S.C. § 1129(a)(16)).  As a tax-exempt entity under section 501(c)(3) of the Internal Revenue Code, the Debtor qualifies as non-moneyed corporation.  The Plan is not intended to jeopardize the Debtor's status as a tax-exempt entity; instead, it is intended to preserve and protect that status.  Therefore, in accordance with section 1129(a)(16), all transfers under the Plan will comply with applicable non-bankruptcy law provisions governing transfers by a non-moneyed corporation.

BB.    No Unfair Discrimination; Fair and Equitable (11 U.S.C. § 1129(b)).    The Proponents have requested that the Court confirm the Plan notwithstanding the fact that the Rejecting Class rejected the Plan.  The Proponents have satisfied the requirements of sections 1129(b)(1) and (b)(2) of the Bankruptcy Code with respect to the Rejecting Class and, if necessary, the Abstaining Classes.  Based on the evidence proffered, adduced, and/or presented at the Confirmation Hearing, the Plan does not discriminate unfairly and is fair and equitable with respect to the Rejecting Class and, if necessary, the Abstaining Classes, as required by sections 1129(b)(1) and (b)(2) of the Bankruptcy Code.   The Plan does not "unfairly discriminate" because the Rejecting Class and, if necessary, the Abstaining Classes will receive under the Plan treatment that is not materially different than other creditors with similar legal rights/priority – that is, secured creditors.  The Plan is also fair and equitable to the Rejecting Class and, if necessary, the Abstaining Classes because all of their liens, if any, will attach to sale proceeds or they will receive the "indubitable equivalent" of their Allowed Secured Claim. Based on the foregoing, the requirements of section 1129(b) of the Bankruptcy Code are met with respect to the Rejecting Class and the Abstaining Classes, and the Plan may be confirmed notwithstanding the rejection by the Rejecting Class and the non-votes from the Abstaining Classes.

CC.    Only One Plan (11 U.S.C. § 1129(c)).  Although the Plan is not the only plan filed in this Bankruptcy Case, it is the only plan up for confirmation.  The Creditors Committee, which previously filed and sponsored several versions of its own plan, is now a joint proponent of the Plan.  The plan originally filed by the Creditors Committee on August 27, 2010 has been withdrawn from this Court's consideration.   Accordingly, section 1129(c) of the Bankruptcy Code is inapplicable in this Bankruptcy Case.

DD.    Principal Purpose of the Plan (11 U.S.C. § 1129(d)).  The principal purpose of the

Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the

Securities Act of 1933, thereby satisfying section 1129(d) of the Bankruptcy Code.

EE.    Not Small Business Case (11 U.S.C. § 1129(e)).  This is not a small business case,

and accordingly, section 1129(e) of the Bankruptcy Code is inapplicable in this Bankruptcy

Case.

### Compliance with Section 1125 of the Bankruptcy Code

FF.    Good-Faith Solicitation (11 U.S.C. 1125(e)).  Based on the record before the

Court, (i) the Proponents and their respective Professionals are deemed to have solicited

acceptances of the Plan in good faith and in compliance with the applicable provisions of the

Bankruptcy Code, including without limitation, sections 1125(a) and (e) of the Bankruptcy

Code, and any applicable non-bankruptcy law, rule, or regulation governing the adequacy of

disclosure in connection with such solicitation and therefore will not, on account of such

solicitation, be liable at any time for any violation of any applicable law, rule, or regulation

governing the solicitation of acceptances or rejections of the Plan and are entitled to the

protections afforded by section 1125(e) of the Bankruptcy Code and the exculpation

provisions set forth in section 9.09 of the Plan.

### Compliance with Section 1126 of the Bankruptcy Code

GG.    Acceptance of Plan (11 U.S.C. § 1126).  Pursuant to section 1126 of the

Bankruptcy Code, the Plan has been accepted by the Impaired Accepting Classes.

### Compliance with Bankruptcy Rule 3019

HH.    Plan Modification (11 U.S.C. § 1127 and Bankruptcy Rule 3019).  Based on the

record before the Court, the *Second Amended Joint Chapter 11 Plan Filed By the Chapter 11*

*Trustee and the Official Committee of Unsecured Creditors* [Docket No. 1909] filed on

December 6, 2010, satisfies the requirements of Bankruptcy Rule 3019. All holders of Claims
that voted to accept the Plan are deemed to accept the Plan as modified.

## Plan Implementation

II.      The terms of the Plan, including, without limitation, the Plan Supplement and all
exhibits and schedules thereto, and all other documents filed in connection with the Plan and/or
executed or to be executed in connection with the transactions contemplated by the Plan, and all
amendments and modifications of any of the foregoing, including, without limitation, the
Liquidating Trust Agreement, the TCB Settlement Agreement, and the Plan-Supplement
Documents, and all related exhibits and supplements (collectively, the "**Plan Documents**") are
incorporated herein by reference, are, except as addressed herein or in any future order of the
Bankruptcy Court contemplated by this Confirmation Order, proper in all respects, and constitute
an integral part of this Confirmation Order.

JJ.      The Plan and the Plan Documents have been negotiated in good faith and at arm's
length and shall, on and after the Effective Date, except as addressed herein or in any future
order of the Bankruptcy Court contemplated by this Confirmation Order, constitute legal, valid,
binding, and authorized obligations of the respective parties thereto and will be enforceable in
accordance with their terms.

KK.     Pursuant to section 1142(a) of the Bankruptcy Code, except as addressed herein
or in any future order of the Bankruptcy Court contemplated by this Confirmation Order, the
Plan and the Plan Documents will apply and be enforceable notwithstanding any otherwise
applicable non-bankruptcy law. The Chapter 11 Trustee, the Creditors Committee, the Debtor,
the Reorganized Debtor, the Liquidating Trustee, and all of their respective members, officers,
directors, agents, financial advisers, investment bankers, attorneys, employees, equity holders,
partners, affiliates, and representatives will be acting in good faith if they proceed to (i)

consummate the Plan and the agreements, settlements, transactions, transfers and documentation contemplated thereby, and (ii) take any actions authorized and directed by this Confirmation Order.

### Executory Contracts and Unexpired Leases

LL.    The Proponents have exercised sound business judgment in determining whether to assume or reject each of their executory contracts and unexpired leases pursuant to Article VIII of the Plan.  Each assumption or rejection of an executory contract or unexpired lease as provided in Article VIII of the Plan shall be legal, valid, and binding on Reorganized Debtor and all non-debtor counterparties to such contracts or leases, all to the same extent as if such assumption or rejection has been effectuated pursuant to an appropriate authorizing order of the Bankruptcy Court before the Confirmation Date under section 365 of the Bankruptcy Code. Each assumption or rejection of an executory contract or unexpired lease as provided in Article VIII of the Plan shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease.

MM.    The Proponents have satisfied the provisions of section 365 of the Bankruptcy Code with respect to the assumption of executory contracts and unexpired leases pursuant to the Plan and the Plan Documents.  All executory contracts or unexpired leases listed in the Plan Supplement shall be assumed as modified according to the Plan and the Plan Documents with no cost or financial responsibility to the Estate, Reorganized Debtor, or the Liquidating Trustee for that assumption except as provided in Exhibit A-1 to the Plan Supplement, the Plan Supplement, and the Plan Documents.

## Exculpations, Injunctions, and Releases

NN.    The Bankruptcy Court has jurisdiction under sections 1334(a) and (b) of title 28 of the United States Code to approve the exculpation, injunctions, and releases set forth in Article IX of the Plan.    Section 105(a) of the Bankruptcy Code permits issuance of the injunctions and approval of the releases and exculpations set forth in Article IX of the Plan. Such provisions are fair and reasonable and are in the best interests of the Debtor, the Estate, and parties-in-interest.    Further, the exculpation provisions in the Plan do not relieve any party of liability for an act or omission to the extent such act or omission is determined by a Final Order to have constituted willful misconduct or gross negligence.    Based on the record of this Bankruptcy Case and the evidence proffered, adduced, and/or presented at the Confirmation Hearing, this Court finds that the injunctions, exculpations, and releases set forth in Article IX of the Plan are consistent with the Bankruptcy Code and applicable law.

