Stephen A. McCartin (TX 13374700)
smccartin@gardere.com
Marcus A. Helt (TX 24052187)
mhelt@gardere.com
Mo Alturk (TX 24069294)
malturk@gardere.com
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone: 214.999.3000
Facsimile: 214.999.4667

COUNSEL FOR WALTER O'CHESKEY, TRUSTEE
OF THE AHF LIQUIDATING TRUST

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| American Housing Foundation, | § | Case No.: 09-20232-RLJ |
| | § | |
| Debtor. | § | |

**FIRST AND FINAL FEE APPLICATION OF BROWN, GRAHAM & COMPANY, P.C.
FOR
<u>ALLOWANCE OF PROFESSIONAL FEES AND REIMBURSEMENT OF EXPENSES</u>**

Fee Application Cover Sheet

**First and Final Fee Application of:** Brown, Graham & Company, P.C.

**Capacity:** Accountant for Debtor and Chapter 11 Trustee

**Time Period:** October 29, 2009 – December 31, 2010

**Bankruptcy Petition Filed on:**    04/21/2009

**Date of Entry of Retention Order:** October 29, 2009 [Docket No. 396] and January 28, 2011 [Docket No. 2028]

**Status of Case:**    Confirmation Order of Second Amended Joint Chapter 11 Plan of Chapter 11 Trustee and Official Committee of Unsecured Creditors entered on 12/8/2010; Effective Date of Plan was 1/1/2011.

FIRST AND FINAL APPLICATION OF BROWN, GRAHAM & COMPANY P.C. FOR
ALLOWANCE OF PROFESSIONAL FEES AND REIMBURSEMENT OF EXPENSES – PAGE 1 OF 14

|  | **Amount Requested:** |  | **Reductions:** |
|---|---|---|---|
| Fees: | $82,015.00 | Voluntary fee reductions: | $_____ |
| Expenses: | $2,109.73 | Expense reductions: | $_____ |
| Other: | $_____ | **Total Reductions:** | $_____ |
| **Total:** | $84,124.73 |  |  |

| **Draw Down Request:** |  | **Expense Detail:** |  |
|---|---|---|---|
| Retainer Received: | N/A | Copies – per page cost and total: | $_____ |
| Previous Draw Down(s): | N/A | Fax – per page cost and total: | $_____ |
| Remaining Retainer (now): | N/A | Computer Research: | $_____ |
| Requested Draw Down: | N/A | Other: | $_____ |
| Retainer Remaining (after): | N/A | Other: | $_____ |

| **Hourly Rates** | **Attorney / Accountant** | **Paralegal / Clerical** |
|---|---|---|
| Highest Billed Rate: | $200.00 | $0.00 |
| Total Hours Billed: | 507.07 | 0.00 |
| Blended Rate: | $161.74 | $0.00 |

/s/ Kevin Kinder
Signature

February 28, 2011
Date

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| American Housing Foundation, | § | Case No.: 09-20232-RLJ |
| | § | |
| Debtor. | § | |

**FIRST AND FINAL FEE APPLICATION OF BROWN, GRAHAM & COMPANY, P.C. FOR ALLOWANCE OF PROFESSIONAL FEES & REIMBURSEMENT OF EXPENSES**

A HEARING WILL BE CONDUCTED ON THIS MATTER ON <u>APRIL 14, 2011, AT 1:30 P.M.</u> IN THE COURTROOM OF THE HONORABLE ROBERT L. JONES, UNITED STATES BANKRUPTCY JUDGE FOR THE NORTHERN DISTRICT OF TEXAS, AT 624 SOUTH POLK, ROOM 100, AMARILLO, TEXAS.

IF YOU OBJECT TO THE RELIEF REQUESTED HEREIN, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING, AND SPECIFICALLY IDENTIFYING THE AMOUNT OF ANY FEES CHALLENGED AND THE BASIS FOR EACH CHALLENGE.

