MULLIN HOARD & BROWN, L.L.P.
David R. Langston, SBN: 11923800
P.O. Box 2585
Lubbock, Texas 79408-2585
Telephone: 806-765-7491
Telefax: 806-765-0553
*Attorneys for the Oversight Committee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| AMERICAN HOUSING FOUNDATION, | § | CASE NO. 09-20232-RLJ-11 |
| | § | |
| Debtor-in-Possession | § | |

**OVERSIGHT COMMITTEE'S RESPONSE TO MOTION FOR AUTHORITY TO FILE OBJECTION TO CLAIMS PER CONFIRMED PLAN (DOCKET #2327 AND DOCKET #2328) AS WELL AS SIMILAR MOTIONS FILED ON BEHALF OF THE TRUSTEE (#2569, #2591, #2590, #2592 and #2594)**

TO THE HONORABLE ROBERT L. JONES, U.S. BANKRUPTCY JUDGE:

NOW COMES, THE OVERSIGHT COMMITTEE (the "Committee") in the above referenced bankruptcy case, and files this Response To Motion For Authority To File Objection To Claims Per Confirmed Plan (Docket #2327 and Docket #2328) as Well as Similar Motions Filed on Behalf of the Trustee in Docket #2569 filed on April 29, 2011 and subsequently amended on May 4, 2011 (Docket #2591), Docket #s2590 and 2592 filed May 4, 2011, and Docket #2594 filed May 5, 2011 (the "Motion"), and in support of such would show the Court as follows:

1. On December 8, 2010, the Court entered is Findings of Fact, Conclusions of Law and Order Confirming Second Amended Joint Chapter 11 Plan Filed By the Chapter 11 Trustee

and the Official Committee of Unsecured Creditors (Docket #1918) (the "Confirmation Order").

2. The Confirmed Plan of Reorganization ("Plan") in the American Housing Foundation ("AHF") bankruptcy case, along with the provisions of the Liquidating Trust Agreement ("Liquidating Trust"), set forth the provisions for the establishment of a Trust Oversight Committee (the "Committee"). Specifically, Section 9.1 of the Liquidating Trust provides:

> On the Effective Date, a Trust Oversight Committee shall be established and continue for the purpose of monitoring and not directing (a) the implementation of the Plan; (b) the Claims objection-and-resolution process; (c) the Distribution process, and (d) the pursuit and settlement of Causes of Action. The Liquidating Trustee shall consult with the Trust Oversight Committee on a quarterly basis or as otherwise agreed by the Liquidating Trustee and the Trust Oversight Committee.

Further, Section 10.2 of the Plan provides:

> Nothwithstanding anything herein to the contrary, the Liquidating Trustee will not file an objection to Claims or adversary complaint without prior permission from the Trust Oversight Committee or from the Bankruptcy Court after notice and hearing and upon a showing of (i) reasonable grounds to file such an objection and (ii) a cost-benefit analysis of any proposed claim objection or adversary proceeding.

The Plan and Liquidating Trust clearly contemplate that the Trustee will consult with the Committee prior to filing of claim objections or adversary proceedings. It is certainly informative that obtaining prior permission of the Committee is listed first, and certainly implies that an appropriate procedure for the Trustee to follow would be to first seek the permission of the Committee and then seek the permission of the Bankruptcy Court for those claims where there is disagreement. To do otherwise, renders the Committee impotent in performing its duty to

monitor the implementation of the Plan, claims objection-and-resolution process, and the pursuit and settlement of causes of action.

3. On April 15, 2011, the Trustee filed his Motion for Authority to File Objection to Claims Per Confirmed Plan in Docket #s 2327 and 2328 (the "Motions"). These Motions were the first of many similar motions which the Trustee has filed since April 15 in Docket #2569 filed on April 29, 2011 and subsequently amended on May 4, 2011 (Docket #2591), Docket #s2590 and 2592 filed May 4, 2011, and Docket #2594 filed May 5, 2011 claiming that the Trustee supplied the required information to the Committee about the nature of the lawsuits he wishes to file, pursuant to Section 10.02 of the Plan, but that the Committee has failed to respond or consent to the Trustee filing such adversary proceedings. In many of the similar Motions the Trustee avers that he presumes the Committee will not grant consent because of the conflict the Trustee believes the members of the Committee have due to their economic interest connected with the outcome of the litigation.

4. The Committee strongly denies the allegations and assertions contained in the Motion. The Committee asserts that the Trustee has not even attempted to comply with the provisions of the Plan with respect to the submission of information about objections to claims and the filing of adversary proceedings. As a consequence of the Trustee's blatant disregard for the provisions of the Plan, the Committee asserts that the Trustee has violated his duties to the creditors of the estate and incurred thousands of dollars of wasteful and unnecessary expenses.

5. The Committee as the official representative of the beneficiaries of the Liquidating Trust has a duty to them to monitor the actions of the Trustee in the administration

of the Trust. Due to the Trustee's failure to comply with the provisions of the Plan, the Committee is being prevented from performing its responsibilities. Therefore, the Committee files this response to the various Motions filed seeking Authority to File Objection to Claims per Confirmed Plan in (Docket #2327 and Docket #2328) as Well as Similar Motions Filed on Behalf of the Trustee in Docket #2569 filed on April 29, 2011 and subsequently amended on May 4, 2011 (Docket #2591), Docket #s2590 and 2592 filed May 4, 2011, and Docket #2594 filed May 5, 2011 and would request that the Court order that the Trustee provide the Committee with information about the reasonable grounds for the filing of such adversary complaint or any cost/benefit analysis from the Trustee on the proposed lawsuit and that the Committee be allowed to review and analyze such information before giving its permission for the Trustee to file the complaints.

