Steven Lockhart
State Bar No. 24036981
GARDERE WYNNE SEWELL LLP
Thanksgiving Tower, Suite 3000
1601 Elm Street
Dallas, TX 75201
(214) 999-4668 Telephone
(214) 999-3668 Facsimile

ATTORNEYS FOR TRUSTEE OF THE AHF LIQUIDATING TRUST

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **AMERICAN HOUSING FOUNDATION,** | § | CASE NO. 09-20232-rlj-11 |
| | § | |
| Debtor. | § | |

## MOTION TO COMPROMISE CONTROVERSY

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 624 SOUTH POLK, SUITE 100, AMARILLO, TX 79101 BEFORE CLOSE OF BUSINESS ON JUNE 13, 2011, WHICH IS AT LEAST 24 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

TO THE HONORABLE ROBERT L. JONES, U.S. BANKRUPTCY JUDGE:

COMES NOW, the Trustee for the AHF Liquidating Trust ("Trustee") and hereby moves this Court to compromise controversy and approve the settlement of the adversary proceedings filed in this underlying bankruptcy, under Federal Rule of Bankruptcy Procedure 9019 and Local Bankruptcy Rule 9019-1, and in support thereof, would show as follows:

## I.   Background

1)   On April 21, 2009, an involuntary petition for Chapter 11 bankruptcy relief was filed against American Housing Foundation ("AHF"). On June 11, 2009, AHF filed a voluntary petition for Chapter 11 bankruptcy relief. On July 17, 2009, the Bankruptcy Court consolidated the two bankruptcy cases into the present underlying bankruptcy Case No. 09-20232.

2)   On December 1, 2009, Happy State Bank ("HSB") filed an amended motion to lift stay, seeking to lift the automatic stay as to certain certificates of deposit pledged by AHF on loans to HSB. A group of entities known as the MMA Entities, the THFC Entities, the U.S. Department of Housing and Urban Development ("HUD"), and a group of individuals and entities known as the Templeton Claimants each filed objections to HSB's motion to lift stay. After a hearing, the Bankruptcy Court denied the motion on December 23, 2009, pending the filing of adversary proceedings by the objecting parties.

3)   On December 15, 2009, the Templeton Claimants filed its Complaint in Adversary Proceeding No. 09-02025 against HSB. On April 8, 2010, the Templeton Claimants filed their Second Amended Complaint, naming additional defendants, including the MMA Parties, HUD, AHF and AHF-related parties.

4)   On December 17, 2009, HUD filed its Complaint in Adversary Proceeding No. 09-02026 against HSB, AHF, and Multi-Family Rehab Partners.

5)     On December 18, 2009, the MMA Entities and the THFC Entities filed their Complaint in Adversary Proceeding No. 09-02027 against HSB and AHF. Various certificates of deposit were the subject of all three Complaints.

6)     On March 26, 2010, the Court ordered Substantive Consolidation of Adversary Proceedings Nos. 09-02026 and 09-02027 into Adversary Proceeding No. 09-02025 (the "Consolidated Adversary Proceeding").

7)     On April 28, 2010, the Bankruptcy Court granted a motion to appoint a Chapter 11 Trustee in the case. Shortly thereafter, Walter O'Cheskey was appointed as the Chapter 11 Trustee for AHF's bankruptcy estate.

8)     On December 8, 2010, this Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming Second Amended Joint Chapter 11 Plan Filed by the Chapter 11 Trustee and the Official Committee of Unsecured Creditors* [Docket No. 1918] (the "Confirmation Order"), confirming the *Second Amended Joint Chapter 11 Plan Filed by the Chapter 11 Trustee and the Official Committee of Unsecured Creditors* [Docket No. 1909] (the "Plan").

9)     Under the terms of the Plan and Confirmation Order, Walter O'Cheskey was appointed trustee of the AHF Liquidating Trust.

10)    As the trustee of the AHF Liquidating Trust, Plaintiff is vested with the authority and right to prosecute and settle all Estate causes of action and rights, including those involved in the Consolidated Adversary Proceeding.

11)    The Consolidated Adversary Proceeding, consisting of the three Adversary Proceedings Nos. 09-02025, 09-02026, and 09-02027, contains the style and number as follows:

Adversary No. 09-02025-rlj, *Robert L. Templeton, and Don Storseth, Individually and as Trustee*

*of the Storseth Family Trust v. Happy State Bank; American Housing Foundation; Shaun*

*Donovan, Secretary of The U.S. Department of Housing and Urban Development; Multi-Family*

*Rehab Partners; SLP, Inc.; MMA Santa Maria, LLC; MMA Fairway Village, LLC; MMA*

*Robinson Garden, LLC; MMA Financial Housing Investments I, A Limited Partnership; THOF*

*V, Ltd.; Southwest Housing Opportunity Fund VI, Ltd.; Texas Housing Finance  Corporation*

*Special; THOF IV, Ltd.; AHF Falfurrias Village Apartments, LLC; AHF South Texas Affordable*

*Housing, LP, Sole Member of AHF Falfurrias Village Apartments, LLC; AHF Rural South*

*Texas, LLC, General Partner of AHF South Texas Affordable Housing, LP; American Housing*

*Foundation, Member of AHF Rural South Texas, LLC; AHF Rio Hondo Village Apartment, LLC;*

*AHF South Texas Affordable Housing LP, Sole Member of AHF Rio Hondo Village Apartments,*

*LLC; AHF Rural South Texas, LLC, General Partner of AHF South Texas Affordable Housing*

*LP; American Housing Foundation, Member of AHF Rural South Texas, LLC, KY California*

*Square II LLC; AHF-KY, LLC, Sole Member of KY California Square II LLC; American*

*Housing Foundation, Sole Member of AHF-KY, LLC; MS Decatur Meadows, LLC; AHF-MS,*

*LLC, Sole Member of MS Decatur Meadows, LLC; American Housing Foundation, Sole Member*

*of AHF-MS, LLC; SC Druid Hills LLC; AHF-SC, LLC, Sole Member of SC Druid Hills LLC;*

*American Housing Foundation, Sole Member of AHF-SC, LLC; MS Fieldcrest, LLC; AHF-MS,*

*LLC, Sole Member of MS Fieldcrest, LLC; American Housing Foundation, Sole Member of*

*AHF-MS, LLC; SC Dalmia, LLC; AHF-SC, LLC, Sole Member of SC Dalmia, LLC; American*

*Housing Foundation, Sole Member of AHF-SC, LLC; GA Oakland City, LLC; AHF-GA, LLC,*

*Sole Member of GA Oakland City, LLC; American Housing Foundation, Sole Member of AHF-*

*GA, LLC; KY Portland Plaza, LLC; AHF-KY, LLC, Sole Member of KY Portland Plaza, LLC;*

*American Housing Foundation, Sole Member of AHF-KY, LLC; SC Swift Creek LLC; AHF-SC,*

**MOTION TO COMPROMISE CONTROVERSY**                                                    **Page 4 of 12**
**DALLAS 2235808v.2**

*LLC, Sole Member of SC Swift Creek, LLC; American Housing Foundation, Member of AHF-SC, LLC; GA Westgate, LLC; AHF-GA, LLC, Sole Member of GA Westgate, LLC; American Housing Foundation, Sole Member of AHF-GA, LLC; NC Yadkin House, LLC; AHF-NC, LLC, Sole Member of NC Yadkin House, LLC; American Housing Foundation, Member of AHF-NC, LLC; Amagard, Ltd.; FHF Amagard, Inc., General Partner of Amagard Ltd., and Shaun Donovan, Secretary, U.S. Department of Housing and Urban Development v. Happy State Bank, American Housing Foundation, and Multi-Family Rehab Partners, and SLP INC., MMA Santa Maria, LLC; MMA Fairway Village, LLC; MMA Robinson Garden, LLC; MMA Financial Housing Investments I, A Limited Partnership; THOF V, Ltd.; Southwest Housing Opportunity Fund VI, LTD.; Texas Housing Finance Corporation Special; and THOF IV, Ltd., v. Happy State Bank, and American Housing Foundation*, pending in the United States Bankruptcy Court, Northern District of Texas, Amarillo Division.

