Direct: (214) 999-4945
Direct Fax: (214) 999-3945
Email: smccartin@gardere.com

May 27, 2011

*Via E-mail*

Hon. Robert L. Jones
United States Bankruptcy Court
Northern District of Texas
1205 Texas Avenue, Room 312
Lubbock, Texas 79401

Re: *In re American Housing Foundation;* Case No. 09-20232-RLJ-11: Cost/Benefit Analysis

Dear Sir:

### Executive Summary

- As outlined in detail below, we project a "cost" of approximately $1.6 million in order to obtain a "benefit" of approximately $17.5 million in the currently proposed additional claim objections and avoidance actions. We project a "cost" of between $620,000 to $1,140,000 in order to obtain a "benefit" of approximately $2.9 million in the "100+" pure avoidance actions filed April 23, 2011.

- We have stated and continue to believe the benefit of the proposed objections to claims is, in concept, fairly simple:

  Amount of Claims x 20% Est. Dividend = Potential Benefit

- The cost projection is only complicated by the unique facts of our case: we have dozens of soft money investors with similar facts that have strategically joined to create a "war chest" of funds to spend defending the first few cases. The strategy appears to be to make the first few trials very expensive in the hopes of either dissuading the Trustee, or the Court from allowing the Trustee, from prosecuting the objections. This means, of course, that the inordinate cost of the first few trials must be compared to the benefit of all of the claims objections, not just the first few.

DALLAS 2237609v.2

Hon. Robert L. Jones
May 27, 2011
Page 2

## I.
## Eleven
## Additionally Proposed
## Adversary Proceedings

**Cost**

- Gardere has billed the Liquidating Trust $332,500 on the six pending previously filed adversary proceedings, plus $112,000 on the 100+ preference/fraudulent transfer actions filed in April 2011. If the Court determines Horton knew or should have known he was participating in an abusive tax scheme, we may be able to settle the remaining adversaries. If the Court rules in favor of Horton, we will need to try the Templeton/Miller objections (Templeton, unlike Horton, admits he knew about and in fact took the large tax deductions...he simply defends that he did not know they were illegitimate deductions). If we have to try Templeton/Miller, we expect to spend $400,000 on the Templeton/Miller trial. That will bring our total fees on the adversary proceedings to approximately $850,000. Additional fees will be incurred thereafter to presumably settle the remaining adversaries after receiving the Court's opinions in the Horton and Templeton/Miller matters.

**Benefit**

- There are approximately $237 million of claims filed, approximately $133 million of which are duplicate claims, claims settled in the Plan or previously disallowed claims. We will object to all of these at relatively little expense, as these should be just "clean up" objections.

- The remaining $104 million of claims include around $20 million of claims that should be eliminated fairly easily (i.e. AHF Development's $16 million claim). The real potential claims are therefore estimated in the $75 to $80 million range and, if not disallowed, should receive at least a 20% dividend (educated guess at this time). Thus, in calculating potential "benefit" for the claims objections, we use a 20% dividend assumption, but only on the real potential claims, not the clean up and fairly easily disallowed claims.

- We have filed avoidance actions for approximately $133 million, but we think a recovery rate of 5% to 10% would be historically correct, so we use a 5% recovery rate to calculate potential benefit of avoidance actions.

- These assumptions provide us with a potential benefit of around $35 million, but this assumes 100% success rate on objections to claims, which we know won't happen. Discount that by one-half and you still have a potential benefit of $17.5 million.

Hon. Robert L. Jones
May 27, 2011
Page 3

- Clearly the cost of these proceedings, estimated at $1.6 million, is far less than the potential benefit of approximately $17.5 million, assuming a 20% dividend rate, a 5% recovery rate on avoidance actions, and then discounting those estimates by 50%.

