MULLIN HOARD & BROWN, L.L.P.
David R. Langston, SBN: 11923800
P.O. Box 2585
Lubbock, Texas 79408-2585
Telephone: 806-765-7491
Telefax: 806-765-0553
*Attorneys for the Oversight Committee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| AMERICAN HOUSING FOUNDATION, | § | CASE NO. 09-20232-RLJ-11 |
| | § | |
| Debtor-in-Possession | § | |

## OVERSIGHT COMMITTEE'S OBJECTION TO THE FIRST AMENDED AND RESTATED FIRST POST-CONFIRMATION FEE APPLICATION OF GARDERE WYNNE SEWELL LLP, THE FIRST POST-CONFIRMATION FEE APPLICATION OF TARBOX LAW, P.C., AND THE FIRST POST-CONFIRMATION FEE APPLICATION OF FOCUS MANAGEMENT GROUP USA, INC.

TO THE HONORABLE ROBERT L. JONES, U.S. BANKRUPTCY JUDGE:

NOW COMES, THE AMERICAN HOUSING FOUNDATION OVERSIGHT COMMITTEE (the "Committee"), organized pursuant to the confirmed Plan of Reorganization in this bankruptcy case, and files this its Objection to the First Amended and Restated First Post-Confirmation Fee Application of Gardere Wynne Sewell LLP ("Gardere") (Docket #2696), (the "Gardere Fee Application"), the First Post-Confirmation Fee Application of Tarbox Law, P.C. ("Tarbox") (Docket #2683), (the "Tarbox Fee Application"), and the First Post-Confirmation Fee Application of Focus Management Group USA, Inc. ("Focus") (Docket #2679), (the "Focus Fee Application"). In support of the Objection, the Committee respectfully states as follows and objects on the following basis:

Oversight Committee's Objection to The First Amended and Restated First Post-Confirmation                                Page 1 of 7
Fee Application of Gardere Wynne Sewell LLP, The First Post-Confirmation Fee Application
of Tarbox Law, P.C., and The First Post-Confirmation Fee Application of Focus Management Group USA, Inc.

## I. Professional Fees Timely Objected to by the Oversight Committee

The Committee asserts that the following professional fees were timely objected to for the reasons and in the amounts as set for below:

**1.     March 29, 2011 Objection of the Committee:**

| REASON FOR OBJECTION | GARDERE JAN BILL | TARBOX JAN BILL | FOCUS JAN & FEB BILLS |
|---|---|---|---|
| work performed in the prosecution and defense of fee applications performed during the bankruptcy | $44,700.00 | $11,830.00 | $17,513.41 |
| duplicate efforts between attorneys and Focus associated with their preparation and meetings with the Oversight Committee | $11,168.50 | $1,050.00 | $980.00 |
| work that is indistinguishable as to Oversight Committee duplicate efforts | $0.00 | $2,800.00 | $3,241.00 |
| **AMOUNT APPLIED FOR:** | **$239,257.14** | **$26,926.41** | **$32,475.03** |
| **TOTAL  OBJECTIONS:** | **$55,868.50** | **$15,680.00** | **$21,734.41** |
| **TOTAL  PAYMENTS:** | **$183,388.64** | **$11,246.41** | **$10,740.62** |

**2.     April 14, 2011 Objection of the Committee:**

| REASON FOR OBJECTION | GARDERE FEB BILL | TARBOX FEB & MARCH BILLS | FOCUS MARCH BILL |
|---|---|---|---|
| work performed in the prosecution and defense of fee applications performed during the bankruptcy | $90,717.00 | $10,410.33 | $9,426.03 |
| duplicate efforts between attorneys and Focus associated with their preparation and meetings with the Oversight Committee | $6,063.00 | $525.00 | $525.00 |

Oversight Committee's Objection to The First Amended and Restated First Post-Confirmation            Page 2 of 7
Fee Application of Gardere Wynne Sewell LLP, The First Post-Confirmation Fee Application
of Tarbox Law, P.C., and The First Post-Confirmation Fee Application of Focus Management Group USA, Inc.

