U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

**United States Bankruptcy Judge**

**Signed September 28, 2011**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | § | |
|---|---|---|
| IN RE: | § | |
| | § | |
| AMERICAN HOUSING FOUNDATION, | § | CASE NO. 09-20232-RLJ-11 |
| | § | |
| DEBTOR | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court are: (1) the Chapter 11 Trustee's application to employ tax expert Stephen C. Coen, and (2) the first and final fee application of Stephen C. Coen. [Docket Nos. 1939, 2005, 2085]. Several objections were filed to each application. [Docket Nos. 1986, 2049, 2055, 2059]. A hearing was held on these matters on February 14, 2011.

### JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B) and (O). The following constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014.

**BACKGROUND**

On December 20, 2010, the Trustee filed an application seeking the approval of the employment of tax expert Stephen C. Coen ("Coen") pursuant to sections 327, 328, and 330 of the Bankruptcy Code. By the terms of the application, Coen is to receive $350.00 per hour (as well as expense reimbursements) in exchange for providing the Trustee his expertise and advice with respect to certain tax deductions, returns, and investments of interest to the estate. Further, Coen is to serve as testifying expert in pending and future adversary proceedings if necessary. In support of the employment application, Coen submitted to the Court his affidavit and supplemental affidavit indicating he holds no conflicts of interest.[1]

The employment application asks the Court to retroactively grant the employment of Coen, because, even though the employment application was not filed until the end of December, Coen actually began working for the estate on October 4, 2010. The Trustee contends Coen's employment at that time was essential because the Trustee faced imminent expert disclosure deadlines and Coen needed to review voluminous amounts of documents in order to prepare a timely expert report.

Although not explicitly so, Coen's fee application is predicated on the Court's approval of the Coen employment application. The fee application requests $14,087.50 in fees and $120.00 in expenses for a total compensation award of $14,207.50. The application asserts Coen provided 40.25 hours of substantial, necessary, and beneficial service to the estate in the general categories of: (1) review, analysis, and consulting advice pertaining to certain investor claims, and (2)

---

[1] At the hearing, the Court determined the affidavit initially filed was vague with respect to the existence of conflicts of interest and ordered the Trustee to amend or otherwise clarify this aspect of his application. Accordingly, Coen filed a supplemental affidavit on February 16, 2011. The Court is now satisfied Coen has met the disinterestedness standard of §101(14).

providing expert testimony regarding the same.

Both applications are the subject of several objections filed by creditors in this case. Because the Court finds the objection to the untimeliness of the employment application merit worthy, it need not address the balance of the objections.

## DISCUSSION

The Bankruptcy Code and Rules contemplate court approval of the employment of professionals *in advance* of their service. *See* 11 U.S.C. 327; Fed. R. Bankr. P. 2014; *In re Triangle Chemicals, Inc.*, 697 F.2d 1280, 1289 ("[T]he bankruptcy statute and rules require court approval for employment of an attorney for the debtor's estate and contemplate that such approval will be required in advance of such employment . . ."). Notwithstanding, the Local Rules of the Northern District provide that "[i]f a motion for approval of the employment of a professional is made within 30 days of the commencement of that professional's provision of services, it is deemed contemporaneous." N.D. Tex. L.B.R. 2014-1(b)(1). In the event a motion for approval of the employment of a professional is made *more* than 30 days after that professional commences services, the applicant must meet an additional burden. For these late-filed applications, the rules require the application to include: (1) an explanation as to why the motion was not filed earlier; (2) an explanation as to why the order authorizing retroactive employment is required; and (3) an explanation, to the best of the applicant's knowledge, as to how approval of the motion may prejudice any parties-in-interest. *See* N.D. Tex. L.B.R. 2014-1(B)(2)(A)-(C).

Even in the event an application does not contain these elements, bankruptcy courts have the equitable power to "retroactively employ" or permit employment *nunc pro tunc*[2] in "rare or exceptional circumstances." *See Triangle*, 697 F.2d at 1289 (holding the bankruptcy court is not without authority to accord a late-filed application *nunc pro tunc* treatment where the attorney's failure to timely file was due to his misunderstanding of the law). However, the Court's power to do so does not mean it is always prudent. Approval of an employment application *nunc pro tunc* should not occur without regard to the circumstances, facts, and equities in the case, or with such *carte blanche* as to render the procedural requirements of the Bankruptcy Code, Rules, and Local Rules meaningless formalities. *See In re Hydro Servs., Inc.*, 277 B.R. 309, 311 (Bankr. E.D. Tex. 2001); *In re Lyons*, 439 B.R. 401, 408-09 (Bankr. S.D. Tex. 2010).

The Court finds this application does not fit in the "rare or exceptional circumstances" required for the Court to exercise its equitable discretion. Contrary to the dictates of these rules, the application contains no discernable explanation as to why the motion was filed late, nor does it explain how parties-in-interest may be affected. It ignores the timeliness issue altogether. At the hearing on the matter, counsel for the Trustee stated the tardy filing was the result of his firm's general busyness. It appears the application simply slipped through the cracks.

While the Court is well-aware of the many demands this complex case has placed on the parties involved, the associated time constraints hardly constitute "rare or exceptional circumstances." Our rule deeming an application filed *even 30 days late* as having been filed contemporaneously is generous. It clearly accounts for the practical difficulties attendant to busy litigation. Here, however, the application does not attempt to justify the fact it was filed over 60

---

[2] *Nunc pro tunc* is defined as having the Latin meaning of "now for then;" or as having a "retroactive legal effect." Black's Law Dictionary 498 (3d Pocket Ed. 2006).

days after Coen began performing services for the Trustee, and the Court is not in the habit of accepting busyness as an excuse when the ball drops. *Accord Hydro Serv.,* 277 B.R. at 310-311 (denying *nunc pro tunc* treatment to a well-established, well-staffed law firm with wide experience in debtor-creditor rights when it failed to file an employment application for two and a half months because it was "working on substantial matters requiring immediate attention"). After all, within the frame of time counsel for the Trustee was too busy to file Coen's employment application, it was able to actually employ Coen, seek his guidance, prepare his deposition, and pursue a host of other activities now sought as the basis for Coen's compensation. The Court is otherwise satisfied Coen meets the requirements of section 327 and is frankly troubled to know the person adversely affected by the denial of the retroactive engagement, Mr. Coen, is in all likelihood not the person tasked with preparing and filing his employment application. Nonetheless, to grant the application *nunc pro tunc* under these circumstances would be to render the Code and Rules meaningless formalities.

      Accordingly, Coen's application for employment is granted from the date it was filed; his retroactive employment, however, is denied. Finally, because the services underlying Coen's application for compensation were all provided prior to his employment, they are denied as a charge against the estate.

      SO ORDERED.

            ### End of Memorandum Opinion and Order ###