U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

_____
**United States Bankruptcy Judge**

Signed September 30, 2011

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| AMERICAN HOUSING FOUNDATION, | § | CASE NO. 09-20232-RLJ-11 |
| | § | |
| DEBTOR | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court for consideration is a motion filed by the Chapter 11 trustee seeking authorization to pay stay bonuses to certain employees of the debtor, American Housing Foundation (AHF). [Docket No.1970]. Creditor Attebury Family Partnership (Attebury) filed its objection to the motion. [Docket No. 2020]. A hearing was held on this matter on February 14, 2011. An interim order was entered April 13, 2011 (Docket No. 2318), approving payment of stay bonuses to some of the employees covered by this motion.

### Jurisdiction

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), and (O). The following constitutes the Court's

findings of fact and conclusions of law pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014.

## Background

A.    The motion

On January 5, 2011, the Chapter 11 trustee filed a motion seeking authorization to pay stay bonuses to six employees of AHF. According to the trustee, these employees held unique institutional knowledge that was crucial to the effective reorganization of the debtor. The trustee submits these employees were asked to expend time and effort in excess of their regular job duties and that, absent a monetary incentive, they might seek employment elsewhere. The trustee felt the loss of these employees would result in instability and lowered morale at AHF. Thus, in exercising his business judgment and subject to the Court's approval, the trustee offered each of six employees a "stay bonus" equal to two month's regular pay in exchange for his or her dedicated service. The employees and proposed bonus amounts are as follows:

| **Employee** | **Proposed bonus:** |
|---|---|
| Larry Bunn | $20,000 |
| JoAnn Cruz-Perez | $10,267 |
| Glenda David | $14,833 |
| Gwen Greeson | $4,400 |
| Alvin Johnson | $23,333 |
| Peggy Lawless | $6,547 |

In support of his motion, the trustee asserts that the award of stay bonuses is allowed under section 363(b) of the Bankruptcy Code and that none of the employees were insiders at the time the trustee was appointed in the case.

B. The objection

On January 26, 2011, Attebury filed an obejction to the payment of stay bonuses to the two most highly compensated employees: Larry Bunn and Alvin Johnson.

C. The hearing

The Court held a hearing on the matter on February 14, 2011. No objection was lodged against the payment of the Cruz-Perez, David, Greeson, or Lawless bonuses. In fact, the parties agreed such payment was warranted. Accordingly, the Court authorized the payment of the four non-controversial bonuses by its order of April 12, 2011. [Dkt #2318]. No evidence was offered in support of or against the payment of the remaining two bonuses, but argument and certain stipulations were made by counsel.

With respect to Alvin Johnson, counsel for the trustee stipulated that Johnson held officer roles with the debtor; specifically, president and vice president. Additionally, counsel for the trustee admitted Larry Bunn was the son-in-law of the debtor's former (and now deceased) principal, Steve Sterquell, and that Bunn is the likely target of a future fraudulent transfer action as Bunn has his "fingerprints on a suspect transaction." Attebury renewed its objections to the payment of both of these employees on the basis that they are insiders.

## Discussion

Section 503(c) of the Bankruptcy Code governs this issue. In relevant part, it provides:

> [T]here shall neither be allowed, nor paid--
>
> (1) a transfer made to, or an obligation incurred for the benefit of, an *insider of the debtor* for the purpose of inducing such person to remain with the debtor's business, absent a finding by the court based on evidence in the record that—

>(A) the transfer or obligation is essential to retention of the person because the individual has a bona fide job offer from another business at the same or greater rate of compensation;
>
>(B) the services provided by the person are essential to the survival of the business; and
>
>(C) either—
>
>(i) the amount of the transfer made to, or obligation incurred for the benefit of, the person is not greater than an amount equal to 10 times the amount of the mean transfer or obligation of a similar kind given to nonmanagement employees for any purpose during the calendar year in which the transfer is made or the obligation is incurred; or
>
>(ii) if no such similar transfers were made to, or obligations were incurred for the benefit of, such nonmanagement employees during such calendar year, the amount of the transfer or obligation is not greater than an amount equal to 25 percent of the amount of any similar transfer or obligation made to or incurred for the benefit of such insider for any purpose during the calendar year before the year in which such transfer is made or obligation is incurred;

11 U.S.C. § 503(c) (emphasis added). The term "insider" is defined in the Code as including both an "officer of the debtor" if the debtor is a corporation and "person in control of the debtor" if the debtor is a partnership. *See* § 101(31)(B)(ii) & (C)(v). The definition of "insider" also includes a "relative of a general partner, director, officer, or person in control of the debtor" in the case of a corporation or partnership. *See id.* at § 101(31)(B)(vi) & (C)(ii); *see also* § 101(45) (defining "relative" as an individual related by affinity or consanguinity within the third degree).

These Code provisions guide the Court to conclude the bonuses for Johnson and Bunn should be denied. The particular circumstances of this case—namely, that the debtor is a nonprofit entity—make a strict application of the Code's definitions problematic, but their purpose is easily achieved. To begin with, the definition of insider is illustrative, not exclusive. Clearly, an officer of a nonprofit entity performs many of the same functions as an officer of a for-profit entity such as a

partnership or corporation. Thus, the Court concludes that Alvin Johnson, in his capacity as president and vice president of AHF, is an insider. At the hearing on this motion, counsel for the trustee admitted Johnson served as president and vice president of the debtor, but contended that the timing of his service (president after the trustee was appointed) was such that Johnson was never in control of the organization. While this may be true, neither the definition of insider nor section 503 provides any temporal qualification.

Similarly, the Code's definition of an insider essentially includes anyone within a third degree of sanguinity or affinity of general partner, director, officer, or person in control of the debtor. It is admitted that Larry Bunn is the son-in-law of Steve Sterquell, the person all parties agree controlled the debtor. As Sterquell's son-in-law, the Court concludes Bunn is a relative within three degrees of affinity and is thereby an insider.

Notwithstanding the fact that both Bunn and Johnson are insiders, section 503 provides for the payment of stay bonuses to them if certain statutory requirements are met. *See* 11 U.S.C. § 503(c)(1)(A)-(C). To paraphrase, a court may award a stay bonus to an insider if, upon the evidence, it finds: (1) the stay bonus is essential because the employee has a bona fide offer from another employer, (2) the services provided by the employee were essential, and (3) the bonus is within a certain ratio of payments made to nonmanagement employees or to the insider himself. *See id.*

Both Bunn and Johnson are insiders of AHF and both were compensated handsomely while there.[1] The general rule under section 503 is that insiders may not receive stay bonuses. The Code's limited exception to this rule requires evidence. As previously mentioned, the Court was

---

[1] As the proposed stay bonuses are equal to two months of an employee's pay, the Court calculates Bunn and Johnson as having received annual salaries of roughly $120,000 and $140,000, respectively.

presented no evidence with respect to this motion. Accordingly, the Court concludes the payment of over $50,000 to AHF insiders Larry Bunn and Alvin Johnson is not in the best interest of the estate and should be denied. It is, therefore,

ORDERED that the payment from the estate of stay bonuses to Larry Bunn and Alvin Johnson, in the amounts of $20,000 and $23,333, respectively, is denied.

### End of Memorandum Opinion and Order ###