U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET





**The following constitutes the ruling of the court and has the force and effect therein described.**

_[signature]_

**United States Bankruptcy Judge**

**Signed March 27, 2013**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| AMERICAN HOUSING FOUNDATION, | § | CASE NO. 09-20232-RLJ-11 |
| | § | |
| DEBTOR | § | |

## MEMORANDUM OPINION AND ORDER

The Court considers whether Boyd & Associates ("Boyd") should be allowed to proceed with its _Petition in Intervention for Attorneys' Fees_ (the "Petition in Intervention") that is presently pending before the 95th Judicial District Court of Dallas County, Texas, in Cause No. 09-14410, in the following styled action: _American Housing Foundation, AHF Arizona, LLC, AHF Florida, LLC, AHF Tulsa, LLC, DHEOP, LLC, THEOP, LLC and WHEOP, LLC v. Banc of America Securities, LLC, Bank of America, N. A., Bank of America Corporation, Sondra E. Teilborg, and Tanya McCorquodale._ Walter O'Cheskey, in his capacity as liquidating trustee ("Trustee") of the liquidating trust for the bankruptcy estate of American Housing Foundation

("AHF"), opposes such allowance. A chronology of the events concerning the matter brings the dispute into focus.

In July 2009, Boyd began work ostensibly for AHF regarding the causes of action against Bank of America Securities, *et al.* Such work was performed upon the authority of asserted creditors of AHF in the AHF bankruptcy case.

On October 22, 2009, Boyd filed a lawsuit in the District Court of Dallas County, on behalf of AHF and six wholly owned subsidiaries—AHF Arizona, LLC, AHF Florida, LLC, AHF Tulsa, LLC, DHEOP, LLC, THEOP, LLC, and WHEOP, LLC (the "LLCs") (this action will be referred to as "the State Court Action").

On November 6, 2009, the Unsecured Creditors Committee in the AHF bankruptcy case filed its application to employ Boyd [Docket No. 416]; this application was withdrawn on November 17, 2009.

On March 20, 2010, AHF, as debtor-in-possession, filed its application to employ Boyd as special counsel for AHF ("Motion to Employ") [Docket No. 916].

On March 24, 2010, AHF filed an application for compensation and reimbursement of expenses of Boyd for services provided during the period of July 19, 2009 through March 12, 2010 ("Application for Compensation") [Docket No. 928].

On April 19, 2010, the Court held a hearing at which time it approved the Motion to Employ, with such employment effective as of the date of the filing of the application (March 20, 2010), but denied its application for compensation as premature.

On February 23, 2011, Boyd filed a second application for allowance of fees and expenses [Docket No. 2093]; this application was withdrawn by Boyd on July 6, 2011.

On March 31, 2011, the Court entered its order [Docket No. 2279] granting employment of Boyd effective March 20, 2010. The Court notes this order was entered just less than one year after the hearing was held, at which time the Court instructed counsel for AHF to submit an order approving Boyd's employment. On April 27, 2010, shortly after the hearing on the Motion to Employ, the Court appointed the Trustee, and AHF's counsel moved to withdraw and never submitted an order. Boyd ultimately submitted the order.

On August 9, 2011, Boyd filed its Petition in Intervention in the State Court Action requesting payment for work related to the lawsuit, which, presumably, were the same services as previously requested from the bankruptcy court.

On September 6, 2011, the Trustee filed his motion seeking the Court's order compelling Boyd to show cause why it should not be held in contempt for failure to comply with § 330 of the Bankruptcy Code [Docket No. 3185] ("Trustee's Motion").

On October 13, 2011, Boyd filed its response to the Trustee's Motion [Docket No. 3230], indicating it was simply seeking payment from the non-debtor LLCs and not the debtor, AHF.

On October 20, 2011, the Court entered its order [Docket No. 3243] staying Boyd from proceeding with the Petition in Intervention before the state court, pending the Court's determination on the merits of the Trustee's Motion.

On December 30, 2011, Boyd filed its motion seeking an order vacating the Court's prior order staying Boyd's Petition in Intervention [Docket No. 3309] ("Motion to Vacate").

On February 13, 2012, the Trustee filed his objection to the Motion to Vacate [Docket No. 3346].

