

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed February 2, 2016**

**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| In re: § | |
| § | |
| American Housing Foundation, § | Case No.: 09-20232-RLJ |
| § | |
| Debtor. § | |

## MEMORANDUM OPINION AND ORDER

On December 4, 2015, Walter O'Cheskey, Trustee of the AHF Liquidating Trust ("Trustee"), filed his motion requesting authority to make a distribution from the AHF Liquidating Trust to the Unified AHF Unsecured Creditors' Liquidating Trust ("Creditors' Trust") [Docket No. 3789] (the "Motion"). As previously addressed by the Court, *see Memorandum Opinion* [Docket No. 3778], certain creditors assigned their claims to the Creditors' Trust. This included the claim of the Frances Maddox Estate, which has, in part, been determined to be a valid claim. The distribution proposed by the Trustee's Motion is attributable to the allowed claim of the Frances Maddox Estate that was assigned to the Creditors' Trust.

1

Robert Templeton, *both* as Independent Executor of the Frances Maddox Estate *and* as trustee of the Creditors' Trust, filed his so-labeled "Pro Se" response contending that the Creditors' Trust "has no right to any ownership of the Frances Maddox Estate claim" and that "payment for any contemplated *or future* distribution to the Frances Maddox Estate by the Trustee . . . should be made . . . to both the Frances Maddox Estate and the [Creditors' Trust]." *Response to Motion for Authority to Distribute Funds to the AHF Unsecured Creditors' Liquidating Trust* [Docket No. 3794] (emphasis in original).

Hearing was held on January 20, 2016.

The Court, by the *Memorandum Opinion*, explains the background regarding the multiple transfers to the Creditors' Trust and the attempt to have the Court ignore the assignments that were evidenced by a Rule 3001(e)(2) notice.

Now, since the filing of the Motion on December 4, 2015, Templeton, a licensed attorney, stating that he is proceeding pro se on behalf of the Frances Maddox Estate and the Creditors' Trust, has also signed at least three more assignments of the Maddox Estate claim, two of which were signed and filed after the Trustee's Motion was filed. On January 15, 2016, he filed a Notice of Transfer of Claims, in accordance with Rule 3001(e)(2). *Notice of Transfer of Claims* [Docket No. 3802]. Like his response to the Motion, he labels the notice as "Pro Se"; it purports to provide notice by the Frances Maddox Estate, as assignee, that it has been assigned a part of Claim No. 84 that was filed by the Frances Maddox Estate. A copy of the assignment, also dated January 15, 2016, and signed by Templeton for the Creditors' Trust, is attached to the Notice. The same notice with the same assignment attached was filed again on January 19, 2016, the day before the hearing [Docket No. 3804].

At the hearing on January 20, 2016, Templeton suggested that the Court allow the

2

objection period on his most recent notice to expire to ensure that other beneficiaries of the Creditors' Trust did not oppose the assignment. Under Rule 3001(e)(2), the notice of the transfer is provided by the transferee; the transferor receives the notice and is thus provided with an opportunity to dispute the legitimacy of the transfer. *Memorandum Opinion* at 5. So, were Templeton not acting on behalf of both the transferor and transferee, this procedure would seem relatively simple. Though Templeton effected the transfer by his assignments, he still finds it necessary to provide notice to the Creditors' Trust because, as he represented at the hearing, the transfer to the Frances Maddox Estate will likely have an adverse effect on the other beneficiaries (his term is "Original Claimants") of the Creditors' Trust.

Templeton makes other arguments in support of his opposition to the Trustee disbursing funds to the Creditors' Trust. He submits that the Trustee's lawyers, the Gardere firm, knew about the Creditors' Trust and simply ignored it in other actions involving trust beneficiaries. He submits, further, that the Creditors' Trust should be ignored here because of "a failure of consideration . . . and a breach of the Trust Agreement" caused by Templeton's prior attorneys, Lovell, Lovell, Newsom & Isern, LLP (the "Lovell Firm"). Templeton then describes the request made by the Trustee under the Motion (i.e., to pay the Creditors' Trust, of which the Maddox Estate is a beneficiary) as "simply another attempt to perpetuate the bias against the Four Claimants"; and that the "Trustee's motive in requesting the assignment for the Trust, which they [*sic*] had ignored and waived [is] an obvious attempt to somehow question the standing of the Four Claimants in [their] suit against" the Trustee.[1]

Templeton's arguments are not availing:

- As explained in the *Memorandum Opinion* and as Templeton admitted at the hearing here, there is no dispute that twenty-nine claimants, including the Frances Maddox Estate through Templeton, assigned their claims to the Creditors' Trust

---
[1] The Four Claimants are the Frances Maddox Estate, Paul King, Heron Land Company, and Robert Templeton.

3

in late March 2011.

- That the Trustee received the trust indenture for the Creditors' Trust in connection with a discovery request made in a prior adversary proceeding is not dispositive of the question of who owns the claim of the Frances Maddox Estate. The Trustee must look to the named party in a filed proof of claim or, upon proper notice under Rule 3001(e)(2), the party named as the then holder of the claim.

- Disputes between the transferor and transferee of a claim that arise after the transfer of a claim go beyond the Court's role in the claims-transfer process. *Memorandum Opinion* at 9.

- Both parties, the Trustee as defendant and Templeton (on behalf of not only the Frances Maddox Estate but the Four Claimants and other party-plaintiffs in the suit presently pending against the Trustee), are fighting over whether the plaintiffs have standing in the referenced suit. But the issues in connection with the claim transfer here arose because a prior settlement between the Trustee and the Herring Bank was questioned when the Lovell Firm objected to the settlement (and the fact that the Creditors' Trust, as holder of the Herring Bank claim, was not part of the settlement thereby jeopardizing payment of the Lovell Firm's attorneys' fees). *See Memorandum Opinion* at 4.

- The various assignments (perhaps less confusing to label as "reassignments") made after the March 31, 2011 assignments are not, on their face, reconcilable. The first reassignment, subject of the *Memorandum Opinion*, was not filed with the Court; it is dated September 8, 2015, but states it is effective the same date as the original assignment, March 31, 2011. The two January 2016 assignments have substantive terms that are different from the September 8 assignment that are perhaps corrections. And Templeton's authority now is unclear. He admits that the original assignments occurred and submits that the notice of the reassignment from the Creditors' Trust is necessary as other beneficiaries will be adversely affected. But Templeton effected the reassignments on behalf of the Creditors' Trust. If he did this without authority, the Court does not understand how the Notice cures the authority question.

The Trustee's request to make disbursements to the Creditors' Trust will be approved. As is suggested by counsel for the Trustee, if the Frances Maddox Estate and the Creditors' Trust determine (presumably through Templeton) that the Frances Maddox Estate should receive all or part of the funds from the distribution, then surely, with Templeton as the pro se agent for both, they can cause the Creditors' Trust to pay the funds over to the Frances Maddox Estate.

It is, therefore,

4

ORDERED that the relief requested by the Motion is granted and the Trustee is authorized to make all distributions on the claim of the Maddox Estate, as well as other allowed claims assigned to the Creditors' Trust, to Robert Templeton as trustee of the Creditors' Trust.

### End of Memorandum Opinion and Order ###