## Settlements and Compromises Pursuant to and Incorporated in the Plan

OO.    The Plan allows for the Estate to compromise and settle Claims against and Claims held by the Estate.    The terms of certain compromises and settlements are included in the Plan, the Plan-Supplement Documents, a separate stand-alone motion filed with the Bankruptcy Court and heard at the Confirmation Hearing, and announcements or agreements read into the record at the Confirmation Hearing.    (All such compromises and settlements, including those mentioned in Article I of the Plan and the Plan Supplement, are, collectively, the "**Settlements**.") Because the Settlements are integral to the implementation of the Plan, they are hereby approved as part of the Plan.    The Settlements are the product of good-faith, arm's-length negotiations. The Settlements represent reasonable compromises and settlements of Claims against and Claims held by the Estate.    The Settlements are in the best interests of the Estate and the Creditors thereof.    Considering (i) the probability of success in litigation with due consideration for

uncertainty in fact and law; (ii) the complexity and likely duration of the litigation, and the expense, inconvenience, and delay necessarily attending to that litigation; and (iii) all other factors bearing on the wisdom of the Settlements, including the Chapter 11 Trustee's business judgment, the Plan and the Settlements satisfy the requirements of Bankruptcy Rule 9019 and section 1123(b)(3), and the Settlements are hereby approved.    On behalf of the Estate, the Chapter 11 Trustee is authorized to execute any document necessary, in his discretion, to effectuate or implement the Settlements that are in the best interests of the Estate, including settlement agreements substantially in the form of those admitted into evidence at the Confirmation Hearing.

### **Other Findings**

PP.    <u>Transfers by Debtor</u>.    All transfers of property of the Estate, including, without limitation, the transfer and assignment of assets to the Liquidating Trust, shall be free and clear of all Liens, Claims, encumbrances, and other interests, except as expressly provided in the Plan or this Confirmation Order.

QQ.    <u>Retention of Jurisdiction</u>.    The Bankruptcy Court may properly retain, and if appropriate, shall exercise jurisdiction over the matters set forth in Article XII of the Plan and section 1142 of the Bankruptcy Code.

RR.    <u>Objections</u>.    All parties have had a full and fair opportunity to litigate all issues raised by objections to confirmation of the Plan, or which might have been raised, and the objections to confirmation have been fully and fairly litigated.    Except as compromised and settled herein, all objections to confirmation of the Plan are hereby overruled.

SS.    <u>Certain Exhibits to Disclosure Statement are Hereby Incorporated Herein</u>.
<u>Exhibits E and F</u> to the Disclosure Statement are hereby incorporated in this Confirmation Order as if fully set forth herein.    <u>Exhibit E</u> lists all of the Causes of Action to be preserved by the

Estate and retained by the Reorganized Debtor or transferred to the Liquidating Trust.  Exhibit F
lists Affiliates of the Debtor.

**The Plan Satisfies Confirmation Requirements**

TT.     Based on the foregoing, the Plan satisfies the requirements for confirmation set
forth in section 1129 of the Bankruptcy Code.

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.     Solicitation and Notice.  Notice of the Confirmation Hearing complied with the
terms of the Disclosure Statement Order, was appropriate and satisfactory based on the
circumstances of the Bankruptcy Case, and was in compliance with the provisions of the
Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.  The solicitation packages
admitted into evidence at the Confirmation Hearing are approved as appropriate and satisfactory
based on the circumstances of the Bankruptcy Case and were in compliance with the provisions
of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.  The solicitation of votes on
the Plan complied with the solicitation procedures in the Disclosure Statement Order and was
appropriate and satisfactory based on the circumstances of the Bankruptcy Case, and was in
compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local
Rules.

2.     Confirmation.  The Plan in the form attached hereto as Exhibit A and each of its
provisions shall be, and hereby is, confirmed under section 1129 of the Bankruptcy Code.  The
terms of the Plan Documents are incorporated by reference into and are an integral part of the
Plan and this Confirmation Order.

3.     Plan Modification.  The *Second Amended Joint Chapter 11 Plan Filed by the
Chapter 11 Trustee and the Official Committee of Unsecured Creditors* [Docket No. 1909] is
approved.

4.      <u>Objections</u>.  All objections, responses, statements, and comments in opposition to

the Plan, other than those withdrawn with prejudice in their entirety prior to the Confirmation

Hearing or otherwise resolved on the record of the Confirmation Hearing and/or herein or

addressed by this Confirmation Order are overruled for the reasons stated on the record.

5.      <u>Binding Effect</u>.   Except as otherwise provided in section 1141(d)(3) of the

Bankruptcy Code, on or after entry of this Confirmation Order and subject to the occurrence of

the Effective Date, the provisions of the Plan shall bind (a) any holder of a Claim against the

Debtor or the Estate and their respective successors and assigns, whether or not such Claim

holder is Impaired under the Plan and whether or not such holder has filed a proof of claim or

accepted the Plan, (b) any and all non-debtor parties to assumed executory contracts and

unexpired leases with the Debtor, (c) any other party in interest in the Bankruptcy Case, and (d)

the Liquidating Trust, and each of its respective beneficiaries, executors, administrators,

successors, or assigns.

6.      <u>Plan Classification Controlling</u>.   The classifications of Claims and Equity

Interests for purposes of the distributions to be made under the Plan shall be governed solely by

the terms of the Plan.   The classification set forth on the Ballots tendered or returned by

Creditors in connection with voting on the Plan: (a) were set forth on the Ballots solely for

purposes of voting to accept or reject the Plan; (b) do not necessarily represent, and in no event

shall be deemed to modify or otherwise affect, the actual classification of such Claims and

Equity Interests under the Plan for distribution purposes; and (c) shall not be binding on the

Proponents, the Debtor, Reorganized Debtor, or the Liquidating Trust for purposes other than

voting on the Plan.

7.      <u>Distributions Under the Plan</u>.  All distributions under the Plan shall be made in accordance with Article X of the Plan.

8.      <u>Continued Corporate Existence</u>.  Except as otherwise provided for in the Plan, the Reorganized Debtor shall continue to exist after the Effective Date as a separate legal entity, with all the power of a corporation or a legal entity under applicable law in the jurisdiction in which the Debtor is incorporated or otherwise formed and pursuant to its applicable corporate governance documents.

9.      <u>Restructuring Transactions</u>.  The restructuring transactions set forth in the Plan are approved in all respects and the Proponents are authorized to take all actions in order to effectuate and implement the restructuring transactions in the order specified therein.

10.      <u>Vesting of Assets (11 U.S.C. § 1141(b), (c))</u>.  As set forth in section 9.05 of the Plan, as of the Effective Date, pursuant to sections 1141(b) and (c) of the Bankruptcy Code, all property of the Debtor's estate and the Trust Assets shall vest in the Reorganized Debtor or the Liquidating Trust, as the case may be, free and clear of all Liens, Claims, encumbrances, charges, and other interests, except as provided in the Plan or in this Confirmation Order.  From and after the Effective Date, the Reorganized Debtor may operate its business and use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code.  The vesting, on the Effective Date, of Estate property in Reorganized Debtor or the Liquidating Trust does not constitute a voidable transfer under the Bankruptcy Code or applicable non-bankruptcy law.

11.      <u>Release of Liens</u>.  Except as otherwise provided in the Plan or this Confirmation Order, or in any contract, instrument, release, or other agreement or document entered into or delivered in connection with the Plan, including the Liquidating Trust Agreement, concurrently with the applicable distributions made pursuant to the Plan, all mortgages, deeds of trust, liens,

and other security interests against property of the Estate shall be fully cancelled, terminated, released, discharged and extinguished (except to the extent expressly reinstated under the Plan), and all right, title, and interest of any holder of such mortgages, deeds of trust, financing statements, liens, and other security interests, including any rights to any collateral thereunder, shall revert to Reorganized Debtor and its successors and assigns.