YOU MUST FILE YOUR RESPONSE TO THIS FINAL FEE APPLICATION WITH THE CLERK OF THE BANKRUPTCY COURT, 624 S. POLK STREET, AMARILLO, TX 79101-2389, BEFORE CLOSE OF BUSINESS ON <u>MARCH 24, 2011</u>, WHICH IS TWENTY-FOUR (24) DAYS FROM THE DATE OF SERVICE HEREOF. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE APPLICANT THAT SAME DAY; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

Brown, Graham & Company, P.C. ("**BGC**"), as accountant for American Housing Foundation ("**AHF**" or "**Debtor**") and Walter O'Cheskey, the Chapter 11 trustee (the "**Chapter 11 Trustee**") for the bankruptcy estate (the "**Estate**") of AHF, files this *First and Final Fee*

*Application of Brown, Graham & Company, P.C. for Allowance of Professional Fees and Reimbursement of Expenses* (the "**Final Fee Application**") for the period commencing on October 29, 2009 and extending through December 31, 2010 (the "**Final Application Period**"). In support of the Final Fee Application, BGC states as follows:

## I.
## SUMMARY OF REQUEST

**Name of Applicant:**   Brown, Graham & Company, P.C.

**Role in Case:**   Accountant for Chapter 11 Trustee

**Application Period:**   October 29, 2009 – December 31, 2010

**Application Period (October 29, 2009 to December 31, 2010)**

|  | Fees | Expenses | Total |
|---|---|---|---|
| Total Amounts Incurred | $82,015.00 | $2,109.73 | $84,124.73 |
| Less: Amounts Previously Paid | ($0.00) | ($0.00) | ($0.00) |
| Less: Voluntary Reductions | ($0.00) | ($0.00) | ($0.00) |
| **Total Compensation Due** | $82,015.00 | $2,109.73  = | $84,124.73 |

## II.
## PRELIMINARY STATEMENT

1.   In this Final Fee Application, BGC asks this Court for final approval and allowance of all (100%) fees earned and expenses incurred during the Final Application Period by BGC as the Chapter 11 Trustee's retained accountant. As shown by the record before this Court and the exhibits attached hereto, BGC worked diligently with the Debtor, Chapter 11 Trustee and their other advisors to provide invaluable accounting, advice and expertise for the benefit of the Estate. This work involved the preparation of the 2008 and 2009 Federal Income Tax Returns Forms 990, consultation and involvement relating to the Internal Revenue Service audit of the 2007, 2008 and 2009 Federal Income Tax Returns, preparation of certain 2009 corporate income tax returns (Forms 1120) along with their related 2010 Texas franchise tax

returns, and consultation relating to Texas franchise tax issues pertaining to the Debtor's wholly-owned limited liability corporations. As shown on the record before this Court, and in the exhibits attached hereto, BGC believes that its work provided an identifiable, tangible, and material benefit to the Estate. Accordingly, this Fee Application should be approved.

### III.
### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and this matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are 11 U.S.C. § 330, Federal Rule of Bankruptcy Procedure (the "**Bankruptcy Rules**") 2016(a), and the Local Rules of the United States Bankruptcy Court for the Northern District of Texas (the "**Local Rules**").

### IV.
### BACKGROUND

A.   **Case Background**

2. On April 21, 2009 (the "**Petition Date**"), an involuntary petition for relief was filed against AHF in the United States Bankruptcy Court for the Northern District of Texas, Amarillo Division under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"),[1] commencing Bankruptcy Case No. 09-20232 (the "**Bankruptcy Case**"). On or about June 11, 2009, AHF filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing Case No. 09-20373 (the "**Second Case**"). On July 17, 2009, the Court entered its *Agreed Order Granting Motion to Consolidate Bankruptcy Cases* [Docket No. 88], thus consolidating the Second Case into the Bankruptcy Case.

---

[1] All references to the Bankruptcy Code refer to 11 U.S.C. § 101, *et seq.*

FIRST AND FINAL APPLICATION OF BROWN, GRAHAM & COMPANY P.C. FOR
ALLOWANCE OF PROFESSIONAL FEES AND REIMBURSEMENT OF EXPENSES – PAGE 5 OF 14

3. On July 10, 2009, the Office of the U.S. Trustee for the Northern District of Texas (the "**UST**") appointed the Official Committee of Unsecured Creditors (the "**Creditors Committee**") to represent the interests of the Debtor's unsecured creditors.