In sum, the Trustee has failed to provide the Committee with sufficient information to make a determination as to the reasonable grounds for the objection or a cost-benefit analysis that would allow the Committee to properly monitor whether the Trustee's objection to claims or adversary proceeding will benefit the Beneficiaries of the Liquidating Trust. It should be obvious that the Trustee has taken the most expensive option available—file over 100 adversary proceedings prior to first determining if there are reasonable grounds or conducting a cost-benefit analysis of the proposed claim objection or adversary proceeding.

6.    The Committee would show the Court that the only meeting the Trustee has held with the Committee was a conference call on March 3, 2011, when the Trustee and his attorneys represented to the Committee that he was requesting an extension of the claims objection

deadline for ninety (90) days so as to avoid the expense of filing a number of lawsuits since a decision by the Court on the Horton/Templeton lawsuits would act as a precedent and guide the Trustee's future actions. Based upon those representations, the Committee consented to the entry of an order extending the deadline.

7. The next communication the Trustee had with the Committee was an email received on the eve of the Trustee filing more than one hundred (100) adversary proceedings from Trustee's counsel asserting the Committee had failed to act on the Trustee's request for consent to file the Storseth/Dougherty and LIHTC Walden II lawsuits and that he was, therefore, filing the Motion with the bankruptcy court seeking permission to do so over the Committee's objections. Since then the Trustee has filed more than one hundred (100) lawsuits without even discussing them with the Committee prior to doing so. The Committee believes and therefore asserts that the Trustee did not personally analyze the facts or legal theories that supposedly justify the filing of such proceedings. Even as late as this week, the Trustee's counsel has been sending emails to the Committee (some of which omitted certain members as recipients of the emails, requesting a quick response, and at the same time alluding to conflicts of interest that the members of the Committee have concerning the requested decision and stating that he was going to be filing a motion with the bankruptcy court seeking permission to file the Amended Complaint. Then, within a matter of minutes a motion, almost identical to the Motion which has generated this Response, is filed.

8. The Committee asserts that such tactics are not appropriate, and certainly are not constructive to efforts to resolve the multitude of serious and complex issues that need to be addressed by the Liquidating Trustee.

9. The Trustee's counsel has now filed pleadings that inform the Court that the Trustee intends to file between 125 and 150 adversary proceedings (See *Emergency Motion for Interim and Final Order Establishing Procedures for Certain Adversary Proceedings Filed By Trustee Under 11 U.S.C. 541,544,547,548 or 553* (Docket #2348)). To date, the Committee believes that the Trustee has already filed 113 such adversary proceedings. None of them were submitted to the Committee with a cost/benefit analysis prior to their being filed.

The Committee asserts that such actions are contrary to the language and the intent of the Plan, and that it is entitled to know why this has occurred, what costs have accrued as a result of such actions to the present date, and how the Trustee believes the filing of these lawsuits will ultimately benefit the creditors.

10. Emails from Trustee's counsel to certain members of the Committee which purport to request its consent often suggest that members of the Committee have an economic interest in the outcome, and, as a consequence, any presentation to the Committee in compliance with the clear language of the Plan is not necessary. The Committee does not believe such communications are a good faith effort to seek permission from the Committee. Nowhere in the Plan does there appear language which excuses seeking the consent of the Oversight Committee because of an economic interest the members may have in the outcome of the lawsuit. The

Trustee was obviously aware of the various economic interests held by the named members of the Oversight Committee prior to placing the language of Section 10.02 in the Plan.

11.  The Committee believes that the actions of the Trustee in recent weeks involving the filing of more than one hundred adversary proceedings have caused waste of the assets of the Liquidating Trust. Such actions are contrary to the provisions of the Plan – and, because the Committee, nor the Court for that matter, has not been presented any information by the Trustee with which to analyze the possible benefit or harm to the Beneficiaries of the Trust and as a result of these actions has been unable to perform its duty of monitoring the administration of the Liquidating Trust.

12.  The Committee respectfully requests the Court to deny the Motion of the Trustee – and other similar such motions – until the necessary information about the lawsuits and their possible benefits to the creditors is conveyed by the Trustee to the Committee. Alternatively, the Court should dismiss these various Motions due to the Trustee's failure to provide the Court "(i) reasonable grounds to file such an objection and (ii) a cost-benefit analysis of any proposed claim objection or adversary proceeding."

WHEREFORE, PREMISES CONSIDERED, the Committee requests that the Court deny the Trustee's Motion, and additionally, instruct the Trustee to provide the Committee with the requested information related to the proposed complaints and allow the Committee time to review and analyze such information, at which time the Committee may grant or deny the Trustee permission to file the proposed adversary proceedings.

Respectfully Submitted,

MULLIN HOARD & BROWN, L.L.P.
P.O. Box 2585
Lubbock, Texas 79408-2585
Telephone: (806)765-7491
Facsimile: (806) 765-0553


By: /s/ David R. Langston
 David R. Langston; SBN 11923800
*Attorneys for Oversight Committee*


### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Response was served on the following parties in interest on this 6th day of May, 2011:

1. Ms. Mary Frances Durham
   U.S. Trustee's Office
   1100 Commerce Street
   Room 9C60
   Dallas, Texas 75242

2. Max Tarbox
   Tarbox Law, P.C.
   2301 Broadway
   Lubbock, Texas 79401

3. Steve McCartin
   Gardere Wynne Sewell, LLP
   1601 Elm Street, Suite 3000
   Dallas, Texas 75201-4761


/s/ David R. Langston
David R. Langston