    12)    The parties to the Consolidated Adversary Proceeding have reached a settlement that is substantially similar to the agreement identified in the Settlement Agreement and Release (the "Agreement") attached hereto as <u>Exhibit A</u> and incorporated herein by reference. As part of the settlement reached, the parties ask this Court to approve a final Agreement that is substantially similar to the Agreement attached hereto as <u>Exhibit A</u>.

## II. Proposed Settlement

    13)    While the terms of the Agreement control, the Agreement can be summarized as operating in the following ways:

    a.  The Settling Parties each agree to bear their own costs, expenses, and attorney's fees associated with the Consolidated Adversary Proceeding.

b.  The Consolidated Adversary Proceeding will be dismissed within 30 days after the entry of the order approving this Motion and payment of the payments required by the Agreement.

c.  Within fifteen days of entry of the order approving this Motion, HSB agrees to pay to the Templeton Claimants, certain limited partnerships associated with plaintiffs in the Consolidated Adversary Proceeding, and certain entities in which HUD asserts a regulatory interest the aggregate sum of $569,124.93. Payments are made subject to a Payment Addendum attached as <u>Exhibit A</u> to the Agreement.

d.  The Settling Parties agree to the lifting of the automatic stay in favor of HSB pertaining to certain of the certificates of deposit, as defined in the Agreement. The Settling Parties agree that HSB may foreclose on the Current CDs and, after making the payments required by the Payment Addendum, offset the remaining resulting funds against the outstanding obligation of AHF to HSB on the Multi Family Rehab Partners loan. Further, the Settling Parties agree HSB has a perfected security interest in the Current CDs.

e.  HSB agrees its deficiency claim will be reduced by the offset amount from the certificates of deposit. The Templeton Claimants agree that any allowed unsecured claim they may have in the underlying bankruptcy will be reduced by the amount paid to them by HSB pursuant to the Agreement and Payment Addendum.

f.  Each of the Settling Parties agree to a release of the other parties from the claims asserted in the Consolidated Adversary Proceeding. Limitations and reservations

in the Agreement operate to limit the releases such that the claims or rights of the parties in the underlying bankruptcy are not affected except that Chapter 5 and Texas Uniform Fraudulent Transfer Act claims related to the certificates of deposit are released.

### III. Argument and Authority

14)    The Trustee requests that the Court approve the proposed settlement as an exercise of its authority and discretion and, based upon the standards for approval of compromises under Federal Rule of Bankruptcy Procedure 9019, approve the Agreement. The standard for approval of a settlement under Rule 9019 is whether the settlement is fair and equitable and in the estate's best interest. *In re Foster Mortgage Corp.*, 68 F.3d 914, 917 (5th Cir. 1995).

15)    In this context, approval is left to the sound discretion of this Court to determine that the proposed compromise is fair and equitable. *In re AWECO, Inc.*, 725 F.2d 293, 298 (5th Cir. 1984). When considering a compromise, courts must give due regard to what is right and equitable under the circumstances of the case and the applicable law. The burden of establishing the fairness of a compromise rests on the proponents of the compromise. However, the debtor is not required to present a full mini-trial or evidentiary hearing to adjudicate the issues being settled. Rather, when determining whether to approve a compromise, this Court "is not to decide the numerous questions of law and fact raised" by the compromise, but is "to canvas the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983) (*quoting Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)).

16)      In determining approval of settlements, the Fifth Circuit has applied a four part test. Specifically, when evaluating a compromise, the bankruptcy court must consider: (1) the probability of success on the merits and resolution of the dispute; 2) the complexity of the litigation being settled; (3) the expense, inconvenience, and delay associated with the litigation being settled; and (4) the paramount interest of the creditors. *In re Tex. Extrusion Corp.*, 844 F.2d 1142, 1158-59 (5th Cir. 1988).

17)      The Trustee submits that the proposed settlement is fair and equitable and in the best interest of AHF's estate for several reasons. The Agreement is the result of months of negotiation and constitutes a voluntary agreement with input from all parties. The Trustee believes the compromise improves the position of all parties. The Court should approve this Motion to Compromise Controversy because AHF is solely a defendant in the Consolidated Adversary Proceeding; it has no claims or counterclaims. The Agreement operates to dismiss and release claims, including claims against AHF, without requiring AHF, its bankruptcy estate, the Reorganized AHF, or the Liquidating Trust or Trustee to pay any amount to achieve settlement. The Agreement is thus in the best interest of the estate.

18)      The Consolidated Adversary Proceeding involves numerous parties and deals with complex banking and commercial litigation issues. The trial will likely be extensive, lengthy, and expensive for all parties.

19)      The terms of the Agreement are within the reasonable range of likely outcomes of any dispute over the proceeds of the certificates of deposit at issue in the Consolidated Adversary Proceeding.

20)      In light of these considerations, the proposed Agreement meets the standards of applicable law. The foregoing considerations particularly weigh in favor of the approval of the

Agreement in light of the practical reality that "compromises are… oftentimes desirable and wise methods of bringing to a close proceedings otherwise lengthy, complicated and costly." *In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980). Consequently, the Trustee respectfully requests that this Motion be granted and that a final Agreement substantially similar to <u>Exhibit A</u> attached hereto be approved.

## IV. Prayer

WHEREFORE, PREMISES CONSIDERED, Trustee requests that this Court:

1) Grant the Motion to Compromise Controversy,

2) Enter the Order submitted in conjunction with this Motion,

3) Approve the Settlement Agreement and Release,

4) Lift the Automatic Stay pertaining to the CDs, as defined in the Agreement, and allow HSB to foreclose on said CDs,

5) Retain jurisdiction to resolve all disputes arising under or out of the Order on this Motion to Compromise Controversy and the Agreement, and

6) Grant the parties such other and further relief to which they are entitled at law or in equity.

Dated: May 18, 2011

Respectfully submitted,

Steven Lockhart
State Bar No. 24036981
GARDERE WYNNE SEWELL LLP
Thanksgiving Tower, Suite 3000
1601 Elm Street
Dallas, TX 75201
(214) 999-4668 Telephone
(214) 999-3668 Facsimile

By:     */s/ Steven Lockhart*_____
      Steven Lockhart

**ATTORNEYS FOR CHAPTER 11 TRUSTEE**

Agreed to, as to form and content:

By:     */s/ James E. Davis*_____
      James E. Davis
      James E. Davis
      State Bar No. 24012506
      100 Congress Ave., Suite 300
      Austin, Texas 78701-4042
      (512) 305-4700 (telephone)
      (512) 305-4800 (fax)
      Greg A. Lowry
      State Bar No. 12641360
      2200 Ross Avenue, Suite 2200
      Dallas, Texas 75201
      (214) 740-8000 (telephone)
      (214) 740-8800 (fax)

**ATTORNEYS FOR SLP, INC.; MMA SANTA MARIA, LLC;
MMA FAIRWAY VILLAGE, LLC; MMA ROBINSON GARDEN, LLC;
MMA FINANCIAL HOUSING INVESTMENTS I, A LIMITED
PARTNERSHIP; THOF V, LTD.; SOUTHWEST HOUSING OPPORTUNITY
FUND VI, LTD.; TEXAS HOUSING FINANCE CORPORATION SPECIAL;
and, THOF IV, LTD.**

By:   /s/ John Ben Blanchard
     John Ben Blanchard

     John Ben Blanchard
     State Bar No. 02446200
     Conrad D. Hester
     State Bar No. 24066562
     BROWN & FORTUNATO, P.C.
     905 S. Fillmore, Suite 400 (79101)
     P.O. Box 9418
     Amarillo, TX 79105-9418
     (806) 345-6300 Telephone
     (806) 345-6363 Facsimile