### Detailed Cost/
### Benefit Analysis

**Claims Filed and Reviewed**

The Trustee estimates the claims filed in the AHF Involuntary, AHF Voluntary and AHF Development, Ltd. bankruptcy proceedings are as follows:

| | |
|---|---:|
| Total Claims Filed: | $237 million |
| Less: | |
| Duplicate Claims | (53) million |
| Previously Disallowed | (41) million |
| Settled Tax Credit Partners | (36) million |
| | $107 million |

Sub-Categorized into:

| | | | |
|---|---|---|---:|
| (1) | Soft Money Investor Claims | | $47 million |
| (2) | Non-Soft Money Investor Claims | | 60 million |

**Objection to Claims Filed and Proposed**

The Liquidating Trustee has:

- previously filed six (6) adversary proceedings[1] containing objections to $19.5 million of claims and seeking the recovery of $5.2 million of preferential and fraudulent transfers.

- filed eleven (11) motions requesting authority to file additional adversary proceedings containing objections to claims and seeking the recovery of preferential and fraudulent transfers in the following amounts:

---

[1] (1) Horton, (2) Templeton, (3) Miller, (4) Johnson & Slemp Trust, (5) Rice Trust and (6) Mays Trusts.

DALLAS 2237609v.2

|     |                              | Claims (millions) | Avoidance Actions |
|-----|------------------------------|-------------------|-------------------|
| (a) | Soft Money Investors         | $ 43.5            | $ 42.4            |
| (b) | Duplicate Claims             | $ 53              | -0-               |
| (c) | Tax Credit Partner Claims    | $ 51              | -0-               |
| (d) | Non-Debtor Related Claims    | $ 3.1             | -0-               |
| (e) | Others                       | $ 33.6            | -0-               |
|     | TOTAL                        | $ 184.2           | $42.4             |

These are all itemized in detail on Exhibit A attached hereto.

**Gardere Fees Billed to Date**

Gardere's fees billed to the Liquidating Trust through April 2011 were segregated into three categories:

(1) "Adversary Proceedings": includes work on the Six Original Adversaries (Horton, Templeton, Miller, 2 Trusts, etc.);

(2) "Liquidating Trust": includes general work for the Liquidating Trust, including (i) claims investigation and analysis, (ii) implementation of the Plan (i.e., transfer assets to Liquating Trust per Plan), (iii) substantive consolidation trial, (iv) Bank of America litigation, (v) work related to the review, research and liquidation of Liquidating Trust assets (i.e., 4 health clinics owned by St. George Partners, Brandywood, etc.), and (vi) other matters generally; and

(3) "Preference and Fraudulent Transfers": includes fees incurred reviewing, researching, drafting, filing and thereafter handling the "100+" preference and fraudulent transfer lawsuits filed in April, 2011 (the "Pure Avoidance Actions") (these exclude avoidance actions contained in the "11" additionally proposed adversary proceedings listed on Exhibit A, which include both objections to claims and avoidance actions, and are referred to herein as the "Additionally Proposed Adversary Proceedings").

Hon. Robert L. Jones
May 27, 2011
Page 5

Actual fees billed to the Liquidating Trust, broken down by these categories to date, are:[2]

|  | **January** | **February** | **March** | **April** |
|---|---|---|---|---|
| Adversary Proceedings | 12,926.00 | 37,439.00 | 79,315.50 | 202,850.50 |
| Liquidating Trust | 220,079.50 | 201,346.00 | 183,256.60 | 119,721.00 |
| Avoidance Actions (100+) | 0.00 | 0.00 | 0.00 | 112,069.50 |

**Projected Future Fees/Costs**

We estimate that 90% of the fees in the Adversary Proceedings category above through April 2011, or approximately $300,000, were directly related to the Horton adversary proceeding trial held in April, 2011.[3]

We estimate Gardere will incur slightly more fees, or approximately $400,000, related directly to the Templeton/Miller trial than the Horton trial.  We estimate $400,000 for the Templeton/Miller trial based on our experience with the Templeton group in the Horton adversary.  This estimate is very dependent upon the actions of the Templeton Group as they have currently indicated a strategy to make this litigation very expensive.

We estimate fees for each of the remaining soft money adversary proceedings will be $100,000 or less for each, spent primarily on initial discovery to learn facts unique to the defendants in those adversary proceedings and in settlement negotiations and/or mediations.  I believe the Court's rulings on Horton and Templeton will provide all of the parties to the remaining soft money adversary proceedings the intelligence necessary to reach settlements without the necessity of expensive and protracted trials.