| | | | |
|---|---|---|---|
| work associated with the defense of Alan Weiner and Focus Management Group dispute with reorganized AHF Board of Directors | $0.00 | $781.67 | $0.00 |
| **AMOUNT APPLIED FOR:** | **$246,908.64** | **$32,878.21** | **$22,132.50** |
| **TOTAL OBJECTIONS:** | **$96,780.00** | **$11,717.00** | **$9,951.03** |
| **TOTAL PAYMENTS:** | **$150,128.64** | **$21,161.21** | **$12,181.47** |

3. **May 26, 2011 Objection of the Committee:**

| REASON FOR OBJECTION | GARDERE MARCH BILL | TARBOX APRIL BILL | FOCUS APRIL BILL |
|---|---|---|---|
| work performed in the prosecution and defense of fee applications performed during the bankruptcy | $34,670.00 | $0.00 | $0.00 |
| services rendered regarding deadlines for filing claims objections and motions to enforce confirmation order and plan | $1,899.00 | $0.00 | $0.00 |
| duplicate efforts by attorneys and personnel at the Gardere firm associated with preparation and taking of the deposition of Melissa Ripley | $21,923.50 | $0.00 | $0.00 |
| services related to dispute with Bank of America over Lakewood Terrace closing | $6,655.00 | $0.00 | $0.00 |
| services performed relating to claims objections and/or adversary proceeding without the prior consent of the Committee | $16,682.50 | $5,495.00 | $24,315.00 |
| duplicate efforts regarding the Horton adversary | $0.00 | $1,050.00 | $0.00 |
| work associated with the defense of Alan Weiner and Focus Management Group dispute with reorganized AHF Board of Directors | $10,159.50 | $0.00 | $0.00 |

Oversight Committee's Objection to The First Amended and Restated First Post-Confirmation    Page 3 of 7
Fee Application of Gardere Wynne Sewell LLP, The First Post-Confirmation Fee Application
of Tarbox Law, P.C., and The First Post-Confirmation Fee Application of Focus Management Group USA, Inc.

| | | | |
|---|---|---|---|
| duplicate efforts between attorneys and Focus personnel associated with analysis of preference and fraudulent conveyance actions at rates that appear excessive | $3,566.50 | $0.00 | $63,820.00 |
| services related to settlement and/or mediation with no settlement and/or mediation | 9,119.50 | $0.00 | $0.00 |
| weekly cell phone reimbursement at a flat rate without billing details | $0.00 | $0.00 | $105.00 |
| **AMOUNT APPLIED FOR:** | **$268,224.48** | **$18,147.67** | **$125,600.86** |
| **TOTAL OBJECTIONS:** | **$104,675.50** | **$6,545.00** | **$88,240.00** |
| **TOTAL PAYMENTS:** | **$268,224.48*** | **$11,602.67** | **$37,360.86** |

## II.  Gardere Wynne Sewell LLP's March Professional Fees
## Objected to by the Oversight Committee

As set forth above, the Oversight Committee objected to a total of $104,675.50 of fees charged by Gardere to the Liquidating Trust during March. The objection of the Oversight Committee was delivered to Mr. O'Cheskey on May 26, 2011. Apparently, on May 24, 2011, Mr. O'Cheskey paid and cut checks and delivered them to Focus Management Group, Tarbox Law, and the Gardere firm believing that the time for objections had expired. Upon receipt of the Committee's objections, Mr. O'Cheskey contacted counsel for the Committee and informed him that the checks had already been delivered.

Counsel for the Committee pointed out to the Trustee that the Committee's objection was timely. Both Focus and Tarbox Law returned their checks, but the Gardere firm refused to do so because of its continued assertion that the Committee's objection was not timely. The Trustee, in accordance with the clear language of the Liquidating Trust Agreement, delivered the

Oversight Committee's Objection to The First Amended and Restated First Post-Confirmation                Page 4 of 7
Fee Application of Gardere Wynne Sewell LLP, The First Post-Confirmation Fee Application
of Tarbox Law, P.C., and The First Post-Confirmation Fee Application of Focus Management Group USA, Inc.

professional fee statements for Focus, Tarbox Law Offices and the Gardere firm via email on May 12, 2011. Therefore, the Committee's objections were unquestionably timely with respect to the professional fees included in the Trustee's email.