On August 13, 2012, hearing was held on the Trustee's Motion and Boyd's Motion to Vacate. The parties filed briefs in support of their respective positions following the hearing on August 13, 2012.

As is apparent from the chronology of events, Boyd has had several problems concerning its requests both for approval of its employment and for payment of fees and expenses for its work on the State Court Action. Boyd agreed to the representation of AHF upon the authority of a group of creditors who, at the time, did not have authority to employ Boyd. Boyd continued the representation after an application for its employ was filed, only to be withdrawn. Boyd then filed a first application for approval of fees at essentially the same time (four days apart) as the filing of the second application for employment. In effect, Boyd sought approval of fees and expenses for several months when it was not properly employed.

By the Motion to Employ, upon which the Court approved Boyd's employment, Sam Boyd, a principal of Boyd, represented to the Court that:

> Boyd & Associates will only be compensated following the filing of a Motion for Compensation and Reimbursement of Expenses filed in accordance with the regulations established by the Bankruptcy Court and the Office of the United States Trustee for the U.S. Bankruptcy Courts for the Northern District of Texas, and after notice and opportunity for hearing to all creditors and parties in interest in the AHF bankruptcy case.

Motion to Employ ¶ 14. Sam Boyd's Affidavit of Disinterestedness stated that his firm was "disinterested" and "aware of no conflict or potential conflict of interest affecting the proposed representation." Motion to Employ, Exhibit A. The Application for Compensation sought approval of payment of fees by this Court, stating that "[d]uring the period of representation covered by this Motion, Counsel has expended a total of 537.10 hours for professional services

on behalf of AHF" and "[a]ll professional services for which allowance and payment of compensation is requested were performed by Counsel for the benefit [of] AHF and not on behalf of any creditor or any other committee or person." Application for Compensation ¶¶ 6 and 9.

By the Court's October 19, 2011 order, which stayed Boyd from proceeding with its Petition in Intervention before the state district court, the Court noted it is "not clear to the Court who is responsible, or if anyone is responsible, for Boyd & Associates' fees. Is there a retention agreement? If so, who is obligated to pay Boyd &Associates' fees?" Docket No. 3243 at 3. The Court further noted that, given that AHF is the 100% member of the six LLCs, any equity value in the LLCs flows to AHF and any expense items of the LLCs have a direct financial effect on AHF. "AHF is the entity with ultimate authority to employ counsel and to file the state court action, not only for AHF but also for the LLC's." *Id*.

As the Court determined at the time it entered the October 19, 2011 order, Boyd's request for fees from the LLCs is, under the circumstances, within the Court's purview and jurisdiction. *See* 28 U.S.C. § 1334(b); 11 U.S.C. §§ 327, 328, 329, and 330.[1] The Court further notes that it holds exclusive jurisdiction over all claims that involve the construction of § 327 of the Bankruptcy Code. *See* 28 U.S.C. § 1334(e)(2).

It is, therefore,

---

[1]*See also In re Bay Voltex Corp.*, No. NC-08-1069-DJUT, 2008 WL 8444794 (9th Cir. BAP 2008); *In re Seatco, Inc.*, 257 B.R. 469 (Bankr. N.D. Tex. 2001) (bankruptcy court has jurisdiction to issue a temporary injunction to prevent a creditor of the debtor from bringing suit against a non-debtor); *Webber, Reis, Holler & Urso, LLP v. Miller, Faignant & Behrens*, 834 A.2d 6 (Vt. 2003) (state supreme court holding bankruptcy court, rather than state court, had jurisdiction over fee dispute related to bankruptcy case though state court action was against the lawyers and not the debtor).

ORDERED that Boyd is hereby stayed from proceeding with its Petition in Intervention before the 95th Judicial District Court of Dallas County, Texas, pending further order of this Court; it is further

ORDERED that the Clerk of the Court shall mail a copy of this Memorandum Opinion and Order to the attention of the presiding judge for the 95th Judicial District Court of Dallas County, Texas, regarding Cause No. 09-14410, *American Housing Foundation, et al. v. Bank of America Securities, LLC, et al.*

### End of Memorandum Opinion and Order ###