12.    <u>Retained Assets</u>.  To the extent that the succession to assets of the Debtor by the Reorganized Debtor or Liquidating Trust, as the case may be, pursuant to the Plan is deemed to constitute "transfers" of property, such transfers of property to Reorganized Debtor or Liquidating Trust (a) are or shall be legal, valid, and effective transfers of property, (b) vest or shall vest the Reorganized Debtor with good title to such property, free and clear of all Liens, Claims, encumbrances, charges, or interests, except as expressly provided in the Plan or this Confirmation Order, (c) do not and shall not constitute avoidable transfers under the Bankruptcy Code or under applicable non-bankruptcy law, and (d) do not and shall not subject Reorganized Debtor or Liquidating Trust to any liability by reason of such transfer under the Bankruptcy Code or under applicable non-bankruptcy law, including, without limitation, by laws affecting successor or transferee liability.

13.    <u>Governmental Claim Bar Date</u>.  Unless an earlier date was established by the Bankruptcy Court or the Bankruptcy Rules, no Governmental Units shall have a Claim against the Debtor or the Estate unless a proof of Claim is filed with the Bankruptcy Court and served on the Liquidating Trust on or before thirty (30) days after the Effective Date.  Proofs of Claim not filed by Governmental Units by the deadline established in this section shall be forever barred and unenforceable against the Debtor, the Estate, or the properties or agents, successors, or assigns of the same, including the Liquidating Trust.

14.     <u>Objections to Claims</u>.

(a)     <u>General</u>.  Any party in interest, including, without limitation, the Chapter 11 Trustee, Reorganized Debtor, and the Liquidating Trustee may make and file objections to Claims.  If any portion of a Claim is a Disputed Claim, no payment or distribution shall be made on account of such Claim unless and until such Claim becomes an Allowed Claim.

(b)     <u>Administrative-Expense Claims</u>.  The holder of an Administrative Claim, other than (i) a claim covered by section 2.01 of the Plan, (ii) a liability incurred and payable in the ordinary course of business by the Debtor (and not past due), (iii) an Administrative Claim that has been Allowed on or before the Effective Date, or (iv) a claim subject to section 503(b)(9) of the Bankruptcy Code (with respect to which the deadline to file requests for payment has already expired), must file with the Bankruptcy Court and serve on the Proponents, the Reorganized Debtor, the Liquidating Trustee, and the Office of the U.S. Trustee, notice of such Administrative Claim on or prior to, unless otherwise ordered by the Bankruptcy Court, thirty (30) days after the Effective Date.  Such notice must include at a minimum (A) the name of the Debtor purported to be liable for the Claim, (B) the name of the holder of the Claim, (C) the amount of the Claim, and (D) the basis of the Claim.  An Administrative Claim with respect to which notice has been properly filed and served pursuant to Section 2.01 of the Plan shall become an Allowed Administrative Claim if no objection is filed on or prior to the Administrative Claims Bar Date.  If an objection is timely filed, the Administrative Claim shall become an Allowed Administrative Claim only to the extent allowed by Final Order or settled, compromised, or otherwise resolved by the Proponents pursuant to Article X of the Plan.

(c)     <u>All Other Claims</u>.  Objections to Claims against the Debtor (other than Administrative Claims and Professional Fee Claims) shall be served and filed on or before the

later of (a) ninety (90) days after the Effective Date and (b) such later date as may be fixed by the Bankruptcy Court. Notwithstanding anything herein to the contrary, the Liquidating Trust will not file an objection to Claims or adversary complaint without prior permission from the Trust Oversight Committee or from the Bankruptcy Court after notice and hearing and on a showing of (i) reasonable grounds to file such an objection and (ii) a cost-benefit analysis of any proposed claim objection or adversary proceeding. If the Liquidating Trust asks the Bankruptcy Court for permission to file a Claim objection or adversary complaint before expiration of the ninety-day deadline noted above, then that 90-day deadline is automatically extended for sixty (60) days (for a total of 150 days from the Effective Date) or some other time established by the Bankruptcy Court, whichever is longer.

15.    Estimation of Claims.  Requests for estimation of any Claim against the Debtor may be interposed and prosecuted only by Reorganized Debtor or the Liquidating Trustee. Reorganized Debtor or the Liquidating Trustee may at any time request that the Bankruptcy Court estimate any contingent Claim, unliquidated Claim, or Disputed Claim pursuant to section 502(c) of the Bankruptcy Code regardless of whether that Claim was previously objected to or whether the Bankruptcy Court has ruled on any such objection, and the Bankruptcy Court will retain jurisdiction to estimate any Claim at any time during litigation concerning any objection to any Claim, including, without limitation, during the pendency of any appeal relating to any such objection. If the Bankruptcy Court estimates any contingent Claim, unliquidated Claim, or Disputed Claim, the amount so estimated shall constitute either the Allowed amount of such Claim or a maximum limitation on such Claim, as determined by the Bankruptcy Court. If the estimated amount constitutes a maximum limitation on the amount of such Claim, the Reorganized Debtor or the Liquidating Trustee may pursue supplementary proceedings to object

to the allowance of such Claim.  All of these objection, estimation, and resolution procedures are cumulative and not exclusive of one another.  Claims may be estimated and subsequently compromised, settled, withdrawn, or resolved by any mechanism approved by the Plan or the Bankruptcy Court.

16.    <u>Record Date for Claim Distributions</u>.   Neither Reorganized Debtor nor the Liquidating Trustee has an obligation to recognize the transfer of, or the sale of any participation in, any Allowed Claim that occurs after the entry date of this Confirmation Order and shall be entitled for all purposes herein to recognize and distribute only to those holders of Allowed Claims who are holders of such Claims, or participants therein, as of the entry date of this Confirmation Order.

17.    <u>Unclaimed Distributions</u>.  Any undeliverable Distributions that are not claimed within one (1) year of the returned Distribution shall become Unclaimed Property and shall be retained by the Liquidating Trustee free and clear of any claims, interests, encumbrances, or restrictions thereon, and any entitlement of any holder of any Claim to such Distributions shall be extinguished and forever barred. Unclaimed Property shall be deposited into a pool for redistribution to other holders of Allowed Claims in the same Class as the intended recipient of the Unclaimed Property.

18.    <u>Professional Compensation</u>.  All requests for payment of Professional Fee Claims must be filed with the Bankruptcy Court and served on the Reorganized Debtor, the Liquidating Trustee, and the U.S. Trustee no more than sixty (60) days after the Effective Date.  Any such Professional Fee Claim for which an application or request for payment is not filed within that time period shall be discharged and forever barred, and shall not be entitled to any Distributions under the Plan.  A timely filed Professional Fee Claim may be objected to after the Effective

Date.  A hearing on a timely filed Professional Fee Claim and an objection thereto may be held

after the Effective Date.  Payments to Professionals for services rendered after the Effective Date

may be paid by, as applicable, (a) the Reorganized Debtor in the ordinary course of business or

(b) the Liquidating Trustee pursuant to the terms of the Liquidating Trust Agreement.  No

Professional Fee Claim shall be Allowed on account of services rendered or expenses incurred

by a Professional prior to the Effective Date unless the payment for such services and expenses

has been approved by the Bankruptcy Court.  The Reorganized Debtor and Liquidating Trustee,

as applicable, are authorized to pay compensation for services rendered or reimbursement of

expenses incurred after the Effective Date in the ordinary course of business and without the

need for the Bankruptcy Court approval.

      19.    <u>Assumption or Rejection of Executory Contracts and Unexpired Leases</u>.

      (a)    <u>General</u>.  Pursuant to section 8.01 of the Plan, all executory contracts and

unexpired leases that exist between the Debtor and any person or entity shall be deemed rejected

by the Debtor as of the Effective Date, except for any executory contracts or unexpired leases

that (a) have been assumed or rejected pursuant to Final Order of the Bankruptcy Court, (b) are

the subject of a separate motion pursuant to section 365 of the Bankruptcy Code to be filed and

served by the Proponents on or before the Confirmation Date, or (c) included in the Plan

Supplement.  All executory contracts and unexpired leases listed on <u>Exhibit A-1</u> to the Plan

Supplement are hereby assumed as modified by the Plan Supplement and the Plan-Supplement

Documents.