4. On January 21, 2010, Texas Capital Bank ("**TCB**") filed a motion to appoint a chapter 11 trustee [Docket No. 653]. TCB argued that the Debtor's management was incompetent and was grossly mismanaging the Debtor and its Estate. On April 28, 2010, the Bankruptcy Court found that cause existed to appoint a trustee and granted TCB's motion [Docket No. 1096].

5. Shortly thereafter, the UST appointed Walter O'Cheskey as the Chapter 11 Trustee for the Debtor's Estate, and this Court approved that appointment on April 29, 2010 by entering the *Order Approving the Appointment of Chapter 11 Trustee* [Docket No. 1104].

6. On December 6, 2010, the Chapter 11 Trustee and the Creditors Committee filed their *Second Amended Joint Chapter 11 Plan* [Docket No. 1909] (the "**Plan**"). The Plan proposed an orderly liquidation of the Estate's assets. Under the Plan, that liquidation would be conducted by both "Reorganized AHF" and a "Liquidating Trustee," and the Liquidating Trustee would distribute the proceeds of liquidation to legitimate creditors as soon as reasonably practicable. At the hearing to confirm the Plan, the Chapter 11 Trustee adduced evidence that the Estate had approximately $25.8 million in cash held in the District Court's registry (the "**Court Registry**") available to pay the Estate's administrative expenses. At that same hearing, the Chapter 11 Trustee also adduced evidence that the Estate's total administrative expenses were estimated to be no more than $5.5 to $6.0 million.

7. On December 8, 2010, the Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming Second Amended Joint Chapter 11 Plan filed by the Chapter 11*

*Trustee and the Official Committee of Unsecured Creditors* [Docket No. 1918] (the "**Confirmation Order**").

8. The Plan became effective on January 1, 2011 (the "**Effective Date**"). On the Effective Date, Alan Weiner of FOCUS Management Group USA, Inc. became the president of Reorganized AHF and Walter O'Cheskey became the Liquidating Trustee.

9. Currently pending before this Court is a motion to authorize the transfer of all funds in the Court Registry (except for approximately $1.3 million, which was approved by the Court in the Confirmation Order to be paid to Reorganized AHF for use in its continued operations) to the Liquidating Trustee for payment of administrative expenses and distributions to legitimate creditors.

B. **Debtor Background**

10. AHF was established in 1989 by Steve Sterquell as a non-profit corporation chartered under the laws of the State of Texas and received its tax exempt status under section 501(c)(3) of the Internal Revenue Code that same year. AHF's purpose was, and continues to be, to create affordable housing for working families and individuals. AHF is dedicated to the promotion, creation, and preservation of quality housing for low to moderate-income families. As of the Petition Date, AHF owned and operated, directly or indirectly, sixty-six (66) affordable housing apartment communities containing 13,417 units in Arizona, Florida, Georgia, Kentucky, Mississippi, North Carolina, Oklahoma, South Carolina, and Texas. These housing communities were financed in the following three general ways: (a) conventional financing, (b) tax-exempt bond financing, and (c) tax-credit financing.

## V.
## RETENTION OF BGC

11. The Debtor and Debtor in Possession filed the *Debtor and Debtor in Possession's Application for Order Authorizing Employment of Brown, Graham & Company, P.C. as Accountant Effective October 29, 2009*. The Application was granted by the Court [Docket No. 396] (Copy included in Exhibit A). The Chapter 11 Trustee filed a *Supplemental Application for Order Authorizing Employment of Brown, Graham & Company, P.C. as Accountant* (the "**Supplemental Application**") to expand BGC's role as described therein. The Court granted the *Supplemental Application* and the Order was effective from October 29, 2009, until further order of the Court [Docket No. 2028] (Copy included in Exhibit A).

## VI.
## SERVICES RENDERED DURING THE FINAL APPLICATION PERIOD

12. During the Final Application Period, BGC rendered $82,015.00 in professional fees ("**Professional Fees**") and incurred $2,109.73 in expenses on behalf of the Chapter 11 Trustee. Pursuant to the terms of the BGC Engagement Letters and the Supplemental Application (Copies included in Exhibit B), BGC's Professional Fees are as follows:

   (a) Hourly billing fees for services performed for staff time at $100 per hour and shareholder time at $200; and

   (b) Reimbursement of travel and accommodation expenses.