     **ATTORNEYS FOR HAPPY STATE BANK**


By:   /s/ J. Taylor McConkie
     J. Taylor McConkie

     Glenn D. Gillett
     J. Taylor McConkie
     U.S. DEPARTMENT OF JUSTICE
     1100 L Street, N.W., Suite 10002
     Washington, D.C. 2005
     (202) 307-0244 Telephone
     (202) 307-0494 Facsimile

     **ATTORNEYS FOR U.S. DEPARTMENT OF
     HOUSING AND URBAN DEVELOPMENT**

By:   /s/ Joe L. Lovell
     Joe L. Lovell

     Joe L. Lovell
     State Bar No. 12609100
     John H. Lovell
     State Bar No. 12609300
     Kevin A. Isern
     State Bar No. 10432900
     Deborah D. Reeves
     State Bar No. 24006668
     LOVELL, LOVELL, NEWSOM & ISERN, LLP
     112 West 8th Avenue, Suite 1000
     Amarillo, Texas 79101-2314
     (806) 373-1515 Telephone
     (806) 379-7176 Facsimile

**ATTORNEYS FOR ROBERT L. TEMPLETON AND DON STORSETH, INDIVIDUALLY AND AS TRUSTEE OF THE STORSETH FAMILY TRUST**

## CERTIFICATE OF SERVICE

This is to certify that on May 18, 2011, a true and correct copy of the above and foregoing document was served electronically via ECF to all parties requesting Notice and/or that have filed a Notice of Appearance in this case.

                             */s/ Steven Lockhart*
                             Steven Lockhart

# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **AMERICAN HOUSING FOUNDATION,** | § | **CASE NO. 09-20232-rlj-11** |
| | § | |
| **Debtor.** | § | |

| | | |
|---|---|---|
| Robert L. Templeton, and Don Storseth, | § | |
| Individually and as Trustee of the | § | |
| Storseth Family Trust, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Adversary No.: 09-02025-rlj |
| | § | (Consolidated Case) |
| Happy State Bank, et al., | § | |
| | § | |
| *Defendants.* | § | |

-- and --

| | | |
|---|---|---|
| Shaun Donovan, Secretary, U.S. | § | |
| Department of Housing and Urban | § | |
| Development, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| Happy State Bank, et al., | § | |
| *Defendants.* | § | |

-- and --

| | | |
|---|---|---|
| SLP, INC., et al., | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | |
| | § | |

Happy State Bank, and American        §
Housing Foundation,                   §
                                      §
                        *Defendants.* §

## SETTLEMENT AGREEMENT AND RELEASE

## I.  PARTIES AND DEFINITIONS:

A.  **Parties**:  The parties to this Settlement Agreement and Release (this "Agreement") are, and shall be referred to as follows and the following definitions apply to this Agreement:

1.  "Templeton" shall mean Robert L. Templeton.

2.  "Storseth" shall mean Don Storseth.

3.  "Trust" shall mean the Storseth Family Trust.

4.  "Templeton Claimants" shall mean, individually and collectively, Templeton, Storseth and the Trust.

5.  "HSB" shall mean Happy State Bank.

6.  "HUD" shall mean the U.S. Department of Housing and Urban Development and all agencies and units thereof.

7.  "MMA Limited Partners" shall mean, individually and collectively, SLP INC., MMA Santa Maria, LLC, MMA Fairway Village, LLC, MMA Robinson Garden, LLC, and Boston Financial Housing Investments I, a limited partnership, f/k/a MMA Financial Housing Investments I, A Limited Partnership.

8.     "THOF Parties" shall mean, individually and collectively, THOF V, Ltd., Southwest Housing Opportunity Fund VI, LTD., Texas Housing Finance Corporation Special and THOF IV, Ltd.

9.     "Liquidating Trustee" means: (i) Walter O'Cheskey, in his capacity as trustee of the American Housing Foundation liquidating trust established pursuant to the Plan and referred to in the Plan as the "Liquidating Trust," and (ii) such liquidating trust, acting by and through Walter O'Cheskey, its trustee, an assignee and successor of American Housing Foundation with respect to certain assets and liabilities as set forth in the Plan.

10.     "Subject Limited Partnerships" shall mean College Station Texas Southgate Village, Ltd., Austin Fairway Village, Ltd., Austin Santa Maria Village Ltd., Stone Briar Village of Plainview, Ltd., Waco Robinson Garden, Ltd. and Waco Parkside Village, Ltd.

11.     "AHF Related Parties" shall mean AHF Falfurrias Village Apartments, LLC, AHF South Texas Affordable Housing, LP, AHF Rural South Texas, LLC, AHF Rio Hondo Village Apartments, LLC, KY California Square II, LLC, AHF-KY, LLC, MS Decatur Meadows, LLC, AHF-MS, LLC, SC Druid Hills, LLC, AHF-SC, LLC, MS Fieldcrest, LLC, SC Dalmia, LLC, GA Oakland City, LLC, AHF-GA, LLC, KY Portland Plaza, LLC, SC Swift Creek, LLC, GA Westgate, LLC, NC Yadkin House, LLC, AHF-NC, LLC, Amagard, Ltd., and FHF Amagard, Inc., AHF Donna Village Apartments, LLC and Amarillo Bel Aire Apartments, Ltd.

12.     "Reorganized AHF" means American Housing Foundation, as reorganized pursuant to the Plan and as it exists after the effective date of the Plan and includes "Reorganized AHF" and "Reorganized Debtor" (as those terms are defined in the Plan), in each

case as the successor to American Housing Foundation under the Plan as set forth in the Plan; and

13.    "Trustee" means Walter O'Cheskey, in his capacity as the Chapter 11 trustee of American Housing Foundation and its bankruptcy estate (and such term includes the bankruptcy estate of American Housing Foundation).

14.    The foregoing parties to this Agreement may be referred to, individually, as a "Settling Party" and, collectively, as the "Settling Parties."

B. **Other Definitions**.

15.    "Original CDs" shall mean Certificates of Deposit Numbers 6830, 7823, 10696, 11121, 11124, 11125, 11126, 11127, 11128, 11129, 11130, 11131, 11132, 11133, and 11278.

16.    "Current CDs" shall mean Certificates of Deposit Numbers 12496, 12498, 12499, 12500, 12501, 12502, 12503, 12504, 12505, 12506, 12508, 12510, 12512, 12513, 12514, 12522, 12523, 12524, 12525, 12526, 12527, 12528, 12529, 12530, 12531, 12532, 12533, 12534, 12535, and 12538.

17.    "CDs" shall mean the Original CDs and Current CDs.

18.    "Approval Order" means an Order of the Bankruptcy Court approving this Agreement in form and substance acceptable to all Settling Parties.

19.    "Bankruptcy Court" means the United States Bankruptcy Court, Northern District of Texas, Amarillo Division.

20.    "Bankruptcy Case" means the bankruptcy case of American Housing Foundation pending in the Bankruptcy Court as case no. 09-20232.

21.     "Litigation" shall mean Adversary No. 09-02025-rlj (consolidated case including original adversary proceedings No. 09-02025-rlj, No. 09-02026-rlj, and No. 09-02027-rlj) in the Bankruptcy Case, as currently pending in the Bankruptcy Court.

22.     "Claims" shall mean, subject to the exclusion and limitation set forth in sections 38 through 41 below, all rights, interests, claims, causes of action, liability, demands, or suits that any Settling Party may have or allege to have prior to the Effective Date that relate to or arise out of: (a) the CDs, (b) the transfer, tracing, misuse, payment or use of funds to purchase the CDs, or (c) the transfer or pledge to HSB of the CDs by any of American Housing Foundation,  AHF Development, Ltd., any Subject Limited Partnership or any AHF Related Parties, in each case whether asserted or not, and whether known or unknown, and including, but not limited to claims for civil conspiracy, money had and received, unjust enrichment, constructive trust, declaratory judgment, accounting, attorney's fees and the claims related to the CDs which are asserted in the Litigation.

23.     "Effective Date" shall mean the date of entry of an Approval Order of the Bankruptcy Court approving this Agreement.

24.     "Plan" means the "Second Amended Joint Chapter 11 Plan Filed by the Chapter 11 Trustee and the Official Committee of Unsecured Creditors" dated December 3, 2010 and confirmed by Order of the Bankruptcy Court entered December 8, 2010.