---

[2] Gardere has not had sufficient time to review each category to be sure all entries were placed in the proper category at this time.  Gardere has not yet billed for this month.

[3] In order to avoid incurring most of these fees, the Trustee offered to settle with Horton in order to proceed directly to the Templeton/Miller trial.  Horton declined and said the Trustee must simultaneously settle with all of the soft money investors at the same time.  Accordingly, the Trustee was forced to incur the fees necessary to try the Horton trial objections.

DALLAS 2237609v.2

Hon. Robert L. Jones
May 27, 2011
Page 6

**Benefit**

The following example illustrates the benefit of each pending and proposed Additional Adversary Proceeding:

|  |  |
|---|---|
| Claim Amount: | $1,000,000 |
| Low Range Estimated Dividend: | 20% |
| Benefit of Claim Objection | $ 200,000 |
| plus | |
| Avoidance Amount: | $ 500,000 |
| Estimated Recovery | 5% |
| Benefit of Avoidance | $ 25,000 |
| Total Benefit | $ 225,000 |

Accordingly, the Trustee submits the following cost/benefit analysis:

**Summary of Cost/Benefit Analysis re Pending and
Additionally Proposed Adversary Proceedings**

| Adversary Proceeding | Estimated Future Fees/Cost | Benefit[4] |
|---|---|---|
| • Rice Trust, et al | $150,000 | $894,793 |
| • Mays Trusts | $150,000 | $1,456,680 |
| • Templeton/Miller | $400,000 | $1,422,728 |
| • Johnson Trust, and Slemp Trust | $100,000 | $80,000 |
| • Walden II Investors | $100,000 | $1,868,947 |
| • Rainier, and Koehler Related Parties, et al | $100,000 | $6,642,875 |
| • Scott & Scott IRA | $100,000 | $90,000 |
| • LIHTC No. 3 Investors (Burgess Related Parties) | $100,000 | $266,464 |
| • LIHTC M2M Investors (Burgess Related Parties) | $100,000 | $307,634 |
| • GOZ No. 3 Investors | $100,000 | $3,109,299 |

---

[4] Projected low range dividend of 20% times claim asserted (see Exhibit A for claim amounts), plus 5% estimated overall recovery on avoidance actions (see Exhibit A for avoidance amounts).
DALLAS 2237609v.2

| | | |
|---|---|---|
| (Burgess Related Parties) | | |
| • Herring Bank, and Vaudrey Capital | $100,000 | $1,258,014 |
| • Capital One | $50,000 | $707,532 |
| • Dasadi and GS Holdings | $50,000 | $687,489 |
| • Duplicates, Non-debtor Related and Tax Credit Partners | $5,000 | $10,872,153 |
| • Miscellaneous | $75,000 | $5,126,705 |
| **TOTAL** | $1,680,000 | $34,791,313 |

## II.
## Pure Avoidance Actions:
## Cost/Benefit Analysis

We filed approximately 106 adversary proceedings (the "**Pure Avoidance Actions**") on or around April 21, 2011. Through April 2011, Gardere billed the Liquidating Trustee approximately $112,000 to investigate, research, analysis, file, and, thereafter, handle the Pure Avoidance Actions. Spread over the 106 adversary proceedings, the fees and expenses billed per Pure Avoidance Action is approximately $1,050.00.

During the 4-year period prior to April 21, 2009, AHF and AHF Development ("AHFD") transferred approximately $90 million, collectively. The $90 million was transferred during the following periods:

| | **AHF** | **AHFD** | **Total** |
|---|---|---|---|
| 90 Days | $873,131.57 | $442,354.04 | $1,315,485.61 |
| 90 to 1 Year | 1,451,213.67 | 12,828,789.25 | 14,280,002.92 |
| 1 Year to 2 Years | 15,668,224.07 | 21,311,444.01 | 36,979,668.08 |
| 2 Years to 4 Years | 7,318,722.24 | 29,943,477.26 | 37,262,199.50 |
| **TOTAL** | $25,311,291.55 | $64,526,064.56 | $89,837,356.11 |

Of that $90 million, approximately $31.5 million was transferred to the defendants in the pending and the Additionally Proposed Adversary Proceedings discussed in Section I above. In order to avoid duplication, these actions will be abated, and are therefore not included in this part of the cost-benefit analysis. The remaining $58 million of transfers will be sought through the prosecution of approximately 82 adversaries (the "**Non-Abated Actions**"). These Non-Abated Actions form the basis of this part of the cost-benefit analysis.