With respect to the $104,675.50 objected to by the Committee in the Gardere Fee statement of March 2011, the Gardere firm contends that the objection of the Committee to the statement submitted for March was not timely because Gardere itself had sent copies of their March invoice to the Committee by correspondence dated May 5, 2011, -- and the Committee's objection was not sent until May 26, 2011, -- past the date for objections to be timely filed

The Committee contends that effective service of the Gardere March fee invoice did not occur until the Trustee sent his email containing all of invoices of the professional's on May 12, 2011. The Committee bases this contention on the clear and unequivocal language set forth in section 7.18 of the Liquidating Trust Agreement, which reads in pertinent part as follows: "The Liquidating Trustee shall serve a detailed statement of services rendered and expenses incurred by the Professional during the period requested…" It further specifies "Each member of the Trust Oversight Committee shall have fourteen (14) days after service of the fee statement to notify the Liquidating Trustee in writing of an objection to payment of the fees and expenses…" The Liquidating Trustee served the Committee and its counsel on May 12, 2011 at 6:13 p.m. On that same date at 7:23 p.m., Tim Nichols, a member of the Oversight Committee, notified Mr. O'Cheskey in writing that the fee invoices were "unacceptable." Thus, the Liquidating Trustee was timely notified of the objection to the payment of the fees under any calculation of the applicable time period, -- whether the Gardere service of May 5, 2011 is the applicable date, or if the Trustee's service of May 12, 2011 is the applicable date. Mr. Nichols' written objection on

Oversight Committee's Objection to The First Amended and Restated First Post-Confirmation    Page 5 of 7
Fee Application of Gardere Wynne Sewell LLP, The First Post-Confirmation Fee Application
of Tarbox Law, P.C., and The First Post-Confirmation Fee Application of Focus Management Group USA, Inc.

May 12, 2011 is within fourteen days of both May 5, 2011 and May 12, 2011. The Committee then served its detailed objections to the fee statements on May 26, 2011.

Accordingly, the Committee respectfully requests that the Court deny the relief requested in the First Amended and Restated First Post-Confirmation Fee Application of Gardere Wynne Sewell LLP, (Docket #2696), the First Post-Confirmation Fee Application of Tarbox Law, P.C., (Docket #2683), and the First Post-Confirmation Fee Application of Focus Management Group USA, Inc. (Docket #2679).

WHEREFORE, PREMISES CONSIDERED, the Committee prays that the Court deny the First Amended and Restated First Post-Confirmation Fee Application of Gardere Wynne Sewell LLP, (Docket #2696), the First Post-Confirmation Fee Application of Tarbox Law, P.C., (Docket #2683), and the First Post-Confirmation Fee Application of Focus Management Group USA, Inc. (Docket #2679), and granting such other and further relief as is just and proper.

Respectfully Submitted,

MULLIN HOARD & BROWN, L.L.P.
P.O. Box 2585
Lubbock, Texas 79408-2585
Telephone: (806)765-7491
Facsimile: (806) 765-0553

By: /s/ David R. Langston_____
  David R. Langston, SBN 11923800
  *Attorneys for Oversight Committee*

Oversight Committee's Objection to The First Amended and Restated First Post-Confirmation        Page 6 of 7
Fee Application of Gardere Wynne Sewell LLP, The First Post-Confirmation Fee Application
of Tarbox Law, P.C., and The First Post-Confirmation Fee Application of Focus Management Group USA, Inc.

## **CERTIFICATE OF SERVICE**

  I certify that a true and correct copy of the foregoing Response was served on the following parties in interest on this 14th day of June, 2011:

1.  Ms. Mary Frances Durham
   U.S. Trustee's Office
   1100 Commerce Street
   Room 9C60
   Dallas, Texas 75242

2.  Max Tarbox
   Tarbox Law, P.C.
   2301 Broadway
   Lubbock, Texas 79401

3.  Steve McCartin
   Gardere Wynne Sewell, LLP
   1601 Elm Street, Suite 3000
   Dallas, Texas 75201-4761

4.  All parties in interest requesting notice via ECF

              /s/ David R. Langston_____
              David R. Langston

Oversight Committee's Objection to The First Amended and Restated First Post-Confirmation
Fee Application of Gardere Wynne Sewell LLP, The First Post-Confirmation Fee Application
of Tarbox Law, P.C., and The First Post-Confirmation Fee Application of Focus Management Group USA, Inc.
                              Page 7 of 7