      (b)    <u>Compensation, Benefit, and Indemnification Programs</u>.  All employee-

compensation, employee-benefit, and employee-indemnification programs or obligations of the

Debtor, if any, that the Debtor entered into before the Petition Date and not previously

terminated, shall be deemed to be, and shall be treated as though they are, executory contracts that are rejected and terminated under the Plan as of the Effective Date.

(c)     Claims Relating to Executory Contracts and Unexpired Leases Rejected Pursuant to the Plan and Bar Date for Rejection Damage Claims.  Any Claim arising out of the rejection of an executory contract or unexpired lease pursuant to the Plan shall be classified as a Class 17 General Unsecured Claim against the Debtor.  Claims arising out of the rejection of an executory contract or unexpired lease pursuant to the Plan must be filed with the Bankruptcy Court and served on the Liquidating Trustee by the earlier of (a) thirty (30) days after the Effective Date and (b) such other deadline entered by this Court.  All such Claims not filed within such time will be forever barred and shall not be enforceable against the Debtor, the Estate, or the properties or agents, successors, or assigns of the same, including the Liquidating Trust.  Each such proof of claim shall be an original, shall substantially conform to the proof of claim form previously approved by the Court or Official Form No. 10, shall be duly executed and written in the English language, shall set forth the Debtor's name and the chapter 11 case number, and shall set forth all amounts claimed therein in United States dollars.

20.     General Authorization.  The Proponents, the Reorganized Debtor, and Liquidating Trustee shall be authorized to execute, deliver, file, or record such documents, contracts, instruments, releases, and other agreements and to take such other actions as may be necessary to effectuate and further evidence the terms and conditions of the Plan, the Plan Documents, and any notes or securities issued pursuant to the Plan.  As of the Effective Date, Proponents, Reorganized Debtor, and Liquidating Trustee and their respective directors, officers, members, agents, attorneys, financial advisors, and investment bankers are authorized and empowered pursuant to section 1142(b) of the Bankruptcy Code and other applicable state laws (a) to grant,

issue, execute, deliver, file, or record any agreement, document, or security, including, without

limitation, the Liquidating Trust Agreement, and the documents contained in the Plan

Supplement, as modified, amended, and supplemented, in substantially the form included

therein, (b) to take any action necessary or appropriate to implement, effectuate, and

consummate the Plan in accordance with its terms, and (c) to take or cause to be taken all

corporate actions necessary or appropriate to implement all provisions of, and to consummate,

the Plan and the Plan Documents prior to, on, and after the Effective Date and all such actions

taken or caused to be taken shall be deemed to have been authorized and approved by the

Bankruptcy Court without further approval, act or action under any applicable law, order, rule or

regulation, including, without limitation, any action required by the officers or directors of

Reorganized Debtor, including, among other things, (a) the adoption of the Liquidating Trust

Agreement, (b) the termination and cancellation of any outstanding instrument, document, or

agreement, if applicable, (c) the execution and delivery of all documents arising in connection

with the Plan and Plan Documents, (d) all transfers of assets that are to occur pursuant to the

Plan, (e) the incurrence of all obligations contemplated by the Plan Documents and the making

of all distributions under the Plan, and (f) entering into any and all transactions, contracts, leases,

instruments, releases, and other documents and arrangements permitted by applicable law, order,

rule or regulation.  The approvals and authorizations specifically set forth in this Confirmation

Order are nonexclusive and are not intended to limit the authority of the Proponents,

Reorganized Debtor, Liquidating Trustee, or any officer thereof to take any and all actions

necessary or appropriate to implement, effectuate, and consummate any and all documents or

transactions contemplated by the Plan or this Confirmation Order pursuant to section 1142(b) of

the Bankruptcy Code.  Pursuant to section 1142, to the extent that, under applicable non-

bankruptcy law, any of the foregoing actions otherwise would require the consent or approval of the boards of directors of the Debtor or Reorganized Debtor, this Confirmation Order shall constitute such consent or approval, and such actions are deemed to have been taken by unanimous action of the directors of the Debtor or Reorganized Debtor. Any and all documents contemplated herein shall be accepted by each of the respective state filing offices and recorded, if required, in accordance with applicable state law and shall become effective in accordance with their terms and the provisions of state law.

21.   <u>Plan Supplement</u>.   The Plan-Supplement Documents and any amendments, modifications, and/or supplements thereto, and all documents and agreements introduced into evidence by the Proponents at the Confirmation Hearing (including all exhibits and attachments thereto and documents referenced therein), and the execution, delivery, and performance thereof by the Proponents, Debtor, Reorganized Debtor, or Liquidating Trustee are authorized and approved, including, without limitation, the Liquidating Trust Agreement. Without need for further order or authorization of the Bankruptcy Court, the Proponents, Reorganized Debtor, and Liquidating Trustee and their successors are authorized and empowered to make any and all modifications to any and all of the Plan-Supplement Documents that do not materially modify the terms of such documents and are consistent with the Plan subject to, as applicable, the agreement of the non-debtor counterparty. The execution version of the Plan-Supplement Documents shall constitute legal, valid, binding, and authorized obligations of the respective parties thereto, enforceable in accordance with their terms and, to the extent applicable, shall create, as of the Effective Date, all liens and security interests purported to be created thereby.

22.   <u>Directors and Officers</u>.   Pursuant to section 6.04 of the Plan, on the Effective Date, the initial Reorganized Debtor Board will consist of 6 members: Jerry Hodge, Dennis

Dougherty, Tim Nichols, Carroll Forrester, and two tenants from affordable-housing communities owned by Special Purpose Entities listed as Retained Properties under the Plan. From and after the Effective Date, the members of the Reorganized Debtor Board are to be selected and determined in accordance with the provisions of the Plan, Reorganized Debtor constituent documents, and applicable law.  Section 6.06 of the Plan provides that Alan Weiner of Focus Management Group USA, Inc. will manage the Reorganized Debtor as its President and Chief Executive Officer.  Alan Weiner is thoroughly familiar with the Debtor's operations and capable of discharging these roles.  Appointing Alan Weiner as President and Chief Executive Officer of Reorganized Debtor is both in the best interests of the creditors and consistent with public policy.

23.     The Liquidating Trust.  On or before the Effective Date, the Liquidating Trust Agreement shall be executed by the parties thereto, and all other necessary steps shall be taken to establish the Liquidating Trust.  The Trust Assets shall be transferred to the Liquidating Trust in accordance with the provisions of the Plan.  Notwithstanding anything to the contrary herein, the transfer of claims to the Liquidating Trust does not diminish, and fully preserves, any rights and defenses a defendant would have if such claims had been retained by the Debtor.

24.     Liquidating Trustee.  The Chapter 11 Trustee shall serve as the Liquidating Trustee.

25.     Payment of Statutory Fees.  All fees due and payable pursuant to section 1930 of title 28 of the United States Code, as determined by the Bankruptcy Court, shall be paid within 30 days of the Effective Date without the need to file any applications with the Bankruptcy Court.  The Proponents or Reorganized Debtor, as applicable, shall (a) continue to pay all fees due and payable pursuant to section 1930 of title 28 of the United States Code until the closing

conversion or dismissal of the Bankruptcy Case and (b) provide the required post-confirmation reporting to the U.S. Trustee until the Bankruptcy Case is closed.

26.     <u>Governmental Approvals Not Required</u>.  This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, and regulations of any state or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan Documents, the Disclosure Statement, and any documents, instruments, or agreements, and any amendments or modifications thereto.