13. BGC submits that the professional services rendered to and the expenses incurred on behalf of the Debtor and the Chapter 11 Trustee during the Application Period were reasonable and necessary. Accordingly, BGC respectfully requests this Court allow and approve the sum of $82,015.00 in total fees and $2,109.73 in total expenses, for a total requested award of $84,124.73.

14. BGC's efforts on behalf of the Debtor and Chapter 11 Trustee can be generally categorized within the following five areas: (i) preparation of the Federal Income Tax Return (Form 990) for the year ended December 31, 2008, (ii) preparation of 2009 Corporate Income Tax Return (Form 1120) and the 2010 Texas Franchise Tax Return for the following entities: AHF/Greentree Village, Inc.; Sea Greens Housing Coop; AHF/Astoria Park, Inc.; AHF/Stonebriar Village, Inc.; AHF/BelAire, Inc.; AHF/Fairway Village, Inc.; AHF/Green Acres, Inc.; AHF/Robinson Garden, Inc.; AHF/Southgate Village, Inc.; AHF/Santa Maria Village, Inc.; AHF Rosemeade, Inc.; AHF/Glenwood, Inc.; and AHF Parkview Village, Inc., (iii) consultation relating to Texas Franchise Tax issues for the Debtor's wholly-owned limited liability corporations, (iv) preparation of the Federal Income Tax Return (Form 990) for the year ended December 31, 2009, and (v) provided consultation relating to the Internal Revenue Service's audit of the 2007, 2008, and 2009 Federal Income Tax Returns (Forms 990) for the Debtor.

15. The Professional Fees were allocated among these five areas as follows:

| Work Product | Total Fees |
|---|---|
| (i) Preparation of Form 990 for the year ended December 31, 2008 | $ 17,176.00 |
| (ii) Preparation of 2009 Corporate Income Tax Returns (Forms 1120) and the 2010 Texas Franchise Tax Returns | 3,250.00 |
| (iii) Consultation on Texas Franchise Tax issues relating to Wholly-Owned Limited Liability Corporations | 5,500.00 |

|  |  |
|---|---|
| (iv) Preparation of Form 990 for the year ended December 31, 2009 | 22,514.00 |
| (v) Consultation relating to the Internal Revenue Service's audit of the 2007, 2008, and 2009 Form 990s for the Debtor | 35,684.73 |
| Total Fees | $ 84,124.73 |

## VII.
## COMPENSATION REQUESTED

16. By this Final Fee Application, BGC seeks approval, on a final basis, of Professional Fees earned during the Final Application Period in the amount of $82,015.00 and expenses incurred of $2,109.73, and authorization for, and direction to, the Liquidating Trustee to pay BGC for all allowed amounts not yet received. Attached hereto as Exhibit C are statements of all fees and expenses requested for payment by BGC.

17. During the Final Application Period, BGC expended an aggregate of 507.07 hours on this case, resulting in Professional Fees in the amount of $82,015.00 at a blended hourly rate consisting of staff time at $100.00 and shareholder time at $200.00. The shareholder rate at $200.00 per hourly charged by BGC is actually $50.00 less than BGC shareholders' normal hourly billing rate of $250.00. By voluntarily reducing its rate for services performed on behalf of the Debtor and the Chapter 11 Trustee, BGC saved the Estate over $15,000 in professional fees.

18. In total, BGC requests that this Court approve on a final basis, total fees incurred of $82,015.00 and $2,109.73 in expenses, for a total requested award of **$84,124.73**.

19. As of the filing of this Final Fee Application, BGC has been paid $0.00 toward its fees and expenses incurred during the Final Application Period. Accordingly, as of the filing of this Final Fee Application, BGC is owed $84,124.73 on account of its total requested fees.

20. BGC represents that, to the best of its knowledge, it has complied with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines adopted by the Executive Office for the United States Trustee. No agreement or understanding exists between BGC and any other entity for the sharing of compensation to be received for services rendered in connection with this case.

21. All services performed by BGC were performed for and on the behalf of the Debtor and the Chapter 11 Trustee and not on behalf of any other individual or entity. These services were rendered in discharge of BGC's professional responsibilities as a retained accountant for the Debtor, the Chapter 11 Trustee and the Estate. BGC's services have been substantial, necessary, and beneficial to the Debtor, the Chapter 11 Trustee, the Estate, and the creditors and interest holders thereof.