## II. SETTLEMENT INTENT

25.     The Settling Parties, in order to avoid the cost, inconvenience, and burdens associated with the Litigation desire to compromise and settle the Claims between them, subject

to and on the terms set forth herein. Therefore, in consideration of the promises and covenants

contained herein, the Settling Parties agree as follows:

### III. AGREEMENTS

26. **Attorney's Fees and Costs**. The Settling Parties each agree to bear their own

costs, expenses, and attorney's fees associated with the Litigation, the Claims, and this

Agreement, other than the payment in care of certain THOF Parties expressly identified in the

Payment Addendum.

27. **Dismissal with Prejudice and Irrevocable Power of Attorney.** The Litigation

will be dismissed (with prejudice solely with respect to the Claims asserted by the Settling

Parties) within 30 days after satisfaction of the following conditions ("Dismissal Conditions"):

(i) entry of the Approval Order, and (ii) payment of the Litigation Settlement Payments (defined

below). Subject to satisfaction of the Dismissal Conditions, the Settling Parties agree to the

entry of, and each irrevocably authorizes and instructs their attorney of record to sign and file

with the Court an Agreed Motion for Dismissal and an Order of Dismissal in substantially the

forms attached hereto as Exhibits B and C.

28. **Payment.** Within fifteen days of entry of the Approval Order in the Bankruptcy

Case, HSB agrees to pay to the Templeton Claimants, the Subject Limited Partnerships and

entities in which HUD asserts a regulatory interest the aggregate sum of $569,124.93

("Litigation Settlement Payments") in accordance with the Payment Addendum attached hereto

as Exhibit A and incorporated herein by reference. The delivery, terms, conditions, and

recipients of such Litigation Settlement Payment shall be made pursuant to the terms set forth in

the attached Payment Addendum.

29.    **Relief from Automatic Stay.**   The Settling Parties agree to the lifting of the automatic stay in favor of HSB pertaining to the Current CDs, certain of which were the subject of HSB's Amended Motion for Relief from Stay filed in the underlying bankruptcy on December 1, 2009.   The Settling Parties agree that HSB may foreclose on the Current CDs and, after making the Litigation Settlement Payments required by the Payment Addendum, offset the remaining resulting funds against the outstanding obligation of American Housing Foundation to HSB on the Multi Family Rehab Partners loan (Loan # 31552).   Further, the Settling Parties agree HSB has a perfected security interest in the Current CDs.

30.    **HSB's Deficiency Claim.**   The deficiency claim, if any, filed by HSB in the Bankruptcy Case shall be reduced by the sum of: (i) $1,094,245.13 (representing the amount of the Current CDs, including all principal and interest as of March 31, 2011, of $1,663,370.06 less the Litigation Settlement Payments of $569,124.93), plus (ii) the aggregate accrued interest on the Current CDs in the per diem amount of $44.76952 between March 31, 2011, and the Effective Date.   By this provision, the Settling Parties are not agreeing to the allowance or amount of the deficiency claim, if any, filed by HSB in the Bankruptcy Case and expressly reserve all rights to challenge the allowance or amount of any deficiency claimed by HSB.   The Settling Parties will not seek or assert any claim to recover or obtain the Litigation Settlement Payments made to any other Settling Parties.

31.    **Claims in Bankruptcy Case.**   Templeton Claimants agree that any allowed unsecured claim they may have in the Bankruptcy Case will be reduced by an amount equal to the amount paid to them by HSB pursuant to this Agreement and Payment Addendum.

32.    **Release of HSB.**   Subject to the exceptions and limitations set forth in paragraphs 40- 42 below, Templeton Claimants, Liquidating Trustee, Trustee, Reorganized AHF, Subject

Limited Partnerships, MMA Limited Partners, THOF Parties, HUD, and AHF Related Parties do hereby RELEASE, ACQUIT, and FOREVER DISCHARGE HSB and HSB's officers, directors, shareholders, investors, members, managers, partners, employees, attorneys, agents, heirs, personal representatives, predecessors, successors, and assigns, and all persons, firms, or corporations in privity with them or any of them, of and from any and all Claims whatsoever which Templeton Claimants, Liquidating Trustee, Trustee, Reorganized AHF, Subject Limited Partnerships, MMA Limited Partners, THOF Parties, HUD, and AHF Related Parties have or may have.

33.   **Release of Templeton Claimants.**   Subject to the exceptions and limitations set forth in paragraphs 40- 42 below, HSB, Liquidating Trustee, Trustee, Reorganized AHF, Subject Limited Partnerships, MMA Limited Partners, THOF Parties, HUD, and AHF Related Parties do hereby RELEASE, ACQUIT, and FOREVER DISCHARGE Templeton Claimants and Templeton Claimants' attorneys, agents, heirs, personal representatives, predecessors, successors, and assigns, and all persons, firms, or corporations in privity with them or any of them, of and from any and all Claims which HSB, Liquidating Trustee, Trustee, Reorganized AHF, Subject Limited Partnerships, MMA Limited Partners, THOF Parties, HUD, and AHF Related Parties have or may have.

34.   **Release of MMA Limited Partners.**   Subject to the exceptions and limitations set forth in paragraphs 40- 42 below, Templeton Claimants, Liquidating Trustee, Trustee, Reorganized AHF, Subject Limited Partnerships, HSB, HUD, and AHF Related Parties do hereby RELEASE, ACQUIT, and FOREVER DISCHARGE MMA Limited Partners and MMA Limited Partners' officers, directors, shareholders, investors, members, managers, partners, employees, attorneys, agents, heirs, personal representatives, predecessors, successors, and

assigns, and all persons, firms, or corporations in privity with them or any of them, of and from any and all Claims which Templeton Claimants, Liquidating Trustee, Trustee, Reorganized AHF, Subject Limited Partnerships, HSB, HUD, and AHF Related Parties have or may have.

35.    **Release of THOF Parties.** Subject to the exceptions and limitations set forth in paragraphs 40- 42 below, Templeton Claimants, Liquidating Trustee, Trustee, Reorganized AHF, Subject Limited Partnerships, HSB, HUD, and AHF Related Parties do hereby RELEASE, ACQUIT, and FOREVER DISCHARGE THOF Parties and THOF Parties officers, directors, shareholders, investors, members, managers, partners, employees, attorneys, agents, heirs, personal representatives, predecessors, successors, and assigns, and all persons, firms, or corporations in privity with them or any of them, of and from any and all Claims which Templeton Claimants, Liquidating Trustee, Trustee, Reorganized AHF, Subject Limited Partnerships, HSB, HUD, and AHF Related Parties have or may have.

36.    **Release of HUD.** Subject to the exceptions and limitations set forth in paragraphs 40- 42 below, Templeton Claimants, Liquidating Trustee, Trustee, Reorganized AHF, HSB, Subject Limited Partnerships, MMA Limited Partners, THOF Parties, and AHF Related Parties do hereby RELEASE, ACQUIT, and FOREVER DISCHARGE HUD and HUD's officers, directors, members, managers, partners, employees, attorneys, agents, heirs, personal representatives, predecessors, successors, and assigns, and all persons, firms, or corporations in privity with them or any of them, of and from any and all Claims which Templeton Claimants, Liquidating Trustee, Trustee, Reorganized AHF, HSB, Subject Limited Partnerships, MMA Limited Partners, THOF Parties, and AHF Related Parties have or may have.

37.    **Release of Reorganized AHF, the Subject Limited Partnerships, the AHF Related Parties, Trustee and the Liquidating Trustee.** Subject to the exceptions and

limitations set forth in paragraphs 40- 42 below, Templeton Claimants, HSB, and HUD do hereby RELEASE, ACQUIT, and FOREVER DISCHARGE Reorganized AHF, the Liquidating Trustee, Trustee, the Subject Limited Partnerships and the AHF Related Parties, and their officers, directors, members, managers, partners, employees, attorneys, agents, heirs, personal representatives, predecessors, successors, and assigns, and all persons, firms, or corporations in privity with them or any of them, of and from any and all Claims which Templeton Claimants, HSB, and HUD have or may have.