Hon. Robert L. Jones
May 27, 2011
Page 8

**Budgeted Estimated Costs**

For a budget of future fees and expenses associated with the Non-Abated Actions, we use three components. as follows:

    i.    **First Component**

- In our experience, many preferential and fraudulent-transfer lawsuits should be resolved quickly and cost-effectively – estimated cost of $5,000 to $10,000 each.

- For purposes of this budget, we have assumed that 90% of the Non-Abated Actions will be resolved quickly and cost-effectively.

- Using that 90% number, the *first* component of the costs associated for the Non-Abated Actions is estimated to be $370,000 - $740,000.

- This number was calculated as follows:  82 adversary proceedings x 90% = 74 adversary proceedings x $5,000 = $10,000 per adversary.

    ii.    **Second Component**

- Of the 8 remaining Non-Abated Actions, we estimate that 5 will be resolved after extensive discovery but before trial.

- For those cases, we used a range of $20,000 to $35,000 of fees and expenses per case.

- Using that range, the *second* component of the costs associated with the Non-Abated Actions is *estimated* to be $100,000-$175,000.

- This number was calculated as follows:  5 adversary proceedings x $20,000 = $35,000 per adversary.

    iii.    **Third Component**

- We estimate that 3 of the Non-Abated Actions will be tried before this Court.

- For those cases, we used a range of $50,000 to $75,000 of fees per case.

- Using that range, the *third* component of the costs associated with the Non-Abated Actions is *estimated* to be $150,000 to $225,000 (3

Hon. Robert L. Jones
May 27, 2011
Page 9

adversary proceedings x $50,000 to $75,000 per adversary = $150,000 to $225,000).

iv. **Summary of Costs**

| | |
|---|---|
| First Component = | $370,000 to $740,000 |
| Second Component = | $100,000 to $175,000 |
| Third Component = | $150,000 to $225,000 |
| **Total Est. Costs** | **$620,000 to $1,140,000** |

## Budgeted Estimated Benefit

Like above, we included only the Non-Abated Actions in this part of the analysis. In our experience, approximately 5% to 10% of amounts sought to be avoided and recovered are actually recovered by the estate. This is true for many reasons, including because many factual, legal, and practical – collectability – defenses are known only to the defendants at the time of filing. Because this bankruptcy case involves many unique factual and legal issues, we have used a conservative 5% recovery assumption in the benefit analysis. Using 5% recovery, our benefit analysis (in millions) is as follows:

| | |
|---|---|
| $58 | Avoidance Actions |
| x5% | Recovery Assumption |
| $2.9 | Benefit Est. |

## Summary of Cost-Benefit Analysis for Pure Avoidance

The estimated benefit of the Non-Abated Actions is $2.9 million. The costs necessary to achieve this $2.9 million benefit are estimated to be between $620,000 and $1,140,000.

Please feel free to contact me if you have any questions or concerns.

Sincerely,

/s/ Stephen A. McCartin

Stephen A. McCartin

SAM:sm

Enclosures

DALLAS 2237609v.2

Hon. Robert L. Jones
May 27, 2011
Page 10

**Previously Filed
Adversary Proceedings**

|  |  | **Estimated Amount of Claims Objected To[1]** | **Amount of Preferential/ Fraudulent Transfers[2]** |
|---|---|---|---|
| **I.** | **Previously Filed Adversary Proceedings** | | |
| (1) | Horton | $1,528,345 | - 0 - |
| (2) | Templeton | 5,433,510 | 1,167,972 |
| (3) | Miller | 1,175,854 | 849,126 |
| (4) | Johnson and Slemp Trusts | 400,000 | - 0 - |
| (5) | Rice Trust, et al | 3,677,718 | 3,185,000 |
| (6) | Mays Trusts | 7,283,404 | - 0 – |
|  | **Previously Filed Subtotal** | 19,498,831 | 5,202,098 |