27.     <u>Filing and Recording</u>.  This Confirmation Order (a) is and shall be effective as a determination that, on the Effective Date, all Claims and Equity Interests existing prior to such date have been unconditionally released, discharged, and terminated, except as otherwise provided in the Plan, and (b) is and shall be binding on and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required, by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any document or instrument. Each and every federal, state, and local government agency is hereby directed to accept any and all documents and instruments necessary, useful, or appropriate (including Uniform Commercial Code financing statements) to effectuate, implement, and consummate the transactions contemplated by the Plan Documents and this Confirmation Order without payment of any recording tax, stamp tax, transfer tax, or similar tax imposed by state or local law.

28.     <u>Exemption from Transfer Taxes</u>.  Pursuant to section 1146(a) of the Bankruptcy Code, the issuance, transfer, or exchange of equity securities under the Plan, the creation of any mortgage, deed of trust, or other security interest, the making or assignment of any lease or sublease, or the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.

29.     ***Discharge of Debtor.  Pursuant to section 9.06 of the Plan, except as provided in the Bankruptcy Code, the Plan, the Plan-Supplement Documents, Plan Documents, or this Confirmation Order, all consideration distributed under the Plan will be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims against the Debtor, the Estate, and Reorganized Debtor of any nature whatsoever, whether known or unknown, or against the Assets or properties of the Debtor, the Estate, or Reorganized Debtor that arose before the Effective Date.  Except as provided in the Bankruptcy Code, the Plan, the Plan-Supplement Documents, the Plan Documents, or the Confirmation Order, upon the Effective Date, entry of this Confirmation Order acts as a discharge and release under section 1141(d)(1)(A) of the Bankruptcy Code of all Claims against the Debtor and its Assets and properties, arising at any time before the Effective Date, regardless of whether a proof of Claim was filed, whether the Claim is Allowed, or whether the holder of the Claim votes to accept the Plan or is entitled to receive a Distribution under the Plan.  Except as provided in the Plan, the Plan-Supplement Documents, the Plan Documents, or this Confirmation Order, upon the Effective Date, any holder of a discharged Claim will be precluded from asserting such Claim against the Debtor, the Estate, Reorganized Debtor, or any of their assets or properties any other or further Claim based on any document, instrument, act, omission,***

*transaction or other activity of any kind or nature that occurred before the Effective Date.*

*Except as provided in the Plan, the Plan-Supplement Documents, the Plan Documents, or this*

*Confirmation Order, and subject to the occurrence of the Effective Date, this Confirmation*

*Order will be a judicial determination of discharge of all the Debtor's liabilities to the extent*

*allowed under section 1141, and the Debtor will not be liable for any Claim and will only have*

*the obligations as specifically provided in the Plan.   Notwithstanding the foregoing, the*

*discharge granted shall not impair the rights of holders of any Allowed Claims to receive*

*Distributions on account of such Allowed Claims from the Liquidating Trust or as otherwise*

*provided in the Plan, the Plan-Supplement Documents, or the Plan Documents.*

30.   **_Injunction._**  *Pursuant to section 9.07 of the Plan, except as otherwise provided*

*in the Plan, the Plan Documents, or this Confirmation Order, and only to the extent permitted*

*under and subject to section 1141 of the Bankruptcy Code, from and after the Confirmation*

*Date, all holders of Claims against the Debtor that are discharged pursuant to the Plan or the*

*Bankruptcy Code are permanently restrained and enjoined from taking any of the following*

*actions against the Debtor, the Proponents, the Estate, the Reorganized Debtor, the*

*Liquidating Trustee, or any of their property on account of any such discharged Claims, debts,*

*liabilities, or rights: (a) commencing or continuing in any manner any action or other*

*proceeding of any kind with respect to any such Claim, debt, liability, or Interest against the*

*Debtor, the Reorganized Debtor, the Liquidating Trustee, or their property on account of such*

*Claims, debts, or liabilities, other than to enforce any right to a Distribution pursuant to the*

*Plan, a prior order of the Bankruptcy Court approving a sale or transfer of Estate Property, or*

*the compliance of the Debtor, the Proponents, the Reorganized Debtor, or the Chapter 11*

*Trustee with the provisions of the executed Plan-Supplement Documents; (b) enforcing,*

*attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against the Debtor, the Proponents, the Estate, Reorganized Debtor, the Liquidating Trustee, or their property; (c) creating, perfecting, or enforcing any encumbrance, Security Interest, or Lien of any kind against the Debtor, the Proponents, the Estate, Reorganized Debtor, the Liquidating Trustee, or their property; (d) except to the extent permitted under the Bankruptcy Code, the Plan, or the Plan Documents, asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due the Debtor, the Proponents, the Estate, Reorganized Debtor, or the Liquidating Trustee or against their property; and (e) performing any act, in any manner, in any place whatsoever, that does not conform to or comply with, or is inconsistent with, the provisions of the Plan; provided, however, that each holder of a Disputed Claim may continue to prosecute its proof of Claim in the Bankruptcy Court and all holders of Claims shall be entitled to enforce their rights under the Plan, and any agreements executed or delivered pursuant to or in connection with the Plan.  The foregoing injunction shall extend to the Debtor, the Proponents, the Estate, Reorganized Debtor, the Liquidating Trustee, and their respective property and interests in property.  If allowed by the Bankruptcy Court, any entity injured by any willful violation of such injunction shall recover actual damages, including, without limitation, costs and attorneys' and experts' fees and disbursements, and, in appropriate circumstances, may recover punitive damages, from the willful violator.  Unless otherwise provided in the Plan or this Confirmation Order, all injunctions or stays imposed by the Bankruptcy Code under sections 105 or 362 of the Bankruptcy Code or otherwise, and extant on the Confirmation Date, shall remain in full force and effect until the Effective Date and with respect to all Assets, including Retained Properties, Operating Fund Reserve, and Trust Assets; provided, however, that it shall not be*

*a violation of the stay or injunction for a non-debtor party to any assumed contract to commence an action to enforce its rights under such contract (as it may have been modified pursuant to the Plan-Supplement Documents).*

31.    *Exculpation.    Pursuant to section 9.09 of the Plan, neither the Chapter 11 Trustee, his Professionals, the Creditors Committee, its Professionals, nor the Creditors Committee's members (solely in their capacity as members of the Creditors Committee) will have or incur any liability to any holder of a Claim or any other entity for any act or omission in connection with, or arising out of, the formulation, preparation, dissemination, approval, confirmation, administration, or consummation of the Plan, the Disclosure Statement, the solicitation of votes for or confirmation of the Plan or consummation or administration of the Plan or Distributions under the Plan, except for willful misconduct or gross negligence.  The foregoing parties will be entitled to rely on the advice of counsel in all respects regarding their duties and responsibilities under the Plan.*

32.    *Preservation of Rights.    Pursuant to section 7.14 of the Plan, in accordance with section 1123(b)(3) of the Bankruptcy Code, the Liquidating Trust shall retain all of the Causes of Actions, including Avoidance Actions, and other similar claims, counterclaims, rights, defenses, setoffs, recoupments, and actions in law or equity arising under the Bankruptcy Code or applicable nonbankruptcy law.  This preservation includes all current and pending litigation in which the Debtor is a party in the Bankruptcy Court or otherwise, and all Causes of Action of the type listed in the Plan, the Plan Supplement, and on Exhibit E to the Disclosure Statement.  The Liquidating Trustee and the Liquidating Trust shall have authority and standing to enforce, sue on, settle, or compromise (or decline to do any of the foregoing) any of the Causes of Actions and other similar claims, counterclaims, rights,*

*defenses, setoffs, recoupments, and actions, and may prosecute and enforce all defenses,*

*counterclaims, and rights that have been asserted or could be asserted by the Debtor against*

*or with respect to all Claims asserted against such Debtor or property of the Estate. A*

*nonexclusive list of such Causes of Actions and other similar claims, counterclaims, rights,*

*defenses, setoffs, recoupments, and actions in law or equity was attached as* __Exhibit E__ *to the*

*Disclosure Statement and in the Plan Supplement. Both are incorporated by reference herein*

*as if fully set forth in this Confirmation Order.*

33. <u>Termination of the Creditors Committee</u>. Pursuant to section 7.15 of the Plan, the

Creditors Committee will exist until the Effective Date to exercise those powers and perform

those duties specified in section 1103 of the Bankruptcy Code, and will perform such other

duties as it may have been assigned by the Bankruptcy Court prior to the Effective Date. On the

Effective Date, the Creditors Committee will be dissolved and its members will be deemed

released by the Debtor and its Estate (a) of all their duties, responsibilities, and obligations in

connection with the Bankruptcy Case, and (b) from all claims and causes of action relating to or

arising directly or indirectly from services performed; *provided, however*, that this provision

does not release members of the Creditors Committee from any Causes of Action not related to

or arising directly or indirectly from services performed on the Creditors Committee, including

Avoidance Actions, that may be asserted against them. On the Effective Date, the retention or

employment of the Creditors Committee's Professionals and other agents will terminate, except

as is necessary to address fee applications filed by the Creditors Committee or its Professionals.