22. BGC maintained records of its time expended in the rendition of professional services to the Debtor and the Chapter 11 Trustee. BGC's invoices, which describe the hours for the Final Application Period, the services performed and the amount of time expended in performing such services, are attached hereto as Exhibit C.

## VIII.
## JUSTIFICATION FOR AWARD

23. In an attempt to establish an objective basis for determining the amount of compensation that is reasonable for consultants' services pursuant to section 330 of the Bankruptcy Code, the Fifth Circuit has instructed the lower courts to explain the findings and

reasons on which an award of professional fees is based. *See In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir.), *cert. denied*, 431 U.S. 904 (1977).

24. To aid the lower courts, the *First Colonial* court applied the factors originally set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). Not all factors are relevant to this case for BGC. However, the relevant *Johnson* factors that assist the Court in determining the "reasonableness" of BGC's fees are delineated below:

(a) **Time and Labor Required.** As described above and evidenced by the attached Exhibit C, BGC provided 507.07 hours of billable services during the Final Application Period. BGC submits that the information contained in this exhibit supports the fees requested and reflects the reasonableness of such fees.

(b) **Novelty and Difficulty.** BGC believes the various accounting issues involved in this case were complex and challenging and often required the review and analysis of voluminous and complicated information. Due to the timing of the various tax return deadlines and the need to respond to issues relating to the Internal Revenue Service audit, BGC was required to respond to issues on an expedited basis.

(c) **Skill Requisite to Perform the Consultant Service Properly.** BGC is a certified professional accounting firm. BGC contends that consultants without its experience and expertise would have expended many more hours than BGC did, and likely with less success.

(d) **Customary Fee.** The blended hourly rate charged by BGC for this engagement was $161.74 per hour. The $200.00 hourly rate charged by BGC for shareholder time is actually $50.00 less than BGC's customary hourly billing rate of $250.00 per hour. By voluntarily reducing its rate for services performed on behalf of the debtor and Chapter 11 Trustee, BGC saved the Estate over $15,000.00 in professional fees.

(e) **Amount Involved and Results Obtained.** The engagement letters in Exhibit B and statements in Exhibit C to this Final Fee Application detail BGC's work during the

Final Application Period, the date services were rendered, descriptions of the services provided, and the time expended per task. BGC believes that the information contained in these exhibits support the reasonableness of its requested compensation and that it is fair and justified in this case.

## IX.
## CONCLUSION

After analyzing the *Johnson* factors and the benefit BGC provided to the Chapter 11 Trustee, the Estate, and its creditors, the Final Fee Application should be granted.

**WHEREFORE**, Brown, Graham & Company, P.C. respectfully requests that this Court enter a final order (a) allowing and authorizing compensation to BGC on a final basis in the amount of **$82,015.00** and reimbursement of expenses in the amount of **$2,109.73**, for the period from October 29, 2009, through December 31, 2010, for a total allowance to BGC of **$84,124.73**; (b) directing the Chapter 11 Trustee, Liquidating Trustee, and their agents or representatives, to immediately pay 100% of all allowed amounts for services rendered and expenses incurred by BGC; and (c) awarding BGC such other and further relief that this Court deems just and proper.

Dated: February 28, 2011

        Respectfully submitted,

        /s/ Kevin Kinder
        Kevin Kinder
        Brown, Graham & Company, P.C.
        13809 Research Blvd., Suite 305
        Austin, Texas 78750
        Telephone: 512.257.8078
        Facsimile: 512.257.8091
        Kevin@bgccpa.net

        **ACCOUNTANT FOR CHAPTER 11 TRUSTEE**

        and

        /s/ Mo Alturk
        Stephen A. McCartin (TX 13374700)
        smccartin@gardere.com
        Marcus A. Helt (TX 24052187)
        mhelt@gardere.com
        Mo Alturk (TX 24069294)
        malturk@gardere.com
        GARDERE WYNNE SEWELL LLP
        1601 Elm Street, Suite 3000
        Dallas, Texas 75201-4761
        Telephone: 214.999.3000
        Facsimile: 214.999.4667

        **COUNSEL FOR WALTER O'CHESKEY, TRUSTEE OF THE AHF LIQUIDATING TRUST**