38.    **Release of Certain Avoidance Rights:**    Without limiting any other release granted in this Agreement, and for avoidance of any doubt, Reorganized AHF, Trustee, and the Liquidating Trustee expressly release each of HSB, the Subject Limited Partnerships, the THOF Parties, the MMA Limited Partners, HUD and the Templeton Claimants from any claims, demands, avoidance rights, recover rights, and causes of action that Reorganized AHF, Trustee, or Liquidating Trustee have or may have arising under the Bankruptcy Code (including chapter 5 of the Bankruptcy Code) or the Texas Uniform Fraudulent Transfer Act or similar law permitting the avoidance or recover of transfers or liens that relate to or arise out of (a) the CDs, (b) the transfer, tracing, misuse, payment or use of funds to purchase the CDs, or (c) the transfer or pledge to HSB of the CDs by any of American Housing Foundation,  AHF Development, Ltd., any Subject Limited Partnership or any AHF Related Parties.

39.    **Limitations on HUD's Release**. Notwithstanding any other provision of this Agreement, as between HUD and any other Settling Party, it is expressly acknowledged and agreed that HUD's release of Claims shall not extend to or encompass, and HUD does not release or compromise, any of the following claims: (a) any claims arising under criminal law; (b) any criminal, civil, or administrative claims, rights or defenses arising under Title 26, United

States Code (Internal Revenue Code); (c) any claims, rights or defenses arising under 31 U.S.C. §§ 3729 et seq. (False Claims Act), 31 U.S.C. §§ 3801 et seq. (Program Frauds Civil Remedies Act), 42 U.S.C. §§ 1320a-7a (Civil Monetary Penalties Statute), or any common law cause of action for fraud; (d) any obligations created by this Agreement or the Payment Addendum; and (e) any claim by any agency other than HUD.

40.    **Limitation on the Releases.** Each of the Settling Parties acknowledges and agrees that each Settling Party's respective release of Claims is limited to that Settling Party's Claims and not any Claims asserted by or through any other Settling Parties.    The Settling Parties do not release this Agreement or any rights or obligations under this Agreement.

41.    **Further Specific Reservation.** For the avoidance of doubt, notwithstanding any provision herein to the contrary, except with respect to claims that relate to: (a) the CDs, (b) the transfer, tracing, misuse, payment or use of funds to purchase the CDs, or (c) the transfer or pledge to HSB of the CDs by any of American Housing Foundation, AHF Development, Ltd., any Subject Limited Partnership or any AHF Related Parties, no part of this Settlement Agreement affects, impairs, or releases any rights of American Housing Foundation, its bankruptcy estate, the Trustee, the Reorganized AHF or the Liquidating Trustee to and in any cause of action arising under chapter 5 of the Bankruptcy Code or Texas Uniform Fraudulent Transfer Act such as, without limitation, causes of action under 11 U.S.C. § 544 – 553. All such causes of action and rights are hereby preserved by the Trustee, the Reorganized AHF, or the Liquidating Trustee. For avoidance of any doubt, this Agreement does not impair, affect or release the settlement agreements and the claims and rights of the MMA Limited Partners and the THOF Parties against the Subject Limited Partnerships, the Liquidating Trustee or Reorganized AHF, if any.

42. **No Release of Other Claims**. For avoidance of any doubt, other than the Claims released pursuant to this Agreement, this Agreement does not impair, affect or release any other claims, rights or proofs of claim filed or asserted in the Bankruptcy Case or any claims or causes of action of any Settling Party against any other Settling Party.

43. **Representations, Warranties, and Denial of Liability**.   As a material inducement to the Settling Parties entering into this Agreement, each Settling Party unconditionally represents and warrants, individually and solely for itself and not on behalf of or for any other Settling Party, to the other Settling Parties at the signing of this Agreement and as of the Effective Date:

(a)   that it has carefully read this Agreement, that it has had an opportunity to discuss the Agreement's effect with counsel of its choice and that it fully understands the Agreement's final and binding effect;

(b)   that it has the necessary authority to settle this matter fully on behalf of itself and all parties whose interests it purports to release in accordance with the terms of this Agreement, and that the individuals who execute this Agreement on its behalf are fully authorized to execute the Agreement and to bind the respective Parties;

(c)   that it is the owner of the Claims released herein by such Settling Party and has the authority to settle them on the terms herein set forth and that it has not assigned any Claims of such Settling Party to any other person; provided however, all Settling Parties acknowledge and agree that as an exclusion and exception to the foregoing: (i) HUD, the MMA Limited Partners and certain THOF Parties have asserted or joined in Claims on behalf of or that may be owned by the Subject Limited Partnerships but are not acting on behalf of the Subject Limited Partnerships in connection with this Agreement, and (ii) THOF IV, Ltd. and Texas Housing Finance Corporation Special assigned its limited partnership interest in Waco Parkside Village, Ltd. to AHF/ Waco LP, LLC and are not acting on behalf of such Subject Partnership or purchaser in connection with this Agreement;

(d)   that it has executed this Agreement as its free and voluntary act, without any duress, coercion or undue influence exerted by or on behalf of any other Party;

(e)    that no promise, statement, representation, conduct, or consideration by any Party to this Agreement, its owners, agents, servants, employees, attorneys or persons in privity with it has induced the execution of this Agreement except for those representations and agreements specifically set forth herein; and

(f)    that it is not relying on any promise, statement, representation, warranty or conduct that is not specifically stated in this Agreement.

44.    **Complete Agreement**. The provisions of this Agreement and the exhibits hereto comprise all the terms, conditions, agreements, and representations of the Settling Parties respecting the compromise and settlement of the Litigation, the matters relative thereto, and supersede any prior oral agreements regarding the compromise and settlement of the Litigation.

45.    **No Oral Modifications.** This Agreement may not be amended, supplemented, or otherwise modified except by further written agreement of the Settling Parties.

46.    **Choice of Law.**    This Agreement shall be governed by and construed in accordance with the laws of the State of Texas.

47.    **Condition Precedent**.    It is a condition precedent to the formation and enforceability of this Agreement that this Agreement will not be binding on any party until it is signed by all Settling Parties and approved by the Bankruptcy Court by entry of the Approval Order.

48.    **Severability**.  If any provision of this Agreement is held to be illegal, invalid or unenforceable under present or future laws effective during the term hereof, such provision shall be fully severable, and the remaining provisions thereof shall remain in full force and effect and shall not be affected by the illegal, invalid or unenforceable provision or by its severance therefrom.

49.    **No Admission of Liability**. THE SETTLING PARTIES FURTHER AGREE THAT THIS AGREEMENT IS A COMPROMISE OF DISPUTED CLAIMS, AND NOTHING

SETTLEMENT AGREEMENT AND RELEASE                                          Page 13 of 25

CONTAINED IN THIS AGREEMENT SHALL BE CONSTRUED AS AN ADMISSION OF LIABILITY BY OR ON BEHALF OF ANY OTHER SETTLING PARTY OR THEIR AGENTS, EMPLOYEES OR REPRESENTATIVES, SUCH LIABILITY BEING EXPRESSLY DENIED BY ALL SETTLING PARTIES.

50.     **Binding Effect**.  It is expressly understood and agreed that the terms hereof are contractual and not mere recitals, that the agreements herein contained and the consideration transferred are to compromise claims, avoid litigation, save legal fees and buy peace and that releases or other consideration given shall not be construed as an admission of liability.  This Agreement shall survive the dismissal of the Litigation and shall be binding upon and inure to the benefit of the Settling Parties and their respective heirs, personal representatives, successors, and assigns.

51.     **Headings for Convenience**.  The paragraph headings herein are for convenience only and will not be considered or construed to limit the subject matter of any paragraph.