**EXHIBIT A**

Hon. Robert L. Jones
May 27, 2011
Page 11

## Additionally Proposed "Soft Money" Adversary Proceedings

| | | Estimated Amount of Claims Objected To[1] | Amount of Preference/ Fraudulent Transfers[2] |
|---|---|---|---|
| **II.** | **Additionally Proposed "Soft Money" Adversaries** | | |
| • | Walden II Investors | 6,250,000 | 12,378,955 |
| • | Rainier, and | 17,248,843 | 10,009,261 |
| | Koehler Related Parties | 10,775,106 | 10,752,443 |
| • | Scott & Scott IRA | 450,000 | - 0 - |
| • | LIHTC No. 3 Investors (Burgess Related Parties) | 1,282,506 | 199,262 |
| • | LIHTC M2M Investors (Burgess Related Parties) | 1,217,500 | 1,282,682 |
| • | GOZ No. 3 Investors (Burgess Related Parties) | 1,516,731[3] | 1,516,731 |
| • | Herring Bank, and | 4,125,150 | 6,249,120 |
| | Vaudrey Capital | 602,640 | - 0 - |
| | **"Soft Money" Subtotal** | 43,468,476 | 42,388,454 |

## Additionally Proposed "Other" Adversaries

|     |     | Estimated Amount of Claims Objected To[1] | Amount of Preference/ Fraudulent Transfers[2] |
|---|---|---|---|
| **III.** | **Additionally Proposed "Other" Adversaries** | | |
| • | Capital One | 3,510,372 | 109,167 |
| • | Dasadi & GS Holdings | 3,437,449 | - 0 - |
| • | Duplicates, Non-debtor Related, Tax Credit Partners | | |
| | - Duplicates | 53,000,000 | |
| | - Tax Credit Partners | 36,000.000 | |
| | - Non-debtor Related | 3,152,138 | |
| • | Misc. Claims: | | |
| | - AHF Development | 16,080,449 | Separate adversaries[4] |
| | - American Express Centurion | 115,331 | |
| | - Anchor Community Service, Inc. | 75,050 | |
| | - Argo Partners as assignee of Tiber Creek Assoc. | 7,500 | |
| | - Cenlar Federal Savings Bank | 39,648 | |
| | - Gary Graham | 112,000 | |
| | - Gary Graham Self Directed IRA | 520,000 | |
| | - Happy State Bank | 246,379 | |
| | - Happy State Bank | 2,032,083 | |
| | - Happy State Bank | 3,272,000 | |
| | - Metro Communication Systems | 53,429 | |
| | - Interline Brands | - 0 - | |
| | - Mid-Continent Community Dev. | 61,093 | |
| | - Sprouse Shrader Smith, PC | 1,302,338 | |
| | - Swap Financial Group, LLC | 34,296 | |
| | - W&K Akard Plaza | 1,185,727 | |
| | - W&K Akard Plaza | 225,709 | |
| | - Wilson, Elser, Moskowitz, | 20,497 | |
| • | Perry-Williams Tradewinds Ventures, Inc./PW Air, Inc.[5] | - 0 - | 1,000,000 |
| | Proposed Other Subtotal | 87,994,457 | 1,109,167 |
| | Total All Additionally Proposed Adversaries | 150,961,765 | 48,699,719 |

Hon. Robert L. Jones
May 27, 2011
Page 13

1. Excludes duplicate claims.
2. If the Trustee is filing an adversary proceeding to object to a claim, he includes in the adversary proceeding any avoidance action to avoid suing the defendant twice. Thus, avoidance actions against these defendants will be either not included in or be abated if included in the 100 plus avoidance actions filed previously.
3. The investors were paid pre-petition. If we recover the payment we assume they will assert a claim, which we object to.
4. The avoidance actions against the "Misc." claimants are contained in the "100+" avoidance actions filed in April, 2011.
5. Not included in motion, but included in proposed order with consent of Oversight Committee.