Upon dissolution of the Creditors Committee, no notice to the Creditors Committee that might

otherwise be required pursuant to order of the Bankruptcy Court shall be required.

34.    <u>Modification of the Plan</u>.  After the Confirmation Date, so long as such action does not materially and adversely affect the treatment of holders of Claims under the Plan, the Proponents may institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in the Plan or this Confirmation Order, with respect to such matters as may be necessary to carry out the purposes and effects of the Plan.  A holder of a Claim that has accepted the Plan shall be deemed to have accepted the Plan, as altered, amended, or modified, if the proposed alteration, amendment, or modification does not materially and adversely change the treatment of the Claim of such holder.

35.    <u>Post-Confirmation Date Professional Fees and Expenses</u>.  From and after the Effective Date, Reorganized Debtor, or Liquidating Trustee, as applicable, shall, in the ordinary course of business and without the necessity for any approval by the Bankruptcy Court, pay the reasonable fees and expenses of Professionals thereafter incurred.

36.    <u>Effectuating Documents and Further Transactions</u>.  Pursuant to section 6.14 of the Plan, on the Effective Date, Reorganized Debtor, the President of Reorganized Debtor, and the employees, agents, attorneys and professionals of Reorganized Debtor shall be authorized and directed, without further Order of the Bankruptcy Court, to execute, deliver, file, and record all agreements, instruments and contracts, and take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions, and consummate, the Plan or to otherwise comply with applicable law.

37.    <u>Withholding and Reporting Requirements</u>.  In connection with the Plan and all instruments issued in connection therewith and distributed thereon, any party issuing any instrument or making any Distribution under the Plan shall comply with all applicable withholding and reporting requirements imposed by any federal, state, or local taxing authority,

and all Distributions under the Plan shall be subject to any such withholding or reporting requirements.  Notwithstanding the above, each holder of an Allowed Claim that is to receive a Distribution under the Plan shall have the sole and exclusive responsibility for the satisfaction and payment of any tax obligations imposed by any governmental unit, including income, withholding, and other tax obligations, on account of such Distribution.  Any party issuing any instrument or making any Distribution under the Plan has the right, but not the obligation, to not make a Distribution until such holder has made arrangements satisfactory to such issuing or disbursing party for payment of any such tax obligations.

38.     Notice of Entry of Confirmation Order.  Pursuant to Bankruptcy Rules 2002(f)(7), 2002(k), and 3020(c), the Proponents shall file and serve notice of entry of this Confirmation Order in substantially the form annexed hereto as Exhibit B (the "**Notice of Confirmation Order**") on all parties entitled to receive notice in this Bankruptcy Case, by causing the Notice of Confirmation Order to be delivered to such parties by first-class mail, postage prepaid, within ten (10) business days after entry of this Confirmation Order; *provided, however,* that the Confirmation Notice shall not be served on any person or entity to whom the Proponents have mailed other notices during this Bankruptcy Case that have been returned as undelivered, unless the Proponents have been informed in writing by such person or entity of that person or entity's new address.  Such notice is adequate under the particular circumstances and no other or further notice is necessary.  The form of Notice of Confirmation Order substantially in the form annexed hereto as Exhibit B is approved.

39.     Notice of Effective Date.  Within three (3) Business Days after the occurrence of the Effective Date, the Proponents shall file notice of the occurrence of the Effective Date (the "**Notice of Effective Date**") and shall serve a copy of same on all parties entitled to receive

notice in this Bankruptcy Case; *provided, however,* that the Notice of Effective Date shall not be served on any person or entity to whom the Proponents have mailed other notices during this Bankruptcy Case that have been returned as undelivered, unless the Proponents have been informed in writing by such person or entity of that person or entity's new address. Such notice is adequate under the particular circumstances and no other or further notice is necessary. The form of Notice of Effective Date substantially in the form annexed hereto as <u>Exhibit C</u> is approved.

40.     <u>Conditions to Effective Date</u>.   The Plan shall not become effective unless and until the conditions set forth in section 9.02 of the Plan have been satisfied or waived pursuant to section 9.03 of the Plan.

41.     <u>Effect of Failure of Conditions to Effective Date</u>.   If the conditions precedent specified in section 9.02 of the Plan have not been satisfied or waived pursuant to section 9.03 of the Plan, the Plan shall be deemed null and void. In such event, nothing contained in the Plan shall be deemed to constitute a waiver or release of any Claims by or against the Proponents or any other Person or to prejudice in any manner the rights of the Proponents, the Debtor, Reorganized Debtor, or any other Person in any further proceedings involving the Proponents, the Debtor, Reorganized Debtor, or any other Person.

42.     <u>Substantial Consummation</u>.   On the Effective Date, the Plan shall be deemed to be substantially consummated under sections 1101 and 1127(b) of the Bankruptcy Code.

43.     <u>Retention of Jurisdiction</u>.   Upon the Effective Date, the Bankruptcy Court may properly retain, and if appropriate, shall exercise jurisdiction over the matters set forth in Article XII of the Plan and section 1142 of the Bankruptcy Code. The Court shall also retain jurisdiction

Case 09-20232-rlj11    Doc 1918    Filed 12/08/10    Entered 12/08/10 09:31:35    Desc
Main Document    Page 42 of 51

to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Confirmation Order.

44.    <u>Governing Law</u>.  Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and the Bankruptcy Rules), and except as provided in the Plan Documents, the laws of (a) the State of Texas shall govern the construction and implementation of the Plan and any agreements, documents, and instruments executed or amended in connection with the Plan (including, without limitation, the Plan Supplement) and (b) the state of incorporation of the Debtor (Texas) shall govern corporate governance matters with respect to the Debtor, in either case without giving effect to the principles of conflicts of law thereto.

45.    <u>Appeal of the Confirmation Order</u>.  Except as otherwise provided in this Confirmation Order, if any or all of the provisions of this Confirmation Order are hereafter reversed, modified, vacated, or stayed by subsequent order of the Bankruptcy Court, or any other court, such reversal, stay, modification or vacatur shall not affect the validity or enforceability of any act, obligation, indebtedness, liability, priority, or lien incurred or undertaken by the Debtor or Reorganized Debtor, as applicable, prior to the effective date of such reversal, stay, modification, or vacatur.  Notwithstanding any such reversal, stay, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, or in reliance on, this Confirmation Order prior to the effective date of such reversal, stay, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan or any amendments or modifications thereto and shall remain binding on Reorganized Debtor or Liquidating Trustee, as the case may be.

46.    <u>Severability</u>.  Each term and provision of the Plan, as it may have been altered or interpreted by this Bankruptcy Court, is valid and enforceable pursuant to its terms.

CONFIRMATION ORDER – PAGE 42
DALLAS 2180476v.12

47.    Texas Capital Bank / U.S. Department of Housing and Urban Development.

Texas Capital Bank contends, and the U.S. Department of Housing and Urban Development

("**HUD**") disputes, that HUD's special warranty deed as to the Brandywood Property may have

been subsequently amended, modified, released, or waived as it relates to Texas Capital Bank's

Deed-of-Trust lien in the Brandywood Property.  Texas Capital Bank and HUD reserve all their

rights as to this issue, and neither the Plan nor this Confirmation Order impacts Texas Capital

Bank's or HUD's rights or claims with respect to Brandywood or the Brandywood Property, as

this Court does not have jurisdiction to determine such rights.