52.     **Execution.**  This Agreement may be executed in several original counterparts, all of which are identical.  A Settling Party may sign and return a signature page via facsimile or e-mail in portable document format (PDF). All counterparts of this Agreement containing any Settling Party's signature shall be effective as if it were a single, signed original document. Each of the executed counterparts hereof shall for all purposes be deemed to be an original, and all such counterparts shall together constitute but one and the same Agreement.  This Agreement may be executed by facsimile or electronic signatures which shall be as binding and as admissible as evidence as an original signature.

53. **Execution of Further Documents.** The Settling Parties shall sign all documents as necessary to effectuate the intent and purpose of this Agreement and shall also cooperate with each other to facilitate the signing of all such documents.

54. **Construction.** The terms of this Agreement and each exhibit attached hereto shall not be construed against any Settling Party as the drafting party.

**EXECUTED to be effective as of the Effective Date.**

**Robert L. Templeton**

_____

**Don Storseth**

_____

**Storseth Family Trust**

By:   _____
      Don Storseth, Trustee, Storseth Family Trust

**Happy State Bank**

By:   _____
      Kerry Adair, Executive Vice President, Happy State Bank

**The Liquidating Trust of American Housing Foundation and the Liquidating Trustee**

_____
      Walter O'Cheskey, trustee

**Walter O'Cheskey, Chapter 11 Trustee of American Housing Foundation**

_____

**Reorganized American Housing Foundation**

By:   _____
      Alan Weiner, President, Reorganized American Housing Foundation

**U.S. Department of Housing and Urban Development**

By: _____

_____, U.S. Department of Housing and Urban Development

**SLP, Inc.**

By: _____
Kenneth J. Cutillo, President.

**MMA Santa Maria, LLC**

By:   West Cedar Managing Limited Partnership, its manager

By:   BFRP- WCM, LLC, its general partner
By: _____
Name: Kenneth J. Cutillo
Title:  Manager

**MMA Fairway Village, LLC**

By:   West Cedar Managing Limited Partnership, its manager

By:   BFRP- WCM, LLC, its general partner

By: _____
Name: Kenneth J. Cutillo
Title:  Manager

**MMA Robinson Garden, LLC**

By:   West Cedar Managing Limited Partnership, its manager

By:   BFRP- WCM, LLC, its general partner

By:_____
Name: Kenneth J. Cutillo
Title:  Manager

**Boston Financial Housing Investments I, a limited partnership,** formerly known as MMA
Financial Housing Investments I, A Limited Partnership

By: West Cedar Housing Investments I, LLC, itsGeneral Partner

    By: West Cedar Managing, Limited Partnership, its Manager

        By: BFRP-WCM, LLC, its General Partner

           By: _____
           Name: <u>Kenneth J. Cutillo</u>
           Title: <u>Manager</u>


**THOF V, Ltd.**

By:   THFC Fund V
By:   Calvin Jones, its _____


**THOF IV, Ltd.**

By:   Texas Housing Finance Corporation Fund IV,
       Its general partner

By: _____
Name: _____
Title: _____


**Southwest Housing Opportunity Fund VI, Ltd.**

By:   THFC Fund VI
By:   Calvin Jones, its _____,.

**Texas Housing Finance Corporation Special**

By: _____
Its: _____


**AHF Falfurrias Village Apartments, LLC**

By: _____
    _____, AHF Falfurrias Village Apartments, LLC

SETTLEMENT AGREEMENT AND RELEASE                          Page 17 of 25

**AHF South Texas Affordable Housing, LP**

By: _____
_____, AHF South Texas Affordable Housing, LP

**AHF Rural South Texas, LLC**

By: _____
_____, AHF Rural South Texas, LLC

**AHF Rio Hondo Village Apartments, LLC**

By: _____
_____, AHF Rio Hondo Village Apartments, LLC

**KY California Square II, LLC**

By: _____
_____, KY California Square II LLC

**AHF-KY, LLC**

By: _____
_____, AHF-KY, LLC

**MS Decatur Meadows, LLC**

By: _____
_____, MS Decatur Meadows, LLC

**AHF-MS, LLC**

By: _____
_____, AHF-MS, LLC

**SC Druid Hills, LLC**

By: _____
_____, SC Druid Hills LLC

**AHF-SC, LLC**

By: _____
_____, AHF-SC, LLC

**MS Fieldcrest, LLC**

By: _____

_____, MS Fieldcrest, LLC

**SC Dalmia, LLC**

By: _____

_____, SC Dalmia, LLC

**GA Oakland City, LLC**

By: _____

_____, GA Oakland City, LLC

**AHF-GA, LLC**

By: _____

_____, AHF-GA, LLC

**KY Portland Plaza, LLC**

By: _____

_____, KY Portland Plaza, LLC

**SC Swift Creek, LLC**

By: _____

_____, SC Swift Creek LLC

**GA Westgate, LLC**

By: _____

_____, GA Westgate, LLC

**NC Yadkin House, LLC**

By: _____

_____, NC Yadkin House, LLC

**AHF-NC, LLC**

By: _____

_____, AHF-NC, LLC

**Amagard, Ltd.**

SETTLEMENT AGREEMENT AND RELEASE                                    Page 19 of 25

By:     _____
        _____, Amagard, Ltd.

**FHF Amagard, Inc.**

By:     _____
        _____, FHF Amagard, Inc.


**Austin Fairway Village, Ltd.,** a Texas limited partnership

By:     Austin Fairway Village, Inc., a Texas corporation,
        its General Partner

        By:_____
        Name: _____
        Title: _____


**Stonebriar Village of Plainview, Ltd.,** a Texas limited partnership

By:     AHF Stonebriar Village, Incorporated, a
        Texas corporation, its General Partner

        By: _____
        Name: _____
        Title: _____


**Austin Santa Maria Village, Ltd.**

By:     AHF Santa Maria Village, Inc., a Texas corporation,
        Its General Partner

By:     _____
        Name: _____
        Title: _____


**Waco Robinson Garden, Ltd.,** a Texas limited partnership

By:     AHF Robinson Garden, Inc., a Texas corporation

**SETTLEMENT AGREEMENT AND RELEASE**                    **Page 20 of 25**

By: _____
Name:_____
Title: _____

**Waco Parkside, Ltd.**

By:    AHF Parkside, LLC,
       Its general partner

By: _____
Name:_____
Title: _____

**College Station Texas Southgate Village, Ltd.**

By:    AHF Southgate Village, Incorporated,
       Its general partner

By: _____
Name:_____
Title: _____

**Agreed as to Content and Form**

By: _____
     John Ben Blanchard

John Ben Blanchard
State Bar No. 02446200
Conrad D. Hester
State Bar No. 24066562
BROWN & FORTUNATO, P.C.
905 S. Fillmore, Suite 400 (79101)
P.O. Box 9418
Amarillo, TX 79105-9418
(806) 345-6300 Telephone
(806) 345-6363 Facsimile
**Attorneys for Happy State Bank**

By: _____
     J. Taylor McConkie

**SETTLEMENT AGREEMENT AND RELEASE**                      **Page 21 of 25**

Glenn D. Gillett
J. Taylor McConkie
U.S. DEPARTMENT OF JUSTICE
1100 L Street, N.W., Suite 10002
Washington, D.C. 2005
(202) 307-0244 Telephone
(202) 307-0494 Facsimile
**Attorneys for U.S. Department of Housing and Urban Development**

By:    _____
       Joe L. Lovell

Joe L. Lovell
State Bar No. 12609100
John H. Lovell
State Bar No. 12609300
Kevin A. Isern
State Bar No. 10432900
Deborah D. Reeves
State Bar No. 24006668
LOVELL, LOVELL, NEWSOM & ISERN, LLP
112 West 8th Avenue, Suite 1000
Amarillo, Texas 79101-2314
(806) 373-1515 Telephone
(806) 379-7176 Facsimile
**Attorneys for Robert L. Templeton and Don Storseth, Individually and as Trustee of the Storseth Family Trust**

By:    _____
       James E. Davis

State Bar No. 24012506
LOCKE LORD BISSELL & LIDDELL
100 Congress Ave., Suite 300
Austin, TX 78701-4042
(512) 305-4700 Telephone
(512) 305-4800 Facsimile
**Attorneys for SLP, Inc., MMA Santa Maria, LLC, MMA Fairway Village, LLC, MMA Robinson Garden, LLC, Boston Financial Housing Investments I, a limited partnership f/k/a MMA Financial Housing Investments I, A Limited Partnership, THOF V, Ltd., Southwest Housing Opportunity Fund VI, LTD., Texas Housing Finance Corporation Special and THOF IV, Ltd.**

By: _____

    Steven Lockhart

State Bar No. 24036981
GARDERE WYNNE SEWELL LLP
Thanksgiving Tower, Suite 3000
1601 Elm Street
Dallas, TX 75201
(214) 999-4668 Telephone
(214) 999-3668 Facsimile
**Attorneys for Walter O'Cheskey, Chapter 11 Trustee of American Housing Foundation
and the Liquidating Trustee**

# PAYMENT ADDENDUM

This Payment Addendum is attached to the Settlement Agreement and Release and incorporated therein. The terms and definitions of the Settlement Agreement and Release are hereby incorporated into this Payment Addendum.