48.    HUD.  Section 13.24 in the Plan is hereby incorporated by reference as if fully set

forth herein.

49.    [Intentionally Omitted]

50.    Objections.

(a)    Anchor Community Services [Docket No. 1815].  Unless expressly

provided herein or in the Plan, no provision in the Plan or the Confirmation Order is intended to

decide the value  or the validity of any Secured Claim or Deficiency Claim.  Any challenge or

objection to a Secured Claim or a Deficiency Claim will occur after the Confirmation Hearing.

(b)    Dasadi Holdings, Ltd. [Docket No. 1820].  Classification in the Plan is

binding for voting purposes only and has no *res judicata* / collateral estoppel effect for

Distribution purposes or in any challenge or objection to a claim occurring after the

Confirmation Hearing.

(c)    GS Holdings, Ltd. [Docket No. 1821] Classification in the Plan is binding

for voting purposes only and has no *res judicata* / collateral estoppel effect for Distribution

purposes or in any challenge or objection to a claim occurring after the Confirmation Hearing.

(d)      <u>Cornelia J. Slemp Trust [Docket No. 1832]</u>.  Classification in the Plan is binding for voting purposes only and has no *res judicata* / collateral estoppel effect for Distribution purposes.

(e)      <u>Louise Johnson Thomas Trust [Docket No. 1833]</u>.  Classification in the Plan is binding for voting purposes only and has no *res judicata* / collateral estoppel effect for Distribution purposes.

(f)      <u>Herring Bank [Docket No. 1834]</u>.  Classification in the Plan is binding for voting purposes only and has no *res judicata* / collateral estoppel effect for Distribution purposes.

(g)      <u>Frances Maddox Foundation [Docket No. 1835]</u>.  Classification in the Plan is binding for voting purposes only and has no *res judicata* / collateral estoppel effect for Distribution purposes.

(h)      <u>BAC Home Loans Servicing LP [Docket Nos. 1837 & 1838]</u>.  Unless expressly provided herein or in the Plan, no provision in the Plan or the Confirmation Order is intended to decide the value  or the validity of any Secured Claim or Deficiency Claim.  Any challenge or objection to a Secured Claim or a Deficiency Claim will occur after the Confirmation Hearing.  The Chapter 11 Trustee or Reorganized Debtor, whichever is applicable at the time, shall segregate proceeds from the Lakewood-Terrace Townhomes in the amount of $4,504,463.71.  This $4,504,463.71 shall remain segregated in a separate account until further order of the Bankruptcy Court or an agreement by the Chapter 11 Trustee or the Liquidating Trustee, as applicable, on one hand, and BAC Home Loan Servicing LP, on the other hand.

(i)    Scott D. Rice Trust [Docket No. 1839].    Classification in the Plan is binding for voting purposes only and has no *res judicata* / collateral estoppel effect for Distribution purposes.

(j)    MMA Limited Partners [Docket No. 1846].    The MMA Settlement Agreement is hereby approved and incorporated in the Plan.    If any partnership agreement involving the so-called MMA Limited Partners[5] is rejected, that partnership agreement will not be cancelled or terminated or otherwise subject to section 6.15 of the Plan.    Upon rejection of the partnership agreement, the non-debtor parties may exercise their rights and remedies based on a breach of that agreement as permitted under the partnership agreement and applicable law, and such rights are not terminated.    With respect to the College Station Texas Southgate Village, Ltd., and each MMA Limited Partner-related limited partnership (identified below), the claims or rights of AHF and its Estate in and against such partnerships vest in the Reorganized Debtor or the Liquidating Trust, as applicable, subject to any rights, defenses, or rights of offset or recoupment of the respective partnership, notwithstanding any "free-and-clear" or related provisions of the Plan, and such rights of the partnership are retained.    The rights, claims, and defenses of the parties in the Happy State Bank litigation are not impaired or altered by the Plan.    The TCB Release contained in section 1.02 in the Plan will not be effective against and will not apply in any manner to the following entities:

    i.    THOF IV, Ltd;
    ii.    Texas Housing Finance Corporation Special;
    iii.    THOF V, Ltd.;
    iv.    Southwest Housing Opportunity Fund VI, Ltd.;

---

[5] For purposes of this Order, the **"MMA Limited Partners"** are:  MMA Fairway Village, LLC; Boston Financial Housing Investments I, A Limited Partnership f/k/a MMA Financial Housing Investments I, A Limited Partnership; MMA Robinson Garden, LLC; MMA Santa Maria, LLC; MMA Glenwood, LLC; and MMA Rosemeade, LLC.

v.      MMA Fairway Village, LLC;
vi.     Boston Financial Housing Investments I, a Limited
        Partnership f/k/a MMA Financial Housing Investments I, a
        Limited Partnership;
vii.    MMA Robinson Garden, LLC;
viii.   MMA Santa Maria, LLC;
ix.     MMA Glenwood, LLC;
x.      MMA Rosemeade, LLC;
xi.     SLP, Inc.;
xii.    College Station Texas Southgate Village, Ltd.;
xiii.   Austin Fairway Village, Ltd,;
xiv.    Austin Santa Maria Village Ltd.;
xv.     Stonebriar Village of Plainview, Ltd.;
xvi.    Amarillo Glenwood Apartments, Ltd.;
xvii.   Rosemeade Apartment Development Co., Ltd.; and
xviii.  Waco Robinson Garden, Ltd.

(k)     Mays Trusts [Docket No. 1826].  Classification in the Plan is binding for

voting purposes only and has no *res judicata* / collateral estoppel effect for Distribution

purposes.  In addition, notwithstanding any provision to the contrary in the Plan, the Mays Trusts

shall be allowed to amend its proof of claim after the Confirmation Date only after consent by

the Liquidating Trustee or permission from the Bankruptcy Court.

(l)     Dallas County, Harris County, *et al.*, and Rains County AD [Docket No.

1822].  Dallas County, Harris County *et al.*, and Rains County AD (collectively, the "**Taxing**

**Authorities**") shall receive interest on their Allowed Class 2 Claim, if any, from the Petition

Date through the Effective Date under 11 U.S.C. § 506(b), as well as from the Effective Date

until paid in full under 11 U.S.C. § 1129(b) at their statutory rate as required by 11 U.S.C. § 511.

(m)     Robert L. Templeton, Independent Executor of Frances E. Maddox Estate

[Docket No. 1831].  This objection was resolved by the modifications to the *First Amended Joint*

*Chapter 11 Plan Filed by the Chapter 11 Trustee and the Official Committee of Unsecured*

*Creditors* [Docket No. 1747] that are included in the *Second Amended Joint Chapter 11 Plan*

*Filed by the Chapter 11 Trustee and the Official Committee of Unsecured Creditors* [Docket No.

1909].  In addition, classification in the Plan is binding for voting purposes only and has no *res judicata /* collateral estoppel effect for Distribution purposes.

51.   <u>Conflicts Between Confirmation Order and Plan</u>.  The failure to specifically include any particular provision of the Plan in this Confirmation Order or any further order of the Bankruptcy Court contemplated by this Confirmation Order will not diminish the effectiveness of such provision, it being the intent of the Bankruptcy Court that the Plan is confirmed in its entirety and incorporated herein by this reference.  The provisions of the Plan Documents, this Confirmation Order, and any further order of the Bankruptcy Court contemplated by this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purposes of each; *provided, however,* that if there is any inconsistency between the provisions of the Plan Documents and this Confirmation Order or any further order of the Bankruptcy Court contemplated by this Confirmation Order, the terms and conditions contained in this Confirmation Order or such further order of the Bankruptcy Court shall govern and shall be deemed a modification to the Plan and shall control and take precedence.  The provisions of this Confirmation Order are integrated with each other and are non-severable and mutually dependent unless expressly stated by further order of the Bankruptcy Court.