In consideration for the settlement of all Claims, HSB agrees to pay the following parties the total present value sum of FIVE HUNDRED SIXTY-NINE THOUSAND, ONE HUNDRED TWENTY-FOUR DOLLARS AND 93 CENTS ($569,124.93) within fifteen (15) days of the Effective Date of the Settlement Agreement and Release, as set forth below:

1. The amount of $100,000.00 will be paid by check to the law firm of Lovell, Lovell, Newsom & Isern, LLP., Trustee, for the benefit of the Templeton Claimants.

2. The amount of $449,999.93 will be paid in accordance with the following Table A by check or wire to: (i) other than as to CD 12506, the project owning Subject Limited Partnerships listed below, or (ii) as to CD 12506, $60,000 to the applicable THOF Parties to reimburse the legal expense and cost incurred in connection with the Litigation (that directly benefited the project in the recovery of funds):

### Table A

| CD Number | Applicable Partnership Payee | Amount |
|---|---|---|
| 12496 | College Station Texas Southgate Village, Ltd. | $14,726.40 |
| 12498 | Austin Santa Maria Village, Ltd. | $14,117.20 |
| 12499 | Austin Fairway Village, Ltd. | $7,594.89 |
| 12500 | Waco Robinson Garden, Ltd. | $13,059.31 |
| 12501 | Waco Parkside Village, Ltd. | $11,032.59 |
| 12505 | Stonebriar Village of Plainview, Ltd. | $7,700.29 |
| 12506 | Payee parties:<br>College Station Texas Southgate Village, Ltd.<br>Applicable THOF Parties | Total: $208,169.40<br>($148,169.40)<br>($60,000.00) |
| 12534 | Austin Santa Maria Village, Ltd | $125,493.87 |
| 12535 | Austin Fairway Village, Ltd. | $48,105.98 |

The payments to the Subject Limited Partnership shall be deposited and used as follows: (i) the payments related to CDs 12496, 12498, 12499, 12500, and 12505 shall be used to replenish security deposits reserves, and (ii) the payments related to CDs 12501, 12506 (less the payment to the applicable THOF Parties), 12534 and 12535 shall be deposited into the applicable project operating account or other appropriate account for the Subject

Limited Partnership and used as working capital for operations, reserves or maintenance items in each case in accordance with the operative regulatory agreement. The payment to the applicable THOF Parties shall be made by wire as follows:

$30,600 to THOF V, Ltd:
JPMorgan Chase Bank
New York, NY 10004
Routing Number          021000021
Account Number          000001588318194


$29,400 to Southwest Housing Opportunity Fund VI, Ltd:
Wells Fargo Bank N.A.
RTN/ABA # 121000248
Account Number       6937790191


3.  The amount of $19,125.00 will be paid by separate checks to the payees identified in table B below, sent in care of the U. S. Department of Housing and Urban Development, 801 Cherry Street, Unit #45, Suite 2500, Fort Worth, Texas. 76102, attn: Frank Elmer. This amount will be distributed to the entities in which HUD asserts a regulatory interest in accordance with the following Table B.

**Table B**

| CD Number | Payee | Amount |
|-----------|-------|--------|
| 12502 | AHF Hurst Manor Apartments, LLC c/o HUD | $4,560.50 |
| 12503 | AHF Highland Oaks Apartments, LLC c/o HUD | $11,908.00 |
| 12504 | Amarillo Bel Aire Apartments, Ltd. c/o HUD | $2,656.50 |


These amounts represent the total amount of payment by HSB pursuant to the

Agreement.

SETTLEMENT AGREEMENT AND RELEASE                                    Page 25 of 25

# EXHIBIT B

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **AMERICAN HOUSING FOUNDATION,** | § | **CASE NO. 09-20232-rlj-11** |
| | § | |
| Debtor. | § | |

---

| | | |
|---|---|---|
| Robert L. Templeton, and Don Storseth, | § | |
| Individually and as Trustee of the | § | |
| Storseth Family Trust, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Adversary No.: 09-02025-rlj |
| | § | (Consolidated Case) |
| Happy State Bank; et al., | § | |
| | § | |
| *Defendants.* | § | |
| | | -- and -- |

---

| | | |
|---|---|---|
| Shaun Donovan, Secretary, U.S. | § | |
| Department of Housing and Urban | § | |
| Development, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| Happy State Bank, et al., | § | |
| | § | |
| *Defendants.* | § | |
| | | -- and -- |

---

**AGREED MOTION FOR DISMISSAL**                                              **Page 1 of 5**

SLP, INC., et al.,              §

                                   §

                  *Plaintiffs,*   §

                                   §

v.                                   §

                                   §

Happy State Bank, and American    §

Housing Foundation,           §

                                 §

                *Defendants.*  §

## AGREED MOTION FOR DISMISSAL

COME NOW Plaintiffs SLP, Inc., et al., Plaintiff United States Department of Housing and Urban Development, Plaintiff Robert L. Templeton and Don Storseth, Individually and as Trustee of the Storseth Family Trust, Defendant Happy State Bank, Reorganized American Housing Foundation, and the Liquidating Trustee for Defendant American Housing Foundation Liquidating Trust (collectively, the "Parties"), and file this Agreed Motion for Dismissal (the "Motion").

In support of this Motion, the Parties state that the consolidated adversary proceeding and all claims asserted therein should be dismissed, and all claims asserted therein against Happy State Bank be dismissed with prejudice for the reason that matters of fact and things in controversy between the Parties have been fully and finally compromised and settled.

WHEREFORE, the Parties respectfully request that the Court grant this Motion and enter the Parties' Agreed Order on Agreed Motion for Dismissal.

F:\DOCS\2945\017\PLEADING\21X8052.DOC

Agreed as to Content and Form

By:   /s/ James E. Davis
      James E. Davis
      James E. Davis
      State Bar No. 24012506
      100 Congress Ave., Suite 300
      Austin, Texas 78701-4042
      (512) 305-4700 (telephone)
      (512) 305-4800 (fax)
      Greg A. Lowry
      State Bar No. 12641360
      2200 Ross Avenue, Suite 2200
      Dallas, Texas 75201
      (214) 740-8000 (telephone)
      (214) 740-8800 (fax)

      **ATTORNEYS FOR SLP, INC.; MMA SANTA MARIA, LLC;
      MMA FAIRWAY VILLAGE, LLC; MMA ROBINSON GARDEN, LLC;
      MMA FINANCIAL HOUSING INVESTMENTS I, A LIMITED
      PARTNERSHIP; THOF V, LTD.; SOUTHWEST HOUSING OPPORTUNITY
      FUND VI, LTD.; TEXAS HOUSING FINANCE CORPORATION SPECIAL;
      and, THOF IV, LTD.**