52.   <u>Stay of Confirmation Order</u>.  The requirements under Bankruptcy Rule 3020(e) that an order confirming a plan is stayed until the expiration of 14 days after entry of the order are hereby waived.  This Confirmation Order shall take effect immediately and shall not be stayed pursuant to Bankruptcy Rules 3020(e), 6004(g), 6006(d), 7062, or otherwise.

53.   <u>Final Order</u>.  This Confirmation Order is a Final Order and the period in which an appeal must be filed shall commence upon the entry hereof.

# # # End of Order # # #
**[Proposed Exhibits to Order-Docket No. 1910]**

Submitted By:

Max R. Tarbox (TX 19639950)
TARBOX LAW, P.C.
2301 Broadway
Lubbock, Texas 79401
Phone: 806.686.4448
Fax: 806.368.9785

And
*/s/ Marcus A. Helt*
Stephen A. McCartin (TX 13374700)
Marcus A. Helt (TX 24052187)
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas  75201-4761
Telephone:  214.999.3000
Facsimile:  214.999.4667

COUNSEL FOR WALTER O'CHESKEY,
CHAPTER 11 TRUSTEE

David C. Mullin (TX 14651600)
David R. Langston (TX 11923800)
MULLIN, HOARD & BROWN, L.L.P.
P.O. Box 2585
Lubbock, Texas  79408
Telephone:  806.765.7491
Facsimile:  806.765.0553

COUNSEL FOR THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS

Reviewed and agreed to by:

ANCHOR COMMUNITY SERVICES

*/s/ Dan G. Young*
Dan G. Young
McCleskey, Harriger, Brazill & Graf, L.L.P.
P.O. Drawer 6170
Lubbock, Texas 79493-6170
Telephone: (806) 796-7322
Facsimile:  (806) 796-7365

COUNSEL FOR ANCHOR COMMUNITY
SERVICES


GS HOLDINGS, LTD.

*/s/ Mark W. Harmon*
Mark W. Harmon
Boerner, Dennis & Franklin, PLLC
P.O. Box 1738
Lubbock, Texas 79408
Phone:  (806) 763-0044
Facsimile:  (806) 763-2084

COUNSEL FOR GS HOLDINGS, LTD.


DASADI HOLDINGS, LTD.

*/s/ Mark W. Harmon*
Mark W. Harmon
Boerner, Dennis & Franklin, PLLC
P.O. Box 1738
Lubbock, Texas 79408
Phone:  (806) 763-0044
Facsimile:  (806) 763-2084

COUNSEL FOR DASADI HOLDINGS,
LTD.


DALLAS COUNTY, HARRIS COUNTY,
*ET AL.*, AND RAINS COUNTY AD

*/s/ Tara L. Grundemeier*
John P. Dillman (TX 05874400)
Tara L. Grundemeier (TX 24036691)
Linebarger Goggan Blair & Sampson, LLP
Post Office Box 3064
Houston, Texas 77253-3064
Telephone:  (713) 844-3778
Facsimile:  (713) 844-3503

COUNSEL FOR DALLAS COUNTY,
HARRIS COUNTY, *ET AL.*, AND RAINS
COUNTY AD

HUD

*/s/ Frank Z. Elmer*
Frank Z. Elmer
Kimberly P. Mayfield
Special Assistant U.S. Attorney
U.S. Department of Housing and Urban
Development
801 Cherry Street
Fort Worth, Texas 76102
Telephone: (817) 978-5987
Facsimile: (817) 978-5366

COUNSEL FOR HUD

ROBERT L. TEMPLETON, INDEPENDENT
EXECUTOR OF FRANCES E. MADDOX
ESTATE

*/s/ John H. Lovell*
John H. Lovell (TX 12609300)
Joe Lovell (TX 12609100)
Lovell, Lovell, Newsom & Isern, L.L.P.
112 West 8th Avenue, Suite 1000
Amarillo, Texas 79101-2314
Telephone: (806)373-1515
Facsimile: (806) 379-7176

COUNSEL FOR ROBERT L. TEMPLETON,
INDEPENDENT EXECUTOR OF FRANCES E.
MADDOX ESTATE

CORNELIA J. SLEMP TRUST

*/s/ John H. Lovell*
John H. Lovell (TX 12609300)
Joe Lovell (TX 12609100)
Lovell, Lovell, Newsom & Isern, L.L.P.
112 West 8th Avenue, Suite 1000
Amarillo, Texas 79101-2314
Telephone: (806)373-1515
Facsimile: (806) 379-7176

COUNSEL FOR CORNELIA J. SLEMP TRUST

MAYS TRUST

*/s/ Dusty J. Stockard*
Dusty J. Stockard
Kenneth E. Weston
Courtney, Countiss, Brian & Bailey, L.L.P.
P.O. Box 9237
Amarillo, Texas 79105-9238
Telephone: (806) 372-5569
Facsimile: (806) 372-9761

COUNSEL FOR MAYS TRUST

ROBERT L. TEMPLETON,
INDEPENDENT EXECUTOR OF
FRANCES E. MADDOX ESTATE

*/s/ Jeff Carruth*
Jeff Carruth
JEFF CARUTH
3030 Matlock Rd., Ste. 201
Arlington, Texas 76015
Telephone: (817) 795-5046
Facsimile: (817) 666-5322

COUNSEL FOR ROBERT L.
TEMPLETON, INDEPENDENT
EXECUTOR OF FRANCES E. MADDOX
ESTATE

LOUISE JOHNSON THOMAS TRUST

*/s/ John H. Lovell*
John H. Lovell (TX 12609300)
Joe Lovell (TX 12609100)
Lovell, Lovell, Newsom & Isern, L.L.P.
112 West 8th Avenue, Suite 1000
Amarillo, Texas 79101-2314
Telephone: (806)373-1515
Facsimile: (806) 379-7176

COUNSEL FOR LOUISE JOHNSON
THOMAS TRUST

HERRING BANK

*/s/ John H. Lovell*
John H. Lovell (TX 12609300)
Joe Lovell (TX 12609100)
Lovell, Lovell, Newsom & Isern, L.L.P.
112 West 8th Avenue, Suite 1000
Amarillo, Texas 79101-2314
Telephone:  (806)373-1515
Facsimile:  (806) 379-7176

COUNSEL FOR HERRING BANK

FRANCES MADDOX FOUNDATION

*/s/ John H. Lovell*
John H. Lovell (TX 12609300)
Joe Lovell (TX 12609100)
Lovell, Lovell, Newsom & Isern, L.L.P.
112 West 8th Avenue, Suite 1000
Amarillo, Texas 79101-2314
Telephone:  (806)373-1515
Facsimile:  (806) 379-7176

COUNSEL FOR FRANCES MADDOX
FOUNDATION

SCOTT D. RICE TRUST

*/s/ Mark W. McBrayer*
Mark W. McBrayer
Crenshaw, Dupree & Milam, LLP
P.O. Box 1499
Lubbock, Texas 79408-1499
Telephone: (806) 762-5281
Facsimile:  (806) 762-3510

COUNSEL FOR SCOTT D. RICE TRUST

MMA LIMITED PARTNERS

*/s/ Greg Lowry*
Grey Lowry
Locke Lord Bissell & Liddell LLP
2200 Ross Avenue, Ste. 2200
Dallas, Texas 77501
Telephone:  (214) 740-8000
Facsimile:  (214) 740-8800

COUNSEL FOR MMA LIMITED PARTNERS

TEXAS CAPITAL BANK

*/s/ Eli Columbus*
Eli O. Columbus
Winstead PC
5400 Renaissance Tower
1201 Elm Street
Dallas, Texas  75270
Telephone:  (214) 745-5771
Facsimile:  (214) 745-5390
E-mail:  ecolumbus@winstead.com

COUNSEL FOR TEXAS CAPITAL BANK