By:   /s/ John Ben Blanchard
      John Ben Blanchard

      John Ben Blanchard
      State Bar No. 02446200
      Conrad D. Hester
      State Bar No. 24066562
      BROWN & FORTUNATO, P.C.
      905 S. Fillmore, Suite 400 (79101)
      P.O. Box 9418
      Amarillo, TX 79105-9418
      (806) 345-6300 Telephone
      (806) 345-6363 Facsimile

      **ATTORNEYS FOR HAPPY STATE BANK**

By:  /s/ J. Taylor McConkie
    J. Taylor McConkie

    Glenn D. Gillett
    J. Taylor McConkie
    U.S. DEPARTMENT OF JUSTICE
    1100 L Street, N.W., Suite 10002
    Washington, D.C. 2005
    (202) 307-0244 Telephone
    (202) 307-0494 Facsimile
    **ATTORNEYS FOR U.S. DEPARTMENT OF
    HOUSING AND URBAN DEVELOPMENT**

By:  /s/ Joe L. Lovell
    Joe L. Lovell

    Joe L. Lovell
    State Bar No. 12609100
    John H. Lovell
    State Bar No. 12609300
    Kevin A. Isern
    State Bar No. 10432900
    Deborah D. Reeves
    State Bar No. 24006668
    LOVELL, LOVELL, NEWSOM & ISERN, LLP
    112 West 8th Avenue, Suite 1000
    Amarillo, Texas 79101-2314
    (806) 373-1515 Telephone
    (806) 379-7176 Facsimile
    **ATTORNEYS FOR ROBERT L. TEMPLETON AND DON STORSETH,
    INDIVIDUALLY AND AS TRUSTEE OF THE STORSETH FAMILY TRUST**

By:  /s/ Steven Lockhart
    Steven Lockhart
    State Bar No. 24036981
    GARDERE WYNNE SEWELL LLP
    Thanksgiving Tower, Suite 3000
    1601 Elm Street
    Dallas, TX 75201
    (214) 999-4668 Telephone
    (214) 999-3668 Facsimile
    **ATTORNEYS FOR WALTER O'CHESKEY, LIQUIDATING TRUSTEE OF
    AMERICAN HOUSING FOUNDATION LIQUIDATING TRUST**

## CERTIFICATE OF SERVICE

I, John Ben Blanchard, do hereby certify that on the ___ day of _____, 2011, I caused a copy of the foregoing instrument to be delivered by electronic mail to all creditors and parties in interest registered with the U.S. Bankruptcy Court to receive electronic notices in this adversary proceeding.

/s/ John Ben Blanchard_____
John Ben Blanchard

# EXHIBIT C

## IN THE UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF TEXAS
### AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **AMERICAN HOUSING FOUNDATION,** | § | **CASE NO. 09-20232-rlj-11** |
| | § | |
| Debtor. | § | |

---

| | | |
|---|---|---|
| Robert L. Templeton, and Don Storseth, Individually and as Trustee of the Storseth Family Trust, | § § § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Adversary No.: 09-02025-rlj |
| | § | (Consolidated Case) |
| Happy State Bank; et al., | § | |
| | § | |
| *Defendants.* | § | |

-- and --

---

| | | |
|---|---|---|
| Shaun Donovan, Secretary, U.S. Department of Housing and Urban Development, | § § § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| Happy State Bank, et al., | § | |
| | § | |
| *Defendants.* | § | |

AGREED ORDER ON AGREED MOTION FOR DISMISSAL

-- and --

| | |
|---|---|
| SLP, INC., et al., | § |
| | § |
| *Plaintiffs,* | § |
| | § |
| v. | § |
| | § |
| Happy State Bank, and American | § |
| Housing Foundation, | § |
| | § |
| *Defendants.* | § |

## AGREED ORDER ON AGREED MOTION FOR DISMISSAL

HAVING COME ON FOR CONSIDERATION the Agreed Motion for Dismissal by Plaintiffs SLP, Inc., et al., Plaintiff United States Department of Housing and Urban Development, Plaintiff Robert L. Templeton and Don Storseth, Individually and as Trustee of the Storseth Family Trust, Defendant Happy State Bank, Reorganized American Housing Foundation and the Liquidating Trustee for Defendant American Housing Foundation Liquidating Trust (the "Motion") seeking dismissal of this consolidated Adversary Proceeding, the Court is of the opinion that the Motion should be granted because the parties have entered into a settlement agreement dated ___, 2011 ("Settlement Agreement"):

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED, that the above-styled and numbered consolidated Adversary Proceeding and all claims asserted therein are hereby dismissed. All claims asserted in this Adversary Proceeding against HSB are hereby dismissed with prejudice. All claims against all other parties in this Adversary Proceeding are dismissed without prejudice, provided that nothing in this Order impairs or affects the Settlement Agreement and any release therein.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that as between the Parties, all costs of court are taxed against the party incurring such costs, except as otherwise provided by any agreement between the Parties, and this case is fully dismissed.

# # # END OF ORDER # # #

Agreed as to Content and Form

By:    /s/ James E. Davis
       James E. Davis
       James E. Davis
       State Bar No. 24012506
       100 Congress Ave., Suite 300
       Austin, Texas 78701-4042
       (512) 305-4700 (telephone)
       (512) 305-4800 (fax)
       Greg A. Lowry
       State Bar No. 12641360
       2200 Ross Avenue, Suite 2200
       Dallas, Texas 75201
       (214) 740-8000 (telephone)
       (214) 740-8800 (fax)

       **ATTORNEYS FOR SLP, INC.; MMA SANTA MARIA, LLC;
       MMA FAIRWAY VILLAGE, LLC; MMA ROBINSON GARDEN, LLC;
       MMA FINANCIAL HOUSING INVESTMENTS I, A LIMITED
       PARTNERSHIP; THOF V, LTD.; SOUTHWEST HOUSING OPPORTUNITY
       FUND VI, LTD.; TEXAS HOUSING FINANCE CORPORATION SPECIAL;
       and, THOF IV, LTD.**

By:    /s/ John Ben Blanchard
       John Ben Blanchard

       John Ben Blanchard
       State Bar No. 02446200
       Conrad D. Hester
       State Bar No. 24066562
       BROWN & FORTUNATO, P.C.
       905 S. Fillmore, Suite 400 (79101)
       P.O. Box 9418
       Amarillo, TX 79105-9418
       (806) 345-6300 Telephone
       (806) 345-6363 Facsimile

       **ATTORNEYS FOR HAPPY STATE BANK**

By:    /s/ J. Taylor McConkie
       J. Taylor McConkie

       Glenn D. Gillett
       J. Taylor McConkie
       U.S. DEPARTMENT OF JUSTICE
       1100 L Street, N.W., Suite 10002
       Washington, D.C. 2005
       (202) 307-0244 Telephone
       (202) 307-0494 Facsimile
       **ATTORNEYS FOR U.S. DEPARTMENT OF
       HOUSING AND URBAN DEVELOPMENT**

By:    /s/ Joe L. Lovell
       Joe L. Lovell

       Joe L. Lovell
       State Bar No. 12609100
       John H. Lovell
       State Bar No. 12609300
       Kevin A. Isern
       State Bar No. 10432900
       Deborah D. Reeves
       State Bar No. 24006668
       LOVELL, LOVELL, NEWSOM & ISERN, LLP
       112 West 8th Avenue, Suite 1000
       Amarillo, Texas 79101-2314
       (806) 373-1515 Telephone
       (806) 379-7176 Facsimile
       **ATTORNEYS FOR ROBERT L. TEMPLETON AND DON STORSETH,
       INDIVIDUALLY AND AS TRUSTEE OF THE STORSETH FAMILY TRUST**

By:    /s/ Steven Lockhart
       Steven Lockhart

       Steven Lockhart
       State Bar No. 24036981
       GARDERE WYNNE SEWELL LLP
       Thanksgiving Tower, Suite 3000
       1601 Elm Street
       Dallas, TX 75201
       (214) 999-4668 Telephone
       (214) 999-3668 Facsimile
       **ATTORNEYS FOR WALTER O'CHESKEY, LIQUIDATING TRUSTEE OF
       AMERICAN HOUSING FOUNDATION LIQUIDATING TRUST**